**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

Andrew Floyd, et al.,

Plaintiffs,

v.

Department of Justice, et al.,

Defendants.

**Case No. 26-cv-1399-LMB**

**PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER, OR IN THE
ALTERNATIVE, A PRELIMINARY INJUNCTION WITH EXPEDITED BRIEFING
AND FOR A STAY UNDER 5 U.S.C. § 705**

Pursuant to Federal Rule of Civil Procedure 65, Plaintiffs Andrew Floyd, Jonathan
Caravello, City of New Haven, National Abortion Federation, and Common Cause hereby move
for a temporary restraining order or, alternatively, a preliminary injunction with expedited briefing,
enjoining the creation and/or operation of the Anti-Weaponization Fund until the Court can further
consider the merits. Specifically, Plaintiffs request an order enjoining Defendants from taking any
further action pursuant to the creation or operation of the Anti-Weaponization Fund, including but
not limited to transferring or causing to be transferred any money to an account for the Anti-
Weaponization Fund; processing any claim submitted to the Anti-Weaponization Fund; making
any payment out of the Anti-Weaponization Fund; appointing any Member to the Anti-
Weaponization Fund; establishing rules or procedures governing the Anti-Weaponization Fund;
destroying any documents relating to the Anti-Weaponization Fund, its creation, its procedures, or
claims submitted to the Anti-Weaponization Fund; reconstituting the Anti-Weaponization Fund

under a different name; or taking any actions under the purported authority of the Anti-Weaponization Fund. And to the extent that Defendants have already transferred or caused to be transferred any money to an account for the Anti-Weaponization Fund, Plaintiffs request an order immediately reversing that transfer. Plaintiffs likewise seek a stay of the creation of the Anti-Weaponization Fund under 5 U.S.C. § 705. And Plaintiffs request that Defendants be required to submit a status report detailing compliance with the Court's order.

As set forth in more detail in the accompanying brief, the creation of the Anti-Weaponization Fund violates myriad provisions of the Constitution and federal law, including the Administrative Procedure Act, and Plaintiffs will suffer irreparable injury should it be permitted to continue. Indeed, absent immediate judicial intervention, it is possible that the Anti-Weaponization Fund could dispense the entirety of its $1.776 billion in taxpayer money—then unrecoverable—before the Court has an opportunity to address the merits of Plaintiffs' claims.

Pursuant to Local Civil Rule 7(E), counsel for Plaintiffs held a telephone conference with Department of Justice attorneys John Adams and Micah Fielden on May 26, 2026 in a good-faith effort to narrow the area of disagreement. Plaintiffs' counsel specifically noted their intention to move quickly to protect their clients from irreparable harm, and sought assurances as to whether money had already been transferred to the Anti-Weaponization Fund and whether any claims had been paid out of the Anti-Weaponization Fund —and, if not, the dates by which those events would occur. As Plaintiffs' counsel explained, they hoped to negotiate a less compact schedule for the Court's review if Defendants could provide sufficient assurances. Defendants' counsel agreed to provide an update (even if they could not provide firm answers) on May 27.

On May 28, after multiple follow-up e-mails, Plaintiffs' counsel were able to secure another telephone conference, with Department of Justice attorney Andrew Block, followed

shortly by a second telephone conference.  Government counsel stated that, as of now, no money has been transferred to the Anti-Weaponization Fund, no claims have been paid, and no formal process has been set up to accept claims for adjudication. At the time of this filing, government counsel was unable, however, to provide assurances of how long that status quo would last. At most, government counsel offered to provide twenty-four hour advance notice before any monies are transferred into the Anti-Weaponization Fund. Such a short notice, however, is patently insufficient to permit timely judicial intervention: it is hardly enough time to even alert the Court, much less have full briefing, a hearing, and decision. Defendants' refusal to provide reasonable assurances only underscores the need for expedited relief.

Dated:  May 28, 2026

Respectfully submitted,

*/s/ Joel McElvain*
Joel McElvain (Va. Bar No. 95215)
Pooja A. Boisture*
Jyoti Jasrasaria*
Kevin E. Friedl*
Aman George*
Jessica Anne Morton*
Ayesha Khan*
Robin F. Thurston*
Skye L. Perryman*
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
jmcelvain@democracyforward.org
pboisture@democracyforward.org
jjasrasaria@democracyforward.org
kfriedl@democracyforward.org
ageorge@democracyforward.org
jmorton@democracyforward.org
akhan@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

*Counsel for Plaintiffs*

*admitted *pro hac vice*

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of May, 2026, I will cause the foregoing (and accompanying proposed order) to be electronically filed with the Clerk of Court using the CM/ECF system. I will then promptly cause those documents and a notification of such filing (NEF) to be sent to counsel for all Defendants via e-mail, to which they have consented in writing.  *See* Fed. R. Civ. P. 5(b)(2)(E).

I will also cause those documents to be sent by first-class mail to the proposed intervenor at:

> Joseph A. Camp
> 1317 Edgewater Drive #6983
> Orlando, FL 32804

> */s/ Joel McElvain*
> Joel McElvain (Va. Bar No. 95215)
> Democracy Forward Foundation
> P.O. Box 34553
> Washington, DC 20043
> (202) 448-9090
> jmcelvain@democracyforward.org
>
> *Counsel for Plaintiffs*