**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

Andrew Floyd, et al.,

        Plaintiffs,

v.

Department of Justice, et al.,

        Defendants.

**Case No. 26-cv-1399-LMB**

**EXPEDITED MOTION FOR BRIEFING SCHEDULE**

Plaintiffs respectfully request that the Court adopt a briefing and hearing schedule with respect to Plaintiffs' motion for a temporary restraining order, or in the alternative, a preliminary injunction with expedited briefing, and for a stay under 5 U.S.C. § 705. ECF No. 22. Good cause exists for the relief requested to be issued forthwith, as set forth below.

1.      Plaintiffs filed this case on May 22, 2026, alleging generally that Defendants' creation and operation of an "Anti-Weaponization Fund" to distribute government funds to certain alleged victims of "Weaponization and Lawfare" violates the Constitution and the Administrative Procedure Act, and is ultra vires. *See* Compl., ECF No. 1.

2.      Plaintiffs filed a motion for a temporary restraining order, or in the alternative, a preliminary injunction with expedited briefing, and for a stay under 5 U.S.C. § 705 on May 28, seeking to halt Defendants' actions with respect to the Fund.

3.      Before filing that motion, Plaintiffs made good-faith efforts to confer with Defendants about a negotiated briefing schedule. Specifically, on the morning of May 26, 2026,

1

counsel for Plaintiffs emailed the branch directors of the Federal Programs Branch and the civil chief of the U.S. Attorney's Office for this District. *See* Attachment. Plaintiffs' counsel sought to confer about a briefing schedule. They also sought confirmation of whether money had yet been paid into or out of the Anti-Weaponization Fund and, if not, the dates the government expected that money would be paid into or out of the Fund. Alternatively, they sought the government's assurances that no money would be transferred to the Fund and no claims on the Fund would be processed until the Court had an opportunity to rule on Plaintiffs' motion for preliminary relief. Plaintiffs' counsel underscored that, absent such a guarantee, Plaintiffs would be forced to seek relief from the Court on an accelerated timeline.

4.  Counsel for Plaintiffs held a telephone conference with Department of Justice attorneys John Adams and Micah Fielden on May 26, 2026. Plaintiffs' counsel specifically noted their intention to move quickly to protect their clients from irreparable harm, and sought assurances as to whether money had already been transferred to the Anti-Weaponization Fund and whether any claims had been paid out of the Anti-Weaponization Fund—and, if not, the dates by which those events would occur. As Plaintiffs' counsel explained, they hoped to negotiate a less compact schedule for the Court's review if Defendants could provide sufficient assurances. Defendants' counsel agreed to provide an update (even if they could not provide firm answers) on May 27.

5.  On May 28, after multiple follow-up e-mails, Plaintiffs' counsel were able to secure another telephone conference, with Department of Justice attorney Andrew Block, followed shortly by a second telephone conference. Government counsel stated that, as of now, no money has been transferred to the Anti-Weaponization Fund, no claims have been paid, and no formal process has been set up to accept claims for adjudication. At the time of this filing, government counsel was unable, however, to provide assurances of how long that status quo would last—

including declining Plaintiffs' request that the government commit to not transferring money to the Fund or processing or paying claims until at least June 19 to allow for less compressed briefing in this case. At most, government counsel offered to provide twenty-four hour advance notice before any monies are transferred into the Anti-Weaponization Fund. Such a short notice, however, is patently insufficient to permit timely judicial intervention: it is hardly enough time to even alert the Court, much less have full briefing, a hearing, and decision.

6.     As explained in their motion for a temporary restraining order, or in the alternative, a preliminary injunction with expedited briefing, and for a stay, Plaintiffs are currently facing irreparable injury from Defendants' actions. Defendants' refusal to provide information about the timetable by which they intend to stand up the Fund, or sufficient notice before doing so, only heightens the already severe threat of irreparable harm to Plaintiffs, necessitating this motion.

7.      Accordingly, Plaintiffs propose the following schedule to govern their pending motion for a temporary restraining order, or in the alternative, a preliminary injunction with expedited briefing, and for a stay:

      a.   Defendants' opposition will be due on **June 2, 2026 by 5 p.m.**;

      b.   Plaintiffs' reply will be due on **June 4, 2026 by 5 p.m.**;

      c.   the Court will hold a hearing on Plaintiffs' motion on **June 5, 2026**.

8.     Counsel for Defendants provided the following statement of their position:

> The Defendants oppose the unreasonable briefing schedule proposed by the Plaintiffs. The Defendants have represented to the Plaintiffs that 1) a formal process for the government to receive claims for payment from the Fund has not yet been established; and 2) no money has been transferred to the Fund. Therefore, no claims have been or could imminently be formally processed, let alone adjudicated, let alone paid. The Defendants further offered to provide at least 24-hour notice to the Plaintiffs before any monies are even transferred to the Fund, thus preserving the relative positions of the parties without any current need for emergency-pace litigation that unduly burdens the court and the parties. The Plaintiffs rejected this offer, filed a

Motion for Temporary Restraining Order, and now propose a needlessly rushed briefing schedule. The Defendants seek an additional week to allow for orderly briefing of the issues presented.  Defendants propose a response deadline of 5 pm on Friday, June 5, a reply deadline of 5 pm on Wednesday, June 10, and oral argument (if necessary) on Friday, June 12.  Under this proposal, the Defendants would still provide at least 24-hour notice of any transfer to the Fund.

9.      The parties have agreed to waive hearing on this motion.


Dated:  May 28, 2026                                Respectfully submitted,

                                                    */s/ Joel McElvain*
                                                    Joel McElvain (Va. Bar No. 95215)
                                                    Pooja A. Boisture*
                                                    Jyoti Jasrasaria*
                                                    Kevin E. Friedl*
                                                    Aman George*
                                                    Jessica Anne Morton*
                                                    Ayesha Khan*
                                                    Robin F. Thurston*
                                                    Skye L. Perryman*
                                                    Democracy Forward Foundation
                                                    P.O. Box 34553
                                                    Washington, DC 20043
                                                    (202) 448-9090
                                                    jmcelvain@democracyforward.org
                                                    pboisture@democracyforward.org
                                                    jjasrasaria@democracyforward.org
                                                    kfriedl@democracyforward.org
                                                    ageorge@democracyforward.org
                                                    jmorton@democracyforward.org
                                                    akhan@democracyforward.org
                                                    rthurston@democracyforward.org
                                                    sperryman@democracyforward.org

                                                     *Counsel for Plaintiffs*

                                                    *admitted pro hac vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of May, 2026, I will cause the foregoing (and accompanying proposed order) to be electronically filed with the Clerk of Court using the CM/ECF system. I will then promptly cause those documents and a notification of such filing (NEF) to be sent to counsel for all Defendants via e-mail, to which they have consented in writing. *See* Fed. R. Civ. P. 5(b)(2)(E).

I will also cause those documents to be sent by first-class mail to the proposed intervenor at:

>Joseph A. Camp
>1317 Edgewater Drive #6983
>Orlando, FL 32804

>*/s/ Joel McElvain*
>Joel McElvain (Va. Bar No. 95215)
>Democracy Forward Foundation
>P.O. Box 34553
>Washington, DC 20043
>(202) 448-9090
>jmcelvain@democracyforward.org

>*Counsel for Plaintiffs*