FILED

MAY 2 8 2026

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

Case No. 1:26-cv-01399

---------------------------------------------------------X

ANDREW FLOYD ET AL.,

    Plaintiffs,

      -v.-

DEPARTMENT OF JUSTICE, ET AL.,

    Defendants.

---------------------------------------------------------X

**MOTION FOR LEAVE
TO FILE BRIEF OF
AMICUS CURIAE
JASON GOODMAN
AND MEMORANDUM
IN SUPPORT**

Proposed amicus curiae Jason Goodman respectfully moves for leave to file the accompanying Brief of Amicus Curiae Jason Goodman. Amicus does not seek intervention or party status. Amicus seeks only leave to submit a brief addressing final agency action, Article III standing, ripeness, remedial limits, Section 4 of the Fourteenth Amendment, and the interests of absent nonparty lawfare claimants whose claims may be impaired by the sweeping relief Plaintiffs seek.

## I.    INTRODUCTION

Plaintiffs ask this Court to halt, vacate, and dismantle the Anti-Weaponization Fund in its entirety before any claimant has applied, any claim has been accepted or rejected, any eligibility rule has been applied, any payment has been made, or any administrative record exists. The proposed amicus brief addresses why that remedy is overbroad and why Plaintiffs' theory depends on a false and premature interpretation of the Settlement Agreement.

The proposed brief is not duplicative of the parties' expected arguments. It focuses on the interests of absent nonparty lawfare claimants, Plaintiffs' false premise that a settlement recital operates as a categorical eligibility bar, the ripeness problems created by unapplied claim

MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE JASON GOODMAN AND MEMORANDUM IN SUPPORT

procedures, and the remedial consequences of Plaintiffs' request to dismantle the entire Fund rather than correct any proven defect.

## II.    IDENTITY AND INTEREST OF AMICUS

Jason Goodman is a journalist, video producer, and pro se litigant who has publicly reported on, and personally litigated issues involving, alleged government-linked censorship, platform coordination, retaliatory legal activity, abusive litigation tactics, retaliatory litigation, and legal weaponization commonly described as "lawfare."

Amicus did not participate in the January 6 activities referenced in Plaintiffs' Complaint and has no connection to Plaintiffs' alleged public-safety theories involving abortion-clinic protests, election disputes, or alleged threats. Amicus's interest is different: he is a potential absent claimant whose alleged lawfare injuries could be impaired by the universal relief Plaintiffs seek.

Plaintiffs do not merely ask the Court to remedy alleged exclusion, clarify allegedly unlawful eligibility criteria, require lawful procedures, mandate required disclosure, or address a specific unlawful payment. Plaintiffs ask the Court to halt all claims, stop all payments, reverse transfers, bar appointments, and prohibit reconstitution of the Fund under another name. That relief would reach absent nonparties who have not filed claims, have not been heard, and may have no connection to Plaintiffs, January 6, the FACE Act, election disputes, or any alleged threat.

Amicus therefore has a substantial interest in preserving the rights of absent nonparty claimants to seek lawful relief and in urging that any remedy be narrow, claimant-protective, and tied to Plaintiffs' own concrete injuries.

## III.    WHY THE PROPOSED BRIEF IS DESIRABLE AND RELEVANT

The proposed brief may assist the Court because it addresses issues that are central to this case but not adequately presented by the parties.

MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE JASON GOODMAN AND
MEMORANDUM IN SUPPORT

First, the proposed brief explains that Plaintiffs' standing theory rests on a false eligibility premise. Plaintiffs repeatedly treat a recital in the Settlement Agreement describing the conduct alleged in Trump v. IRS and President Trump's pending agency claims as though it were an operative exclusion clause barring every claim not involving Democrats or Democratic administrations. The proposed brief explains why that inference is unsupported by the operative provisions of the Settlement Agreement.

Second, the proposed brief addresses final agency action and ripeness. Plaintiffs identify the creation and funding of the Fund as final agency action, but many alleged injuries depend on future procedures, future eligibility interpretations, future applications, future approvals, future denials, future payments, future secrecy, or future third-party conduct. The proposed brief explains why Plaintiffs cannot use Fund creation as the final action while relying on speculative future implementation to justify universal relief.

Third, the proposed brief addresses remedial overbreadth. Even if Plaintiffs prove some defect in eligibility criteria, procedures, transparency, appointment, funding, or administration, the appropriate remedy would be narrow correction, not destruction of every absent claimant's opportunity to seek relief.

Fourth, the proposed brief addresses Plaintiffs' Section 4 theory. Plaintiffs identify no claimant, approved claim, payment, debt, obligation, administrative record, Section 4 determination, or conviction under 18 U.S.C. § 2383. The proposed brief explains why Section 4 requires claimant-specific, payment-specific, debt-specific, and obligation-specific adjudication.

Fifth, the proposed brief addresses the public-interest posture of Plaintiffs' counsel, Democracy Forward Foundation, only as equitable context. Amicus does not ask the Court to adjudicate Democracy Forward's tax status or decide any collateral Internal Revenue Code issue.

MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE JASON GOODMAN AND
MEMORANDUM IN SUPPORT

The point is narrower: nonprofit branding does not supply Article III standing, prove neutrality, enlarge equitable power, or justify a universal veto over absent claimants.

## IV.    WHY AMICUS'S POSITION IS NOT ADEQUATELY REPRESENTED BY THE PARTIES

The parties do not adequately represent amicus's distinct position. Plaintiffs seek sweeping relief. They ask this Court to dismantle the Anti-Weaponization Fund and prevent the processing or payment of claims, thereby impairing the interests of absent nonparty lawfare claimants. Plaintiffs do not represent those absent claimants.

Defendants are federal agencies and officials defending the challenged settlement, funding mechanism, and related government action. Defendants do not specifically represent the distinct interests of absent nonparty claimants whose potential claims could be extinguished or frozen by Plaintiffs' requested injunction.

Amicus's proposed brief therefore supplies a perspective otherwise absent from the adversarial presentation: the perspective of a nonparty potential lawfare claimant whose opportunity to seek relief could be eliminated by an overbroad injunction based on Plaintiffs' speculative interpretation of an unapplied settlement recital.

## V.    POSITION OF THE PARTIES

Amicus has not yet obtained the parties' positions on this motion. Amicus will promptly notify the Court if any party states a position before the Court rules on this motion.

## VI.    REQUEST FOR DECISION ON THE PAPERS

Amicus respectfully requests that the Court decide this Motion for Leave on the papers without oral argument pursuant to Local Civil Rule 7(J), unless the Court determines that a hearing would assist resolution of the motion. Amicus makes this request because the proposed

MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE JASON GOODMAN AND MEMORANDUM IN SUPPORT

4

amicus filing is narrow, written submission is sufficient, and prompt resolution would serve

judicial efficiency.

## VII.    CONCLUSION

For the foregoing reasons, Jason Goodman respectfully requests that the Court grant this

Motion for Leave to File Brief of Amicus Curiae and direct the Clerk to docket the

accompanying proposed amicus brief as filed.

Dated: May 26, 2026

Respectfully submitted,

Jason Goodman
Amicus Curiae Pro Se
252 7th Avenue Apt 6S
New York, NY 10001
347-201-6017
truth@crowdsourcethetruth.org

## CERTIFICATE OF SERVICE

I certify that on May 26, 2026, I served a true copy of the foregoing Motion for Leave to

File Brief of Amicus Curiae Jason Goodman and Memorandum in Support, the proposed amicus

brief, and the proposed order by U.S. Mail upon counsel of record for Plaintiffs and upon Todd

Blanche, a named Defendant in his official capacity, at the following addresses:


Joel McElvain
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043


Todd Blanche
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, DC 20530


I also transmitted courtesy copies by email to counsel and parties for whom email addresses were

available.


Jason Goodman


Signature: _____


Executed on: May 26, 2026


MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE JASON GOODMAN AND
MEMORANDUM IN SUPPORT

7

## LOCAL CIVIL RULE 83.1(M) CERTIFICATION

I declare under penalty of perjury that no attorney has prepared, or assisted in the preparation of, this Motion for Leave to File Brief of Amicus Curiae Jason Goodman and Memorandum in Support.

Jason Goodman

Signature: _____

Executed on: May 26, 2026