# EXHIBIT A
**(PROPOSED AMICUS CURIAE BRIEF OF JUAN CAMPO)**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

ANDREW FLOYD, et al.,
          Plaintiffs,

          v.                                    Case No. 1:26-cv-01399-LMB-IDD

DEPARTMENT OF JUSTICE, et al.,
          Defendants.

**PROPOSED AMICUS CURIAE BRIEF OF JUAN CAMPO
IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

**INTEREST OF AMICUS CURIAE**

Amicus Juan Campo, a/k/a John Campo, a U.S. Citizen, respectfully submits this brief to provide the Court with the perspective of an individual alleging substantial prosecutorial and investigatory harm arising from federal enforcement proceedings in the Southern District of Florida.

Amicus asserts that these federal investigatory and prosecutorial actions caused severe reputational and economic injury, **culminating in a voluntary government dismissal under Federal Rule of Criminal Procedure 48(a).** Despite the absolute absence of a conviction, these proceedings imposed substantial defense costs, impaired professional opportunities, damaged personal and business relationships, and resulted in continuing collateral consequences.

Amicus intends to seek relief through the recently established Anti-Weaponization Relief Fund and therefore possesses a direct, material interest in the preservation of the fund's administrative infrastructure pending a full, final adjudication of the statutory and constitutional issues raised by Plaintiffs.

Amicus does not seek to relitigate any underlying criminal, civil, or regulatory proceeding, nor does Amicus ask this Court to adjudicate the merits of any individual compensation claim. Amicus submits this brief solely to address the potential prejudice to prospective claimants alleging concrete prosecutorial and economic harm should the fund be entirely enjoined or dissolved prior to final judgment.

## ARGUMENT

**I. THE COURT SHOULD CONSIDER THE RELIANCE INTERESTS OF NONPARTY INDIVIDUALS ALLEGING CONCRETE PROSECUTORIAL HARM**

The Plaintiffs' motion primarily addresses separation of powers, institutional, and procedural objections to the creation of the Anti-Weaponization Fund. However, in balancing the equities and evaluating the public interest—core components of preliminary injunctive relief—the Court must also consider the interests of nonparty individuals who allege actual, quantifiable injury arising from unsupported or improperly pursued federal investigations.

Amicus respectfully submits that the existence of individuals claiming dismissed or unsustainable prior proceedings demonstrates that the fund addresses concrete,

individualized injuries, distinguishing it from a purely political mechanism. Enjoining the program entirely obscures the equitable plight of valid potential claimants.

## II. AN EXTENSIVE PRELIMINARY INJUNCTION PREJUDICES PROSPECTIVE CLAIMANTS BY ERASING ADMINISTRATIVE REMEDIES

Amicus respectfully submits that extending the current temporary pause into a sweeping preliminary injunction will substantially prejudice individuals who:

a. suffered documented reputational and economic harm;

b. incurred debilitating legal defense expenses;

c. experienced terminated or unsupported federal actions; and

d. seek only an opportunity for a neutral, administrative review of potential claims for relief.

While keeping the status quo temporarily prevents irreversible disbursements, an overbroad injunction that halts the basic administrative processing or ingestion of claims inflicts premature hardship on individuals seeking redress. Equitable principles dictate that the machinery of the fund should at least remain positioned to accept and log documentation while the court reviews the merits.

## III. AMICUS DOES NOT REQUEST ADJUDICATION OF ANY INDIVIDUAL CLAIM

Amicus does not seek party status, intervention, or individualized discovery in this proceeding. Rather, Amicus submits this brief solely to ensure that as this Court weighs the public interest and the balance of harms, it considers the reliance interests and equitable concerns affecting prospective nonparty claimants across the United States.

## CONCLUSION

For the foregoing reasons, Amicus respectfully requests that the Court consider the distinct interests of prospective claimants alleging concrete prosecutorial harm, and deny Plaintiffs' request for a preliminary injunction that completely shutters the fund's capacity to receive claims pending final judgment.

Respectfully submitted,

Juan Bernardo Campo
Amicus Curiae Pro Se
Carrera 52 # 94-296
Barranquilla, Colombia
+57-318-657-0918
jcampo9607@gmail.com

Dated: June 2, 2026

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 2, 2026, I caused a true and correct copy of the foregoing Motion for Leave to File Amicus Curiae Brief and Proposed Amicus Curiae Brief to be served via the Court's CM/ECF system, or by electronic mail upon counsel of record reasonably identifiable from the docket in this action, including counsel for Plaintiffs (Democracy Forward), jmcelvain@democracyforward.org, and counsel for the Defendants (U.S. Department of Justice), Stanley.Woodward@usdoj.gov.

Juan Campo