**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

|  |  |
|---|---|
| ANDREW FLOYD, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DEPARTMENT OF JUSTICE, *et al.*, <br><br> *Defendants*. | Case No. 1:26-cv-01399 |

**MOTION ON BEHALF OF UNITED STATES SENATORS CORY BOOKER AND BILL CASSIDY AS *AMICI CURIAE* IN SUPPORT OF PLAINTIFFS**

United States Senators Cory Booker and Bill Cassidy, by and through undersigned counsel, hereby respectfully move this Court for leave to file a brief as Amici Curiae ("Amici") in support of Plaintiffs. Plaintiffs consent to the filing of the proposed Amici Curiae brief. Undersigned counsel have reached out to counsel at the U.S. Department of Justice for consent and have not received a response as of the time this filing was finalized.

If permitted to appear, prospective Amici request that the Court consider that brief, which is submitted contemporaneously with this motion, when ruling on Plaintiffs' pending Motions for Temporary Restraining Order or in the Alternative a Preliminary Injunction and to Stay Under 7 U.S.C. § 705. A proposed order granting the instant motion is also submitted contemporaneously along with this filing.

This Court has "broad discretion in deciding whether to allow a non-party to participate as an amicus curiae." *Tafas v. Dudas*, 511 F. Supp. 2d 652, 659 (E.D. Va. 2007). Participation by amici curiae has "been allowed at the trial level where they provide helpful analysis of the law [or] have a special interest in the subject matter of the suit," among other reasons. *Id.* (quoting *Bryant*

*v. Better Bus. Bureau of Md.*, 923 F. Supp. 720, 727 (D. Md. 1996)). Accordingly, motions to participate in a case as amici curiae have been granted in this District when the proposed brief is deemed both "timely and useful." *Id.*; *see also Democratic Party of Va. v. Brink*, No. 3:21cv756, 2022 WL 287929, at *3 (E.D. Va. Jan. 31, 2022) ("[T]he fact remains that amici often make useful contributions to litigation.") (quoting *Stuart v. Huff*, 706 F.3d 345, 355 (4th Cir. 2013)).

As discussed further in the attached brief, in this case, prospective Amici—United States Senators representing both sides of the aisle—are interested in this case because they took an oath to uphold and defend the Constitution. They have a strong interest in ensuring that acts of Congress are faithfully executed by the Executive Branch. Therefore, prospective Amici have a "special interest in the subject matter" of this case and can provide the Court with "helpful analysis of the law" concerning the Plaintiffs' pending Motion. *Tafas*, 511 F. Supp. 2d at 659.

Prospective Amici have a strong interest in ensuring that the Executive Branch properly guards the public fisc. That includes complying with the Constitution's commands that only Congress has the "Power To lay and collect Taxes . . . to pay the Debts and provide for the common Defence and general Welfare of the United States[,]" U.S. Const. art. I, § 8, cl. 1, and that "[n]o Money shall be drawn from the Treasury, but in Consequence of Appropriations made by Law[,]" *id.* art. I, § 9, cl. 7. Likewise, prospective Amici have a strong interest in safeguarding the Senate's role under the Appointments Clause, which specifies that the President must make appointments of principal officers "by and with the Advice and Consent of the Senate." *Id.* art. II, § 2, cl. 2. The "Anti-Weaponization Fund" constitutes an improper and unconstitutional transfer of taxpayer dollars, including to those who engaged in a violent insurrection against the United States and its democratically elected representatives—including the United States Senate—on January 6, 2021. And it entirely bypasses Congress's crucial role under the Appointments Clause in determining

2

who may wield authority as an officer of the United States, including the members who will administer this "Anti-Weaponization Fund."

Prospective Amici are therefore uniquely positioned to assist the Court by explaining how the "Anti-Weaponization Fund" at issue in this case constitutes an end-run around Congress's institutional authority.  Prospective Amici bring the unique perspective of current members of the U.S. Senate in a lawsuit that raises serious questions about the separation of powers, the Appropriations Clause, and the Appointments Clause. They also are uniquely situated to explain how Congress's appropriations to the Judgment Fund, 31 U.S.C. § 1304, contain specific constraints that foreclose the use of its monies for the Anti-Weaponization Fund.

Prospective Amici thus fit comfortably alongside the types of non-parties whom courts routinely permit to participate in litigation in an amicus curiae capacity. *See, e.g.*, *N.L.R.B. v. Noel Canning*, 573 U.S. 513, 531 (2014) (citing "Brief for Sen. Mitch McConnell et al.," which included forty-four other members of the United States Senate related to the Appointments Clause); *United States v. Bethea*, 841 F. App'x 544, 551 (4th Cir. 2021) (citing "Brief for Amici Curiae United States Senators Richard J. Durbin, Charles E. Grassley, and Cory A. Booker" filed in Ninth Circuit case); *Fed. Energy Regul. Comm'n v. Powhatan Energy Fund, LLC*, No. 3:15-CV-452, 2017 WL 11682615, at *2 (E.D. Va. Mar. 15, 2017) (finding an "Amici Brief helpful and the information timely and useful" where the brief was submitted on behalf of "ten law professors who regularly write and teach about federal administrative law and procedure").

Finally, the proposed Amici Curiae brief is also "timely" submitted, as it is being submitted contemporaneously with this motion, two days before the Defendants' Opposition is due.

For the foregoing reasons, prospective Amici respectfully request that the Court grant their motion for leave to file a brief as Amici Curiae and consider the attached brief when ruling on

3

Plaintiffs' pending Motion for Temporary Restraining Order or in the alternative Preliminary

Injunction and to Stay Under 7 U.S.C. § 705.

June 3, 2026

Respectfully submitted,

/s/ *Samantha P. Bateman*
Samantha P. Bateman (VA Bar #80110)
**Washington Litigation Group**
1717 K St. NW
Suite 1120
Washington, DC 20006
Phone: (202) 521-8750
Email:
sbateman@washingtonlitigationgroup.org

Matthew J. Platkin*
Angela Cai*
Ravi Ramanathan*
Aaron E. Haier*
Conor Bradley*
**PLATKIN LLP**
413 Washington Ave.
Unit 174
Belleville, NJ 07109
Phone: (973) 561-1951
Email: mplatkin@platkinllp.com

Norman L. Eisen*
David W. Ogden*
Stephen A. Jonas*
**DEMOCRACY DEFENDERS ACTION**
600 Pennsylvania Ave. SE #15180
Washington, D.C. 20003
(202) 594-9958
Email: norman@democracydefenders.org

*Counsel for Amici Curiae U.S. Senators
Cory Booker and Bill Cassidy*

**Pro hac vice* admission pending

4

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2026, I caused this document to be filed in hard-copy with the Clerk of this Court, whereupon it will be scanned and posted to the Court's docket, causing electronic notifications to be sent to all counsel of record via the Court's CM/ECF system.  On June 3, 2026, I also caused a copy of this document to be served by electronic mail upon all counsel of record in this case.

*/s/ Samantha P. Bateman*

SAMANTHA P. BATEMAN (VA Bar # 80110)
WASHINGTON LITIGATION GROUP
1717 K Street N.W.
Suite 1120
Washington, D.C. 20006
202-521-8750
sbateman@washingtonlitigationgroup.org

5