

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

ANDREW FLOYD, et al., *Plaintiffs,*

v.

DEPARTMENT OF JUSTICE, et al., *Defendants.*

Case No. 1:26-cv-01399-LMB-IDD

**MOTION OF GLENANNE J. JOHNSON TO INTERVENE AS A DEFENDANT**

Proposed Intervenor-Defendant Glenanne J. Johnson, a United States citizen and a bona fide claimant to the Anti-Weaponization Fund ("the Fund"), respectfully moves this Court for an order permitting her to intervene in this action as a defendant pursuant to Federal Rule of Civil Procedure 24(a)(2). In the alternative, Ms. Johnson requests permissive intervention under Rule 24(b).

This motion is based on the fact that Ms. Johnson has a direct, substantial, and legally protectable interest in the continued existence and operation of the Fund—an interest that will be completely destroyed if Plaintiffs prevail. That interest is not adequately represented by the existing federal defendants, who represent the institutional interests of the government, not the specific, personal, and financial interests of a documented victim of government weaponization for whom the Fund was created to provide redress.

Page **1** of **5**

This motion is supported by the following Memorandum of Points and Authorities, the attached Exhibits, and the concurrently filed Proposed Answer of Intervenor-Defendant Glenanne J. Johnson.

**INTRODUCTION**

This case represents a collateral attack on a vital remedy established to provide restitution for victims of government lawfare. Plaintiffs, who are not themselves victims of such weaponization, seek to dismantle the only administrative process available for individuals like Ms. Johnson to be made whole. Ms. Johnson is not a hypothetical claimant; she is a decorated engineer and validated whistleblower who endured a decade-long, multi-agency campaign of retaliation.

As demonstrated by the detailed claims attached hereto as **Exhibit A** and **Exhibit B**, Ms. Johnson has already submitted two comprehensive, evidence-based "Weaponization Recovery Requests" to the Fund, detailing over $1 million in quantifiable damages resulting from the weaponization of security, personnel, and medical processes by the U.S. Navy and U.S. Air Force. The destruction of the Fund would extinguish her only meaningful path to restitution. Intervention is not only proper but necessary to ensure the Court hears from those with the most at stake.

**BACKGROUND**

1. Glenanne J. Johnson is a former tenured federal engineer whose protected whistleblower disclosures were validated by the government's own experts and public records. Her 2012 disclosures at a Navy facility about unlawful human testing were validated in sworn testimony by the Navy's own chief laser-safety expert. Her 2021 disclosures about the

Page 2 of 5

GBSD/Sentinel missile program were validated by the DoD's public confirmation of a $140 billion Nunn-McCurdy breach.

2. In retaliation for these disclosures, Ms. Johnson was subjected to a documented campaign of weaponization, including the fabrication of a false security incident report by the Navy, the creation of a sham medical review by the Air Force, and the systematic obstruction of all administrative remedies.

3. On May 21, 2026, upon learning of the creation of the Anti-Weaponization Fund, Ms. Johnson submitted two detailed claims for redress. (*See Exhibit A, Weaponization Recovery Request (USAF); Exhibit B, Weaponization Recovery Request (Navy))*.

4. The present lawsuit, filed by Plaintiffs on May 22, 2026, seeks to dismantle the Fund. On May 29, 2026, this Court temporarily enjoined the Fund's operations. Ms. Johnson now seeks to intervene to defend the Fund's existence and her interest in it.

**ARGUMENT**

**MS. JOHNSON SATISFIES THE REQUIREMENTS FOR INTERVENTION AS OF RIGHT UNDER RULE 24(a)(2).**

Rule 24(a)(2) requires the Court to permit intervention for anyone who demonstrates: (1) a timely motion; (2) an interest relating to the property or transaction that is the subject of the action; (3) that the disposition of the action may as a practical matter impair or impede the movant's ability to protect its interest; and (4) that the movant's interest is not adequately represented by existing parties. Ms. Johnson meets all four requirements.

**I. The Motion is Timely.**

This action was filed on May 22, 2026. The Court issued its temporary injunction on May 29, 2026. Ms. Johnson is filing this motion immediately thereafter. The motion is unquestionably timely.

## II. Ms. Johnson Has a Direct and Substantial Interest in the Subject of this Action.

Ms. Johnson's interest is not abstract or ideological; it is a direct, personal, and substantial financial and legal interest in the Fund. As demonstrated by her detailed claims, attached as Exhibits A and B, she is a bona fide claimant seeking over $1 million in damages and extensive corrective action. The Fund is the "property or transaction" at the heart of this lawsuit, and Ms. Johnson's claim is the property right she seeks to protect.

## III. Disposition of this Action in Ms. Johnson's Absence Would Impair Her Ability to Protect Her Interest.

The impairment to Ms. Johnson's interest is absolute. If Plaintiffs succeed, the Fund will be dissolved, and her claims (Exhibits A and B) will be extinguished without ever being heard. Her ability to obtain the specific "make-whole" relief offered by the Fund—a combination of monetary payment and corrective government action—would be irrevocably lost.

## IV. Ms. Johnson's Interest is Not Adequately Represented by the Existing Defendants.

The burden to show inadequate representation is minimal. The DOJ defendants represent the general institutional interests of the U.S. Government. They cannot and will not present the specific, personal story of Ms. Johnson's decade-long ordeal to the Court. The DOJ will argue abstract principles of administrative law; Ms. Johnson, through her claims (Exhibits A and B), provides the Court with a concrete, powerful, and documented example of *why* the Fund is a necessary and just remedy. She can put a human face on the term "weaponization" in a way

government lawyers cannot, demonstrating that the Fund is not an abstract political creation but a vital tool for redressing profound injustice.

**CONCLUSION**

For the foregoing reasons, Proposed Intervenor-Defendant Glenanne J. Johnson respectfully requests that the Court grant this Motion to Intervene and permit her to file the accompanying Proposed Answer.

Dated: June 1, 2026

Respectfully submitted,

*Glenanne J Johnson*

//S// Glenanne J. Johnson, *Pro Se*

431 CR 154

Eureka Springs, AR 72632

479-244-1307

CES-LLC@outlook.com

**EXHIBITS**

**Exhibit A:** Weaponization Recovery Request (USAF)

**Exhibit B:** Weaponization Recovery Request (Navy)

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of June, 2026, I will mail files with the foregoing MOTION TO

INTERVENE, PROPOSED ANSWER, PROPOSED ORDER, and all accompanying EXHIBITS, to the

*Clerk of the Court*, *Plaintiffs*, and *Defendants* using certified mail.

//S// Glenanne J. Johnson, *Pro Se*

**Clerk of the Court:**
401 Courthouse Square
Alexandria, VA 22314

**Plaintiffs:**
Joel McElvain (Va. Bar No. 95215)
Pooja A. Boisture*
Jyoti Jasrasaria*
Kevin E. Friedl*
Aman George*
Jessica Anne Morton*
Ayesha Khan*
Robin F. Thurston*
Skye L. Perryman*
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
jmcelvain@democracyforward.org
pboisture@democracyforward.org
jjasrasaria@democracyforward.org
kfriedl@democracyforward.org
ageorge@democracyforward.org
jmorton@democracyforward.org
akhan@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

**Defendants:**
U.S. Attorney for Eastern District of Virginia
2100 Jamieson Ave.
Alexandria, VA 22314

Page 3 of 3