

06/05/2026

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION


**ANDREW FLOYD, et al.,**

Plaintiffs,

v.

**DEPARTMENT OF JUSTICE, et al.,**

Defendants.

Case No. 26-cv-01399-LMB-IDD


**MOTION FOR LEAVE TO INTERVENE AND OPPOSITION TO *AMICUS CURIAE* BRIEF OF SENATORS CORY BOOKER AND BILL CASSIDY**

Joseph A. Camp, proceeding *pro se*, respectfully moves this Court for leave to intervene as a Defendant-Intervenor pursuant to Fed. R. Civ. P. 24(a) and (b) and submits this Opposition to the *Amicus* Curiae Brief filed by Senators Cory Booker and Bill Cassidy (ECF No. 39-1).

**INTRODUCTION**

This case already has Plaintiffs with loads of counsel. It already has extensive briefing. It already has parties fully capable of presenting every constitutional argument regarding the Spending Clause, Appropriations Clause, Judgment Fund, and Appointments Clause. The *amicus* filing by **Senators Cory Booker** and **Bill Cassidy** adds almost no new legal analysis and a great deal of political noise and inflammatory rhetoric.

Senator Booker presents himself in the *amicus* brief and his accompanying press release as a defender of taxpayer money, congressional authority, and constitutional order. Yet he has chosen to insert himself — using the prestige of his United States Senate office — into already fully represented

litigation with a large team of lawyers and an immediate public press release that reads like campaign material rather than neutral legal assistance.

This is not a neutral *amicus* submission. It is a political document packaged as constitutional analysis. The proof is in Senator Booker's own June 4, 2026 press release, which announces that he "leads" a bipartisan *amicus* brief and accuses the Trump Administration of a "historic act of corruption." That press release names specific January 6 defendants (Enrique Tarrio and Jake Lang) and frames the litigation as urgent political warfare against President Trump and conservatives.

This Court should not permit an *amicus* brief to function as a press release in judicial clothing. The filing should be denied, stricken, or given no weight.

## I. INTEREST OF MOVANT JOSEPH A. CAMP

I, Joseph A. Camp, am a United States citizen currently in political asylum in Colombia under a granted *Salvoconducto*. I submitted a formal application to the Anti-Weaponization Fund (transmitted via Vice President JD Vance) prior to the filing of this lawsuit, seeking $500,000 in compensation plus formal acknowledgment of the sustained political persecution and lawfare I endured after being falsely identified as "TheResearcher2020" in lawsuits tied to the 2020 election.

I was never present at the January 6, 2021 events, have no ties to the Trump Campaign or Plaintiffs, and am a registered Independent who supported progressive Democratic candidates previously. The cumulative effect of the lawfare against me forced me into exile, repeated displacements, unemployment, and ongoing threats. My future and ability to obtain redress literally depend on the Fund's continued operation.

My interest is direct, substantial, and protectable. It is not adequately represented by the existing parties or by the Booker/Cassidy *amicus* brief, which seeks to dismantle the very mechanism I have applied to for relief. (See my Motion to Intervene as Defendant).

## II. THE *AMICUS* BRIEF IS UNNECESSARY AND CUMULATIVE

Plaintiffs already oppose the Fund on constitutional grounds. They already have counsel. They already present arguments concerning the Judgment Fund (31 U.S.C. § 1304), 28 U.S.C. § 2414, the Spending and Appropriations Clauses, and the Appointments Clause. The Senators' brief largely repeats those theories with added political rhetoric.

*Amicus* participation is discretionary. It exists to provide useful legal analysis or a unique perspective the parties cannot provide. That standard is not met here. The brief functions as political amplification, not neutral assistance.

## III. THE COUNSEL BEHIND THE *AMICUS* BRIEF HAVE A CLEAR POLITICAL MOTIVE AGAINST PRESIDENT TRUMP

The *amicus* brief was not filed by neutral academics or disinterested parties. It was filed with the assistance of lawyers and organizations that have long histories of aggressive political and legal opposition to President Donald J. Trump.

Specifically, the press release announcing the *amicus* brief states that Senators Booker and Cassidy were represented by the **Washington Litigation Group**, **Platkin LLP**, and the **Democracy Defenders Fund**. **The Democracy Defenders Fund** is led by **Norman L. Eisen**, who has built a significant portion of his post-2016 career on filing vexatious lawsuits, harassing investigations, and singular political progressive sided-"advocacy" explicitly and exclusively targeting President Trump, his family, his businesses, and his administration. Eisen previously served as President Obama's ethics czar and ambassador to the Czech Republic and has been one of the most prominent figures in what conservatives have described as "lawfare" against Trump. Eisen's lawfare against the Trump Administration has costs the tax-payers millions of dollars in wasted time, resources, and litigation costs -effectively engaging in the very waste that they now claim to oppose in the instant litigation.

The combination of these lawyers and organizations filing an *amicus* brief, followed immediately by Senator Booker's partisan press release accusing the Trump Administration of "*historic act of corruption*," demonstrates that this filing is not neutral legal assistance. It is an extension of ongoing political lawfare against President Trump and those aligned with him, dressed up as constitutional argument.

Senator Booker cannot credibly claim to be defending institutional integrity while deploying lawyers and advocacy groups with well-documented records of partisan opposition to the very President whose actions he now attacks in court with attorney compensation directly or indirectly being absorbed by the tax-payers and not Booker himself.

## IV. SENATOR BOOKER'S IMMEDIATE PRESS RELEASE PROVES THE FILING IS POLITICAL ADVOCACY

On June 4, 2026, Senator Booker issued a public press release titled "Booker Leads Bipartisan *Amicus* Brief Challenging Trump's $1.7 Billion 'Anti-Weaponization Fund' as an Unconstitutional End-Run Around Congress." (Available at: https://www.booker.senate.gov/news/press/booker-leads-bipartisan-amicus-brief-challenging-trumps-17-billion-antiweaponization-fund-as-an-unconstitutional-end-run-around-congress)

The release states that Senator Booker "submitted a bipartisan *amicus* brief" (of two individuals -himself being one of them) and "leads" the challenge. It accuses the Trump Administration of a "historic act of corruption." It names specific January 6 figures (Enrique Tarrio, former Proud Boys leader, and Jake Lang, who used a bat to attack Capitol Police officers) as already seeking payments. It claims the Fund is an "unconstitutional end-run around Congress" and warns that without court intervention the Administration can still move forward.

This is not how a neutral legal filing is announced. This is campaign-style messaging. *Amicus* briefs are supposed to assist the Court quietly. They are not supposed to be immediately turned into political press releases that

attack the President by name and frame the litigation as part of an ongoing political war.

The press release confirms that the true purpose of the *amicus* filing was public credit, media attention, and political positioning against President Trump and conservatives — not neutral assistance to the Court.

## V. THE AMICUS BRIEF IS POLITICAL ADVOCACY MASQUERADING AS CONSTITUTIONAL ANALYSIS

The brief repeatedly uses loaded terms such as "insurrectionists," "violent insurrection," "threat to our constitutional order," and "democratic foundations it exists to serve." It frames the Fund as designed to compensate people who "attacked the Capitol and criminally assaulted 140 police officers."

This rhetoric is not legal analysis. It is political branding. Not every person potentially eligible under the Fund's "lawfare and weaponization" criteria is a violent offender. Many January 6 cases involved non-violent conduct, dismissals, sentence reductions, or pardons. Individuals such as Movant did not attend January 6 events. The brief collapses these distinctions to serve a political narrative.

Federal courts decide cases on jurisdiction, standing, statutory text, constitutional provisions, and evidence — not on inflammatory labels.

## VI. SENATOR BOOKER'S CLAIMED CONCERN FOR TAXPAYER FUNDS IS UNDERMINED BY HIS OWN PUBLIC RECORD (NEWARK WATERSHED SCANDAL)

Senator Booker asks this Court to accept him as a credible guardian of the public fisc and institutional integrity. His own record undermines that claim.

During his tenure as Mayor of Newark (2006–2013), the Newark Watershed Conservation and Development Corporation became the subject of a major public corruption scandal involving millions of dollars in misspent public funds, no-bid contracts to insiders and family members, kickbacks, and embezzlement. The agency's director was convicted and sentenced to

federal prison. A New Jersey state comptroller report sharply criticized the lack of oversight during Booker's mayoralty. (See: https://www.courthousenews.com/newark-water-agency-mired-in-scandal-under-cory-booker/ ; https://abcnews.go.com/Politics/newark-lead-crisis-raise-questions-city-scandal-cory/story?id=64969526 ; NJ.com reporting on the scandal).

Senator Booker was ex officio board chair but has stated he did not attend meetings and was unaware of the details. Related civil claims against him were dismissed on procedural grounds. The point is not to relitigate that scandal. The point is that Senator Booker cannot credibly posture as a uniquely trustworthy defender of taxpayer money while his own executive record includes serious, well-documented controversy over public funds and oversight failures.

## VII. SENATOR BOOKER'S RECORD ON DONOR INFLUENCE AND CORPORATE TIES UNDERMINES HIS INSTITUTIONAL PURITY CLAIMS

Senator Booker has long faced criticism for close ties to Wall Street, private equity, and corporate donors. He was criticized for comments defending private equity during the 2012 debate over Mitt Romney and Bain Capital. He has received substantial campaign contributions from the securities and investment industry. (See reporting from The Atlantic, Salon, and OpenSecrets.org data on his fundraising).

He has also faced criticism for his relationship with pharmaceutical interests and for voting in 2017 against a proposal to allow Americans to import cheaper prescription drugs from Canada — a vote that drew sharp progressive criticism at the time. (See: https://www.rollcall.com/2017/01/12/sen-cory-booker-votes-against-cheaper-drug-imports/ ; HuffPost and Jezebel coverage of the vote).

Senator Booker later adjusted some positions on drug pricing. The sequence itself demonstrates that his institutional stances have often shifted in response to political pressure and optics — precisely the kind of selective, politically convenient positioning he now condemns in others.

**VIII. SENATOR BOOKER'S RECORD ON MONEY IN POLITICS AND PRO-ISRAEL DONOR SUPPORT FURTHER UNDERMINES HIS CREDIBILITY**

Senator Booker has publicly criticized the role of money in politics. Yet he has faced sustained criticism for accepting substantial support from pro-Israel donor networks and PACs, including reported hundreds of thousands of dollars over his career from groups aligned with AIPAC and similar organizations. He has been criticized by progressives for his consistent support of Israel and arms sales packages.

The relevance is not foreign policy. The relevance is consistency. Senator Booker cannot credibly use this Court to condemn alleged political misuse of federal resources while his own career has repeatedly involved criticism over the influence of powerful, well-funded political donor networks.

**IX. ADDITIONAL HYPOCRISIES IN SENATOR BOOKER'S PUBLIC RECORD**

- **Newark Education Reform / Zuckerberg Gift**: Senator Booker championed a major education reform initiative in Newark involving a $100 million gift from Mark Zuckerberg. The project was later criticized for top-down decision-making and the outsized role of private philanthropic power in public policy. (Widely reported in 2010–2015 coverage by NJ.com, The New York Times, and education policy analysts). This undercuts his current claims of defending democratic accountability against improper influence.
- **Selective Outrage on "Weaponization"**: Senator Booker now condemns the Anti-Weaponization Fund as an abuse of power. Yet his *amicus* filing itself uses official Senate prestige, a team of lawyers funded by tax-payers, and immediate public messaging to attack conservatives, President Trump, and categories of January 6 defendants. This mirrors the very conduct he claims to oppose.

**X. THE FUND IS ALREADY BLOCKED OR PAUSED — THE CLAIMED URGENCY IS EXAGGERATED**

Senator Booker's press release and brief present the issue as an immediate constitutional crisis requiring urgent judicial intervention. Yet the

record shows the Fund has already been temporarily enjoined by this Court and the Trump Administration has publicly stated it is "dead—for now" and will not proceed. (See: https://www.forbes.com/sites/alisondurkee/2026/06/01/trumps-18b-anti-weaponization-fund-is-dead-for-now/ and related reporting).

Federal courts do not issue advisory opinions based on speculative future possibilities or political anxiety. The claimed emergency appears exaggerated for political effect.

## XI. LEGAL ARGUMENTS ON THE MERITS

### A. Mootness and Standing

The alleged harm is speculative. Plaintiffs and *amici* must demonstrate concrete, particularized, actual or imminent injury. Generalized political disagreement with Executive policy is insufficient.

### B. Executive Settlement Authority

The Executive Branch possesses broad authority to settle litigation. The settlement in *Trump v. IRS* was a compromise of actual litigation. The *amici's* theory would allow courts to second-guess politically controversial settlements whenever members of Congress dislike the outcome. That is not the proper role of the judiciary.

### C. Appointments Clause

Not every temporary administrator or claims reviewer is a principal officer requiring Senate confirmation. The *amicus* brief assumes the most expansive characterization without sufficient constitutional support.

### CONCLUSION

For the foregoing reasons, Joseph A. Camp respectfully requests that this Court:

1. Grant leave to intervene as a Defendant-Intervenor;

2. Deny the Booker motion for leave to file the *Amicus Curiae* Brief, strike the brief if already accepted, or give it no weight;
3. Deny Plaintiffs' requests for further injunctive or extraordinary relief; and
4. Grant such other relief as the Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Respectfully submitted,

**/s/Joseph A. Camp**
*Pro Se*
CampJosephA@gmail.com
+1 (720) 454-5240
1317 Edgewater Drive #6983

Orlando, Florida 32804

Dated: June 5, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2026, I caused the foregoing document to be submitted to the United States District Court for the Eastern District of Virginia through the Eastern District of Virginia Electronic Document Submission System, available at:

https://vaeduscourts.app.box.com/f/6ba672e846a44668ac8f2cddac147a81

for filing with the Clerk of Court, whereupon the document will be reviewed, and docketed by the Clerk, resulting in electronic notification to counsel of record through the Court's CM/ECF system as applicable.

I further certify that on June 5, 2026, I caused a true and correct copy of the foregoing document to be served by electronic mail upon counsel of record, parties, and email addresses reasonably identifiable from the docket and filings in this matter, including:

Samantha P. Bateman (VA Bar #80110)
Washington Litigation Group
1717 K St. NW, Suite 1120
Washington, DC 20006
Phone: (202) 521-8750
Email: sbateman@washingtonlitigationgroup.org

Matthew J. Platkin*
PLATKIN LLP
413 Washington Ave. Unit 174
Belleville, NJ 07109
Phone: (973) 561-1951
Email: mplatkin@platkinllp.com

Angela Cai*
PLATKIN LLP
413 Washington Ave. Unit 174
Belleville, NJ 07109
Phone: (973) 561-1951

Ravi Ramanathan*
PLATKIN LLP
413 Washington Ave. Unit 174
Belleville, NJ 07109
Phone: (973) 561-1951

Aaron E. Haier*
PLATKIN LLP
413 Washington Ave. Unit 174
Belleville, NJ 07109
Phone: (973) 561-1951

Conor Bradley*
PLATKIN LLP
413 Washington Ave. Unit 174

Belleville, NJ 07109
Phone: (973) 561-1951

Norman L. Eisen*
Democracy Defenders Action
600 Pennsylvania Ave. SE #15180
Washington, D.C. 20003
Phone: (202) 594-9958
Email: norman@democracydefenders.org

David W. Ogden*
Democracy Defenders Action
600 Pennsylvania Ave. SE #15180
Washington, D.C. 20003
Phone: (202) 594-9958

Stephen A. Jonas*
Democracy Defenders Action
600 Pennsylvania Ave. SE #15180
Washington, D.C. 20003
Phone: (202) 594-9958

Aman T. George
Democracy Forward Foundation
Phone: (202) 448-9090
Fax: (202) 796-4426

Ayesha Khan
Democracy Forward Foundation
Phone: (202) 448-9090
Fax: (202) 921-4875

Catherine Mary Agnes Carroll
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
Phone: (202) 448-9090

Jessica Anne Morton
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
Phone: (202) 448-9090
Email: jmorton@democracyforward.org

Joel L. McElvain
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
Phone: (202) 935-1082
Email: jmcelvain@democracyforward.org

Jyoti Jasrasaria
Democracy Forward Foundation
Phone: (202) 448-9090
Fax: (202) 921-4875
Email: jjasrasaria@democracyforward.org

Kevin Friedl
Democracy Forward Foundation
Phone: (202) 448-9090
Fax: (202) 921-4875
Email: kfriedl@democracyforward.org

Pooja Boisture
Democracy Forward Foundation
Phone: (202) 448-9090
Fax: (202) 921-4875
Email: pboisture@democracyforward.org

Robin F. Thurston
Democracy Forward Foundation
Phone: (202) 448-9090
Fax: (202) 796-4426

Skye Perryman
Democracy Forward Foundation
Phone: (202) 448-9090
Fax: (202) 921-4875

**Defendants' Counsel:**

Andrew.Block@usdoj.gov
John.Adams5@usdoj.gov
Micah.Fielden@usdoj.gov
Alex.Haas@usdoj.gov
Diane.Kelleher@usdoj.gov
Dennis.Barghaan@usdoj.gov

**Additional Service / Court Contact:**

vaed_ecf_questions@vaed.uscourts.gov

Respectfully submitted,

**/s/ Joseph A. Camp**
Joseph A. Camp
Pro Se