IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ANDREW FLOYD, et al.,     )
             )
    Plaintiffs,      )
             )
    v.        )   1:26-cv-1399 (LMB/IDD)
             )
DEPARTMENT OF JUSTICE, et al.,  )
             )
    Defendants.     )

ORDER

Before the Court are five pro se motions to intervene as defendant. They include a

Motion to Intervene as Defendant Pursuant to Fed. R. Civ. P. 24(a) and 24(b), [Dkt. No. 22], and

a Motion for Leave to Intervene and Opposition to Amicus Curiae Brief of Senators Cory

Booker and Bill Cassidy,[1] [Dkt. No. 64], filed by proposed intervenor Joseph A. Camp

("Camp"); a Motion to Intervene as a Defendant, [Dkt. No. 57], and a Motion for Leave to File

Sur-Reply and Supplemental Evidence Out of Time,[2] [Dkt. No. 67], by proposed intervenor

Glenanne J. Johnson ("Johnson"); and an Intervenor's Motions to Join and Reconsider, [Dkt. No.

60], filed by Glenn H. Stephens, III ("Stephens"), who identifies as a Ph.D and also suggests that

he is an attorney by adding "Esq." after his name (collectively, "Motions to Intervene"). The

Motions to Intervene request that the Court grant intervention to the proposed intervenors as

defendants of right under Fed. R. Civ. P. 24(a), or alternatively, permit intervention under Fed.

---

[1] On June 5, 2026, Camp filed a second motion to intervene, asking the Court "for leave to intervene as a [d]efendant-intervenor pursuant to Fed. R. Civ. P. 24(a) and (b)" to file an opposition to the amicus curiae brief filed by Senators Cory Booker and Bill Cassidy. See generally, [Dkt. No. 64].

[2] On June 8, 2026, Johnson filed a second motion, asking the Court for leave to file a sur-reply and supplemental evidence in response to defendants' opposition brief as a "[p]roposed [i]ntervenor-[d]efendant." See generally, [Dkt. No. 67].

R. Civ. P. 24(b).[3] Id. at 4-5. Stephens's Intervenor's Motions to Join and Reconsider additionally argue that any success of the plaintiffs in this lawsuit "will stall or prevent [him] from gaining the relief sought in his May 26th [Anti-Weaponization] Fund claim[,]" and ask "the Court to reconsider whether any of the [p]laintiffs have standing under Rule 60[,]" and to ultimately "dismiss . . . their . . . [law]suit." Dkt. No. 61] at 2, 7. For the reasons explained below, all five motions, [Dkt. Nos. 22, 57, 60, 64, 67], will be denied.

Federal Rule of Civil Procedure 24(a)(2) states, in relevant part:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the . . . subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).

The Fourth Circuit has articulated a four-part test for Rule 24(a)(2) intervention. "First, the intervenor must submit a timely motion to intervene in the adversary proceeding. Second, he must demonstrate a 'direct and substantial interest' in the property or transaction. Third, he has to prove that the interest would be impaired if intervention was not allowed. Finally, he must establish that the interest is inadequately represented by existing parties." Matter of Richman, 104 F.3d 654, 659 (4th Cir. 1997) (citing Fed. R. Civ. P. 24(a)(2)). A party moving for intervention under Rule 24(a) "bears that burden of establishing a right to intervene, and must do

---

[3] Johnson's Motion to Intervene as a Defendant does not include an explicit request for permissive intervention under Rule 24(b); however, conscious of its duty to construe pro se pleadings liberally, the Court construes Johnson's motion as one also seeking permissive intervention. See Oliver v. Navy Fed. Credit Union, No. 1:23-CV-1731 (LMB/WEF), 2024 WL 1344535, at *1 (E.D. Va. Feb. 7, 2024), aff'd sub nom. Gibbs v. Navy Fed. Credit Union, No. 24-1262, 2024 WL 3465979 (4th Cir. July 17, 2024). Furthermore, although Stephens's Intervenor's Motions to Join and Reconsider do not include any request for intervention under Rule 24(a) and 24(b), the Court will also construe his motion, which identifies Stephens as an "intervenor," as one seeking intervention as of right and permissive intervention. See generally, [Dkt. No. 60].

so by satisfying all four requirements." Cho v. Montgomery Cnty., Maryland, No. CV DKC 2005-2350, 2006 WL 8456954, at *2 (D. Md. Jan. 19, 2006) (citing In re Richman, 104 F.3d at 658). "Intervention of a private party as a defendant in a suit against a governmental entity for violation of a federal law is rarely, if ever, appropriate." Cho, 2006 WL 8456954, at 2 (citing Piedmont Heights Civic Club, Inc. v. Moreland, 83 F.R.D. 153, 157 (N.D. Ga. 1979)).

Although the three motions are timely, they fail to satisfy all of the requirements of Fed. R. Civ. P. 24(a). Specifically, the proposed intervenors have failed to show that the named defendants, which include the Department of Justice, Acting Attorney General Todd Blanche, and Associate Attorney General Stanley Woodward, Jr.—who are represented by Department of Justice counsel—will not adequately represent the interests of the proposed intervenors, who are proceeding pro se, and who therefore lack the legal expertise necessary to adequately defend the Anti-Weaponization Fund. Although the proposed intervenors argue that defendants cannot adequately represent their "specific, personal stor[ies]," they ultimately acknowledge that defendants will represent their interest in defending the constitutionality and existence of the Anti-Weaponization Fund. See [Dkt. No. 22] at 4; [Dkt. No. 57] at 4. Accordingly, the proposed intervenors' motions to intervene as of right will be denied.

The Court also declines to use its discretionary power to grant permissive intervention pursuant to Fed. R. Civ. P. 24(b). Under Fed. R. Civ. P. 24(b), a court "may permit intervention when the party 'has a claim or defense that shares with the main action a common question of law or fact.'" Oliver, 2024 WL 1344535, at *1 (citing Fed. R. Civ. P. 24(b)). Critically, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Although the proposed intervenors assert that their defenses of the Anti-Weaponization Fund "share[] common

3

questions of law and fact with the main action (the legality and operation of the Fund)," see [Dkt. No. 22] at 5, the Court finds that allowing their intervention would cause undue delay to the existing parties, especially as the proposed intervenors have argued that they seek to intervene to represent their own "specific individual interests as a living, breathing . . . victim of lawfare who relies on the [Anti-Weaponization] Fund." [Dkt. No. 22] at 4 (emphasis in original); see also [Dkt. No. 57] at 4 (arguing that Johnson should be allowed to intervene so she can "provide the Court with a concrete, powerful, and documented example of why the [Anti-Weaponization] Fund is a necessary and just remedy.") (emphasis in original). Allowing the proposed intervenors to intervene would necessarily expand the scope of litigation by introducing new and collateral issues. Accordingly, for all of these reasons, it is hereby

ORDERED that Camp's Motion to Intervene as Defendant Pursuant to Fed. R. Civ. P. 24(a) and 24(b), [Dkt. No. 22], and Motion for Leave to Intervene and Opposition to Amicus Curiae Brief of Senators Cory Booker and Bill Cassidy, [Dkt. No. 64], Johnson's Motion to Intervene as a Defendant, [Dkt. No. 57], and Motion for Leave to File Sur-Reply and Supplemental Evidence Out of Time, [Dkt. No. 67], and Stephens's Motion to Join and Reconsider, [Dkt. No. 60], be and are DENIED[4]; and it is further

ORDERED that the Clerk STRIKE Camp's Opposition to Amicus Curiae Brief of Senators Cory Booker and Bill Cassidy[5], [Dkt. No. 65], from this Court's docket; and it is further

---

[4] Because the Court is denying Stephens's request to intervene as a defendant in this civil action, it need not address his arguments that the Court should "reconsider whether the [p]laintiffs have standing[,] . . . find the [p]laintiffs' [sic] lack standing, and dismiss their [m]otion and Complaint, while 'downgrading' the former [p]laintiffs to amici." [Dkt. No. 61] at 8.

[5] Because the Court denies Camp's request to intervene as a defendant in this civil action, his opposition brief to Senators Cory Booker and Bill Cassidy's proposed amicus curiae brief will not be accepted as a pleading in this record.

4

ORDERED that Johnson's Motion for Leave to Appear Telephonically, [Dkt. No. 58], be and is DENIED as moot.

To appeal this decision, the proposed intervenors must file a written notice of appeal with the Clerk of the Court within sixty (60) days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order being appealed. It is not necessary to explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives the right to appeal this decision.

The Clerk is directed to forward a copy of this Order to counsel of record, and proposed intervenors Joseph A. Camp, Glenanne J. Johnson, and Glenn H. Stephens, III, at their addresses of record.

Entered this 8 day of June, 2026.

Alexandria, Virginia

/s/

Leonie M. Brinkema
United States District Judge