IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **Andrew Floyd**, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>**Department of Justice**, et al.,<br><br>Defendants. | Case No. **26-cv-1399-LMB** |

**PLAINTIFFS' EXPEDITED MOTION FOR LIMITED EXPEDITED DISCOVERY**

Since Plaintiffs moved for preliminary relief in this case, Defendants have made a variety of factual representations—some conflicting, none in sworn testimony, none tested by factfinding—that directly bear on this Court's resolution of Plaintiffs' pending motion. Defendants now claim that intervening events have made this matter moot and deprived this Court of jurisdiction. *See* ECF No. 62 at 10-11. But Defendants ask this Court to preliminarily conclude that it has no jurisdiction based on merely the government's own say-so; say-so that has been regularly contradicted by President Trump himself. As detailed in the attachments to this motion, *see* Ex. A, Decl. of Pooja Boisture, and in Plaintiffs' supporting memorandum, Plaintiffs have repeatedly requested that Defendants substantiate their position that this matter has been rendered moot. After declining to respond for Plaintiffs' requests for a week, Defendants sent Plaintiffs a letter that provides even *fewer* assurances about the status of the Fund than what Defendants represented in their opposition brief, and Defendants confirmed during a meet and confer that they will not support their position with any competent evidence. *Id.* To ensure that this Court has before it a complete and accurate record, supported by competent evidence, about the status of the

Fund as it considers Plaintiffs' pending motion for preliminary relief, Plaintiffs respectfully move this court to grant limited expedited discovery to establish the status and future plans for the Fund. If, as Plaintiffs have repeatedly requested, Defendants come forward with competent evidence that the Fund has been conclusively abandoned, Plaintiffs would be willing to withdraw this motion.

*     *     *

For the reasons set forth in Plaintiffs' memorandum in support of their motion for preliminary relief, ECF No. 25, as well as Plaintiffs' forthcoming reply in support of that motion, Plaintiffs believe preliminary relief in this matter is clearly warranted, and no evidence Defendants have proffered to date is competent or persuasive to change that fact.

However, as evident in the attached correspondence, Plaintiffs have repeatedly sought further detail or clarification from Defendants to support their assertions about the current state and future plans for the Anti-Weaponization Fund, particularly given the contradictory statements repeatedly made by President Trump. *See* Boisture Decl., Atts. A-D, F. For a week, Defendants did not even acknowledge Plaintiffs' correspondence, let alone respond to it. *Id.*, Att. A. When they finally did respond on June 8, Defendants provided even *fewer* assurances as to the status of the Fund than Defendants previously offered in their opposition brief or than Acting Attorney General Blanche did in his unsworn testimony; Associate Attorney General Woodward now claims that various steps have not yet been taken to establish the Fund,but makes *no* commitments that these steps will not be taken in the future. *See* Boisture Decl., Att. E.

Given that Defendants have attempted to introduce new factual assertions to raise questions about the current state and future plans for the Anti-Weaponization Fund, impacting this Court's jurisdiction or the need for preliminary relief, Plaintiffs believe the most appropriate course of action would be to require further factual development, and to maintain the status quo to allow for

2

such development. Plaintiffs requested in their letter of June 6, 2026 that Defendants produce competent evidence (including, where appropriate, sworn statements) that clearly demonstrates that Defendants will not establish or operate the Fund, that the May 18, 2026 Order issued by the Acting Attorney General has been rescinded, and that the provisions of the Agreement in *Trump v. IRS* binding the government to establish the Fund are no longer binding on the government. Boisture Decl., Att. D. Should Defendants produce such evidence, Plaintiffs would be willing to withdraw this motion.

However, because to date Defendants remain unable or unwilling to show by competent evidence that the Fund has been conclusively abandoned, Plaintiffs move this Court, pursuant to Fed. R. Civ. P. 26(d)(1) to grant limited, expedited discovery to propound the proposed discovery requests attached to this motion, Ex. B, for the reasons set forth in Plaintiffs' accompanying memorandum. Plaintiffs have met and conferred with Defendants prior to filing this motion, including seeking materials that could forestall the need for additional discovery. *See* Boisture Decl., Atts. A, D, F. Defendants have declined invitations to produce any competent evidence to support their assertions about the state of the Fund. *Id*. Defendants conveyed their position that they object to this motion, and plan to file a brief explaining their opposition.

In conjunction with this motion for discovery, Plaintiffs are filing a motion to amend the scheduling order in this case to allow for any discovery, seeking to maintain the status quo for at least two weeks to allow Plaintiffs to conduct limited discovery to examine the status and future plans for the Fund. If this Court grants Plaintiffs' discovery request, Plaintiffs would propose the following schedule:

- **Thursday, June 18:** Defendants submit their written discovery responses;

- **Wednesday, June 24:** Plaintiffs and Defendants both file any supplemental briefs discussing the relevance of Defendants' discovery responses to Plaintiffs' pending motion for preliminary relief;

- **Friday, June 26** (or an alternate date of the Court's convenience)**:** This Court holds a rescheduled hearing on Plaintiffs'' motion for preliminary relief.

Plaintiffs would also reserve the right to seek leave from the Court to conduct an additional deposition, or to take live witness testimony during the June 26 hearing, if Defendants' written discovery responses are deficient.

Plaintiffs waive a hearing on this motion.[1]

Dated: June 9, 2026

Respectfully submitted,

*/s/ Joel McElvain*
Joel McElvain (Va. Bar No. 95215)
Pooja A. Boisture*
Jyoti Jasrasaria*
Aman George*
Ayesha Khan*
Robin F. Thurston*
Skye L. Perryman*
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
jmcelvain@democracyforward.org
pboisture@democracyforward.org
jjasrasaria@democracyforward.org
ageorge@democracyforward.org
akhan@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

*Counsel for Plaintiffs*

---

[1] Defendants' counsel conveyed during the parties' meet and confer that they do not agree that hearing should be waived on this motion.

*admitted *pro hac vice*