# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **Andrew Floyd**, et al., | |
| Plaintiffs, | |
| *vs.* | **Case No. 26-cv-1399-LMB** |
| **Department of Justice**, et al., | |
| Defendants. | |

**PLAINTIFFS' [PROPOSED] FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiffs Andrew Floyd, Jonathan Caravello, City of New Haven, National Abortion Federation, and Common Cause, through their undersigned attorneys, propound the following Requests for Production of Documents ("RFPs") to Defendants.

**DEFINITIONS**

The following definitions shall apply to the Requests for Production:

1. "Department" and "DOJ" mean the U.S. Department of Justice.

2. "Agreement" means the "Settlement Agreement" filed in *Trump v. IRS*, Case No. 1:26-cv-20609 (S.D. Fla.), that committed the Department to the creation of a $1.776 billion "Anti-Weaponization" fund. Settlement Agreement, Ex. A, 7-16, ECF No. 25-1.

3. "Fund" means the $1.776 billion "Anti-Weaponization Fund" that DOJ announced as part of the agreement to settle *Trump v. IRS*. ECF No. 25-1 at 7-16.

4. "Blanche Order" means the May 18, 2026 order issued by Acting Attorney General Blanche, directing a payment of $1.776 billion from the U.S. Department of the Treasury to an

1

account for the sole use by the Anti-Weaponization Fund. Blanche Order, Ex. B, 19-21, ECF No. 25-1.

5.     The term "identify," when used in connection with the term "individual" or "individuals," means to state, to the extent known, the person's full name; present or last known address; e-mail address; and telephone number. When "identify" is used in connection with an entity rather than a natural person, it means to state, to the extent known, identifying information for the entity and the natural persons acting as contacts for the entity in connection with the subject matter covered by the relevant request.

6.     When referring to documents, "identify" means to state, to the extent known, the type, date, author, title, and, if applicable, addressee(s) and/or recipient(s) of the document.

7.     The term "communication" means a transmittal of information in the form of facts, ideas, inquiries, or otherwise.

8.     The term "document" means any document or electronically stored information as described in Federal Rule of Civil Procedure 34(a), including but not limited to emails, email attachments, complete email chains, calendar invitations, calendar invitation attachments, text messages, messages sent on messaging platforms (including but not limited to Slack, Microsoft Teams, WhatsApp, Signal, or GChat), records, reports, memoranda, written agreements, and system tickets, logs, records, reports, or output. A draft or a nonidentical copy, including any copy bearing any notation or mark not found on the original, is a separate document within the meaning of this term.

9.     The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

10.    The use of the singular form of any word includes the plural and vice versa.

2

11. The use of a verb in any tense shall encompass all other tenses, wherever necessary, to bring within the scope of the discovery request matters that might otherwise be construed as outside the scope of the request.

12. The use of a masculine, feminine, or neutral pronoun shall be construed to refer to all other gender pronouns.

13. The words "and" and "or" are intended to be construed conjunctively or disjunctively as necessary to make the Request inclusive rather than exclusive.

14. "Including" means "including, but not limited to."

## INSTRUCTIONS

1. Complete and return responses to the below requests, or file any objections, by the earlier of any deadline set by the Court, or seven days after service of the below interrogatories and requests.

2. Defendants' written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested unless the request is refused, in which event the reasons for refusal shall be stated. If the refusal relates to part of an item or category, the part shall be specified.

3. Provide documents in both original native format with all metadata and consecutively Bates-stamped PDFs.

4. Absent your concurrent and written objection, your production of a document in response to written discovery authenticates the document for use against you in any pretrial proceeding or at trial.

5. Where documents or things in the possession, custody, or control of any individual, agency, office, firm, corporation, or partnership are requested, such request also

3

pertains to documents in the possession, custody, or control of employees, agents, guardians, partners, representatives, and—unless privileged or protected— attorneys of such individuals, agencies, offices, firms, corporations, or partnerships.

6.     *If*, in responding to these Requests, you encounter any ambiguity in construing any request, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding.

7.     If an objection to a request is based upon a claim of privilege, attorney work product, or any other basis, please identify, contemporaneously with producing responses to these Requests, or as otherwise agreed upon by the parties, in writing each document so withheld by providing the following information:

a.     the date or approximate date of the document;

b.     the type of document (e.g., letter, memorandum);

c.     a description of the subject matter of the document;

d.     each and every person who prepared, signed, or participated in the preparation of the document or any copy thereof;

e.     each and every person who received the document or any copy thereof;

f.     the present custodian(s) of each document;

g.     a list of attachments or enclosures to the documents; and

h.     the nature of the privilege asserted and any statutes, rules, or cases that you contend support the assertion of privilege.

8.     Identify and produce all segregable portions of any responsive document to which a claim of privilege, attorney work product, or other basis for withholding the document does not apply.

4

9.      These Requests for Production of Documents are continuing in character so as to require you to promptly amend or supplement your response if you discover or obtain further materials in accordance with Fed. R. Civ. P. 26(e).

10.     If any document requested herein has been lost, discarded, or destroyed, please furnish a list identifying each such document as completely as possible including, without limitation, the following information: its author and addressee, each person to whom copies of the document were furnished or to whom the contents thereof were communicated, a comprehensive summary of the substance of the document, the date (or approximate date) of its disposal, the manner of its disposal, the reason for its disposal, the person authorizing its disposal, and the person disposing of the document.

**REQUESTS**

1.      Any and all documents and/or communications referencing, containing, or concerning communications about the current status, operation, or plans for the Anti-Weaponization Fund, as set forth in Defendants' June 5, 2026 opposition brief, ECF 62.

2.      Any and all documents and/or communications referencing, containing, or concerning whether provisions of the Agreement terms are no longer binding on Defendants and/or the government, or otherwise operational.

3.      Any and all documents and/or communications referencing, containing, or concerning the rescission of the Blanche Order.

4.      Any and all documents and/or communications referencing, containing, or concerning modifications to (or termination of) the Agreement.

5

5.      Any and all documents and/or communications referencing, containing, or concerning any claims that have been received, retained, considered, or otherwise processed by the Fund.

6.      Any bank records, transaction receipts, or financial documents that show funds being transferred into or withdrawn from the Fund.

## PLAINTIFFS' [PROPOSED] FIRST SET OF INTERROGATORIES

Plaintiffs Andrew Floyd, Jonathan Caravello, City of New Haven, National Abortion Federation, and Common Cause, through their undersigned attorneys, propound the following Interrogatories to Defendants.

## DEFINITIONS

The following definitions shall apply to the Interrogatories:

1.      "Department" and "DOJ" mean the U.S. Department of Justice.

2.      "Agreement" means the "Settlement Agreement" filed in *Trump v. IRS*, Case No. 1:26-cv-20609 (S.D. Fla.), that committed the Department to the creation of a $1.776 billion "Anti-Weaponization" fund. Settlement Agreement, Ex. A, 7-16, ECF No. 25-1.

3.      "Fund" means the $1.776 billion "Anti-Weaponization Fund" that DOJ announced as part of the agreement to settle *Trump v. IRS*. ECF No. 25-1 at 7-16.

4.      "Blanche Order" means the May 18, 2026 order issued by Acting Attorney General Blanche, directing a payment of $1.776 billion from the U.S. Department of the Treasury to an account for the sole use by the Anti-Weaponization Fund. Blanche Order, Ex. B, 19-21, ECF No. 25-1.

5.      The term "identify," when used in connection with the term "individual" or "individuals," means to state, to the extent known, the person's full name; present or last known address; e-mail address; and telephone number. When "identify" is used in connection with an entity rather than a natural person, it means to state, to the extent known, identifying information for the entity and the natural persons acting as contacts for the entity in connection with the subject matter covered by the relevant request.

6.      When referring to documents, "identify" means to state, to the extent known, the type, date, author, title, and, if applicable, addressee(s) and/or recipient(s) of the document.

7

7.      The term "communication" means a transmittal of information in the form of facts, ideas, inquiries, or otherwise.

8.      The term "document" means any document or electronically stored information as described in Federal Rule of Civil Procedure 34(a), including but not limited to emails, email attachments, complete email chains, calendar invitations, calendar invitation attachments, text messages, messages sent on messaging platforms (including but not limited to Slack, Microsoft Teams, WhatsApp, Signal, or GChat), records, reports, memoranda, written agreements, and system tickets, logs, records, reports, or output. A draft or a nonidentical copy, including any copy bearing any notation or mark not found on the original, is a separate document within the meaning of this term.

9.      The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

10.     The use of the singular form of any word includes the plural and vice versa.

11.     The use of a verb in any tense shall encompass all other tenses, wherever necessary, to bring within the scope of the discovery request matters that might otherwise be construed as outside the scope of the request.

12.     The use of a masculine, feminine, or neutral pronoun shall be construed to refer to all other gender pronouns.

13.     The words "and" and "or" are intended to be construed conjunctively or disjunctively as necessary to make the Request inclusive rather than exclusive.

14.     "Including" means "including, but not limited to."

8

## INSTRUCTIONS

1.      Respond to the below interrogatories, or file any objections, by the earlier of any deadline set by the Court, or seven days after service of the below interrogatories and requests.

2.      In answering these Interrogatories, you should furnish such information as is known to you regardless of whether this information is obtained by you, known by you, or known to or obtained by any of your attorneys, or other agents or representatives. In answering each Interrogatory set forth herein, furnish all information that is available to Defendant. If you are unable to answer any Interrogatory in full, please explain why you are unable to answer it, state the nature of the information and knowledge you cannot furnish, and answer it to the fullest extent possible. If your answers are qualified in any manner, state the nature of the qualification.

3.      If, in responding to these Interrogatories, you encounter any ambiguity in construing any Interrogatory, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding.

4.      If an objection to an Interrogatory is based upon a claim of privilege, attorney work product, or any other basis, please identify, in writing, each piece of information so withheld by providing the following information:

   a.      the possessor(s), author(s), addressee(s), present custodian(s), and date of such information;

   b.      all other persons who have seen or learned of all or part of any such information;

   c.      the method by which, and reason why, each such person obtained access to such information;

   d.      a summary of such information; and

9

e.      the nature of the privilege asserted and any statutes, rules, or cases that you

contend support the assertion of privilege.

**5.**      These Interrogatories are continuing in character so as to require you to promptly

amend or supplement your response if you discover or obtain further material information in

accordance with Fed. R. Civ. P. 26(e).

## INTERROGATORIES

1.      Detail—with reference to the relevant date(s) and/or time(s)—all actions

Defendants took to establish or operate the Fund.

2.      Detail—with reference to the relevant date(s) and/or time(s) of day—all actions

taken by Defendants to rescind, wind down, dismantle, pause, or otherwise cease operations of the

Fund.

3.      Identify any communications between the government and the plaintiffs in the

*Trump v. IRS* case that modified or abandoned the Agreement.

4.      Identify any decisions or plans to provide redress to individuals who may have

applied for relief from the Fund from sources other than the Fund.