IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| ANDREW FLOYD, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:26-cv-1399 (LMB/IDD) |
| | ) | |
| DEPARTMENT OF JUSTICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court are two pro se motions for leave to file amicus curiae briefs supporting

the defendants, respectively filed by Jason Goodman ("Goodman's Motion"),[1] and Juan Campo

("Campo's Motion")[2]; and a counseled Motion on Behalf of United States Senators Cory Booker

and Bill Cassidy as Amicus Curiae In Support of Plaintiffs, filed by Senators Booker and

Cassidy ("Senators Booker and Cassidy's Motion")[3], [Dkt. No. 48]. For the reasons explained

---

[1] Jason Goodman identifies as a "journalist, video producer, and pro se litigant who has publicly reported on, and personally litigated issues involving, alleged government-linked censorship, platform coordination, retaliatory legal activity, abusive litigation tactics, retaliatory litigation, and legal weaponization commonly described as 'lawfare.'" [Dkt. No. 32] at 2. In his amicus curiae brief, Goodman seeks to provide the Court with "the perspective of a nonparty potential lawfare claimant whose opportunity to seek relief could be eliminated by an overbroad injunction based on [p]laintiffs' speculative interpretation of an unapplied settlement recital." Id. at 4.

[2] Juan Campo identifies as "a prospective claimant and an intended beneficiary of the Anti-Weaponization Relief Fund[.]" [Dkt. No. 35] at 1. As did Goodman, in his amicus curiae brief, Campo seeks to represent "the interests of independent, nonparty individuals alleging concrete, unsustainable prosecutorial harm who rely upon the fund for administrative restitution." Id. at 2.

[3] In their amicus curiae brief, Senators Booker and Cassidy seek to "explain[] how the 'Anti-Weaponization Fund' . . . constitutes an end-run around Congress's institutional authority[,]" specifically, "how Congress's appropriations to the Judgment Fund, 31 U.S.C. § 1304, contain specific constraints that foreclose the use of its monies for the Anti-Weaponization Fund." [Dkt. No. 48] at 2-3.

below, Goodman's Motion and Campo's Motion, [Dkt. Nos. 32 and 35], will be denied, but Senators Booker and Cassidy's Motion, [Dkt. No. 48], will be granted.

"The Court has broad discretion in deciding whether to allow a non-party to participate as an amicus curiae." Tafas v. Dudas, 511 F. Supp. 2d 652, 659 (E.D. Va. 2007) (citing Hoptowit v. Ray, 682 F.2d 1237, 1260 (9th Cir. 1982); Waste Mgmt., Inc. v. City of York, 162 F.R.D. 34, 36 (M.D. Pa. 1995)). "Such non-party participants have 'been allowed at the trial level where they provide helpful analysis of the law, they have a special interest in the subject matter of the suit, or existing counsel is in need of assistance.'" Id. (quoting Bryant v. Better Business Bureau, 923 F.Supp. 720, 727 (D. Md. 1996) and citing Northern Sec. Co. v United States, 191 U.S. 555, 556 (1903)). But "[a] motion for leave to file an amicus curiae brief . . . should not be granted unless the [C]ourt 'deems the proffered information timely and useful.'" Bryant, 923 F.Supp. at 727-28 (quoting Yip v. Pagano, 606 F.Supp. 1566, 1568 (D. N.J. 1985)) (underlining added).

Upon review, the Court finds that Goodman and Campo's proposed amicus curiae briefs—although timely—are not "useful." Id. Defendants are represented by competent counsel from the Department of Justice, who will raise and defend the salient issues before the Court. See [Dkt. No. 69] at 3. Defense counsel therefore do not require assistance from Goodman and Campo, who are proceeding pro se, and who therefore lack the legal expertise necessary to adequately defend the Anti-Weaponization Fund. Furthermore, despite Goodman and Campo's assertions to the contrary, the Court finds that their proposed amicus briefs do not provide unique information or perspectives that will assist the Court beyond the assistance that defense counsel

can provide.[4] Accordingly, Goodman's Motion and Campo's Motion, [Dkt. Nos. 32 and 35], are DENIED.

By contrast, the Court finds that Senators Booker and Cassidy's timely brief is very useful by providing "the unique perspective of current members of the U.S. Senate[,]" and explaining how the Anti-Weaponization Fund implicates significant legal and constitutional issues including the Appropriations and Appointments Clauses of the Constitution, as well as the separation of powers. [Dkt. No. 48] at 3. Accordingly, because the Court finds that this brief will be useful in its decisionmaking, Senators Booker and Cassidy's Motion, [Dkt. No. 48], is GRANTED; and it is hereby

ORDERED that counsel for Senators Booker and Cassidy promptly file their proposed amicus curiae brief, currently attached as Exhibit A to their motion, as a separate docket entry.

The Clerk is directed to forward a copy of this Order to counsel of record, and pro se movants Jason Goodman and Juan Campo, at their addresses of record.

Entered this 10 day of June, 2026.

Alexandria, Virginia

_____ /s/ 
Leonic M. Brinkema
United States District Judge

---

[4] Goodman's proposed amicus brief includes arguments regarding standing, ripeness, and the Fourteenth Amendment, all of which are adequately addressed by defendants in their briefing. See [Dkt. No. 32-2]. Campo's proposed amicus brief argues—without citations to any caselaw—that the Court should consider the reliance interests of potential claimants to the Anti-Weaponization Fund. See generally, [Dkt. No. 35-1].

3