IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| **Andrew Floyd, et al.,** | ) | |
| *Plaintiffs,* | ) | **No. 1:26-cv-01399** |
| | ) | |
| **v.** | ) | |
| | ) | **Hon. J. Brinkema** |
| **Department of Justice, et al.,** | ) | |
| *Defendants.* | ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO JOIN & MOTION FOR RECUSAL**

**NOW COMES** Intervenor Glenn H. Stephens III, Ph.D., J.D. ("Dr. Stephens"), who moves to join under Fed. R. Civ. P. Rule 24 and moves for the voluntary recusal of Judge Brinkema. [1]

## I. FACTS

On May 27, 2026, former 4th Circuit Judge Michael Luttig and 34 retired federal judges ("The 35"), in collusion with plaintiffs Democracy Forward, unleashed an extra-judicial media blitz, including on CNN and MSNow, aimed at inciting a public clamor to sway this case and that of Judge Kathleen Williams. - *Trump v. IRS*, No. 1:26-cv-20609 (S.D. Fla. 2026).[2] Within *days*, that public clamor had the desired effect. On May 29, 2026, Judge Brinkema halted payments from the Weaponization Fund ("Fund") see s[https://www.cnn.com/2026/05/29/politics/federal-judge-halts-work-on-trumps-anti-weaponization-fund](https://www.cnn.com/2026/05/29/politics/federal-judge-halts-work-on-trumps-anti-weaponization-fund) (visited June 9, 2026), and Judge Williams reopened, see https://www.ms.now/news/judge-orders-trump-to-answer-fraud-claims-over-irs-lawsuit-settlement (visited June 9, 2026). On June 4, 2026, the public clamor resulting from the media blitz of The 35 and Democracy Forward brought additional extra-judicial pressure to bear on the Judges – Senators Booker and Cassidy filed an amicus briefs opposing the Fund, see *Floyd, v. DOJ*, at ECF 39; see

---

[1]    Earlier Stephens moved to join under Rule 19, ECF 60, 62. He renews, albeit under Rule 24.

[2]    ABA Rule 2.4 (External Influences on Judicial Conduct) provides, (A) *A judge shall not be swayed by public clamor* or fear of criticism. . . . (C) *A judge shall not convey . . . the impression that any person[s]. . .[are] in a position to influence the judge.*" [emphases added]

1

https://www.msn.com/en-us/news/other/sens-booker-and-cassidy-file-bipartisan-brief-against-anti-weaponization-fund/ar-AA24RomM?ocid=BingNewsSerp  (visited  June  10,  2026).  Senator

Booker's Press Release webpage cited approvingly the spin of the CEO of Democracy Forward:

> "Skye Perryman, the president of Democracy Forward: 'The significance of this bipartisan engagement cannot be overstated. As this administration is attempting to evade accountability and create one of the most brazen power grabs of taxpayer funds in modern history, we applaud these two senators — a Democrat and a Republican — for speaking with one voice.'"  See ICYMI: Booker Leads Bipartisan Amicus Brief to "Slam" Trump's $1.7 Billion "Anti-Weaponization Fund," Senator Cory Booker Press Release, Washington, D.C. (June 05, 2026) at https://www.booker.senate.gov/news/press/icymi-booker-leads-bipartisan-amicus -brief-to-slam-trumps-17-billion-antiweaponization-fund  (visited June 10, 2026).

## II. ANALYSIS

The Intervenor/Movant submits that under well-established law and rules or regulations, including but not limited to *U.S. v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) (holding "the alleged bias and prejudice to be disqualifying must stem from an extrajudicial source"), *U.S. v. Mitchell*, 886 F.2d 667, 671 (4th Cir. 1989) (finding disqualification requires that bias stem from an extrajudicial source);Canon 2B the Code of Conduct for U.S. Judges, Guide to Judiciary Policy, Vol. 2A, Ch. 2 (March 12, 2019)(Outside Influence: A judge should not allow . . . political . . . or other relationships to influence judicial conduct or judgment . . . or permit others to convey the impression that they are in a special position to influence the judge," and ABA Rule 2.4, that Judge Brinkema should recuse herself because the close temporal proximity between the media blitz that The 35 and Democracy Now unleashed and her decision to freeze the Fund, along with the fact that The 35 lacked standing under Rule 60, creates the impression that extra-judicial sources – public clamor and her fear of possible bipartisan Senatorial criticism  - influenced her judgement.[3]

---

[3] The appearance that Luttig, to paraphrase ABA Rule 2.4, is "in a position to influence" the Judge is heightened by the fact that Judge Brinkema, sitting by designation in the Circuit, worked with Luttig in *U.S. v. Cole*, No. 93-5021 (4th Cir. 1994). Although less temporally proximate than the media blitz and public clamor, the fact that Brinkema and Luttig were coworkers, doesn't bode well under the smell test.

The optics of Judge Brinkema's continued participation in this case aren't improved by the fact that that neither Judge Brinkema nor Ret. Judge Luttig have voluntarily disclosed conflict or potential conflicts in her pending case *In re The Boeing Company Securities Litigation*, No. 1:24-cv-151-LMB (E.D. Va.); *In Re Boeing*, No. 25-1492 at ECF 84 (4th Cir. 2026)(holding oral arguments on March 7, 2026 and May 10, 2026). Judge Brinkema's *Boeing* case, is one of several pending cases involving allegations that Boeing, the counseled in chief by Michael Luttig, lied to and defrauded investors. Despite the fact that Luttig, Brinkema's former coworker, is a possible witness in her *Boeing* case,[4] neither have disclosed that possible source of conflict publicly.

Finally, the Intervenor and Movant submits that even if, standing alone, none of the above grounds for recusal suffice that cumulatively, given the totality of the circumstances, the above facts warrant her voluntary recusal under Canon of Judicial Conduct 1 ("A judge should maintain and enforce high standards of conduct and should personally observe those standards, so that the integrity and independence of the judiciary may be preserved.") and Canon 2A (Judge Should Avoid Impropriety and the Appearance), which requires, "A judge should . . . act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."). Under these circumstances, the optics of Judge Brinkema's continued participation simply don't look good.

Respectfully Submitted,

*/S/   Glenn Stephens   6/10/2026*
Glenn Stephens III Ph.D., J.D.
Stephens Arbitration, Mediation & Settlement
Post Office Box 120  Gilbertsville PA 19525
StephensArbMedStlmt@gmail.com

---

[4]   Although Luttig might attempt to avoid testifying on attorney-client-privilege grounds, the crime-fraud exception to the privilege dictates that communications are not protected if a client seeks or uses an attorney's legal advice to commit, further, or conceal a civil fraud.

## CERTIFICATE OF SERVICE

On or about June 10, 2026, the above was mailed to the Court and Plaintiffs.

/S/   *Glenn Stephens*  **6/08/2026**
Glenn Stephens III Ph.D., J.D.
Stephens Arbitration, Mediation & Settlement
Post Office Box 120  Gilbertsville PA 19525
StephensArbMedStlmt@gmail.com