

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF VIRGINIA**

**ALEXANDRIA DIVISION**

**ANDREW FLOYD, et al.,**

Plaintiffs,

v. Civil Action No. 1:26-cv-01399-LMB-IDD

**DEPARTMENT OF JUSTICE, et al.,**

Defendants.

---

**MOTION FOR RECONSIDERATION OF ORDER STRIKING DOCKET ENTRY NO. 66**

COMES NOW Movant **Gerald Morris**, appearing pro se, and respectfully moves this Court to reconsider its Order striking Docket Entry No. 66 from the record.

In support thereof, Movant states as follows:

**I. BACKGROUND**

This motion is based upon the relationship between Docket Entry No. 66 and allegations contained in the Complaint, as well as subsequent developments in the record that were not addressed in the Court's Order striking the filing.  Respectfully, Docket Entry No. 66 concerns the claims process at the center of the Complaint, addresses factual assertions made in the Defendants' briefing, and should be evaluated under the Court's own standard of usefulness and relevance rather than excluded solely because of its form.

1.   On June 10, 2026, the Court entered an Order stating that Docket Entry No. 66 appeared to be a copy of a claim filed with the Anti-Weaponization Fund and that the filing did not fall within the Court's purview.

2.   The Court therefore directed that Docket Entry No. 66 be stricken from the docket.

3.   Reconsideration is warranted because the Court's Order was entered without the benefit of context demonstrating the relationship between Docket Entry No. 66 and the allegations contained in the Complaint, the factual issues subsequently addressed in Defendants' briefing, and the Court's subsequent recognition that non-party submissions may be considered when they are timely and useful to the resolution of issues before the Court.

4. Movant respectfully submits that the filing was not intended to initiate a separate action, seek independent relief, or require adjudication of the Anti-Weaponization Fund claim itself.

5. Rather, the filing was submitted as contemporaneous documentary evidence relevant to factual and legal issues already before the Court concerning the Anti-Weaponization Fund.

## II. RELEVANCE OF DOCKET ENTRY NO. 66

6. The Complaint places at issue the creation, administration, operation, and claims process of the Anti-Weaponization Fund, including the submission, receipt, processing, adjudication, and payment of claims.

7. The Complaint further challenges the legality of the Fund and seeks relief affecting the operation of the claims process and the rights of persons seeking to participate in that process.

8. Docket Entry No. 66 consists of a petition submitted in connection with that very process and was filed because Movant believed it would assist the Court in understanding factual matters placed in controversy by the pleadings.

9. Defendants have argued that the Anti-Weaponization Fund never became operational, that no claims process existed, and that no claims had been formally submitted, received, adjudicated, granted, or denied.

10. Docket Entry No. 66 bears directly upon those factual assertions.

11. The filing demonstrates that individuals were actively attempting to submit claims and invoke the processes publicly associated with the Anti-Weaponization Fund, making the document relevant to disputes concerning the Fund's implementation, operation, ripeness, and practical existence.

12. Whether such submissions were formally accepted is distinct from the evidentiary value of the document itself.

13. The filing therefore provides contemporaneous evidence concerning the implementation, operation, public understanding, and practical effects of the Fund that is the subject of this litigation.

14. The document was offered to supplement the factual record and not to commence an independent proceeding.

## III. THE COURT'S AMICUS ORDER SUPPORTS RECONSIDERATION

15. On June 10, 2026, the Court considered multiple motions seeking leave to file amicus curiae briefs concerning the Anti-Weaponization Fund.

16. In that Order, the Court recognized that the relevant consideration for non-party submissions is whether the information presented is timely and useful to the Court's resolution of issues before it.

17. Docket Entry No. 66 was not submitted to initiate a separate proceeding, seek independent relief, or circumvent procedural requirements. Rather, it was submitted because Movant believed it provided timely and useful factual information concerning the Anti-Weaponization Fund that is the subject of this litigation.

18. Specifically, the filing provides contemporaneous evidence regarding the existence of an actual claimant, the submission of a claim, and the practical operation and public understanding of the claims process that is the subject of this litigation. The Complaint repeatedly places at issue the creation of a process for submitting, receiving, processing, granting, and denying claims through the Anti-Weaponization Fund. Docket Entry No. 66 was submitted because it bears directly upon those issues.

19. Because Defendants have argued that no claims process existed, that no claims had been submitted or received, and that the Fund never became operational, Movant respectfully submits that Docket Entry No. 66 bears directly upon factual issues discussed in the parties' briefing and therefore possesses evidentiary value independent of any relief requested in the filing itself.

20. The Complaint expressly challenges the legality of the Fund's claims process, eligibility requirements, administration, and handling of claims. Because Docket Entry No. 66 consists of a petition submitted in connection with that very process, it constitutes contemporaneous evidence concerning matters placed directly in controversy by the pleadings.

21. Accordingly, Movant respectfully requests reconsideration because Docket Entry No. 66 bears directly upon matters placed in controversy by the Complaint and discussed extensively in subsequent briefing, and therefore should be evaluated according to its usefulness and relevance to issues before the Court rather than solely according to its form or origin.

22. To the extent the Court concluded that Docket Entry No. 66 fell outside its purview, Movant respectfully submits that the filing's relevance to issues already before the Court may not have been apparent from its form alone.

23. Because the filing concerns the very claims process challenged in the Complaint and discussed extensively in subsequent briefing, Movant respectfully requests that the Court reconsider its Order and evaluate the filing according to its relevance and usefulness to matters already in controversy.

24. Alternatively, should the Court conclude that Docket Entry No. 66 was procedurally improper in its original form, Movant respectfully requests leave to refile the document in a manner deemed appropriate by the Court.

## IV. INTERESTS OF JUSTICE

25. Movant does not seek to burden the Court with collateral matters.

26. Movant seeks only to ensure that potentially relevant evidence remains available to the Court in evaluating issues concerning the Anti-Weaponization Fund.

27. Restoration of the filing would promote a complete factual record regarding issues already being litigated.

28. No party would be prejudiced by restoration of the filing to the docket.

29. Alternatively, should the Court conclude that Docket Entry No. 66 was procedurally improper in its original form, Movant respectfully requests leave to refile the document as an exhibit attached to an appropriate submission.

30. Because Movant is proceeding pro se, he respectfully requests that the filing be construed according to its substance and intended purpose rather than solely according to its title or format.

## V. REQUEST FOR RELIEF

WHEREFORE, Movant respectfully requests that this Court:

A. Reconsider its Order striking Docket Entry No. 66;

B. Vacate the Order striking Docket Entry No. 66 and restore the filing to the docket;

C. Alternatively, grant Movant leave to refile the document in a procedurally appropriate format;

D. Consider Exhibits A through E in evaluating the relevance of Docket Entry No. 66 to issues presently before the Court; and

E. Grant such other and further relief as the Court deems just and proper.


Respectfully submitted,

Gerald Morris, Pro Se
1181 Blossom Court
Oshkosh, Wisconsin 54902
(920) 216-4904
gmorris@firstamericanllc.com

Date:  June 12, 2026

**Exhibit Index**

**Exhibit A** – Original Cover Letter and Petition from Docket Entry No. 66

**Exhibit B** – Order Striking Docket Entry No. 66 (Docket Entry No. 77)

**Exhibit C** – Order Regarding Amicus Curiae Submissions (Docket Entry No. 79)

**Exhibit D** – Defendants' Response Brief (Docket Entry No. 62) (complete)

**Exhibit E** – Complaint (Docket Entry No. 1) (complete)

CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of June, 2026, I caused a true and correct copy of the foregoing Motion for Reconsideration of Order Striking Docket Entry No. 66, together with all exhibits, to be served by the Federal Express Corporation, prepaid with direct signature required, upon counsel(s) of record and upon the Clerk of the Court in this action.

Respectfully submitted,

Gerald Morris, Pro Se

1181 Blossom Court

Oshkosh, Wisconsin 54902

920-216-4904

gmorris@firstamericanllc.com