IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA ALEXANDRIA DIVISION

ANDREW FLOYD, et al.,

Plaintiffs,

v.

Case No. 1:26-cv-01399-LMB-IDD

DEPARTMENT OF JUSTICE, et al.,

Defendants.

---

EXHIBIT A

ORIGINAL COVER LETTER AND PETITION FROM DOCKET ENTRY NO. 66

IN SUPPORT OF MOVANT'S MOTION FOR RECONSIDERATION OF ORDER STRIKING DOCKET ENTRY NO. 66

---

Submitted by:

Gerald Morris, Pro Se 1181 Blossom Court Oshkosh, Wisconsin 54902

June 3, 2026

Clerk of Court
United States District Court, Eastern District of Virginia
Albert V. Bryan United States Courthouse
401 Courthouse Square
Alexandria, Virginia 22314



**Re: Floyd et al v. Department of Justice et al**
**Case No. 1:26-cv-01399-LMB-IDD**
**Submission of Petition in Support of Claim**

Dear Clerk of Court:

Please accept for filing and inclusion in the record the enclosed **Petition in Support of Claim** submitted by Gerald Morris, individually and on behalf of First American Engineered Solutions, LLC ("FAES"), in the above-captioned matter dated 01 June 2026.

The enclosed Petition is submitted in support of a claim arising from governmental actions, omissions, procedural irregularities, and extraordinary delays that are more fully described in the Petition and accompanying exhibits. The submission incorporates supporting documentation, including court filings, affidavits, Freedom of Information Act disclosures, administrative records, correspondence, bankruptcy records, tribal court records, and related materials accumulated over more than two decades.

Claimant respectfully requests that the Court receive and docket the enclosed Petition and accompanying materials in their entirety and that the submission be made part of the record in Case No. 1:26-cv-01399-LMB-IDD.

Respectfully, the rendering of any Restraining Order and/or any Injunction in the action cited above continues to deprive FAES and Gerald Morris of their basic constitutional right to due process of law. Should any additional filing requirements, forms, fees, or corrective measures be necessary, please advise and I will promptly comply with the Court's instructions.

Thank you for your time and consideration of this submission.

Respectfully submitted,

**Gerald Morris**
Claimant and Sole Member
First American Engineered Solutions, LLC
1181 Blossom Court
Oshkosh, Wisconsin 54902
Telephone: (920) 216-4904
Email: gmorris@firstamericanllc.com

**Enclosures:**

1. Petition in Support of Claim
2. Verification
3. Supporting Claim Documentation Submitted to the Anti-Weaponization Fund


CC:    **The Honorable Todd Blanche**
       **Interim Attorney General of the United States**
       **United States Department of Justice**
       950 Pennsylvania Avenue, NW
       Washington, D. C. 20530-0001

       **Attorney Joel McElvain**
       **Democracy Forward Foundation**
       1445 New York Avenue, NW
       Washington, D. C. 20005



## PETITION IN SUPPORT OF CLAIM

Submitted to the Anti-Weaponization Fund dated 01 June 2026

Pursuant to the Settlement Agreement in Trump v. Internal Revenue Service, No. 1:26-cv-20609 (S.D. Fla.)

Claimant: Gerald Morris

Associated Entity: First American Engineered Solutions, LLC ("FAES")

---

### I. INTRODUCTION

COMES NOW Claimant Gerald Morris, individually and on behalf of First American Engineered Solutions, LLC ("FAES"), and respectfully submits this Petition in Support of Claim to the Anti-Weaponization Fund.

This Petition is based upon a documented history of litigation, administrative proceedings, tribal court proceedings, bankruptcy proceedings, Freedom of Information Act disclosures, and related governmental actions spanning more than two decades.

Claimant asserts that governmental actions, omissions, procedural irregularities, and extraordinary delays impaired his ability to obtain meaningful review of substantial claims, evidence, and legal remedies.

Claimant respectfully requests consideration of the entirety of the record incorporated herein by reference.

### II. CLAIMANT INFORMATION

1. Gerald Morris is the sole member of First American Engineered Solutions, LLC ("FAES").

2. FAES participated in matters involving federal procurement, ammunition supply contracts, federal litigation, tribal litigation, administrative proceedings, and related legal actions.

3. Claimant pursued remedies through federal courts, tribal courts, administrative agencies, bankruptcy proceedings, and judicial misconduct complaint procedures in an effort to obtain review of claims and supporting evidence.

### III. FACTUAL BACKGROUND

4. FAES became involved in disputes arising from federal procurement activities involving ammunition supplied for governmental use.

5. Claimant contends that evidence was developed demonstrating the existence of allegedly nonconforming ammunition furnished under federal contracts.

1

Case 1:26-cv-01399-LMB-IDD    Document 90-1    Filed 06/16/26    Page 5 of 7 PageID#
Case 1:26-cv-01399-LMB-IDD    Document 66    Filed 06/05/26    Page 2 of 4 PageID# 983
1760

6. Claimant further contends that significant documentary evidence was generated and preserved concerning those matters, including affidavits, correspondence, agency records, procurement records, court filings, and Freedom of Information Act disclosures.

7. On March 28, 2008, the United States filed a notice in Case No. 1:08-cv-00141-WCG stating that although it declined intervention, the relator could maintain the action in the name of the United States pursuant to 31 U.S.C. § 3730(b)(1).

8. Claimant continued to pursue legal and administrative remedies through various proceedings following that filing.

9. On April 13, 2012, a Notice of Compilation of the Record was filed in Appeal No. 2012AP11 before the Bad River Tribal Court of Appeals.

10. Claimant asserts that despite repeated filings and requests for review, no final appellate decision was rendered for an extended period of time.

11. Claimant contends that the prolonged absence of a final decision substantially impaired his ability to obtain adjudication of underlying claims and supporting evidence.

## IV. SUPPORTING DOCUMENTARY EVIDENCE

12. Claimant relies upon records filed in United States District Court Case No. 1:08-cv-00141-WCG.

13. Claimant relies upon the sworn affidavit of retired Command Sergeant Major Paul Roppuld, including statements concerning ammunition testing, procurement records, and communications with government personnel.

14. Claimant relies upon Freedom of Information Act disclosures obtained from the Federal Law Enforcement Training Center, including records concerning internal shipping and return documentation.

15. Claimant relies upon demand letters, correspondence, administrative complaints, judicial misconduct complaints, bankruptcy filings, tribal court filings, and related supporting exhibits generated throughout the proceedings.

16. Claimant incorporates by reference all attached exhibits and supporting materials submitted with this Petition.

## V. PROCEDURAL HISTORY

17. Claimant pursued remedies in federal court proceedings, including Case No. 1:08-cv-00141-WCG.

18. Claimant pursued appellate relief before the Bad River Tribal Court of Appeals through Appeal No. 2012AP11.

19. Claimant submitted administrative complaints and judicial misconduct complaints seeking review of matters identified in the supporting record.

2

Case 1:26-cv-01399-LMB-IDD    Document 90-1    Filed 06/16/26    Page 6 of 7 PageID#
1761
Case 1:26-cv-01399-LMB-IDD    Document 66-1   Filed 06/05/26    Page 3 of 4 PageID# 984

20. Claimant further participated in bankruptcy proceedings identified as Case No. 08-22137-mdm before the United States Bankruptcy Court for the Eastern District of Wisconsin.

21. Claimant contends that these proceedings collectively demonstrate a sustained inability to obtain complete and timely adjudication of matters presented through official channels.

## VI. CLAIMED INJURIES

22. Claimant asserts that prolonged delays in adjudication impaired access to meaningful legal remedies.

23. Claimant asserts substantial expenditures of time and resources pursuing judicial and administrative review.

24. Claimant asserts economic losses arising from litigation expenses, administrative expenses, business disruption, and lost opportunities.

25. Claimant asserts reputational injury resulting from the unresolved nature of the proceedings.

26. Claimant asserts emotional distress and continuing uncertainty caused by the prolonged failure to obtain final resolution of claims.

27. Claimant asserts that governmental actions and omissions identified throughout the record contributed to these injuries.

## VII.    BASIS FOR REVIEW UNDER THE ANTI-WEAPONIZATION FUND

28. Claimant submits that the documentary record demonstrates extraordinary procedural delay, repeated efforts to obtain review, and substantial expenditures of personal and financial resources.

29. Claimant submits that the evidence demonstrates a sustained pattern of governmental actions and omissions that adversely affected his ability to obtain meaningful review of claims and supporting evidence.

30. Claimant submits that the duration of the proceedings, the volume of evidence generated, and the resulting impact upon Claimant warrant consideration under the standards governing the Anti-Weaponization Fund.

31. Claimant respectfully requests that all attached records, exhibits, affidavits, FOIA disclosures, pleadings, correspondence, and administrative filings be considered in evaluating this claim.

## VIII.    REQUEST FOR RELIEF

WHEREFORE, Claimant Gerald Morris, individually and on behalf of First American Engineered Solutions, LLC, respectfully requests that the Anti-Weaponization Fund:

A. Accept this Petition and all accompanying exhibits for review;

B. Consider the entirety of the documentary record submitted in support of this claim;

C. Determine the extent of compensable injury supported by the evidence;

D. Award compensation authorized under the governing settlement procedures;

E. Award reimbursement of documented costs and expenses to the extent permitted;

F. Grant such additional relief as may be authorized by the Settlement Agreement and Fund procedures.

Respectfully submitted,

Gerald Morris, Pro Se

Claimant and Sole Member

First American Engineered Solutions, LLC

Date:        03 June 2026

Address:     1181 Blossom Court

             Oshkosh, Wisconsin 54902

Telephone:   (920) 216-4904

Email:       gmorris@firstamericanllc.com

---

VERIFICATION

I, Gerald Morris, declare under penalty of perjury under the laws of the United States that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Executed on this 3rd day of June, 2026.

Gerald Morris, Pro Se