**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

|  |  |
|---|---|
| **Andrew Floyd, et al.**, <br><br> Plaintiffs, <br><br> v. <br><br> **Department of Justice, et al.**, <br><br> Defendants. | Case No. 1:26-cv-01399-LMB |

**DEFENDANTS' NOTICE OF FILING**

The Court stated that it will dismiss this case as moot only if "Acting Attorney General Todd Blanche, Associate Attorney General Stanley Woodward, Jr., and Secretary of the Treasury Soctt Bessent FILE a declaration under penalty of perjury that they will not take any action to create or operate the Anti-Weaponization Fund, and that the Anti-Weaponization Fund will not proceed in any manner, or under any name." ECF No. 85. "If such a declaration is not filed by June 19, 2026, the Court will issue a Scheduling Order and require defendants to file a responsive pleading by July 17, 2026." *Id.* Such declarations are unnecessary and the compelled testimony of senior officials from the Executive Branch implicates serious separation of powers concerns.

The Acting Attorney General has testified before Congress that the Fund is "not going forward, period." House Appropriations Committee, Oversight Hearing – Department of Justice, at 40:30-42:50.[1] Undersigned counsel have twice signed briefs reaffirming that "the Fund is not going forward." And counsel for Defendants has twice said substantially the same thing in open court. All these statements were made against the backdrop of serious penalties for falsity. *See* 18 U.S.C. § 1001; Fed. R. Civ. P. 11(b)–(c). So there is no reason why declarations should affect the Court's mootness analysis. As a federal court held in a related case:

> Federal courts lack jurisdiction over claims that are moot. And mootness must be assessed at all stages of the litigation to ensure that a live controversy remains. On the present record [the court is] not persuaded that such a live controversy exists. The government has represented, both in its filings and through statements by the Acting Attorney General before Congress, that the challenged fund is, quote, is not moving forward, close quote, and, indeed, quote, will not, close quote, move forward. [The court is] entitled to credit the government's affirmative representations, particularly when they have been orally repeated in court hearings, stated in formal court filings, and announced by senior officials. I'm expressly relying on these representations to deny the TRO today.

*Citizens for Responsibility and Ethics in Washington v. U.S. DOJ, et al.*, No. 26-cv-1789, Tr. of TRO Mot. Hr'g 19:21–20:9 (June 10, 2026) (filed at ECF No. 83).

---

[1] *Available at* https://www.youtube.com/watch?v=rt_bIvnvq3o.

1

Nor is there any basis for the court to compel testimony from the Associate Attorney General *and* two Cabinet members. The point of Article III limitations on judicial review is to prevent such overreach. Indeed, "[t]he duties of high-ranking executive officers should not be interrupted by judicial demands for information that could be obtained elsewhere," including here through other competent evidence and representations. *In re Cheney*, 544 F.3d 311, 314 (D.C. Cir. 2008) (per curiam); *see also In re Musk*, 169 F.4th 445, 448 (4th Cir. 2026) (granting petition for mandamus relief because, to depose "high-ranking government officials," when other options existed "implicate[d] separation of powers concerns"); *In re Paxton*, 60 F.4th 252, 258–259 (5th Cir. 2023) (concluding that the district court "clearly abused its discretion" when it required "apex" testimony from high-ranking officials who "cannot perform their duties if they are not personally shielded from the burdens of litigation"); *In re U.S. Dep't of Educ.*, 25 F.4th 692, 703 (9th Cir. 2022) ("If the information is not absolutely needed for a case, [courts] cannot allow a deposition to disrupt the normal governmental balance of powers."); *In re United States* (*Jackson*), 624 F.3d 1368, 1372 (11th Cir. 2010) ("[T]he compelled appearance of a high-ranking officer of the executive branch in a judicial proceeding implicates the separation of powers.").

Accordingly, the Court's demands are unnecessary. And its presumption that mootness can arise only by compelling testimony from three senior government officials "implicate[s] separation of powers concerns". *In re Musk*, 169 F.4th 445. As stated multiple times, the Fund is not moving forward. The transcript of the Acting Attorney General's unequivocal testimony to Congress is attached. *Exhibit A*.

2

The Court should dismiss this case as moot and for lack of standing and ripeness.


Dated: June 19, 2026

STANLEY E. WOODWARD, JR.
*Associate Attorney General*


/s/ ANDREW J. BLOCK
Andrew J. Block (VSB No. 91537)
*Senior Counsel to the Associate Attorney General*
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530

*Counsel for Defendants*

3

## Certificate of Service

I hereby certify that on June 19, 2026, I filed the foregoing document with the Clerk of Court using the Court's CM/ECF system, thereby serving all counsel who have appeared in this case.

/s/ *Andrew J. Block*
Andrew Block