**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **Andrew Floyd**, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>**Department of Justice**, et al.,<br><br>Defendants. | **Case No. 26-cv-1399-LMB** |

**JOINT PROPOSED DISCOVERY PLAN**

Pursuant to Fed. R. Civ. P. 26, Local Civil Rule 26, and this Court's Order dated June 22, 2026, ECF No. 95, Plaintiffs and Defendants (collectively, the "Parties"), by counsel, hereby set forth their joint discovery plan.

1.    **Rule 26(f) Conference:** The Parties held a Rule 26(f) conference by Zoom conference on June 30, 2026. The Parties discussed the matters set forth in Fed. R. Civ. P. 26(f) and in the Court's June 22, 2026, Order.

2.    **Initial Disclosures:** The Parties will exchange initial disclosures required by Fed. R. Civ. P. 26(a)(1) by July 24, 2026, seven days after Defendants' responsive pleadings are due.

3.    **Discovery:** The Parties disagree about limitations on discovery.

a.    **Plaintiffs' Position:** The Court's June 22, 2026, Order should not be modified with respect to limits on discovery, and no additional numerical limitations are needed beyond that Order, the Federal Rules of Civil Procedure, and Local Rules.

1

b.    **Defendants' Position:**

i.    **Depositions:**  Limit 5 total non-expert depositions per side.  A party may depose any expert proffered by the other side, and this expert deposition does not count against this 5 deposition limit.

ii.    **Interrogatories:**  Limit 5 total per side.

iii.    **Requests for Production:**  Limit 10 total per side.

iv.    **Requests for Admission:**  Limit 20 total per side.

The Parties agree that any discovery to be undertaken will be commenced in time to be completed by the close of discovery in this case on November 13, 2026. Other than the specific limits set forth above, the Parties agree to comply with the limitations on discovery set forth in this Court's June 22, 2026, Order, Local Civil Rules, and the Federal Rules of Civil Procedure. The Parties agree that they will make reasonable efforts to agree on dates for any depositions convenient to the deponent, counsel, and the Parties.  By proposing these general limitations and stipulations the Parties are not agreeing that any specific discovery request is proportional to the needs of the case. Fed. R. Civ. P. 26(b).

4.    **Administrative Record:** The Parties agree that Defendants will produce any Administrative Record by August 17, 2026.

5.    **Expert Discovery:** The Parties do not expect that expert testimony will be necessary to resolve this action but reserve all rights to present expert witness testimony and will make any disclosures pursuant to the Federal Rules and Local Rules.

6.    **Amendment of Pleadings and Joinder of Parties:** The Parties will make any amendment of pleadings or joinder of parties by August 7, 2026.

7.    **Electronically Stored Information**: The Parties agree that all data, files, and communications that, in the ordinary course of business, are recorded in electronic media (including electronic mail and attachments, word processing files, and spreadsheets) may be produced in native file format, in TIFF format with corresponding load files, or in PDF format. Producing ESI in native format is not necessary unless the Parties agree otherwise with respect to a particular document or class of documents, or unless production in native format is necessary to allow the requesting party to read the document as it was intended to be read (e.g., MS Excel spreadsheets). All data, files, and communications that, in the ordinary course of business, are recorded in other media (microfiche, paper, etc.), shall be produced as either image files (e.g., PDF or TIFF) or as paper files. All documents will be marked with appropriate bates numbers and confidentiality designations.  In the event of a dispute regarding the completeness of a record (i.e. ESI that the requesting party submits is important), or should a requesting party seek additional information about a document, the Parties shall, within seven days of written notice of the alleged incompleteness, confer in good faith to resolve the issues identified by the requesting party.  If such disagreement cannot be resolved by agreement of the Parties, relief may be sought from the Court.

8.    **Privilege Issues:**

a.    **Privilege Log:** The Parties agree that the party responding to discovery shall provide a privilege log for all responsive material for which a privilege is claimed. The log will comply with Fed. R. Civ. P. 26(b)(5)(A). Unless otherwise agreed, the Parties shall serve a privilege log pursuant to Federal Rule 26(b)(5) within seven days of the production of documents.  The Parties agree that they will endeavor to conduct discovery so as to not seek privileged information.  The Parties agree that no privilege log need be

produced for Attorney Work Product and Trial Preparation Materials, including information protected by Fed. R. Civ. P 26(b)(4)(C). The Parties disagree about whether Attorney-Client Communications and Attorney-Attorney Communications should be identified on a privilege log if withheld on the basis of privilege.

    i.    **Plaintiffs' Position:** To the extent a party claims privilege over any Attorney-Client or Attorney-Attorney Communications, the party should be required to identify such communication in a privilege log so that the opposing party can evaluate the full record.

    ii.    **Defendants' Position:** Attorney-Client and Attorney-Attorney Communications should not be subject to discovery and need not be identified on any privilege log.

    b.    **Effect of Disclosure of Privileged Material:** Any disclosure of privileged, work product protected, or other protected information as part of a production is not a waiver in the pending case or in any other federal, state, or administrative proceeding, mediation, or arbitration. This agreement of the Parties and by Order of the Court establishes the Parties' intention to retain the confidentiality of all privileged materials pursuant to Federal Rule of Evidence 502, regardless of the circumstances of disclosure, and otherwise afford the maximum protection allowed by Federal Rule of Evidence 502(d) and (e) and analogous law and rules of any other state or court. If such documents are identified, the receiving party will cease review of the inadvertent production, promptly return such documents to the disclosing party and destroy all copies of the material, and provide the disclosing party with timely written notice that such material has been

4

destroyed. If a dispute arises concerning a claim of privilege for any material, the material shall not be used for any purpose until the dispute is resolved by the Court.

9.      **Preservation and Retention of Documents:** Counsel for the Parties have instructed their clients to retain and preserve documents, information, and things (including electronically stored information) that may be relevant to the subject matter of this lawsuit.

10.     **Service of Pleadings, Motions, Other Papers, and Discovery Requests and Responses:** All pleadings, motions, and other papers that are filed are to be served electronically as provided by the Federal Rules and Local Rules. In addition, the Parties agree that they will serve —if ultimately authorized—by email or electronic means all discovery requests and written responses and any other papers that are not filed unless doing so is not technically feasible, in which case those documents will be served via first-class mail or overnight delivery.

11.     **Magistrate Judge:** The Parties do not consent to trial before a magistrate judge at this time.

12.     **Settlement:** Counsel will continue to discuss settlement as discovery progresses and will contact the Magistrate Judge if they believe mediation would be fruitful.

13.     **Modification of Plan:** Each party reserves the right to seek modification of this plan for good cause shown and consistent with the Federal Rules and Local Rules.

Dated: July 1, 2026

Respectfully submitted,

| | |
|---|---|
| */s/ Joel McElvain* | STANLEY E. WOODWARD, JR. |
| Joel McElvain (Va. Bar No. 95215) | Associate Attorney General |
| Pooja A. Boisture* | |
| Jyoti Jasrasaria* | */s/ Andrew J. Block* |
| Aman George* | Andrew J. Block (VSB No. 91537) |
| Ayesha Khan* | Senior Counsel |
| Robin F. Thurston* | Office of the Associate Attorney General |
| Skye L. Perryman* | U.S. Department of Justice |
| Democracy Forward Foundation | 950 Pennsylvania Avenue NW |
| P.O. Box 34553 | Washington, DC 20530 |
| Washington, DC 20043 | |
| (202) 448-9090 | *Counsel for Defendants* |
| jmcelvain@democracyforward.org | |
| pboisture@democracyforward.org | |
| jjasrasaria@democracyforward.org | |
| ageorge@democracyforward.org | |
| akhan@democracyforward.org | |
| rthurston@democracyforward.org | |
| sperryman@democracyforward.org | |

*Counsel for Plaintiffs*

*admitted pro hac vice*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of July, 2026, I will cause the foregoing memorandum of law to be electronically filed with the Clerk of Court using the CM/ECF system, thereby serving all counsel who have appeared in this case.

*/s/ Joel McElvain*
Joel McElvain (Va. Bar No. 95215)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
jmcelvain@democracyforward.org

*Counsel for Plaintiffs*