**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| **Andrew Floyd**, et al.,<br><br><br>Plaintiffs,<br><br>v.<br><br>**Department of Justice**, et al.,<br><br>Defendants. | **Case No. 26-cv-1399-LMB** |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO VACATE INITIAL
SCHEDULING ORDER AND STAY DISCOVERY**

Nearly seven weeks after this Court opened discovery in this case (Dkt. No. 95)—and after a third of the discovery period has elapsed—Defendants seek to vacate the Court's initial scheduling order and stay discovery until the resolution of their forthcoming amended motion to dismiss. But courts in this district regularly order discovery before motions to dismiss are resolved, and discovery in this case continued while Defendants' initial motion to dismiss was pending. Moreover, this Court already found as a preliminary matter that Plaintiffs were likely to overcome Defendants' threshold arguments against their original complaint—which Defendants assert are the same arguments they will raise in their amended motion to dismiss.

Nothing has changed that would merit a modification of the current schedule. Defendants are simply attempting an end-run around their ordinary discovery obligations. But Defendants' desire to avoid engaging in routine discovery cannot outweigh the prejudice to Plaintiffs and the public interest from delay. The Court should deny Defendants' motion to vacate the initial scheduling order and otherwise stay discovery ("Stay Motion").

## BACKGROUND

Plaintiffs will not repeat the background that Defendants have set forth in their Stay Motion and with which this Court is already familiar. A few points, however, bear emphasis.

After finding Plaintiffs had demonstrated a likelihood of success on the merits when issuing a preliminary injunction, this Court issued its initial scheduling order—which Defendants acknowledge is "standard," Defs.' Mem., Dkt. No. 133, at 4, ¶ 19—on June 22, 2026. Rather than move to vacate the order at that time, Defendants conferred with Plaintiffs as the order required and the Parties filed a joint proposed discovery plan. At no point during the Parties' discovery conference did Defendants suggest that discovery in this matter was inappropriate or that it should be stayed. Defendants then filed a motion to dismiss Plaintiffs' original complaint on July 17. The following week, the Parties appeared before Judge Davis at an initial pre-trial conference pursuant to Federal Rule of Civil Procedure 16(b) and this Court's Order (Dkt. No. 95). At no point during the Rule 16(b) conference did Defendants propose staying discovery pending the resolution of their motion to dismiss or otherwise raise any concern with the propriety of discovery in this matter.

To the contrary, discovery has been ongoing for several weeks. Plaintiffs propounded a small number of targeted discovery requests on July 7: seven requests for production of documents, six interrogatories, and five requests for admission. The Parties met and conferred on those requests on July 29. Defendants have since served responses.[1] At no point during this process did Defendants propose staying discovery pending the resolution of their motion to dismiss.

---

[1] Plaintiffs are currently reviewing Defendants discovery responses and await service of Defendants' privilege log. Plaintiffs thus make no concession here as to the adequacy of Defendants' response to Plaintiffs' discovery requests.

Last week, on August 6, Plaintiffs amended their complaint as of right, by the deadline that Defendants had expressly agreed to in the joint proposed discovery plan. *See* Dkt. No. 113 at 2, ¶ 6; *see also* Dkt. No. 100 at 2, ¶ 6. Plaintiffs added new parties and claims regarding the Immunity Order, but their original claims against the Anti-Weaponization Fund remain substantively the same. *Compare id. with* Dkt. No. 1. Indeed, the requests for production, interrogatories, and requests for admission that Plaintiffs previously served on Defendants are still relevant to Plaintiffs' Amended Complaint. Moreover, Plaintiffs do not seek to extend the timeline for discovery or expand the number of requests they are allowed to serve under the Rule 16(b) Order as a result of their amendment.

Defendants filed the present Stay Motion on August 7, in which they ask the Court to vacate its initial scheduling order and otherwise stay discovery pending resolution of their forthcoming amended motion to dismiss. The primary bases for Defendants' Stay Motion appear to be that "they will file an amended motion to dismiss which will raise the same threshold jurisdictional issues" as their first motion to dismiss, Defs.' Mem. at 3, ¶ 13, and that Plaintiffs' already-propounded requests "implicate[] numerous privileges," *id.* at 6, ¶ 27. But neither the mere existence of a motion to dismiss nor the fact that Defendants may assert privilege warrants the extraordinary step of staying discovery at this late stage, after a full third of the discovery period has already elapsed.

## LEGAL STANDARD

Defendants' request to vacate the scheduling order may only be granted "for good cause." Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). "The good cause provision of Rule 16(b)(4) does not focus on the prejudice to the non-

movant or bad faith of the moving party, but rather on the moving party's diligence." *Lineras v. Inspiration Plumbing LLC*, No. 1:10-cv-324, 2010 WL 4623940, at *2 (E.D. Va. Nov. 3, 2010).

Defendants' related request to stay discovery until their forthcoming motion to dismiss is resolved is "an extraordinary remedy" that likewise requires "good cause." *Lismont v. Alexander Binzel Corp*, No. 12-cv-592, 2014 WL 12527482, at *1 (E.D. Va. Jan. 14, 2014) (denying motion to stay discovery); *see also* Fed. R. Civ. P. 26(c). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983).

## ARGUMENT

Defendants have not shown good cause for either of their requests for relief. After determining Plaintiffs would likely succeed on the merits of their claims, this Court decided that "[d]iscovery may begin" on June 22, 2026. Dkt. No. 95. Defendants do not raise any facts or law that would require reconsideration of that decision, and their late-breaking request for relief from their discovery obligations is unwarranted for several reasons.

## I.      Defendants unreasonably delayed in bringing this Motion.

Defendants filed this Motion nearly seven weeks after the Court entered the scheduling order that they now seek to vacate, a full third of the way through the discovery period this Court ordered. As evident from the background set forth above, Defendants had several opportunities to raise this issue but failed to do so until after the discovery process was well underway. This is not the "diligence" that "good cause" requires under Rule 16(b)(4). *See McMillan v. Cumberland Cnty. Bd. of Educ.*, 734 F. App'x 836, 846 (4th Cir. 2018). Indeed, "a scheduling order is the critical path chosen by the [court] and the parties to fulfill the mandate of Rule 1 in securing the just, speedy, and inexpensive determination of every action." *Marcum v. Zimmer*, 163 F.R.D. 250, 253 (S.D.W.Va.1995) (cleaned up). And Rule 16(b)'s requirements are in place precisely to "deal[]

4

with the problem of procrastination and delay by attorneys in a context in which scheduling is especially important—discovery." *Kinetic Concepts, Inc. v. Convatec Inc.*, No. 1:08CV00918, 2010 WL 1418312, at *2 (M.D.N.C. Apr. 2, 2010) (quoting Fed. R. Civ. P. 16 advisory committee's note, 1983 Amendment, Discussion, Subdivision (b)).

Neither the filing of an Amended Complaint nor the events of August 2 can excuse Defendants' delay. As to the first, Defendants make no argument that the Amended Complaint obviates the need for discovery—including their obligations under the discovery already served— or makes it more likely that the case will be dismissed. Nor could they: the Amended Complaint leaves the original claims virtually untouched. *Compare* Dkt. No. 123 *with* Dkt. No. 1. And Defendants' suggestion that the resulting change in the hearing date on their dispositive motion favors staying discovery altogether is likewise unpersuasive. *See* Defs.' Mem. at 5, ¶ 20. Discovery was already ongoing while their original motion to dismiss on "the same threshold jurisdictional issues" was pending, *id.* at 3, ¶ 13, and Defendants knew and agreed that Plaintiffs may amend their Complaint as of right by August 7 and that some of their other own deadlines would follow shortly thereafter, *see* Dkt. Nos. 100, 113. What's more, Defendants are set to produce their privilege log for discovery on the constitutional claims on August 13 and produce an administrative record for the APA claims on August 17—which is just one business day after their original motion to dismiss was scheduled to be heard, hardly a guarantee that the Court would have resolved or narrowed the issues before Defendants' deadline. Defendants now seek to be excused of both of these obligations despite expressly agreeing to them—and to the possibility that Plaintiffs may amend their complaint—in the joint discovery plan more than a month ago.

As to Defendants' second assertion, Defendants make no argument in their Stay Motion that recent factual developments, including the Acting Attorney General's August 2 Fund Order,

5

*see* Dkt. No. 123-5 at 2, make discovery or further litigation unnecessary. Again, nor could they: That Order does not even purport to speak to Plaintiffs' new claims against the Immunity Order. And even with respect to the Anti-Weaponization Fund, the August 2 Fund Order falls far short of the statement the Court required to "avoid any further litigation": a filed "declaration under the penalty of perjury" from all three individual Defendants "that they will not take any action to create or operate the Anti-Weaponization Fund, and that the Anti-Weaponization Fund will not proceed in any manner, or under any name." Dkt. No. 85; *see also* Dkt. No. 123, ¶¶ 12, 64–71 (expounding on deficiencies in August 2 Fund Order). Because Defendants still have not done the only thing this Court already told them could obviate discovery on the Anti-Weaponization Fund, they cannot establish any necessity of a stay of discovery now.

**II.     Defendants' forthcoming motion to dismiss does not warrant vacatur of the scheduling order or a stay of discovery.**

In any event, Defendants' forthcoming motion to dismiss does not warrant vacatur of the scheduling order or a stay of discovery. This Court has already considered the timing of discovery and stated that "[d]iscovery may begin as of receipt of this Order" on June 22, 2026. Dkt. No. 95. Magistrate Judge Davis reaffirmed that position after Defendants filed their first motion to dismiss. Dkt. No. 114. In fact, courts in this district routinely order discovery before a motion to dismiss is resolved. *See, e.g.*, Scheduling Order, *Jernagin v. McHugh*, 1:12-cv-1285 (E.D. Va. Jan. 24, 2013), Dkt. No. 10 (opening discovery while motion to dismiss pending and ordering discovery to close on June 14, 2023); Order, *Jernagin*, 1:12-cv-1285 (E.D. Va. Feb. 14, 2013), Dkt. No. 16 (granting motion to dismiss); Order, *Jernagin*, 1:12-cv-1285 (E.D. Va. Mar. 8, 2013), Dkt. No. 19 (ordering that initial scheduling order will remain in effect because plaintiff filed amended complaint). And several courts in this district have denied motions to stay during the pendency of a motion to dismiss. *See, e.g.*, *Navient Solutions., LLC v. Law Offs. of Jeffrey Lohman, P.C.*, No. 1:19-cv-461-

LMB/TCB, 2020 WL 8254469, at * 1 (E.D. Va. Apr. 7, 2020) (denying motion to stay because the appropriate factors—judicial economy, hardship to moving party, and potential prejudice to nonmoving party—did not weigh in movant's favor); *Scalable Insights, LLC v. Bihrle Applied Rsch., Inc.*, No. 4:23-cv-58, 2023 WL 8539533, at *2 (E.D. Va. Aug. 1, 2023) (denying stay motion pending resolution to motion to dismiss because moving party did not meet burden of showing its interest in a stay outweighs potential hardship to non-movant by "clear and convincing circumstances").

Defendants do not even attempt to provide the kind of "strong support for [their] dispositive motion on the merits" that could overcome this Court's already-issued schedule. *Lismont*, 2014 WL 12527482, at *1; *see also Bennett v. Fastenal Co.*, No. CV 7:15-cv-00543, 2016 WL 10721816, at *1 (W.D. Va. Mar. 8, 2016) (explaining that when the basis for motion to stay is pendency of a motion to dismiss, courts consider whether there is an "immediate and clear possibility that [dismissal] will be granted"). To the extent Defendants plan to rely on "the same threshold jurisdictional issues" in their amended motion to dismiss that they raised in the original motion, Defs.' Mem. at 3, ¶ 13, this Court's preliminary injunction order (Dkt. No. 85) and Plaintiffs' robust opposition to the original motion to dismiss (Dkt. No. 120) show that there are serious flaws in Defendants' jurisdictional arguments. As for Plaintiffs' claims against the Immunity Order, Defendants' only assertion is that "it is a new and novel case theory that should be tested through the ordinary course of civil procedure." Defs.' Mem. at 4, ¶ 17. But proceeding with discovery on these claims during the pendency of any forthcoming motion to dismiss *is* the "ordinary course of civil procedure," *id.*, in this district. *See, e.g.*, *Navient Solutions.*, 2020 WL 8254469, at * 1. Defendants' mere assertions that they plan to file a motion to dismiss fall far short of the requisite standard to stay discovery; *i.e.*, they do not leave the Court with "no question . . .

that the dispositive motion will prevail, and therefore, discovery is a waste of effort." *Lismont*, 2014 WL 12527482, at \*1 (quoting *Kor Media Grp., LLC v. Green*, No. 2:13-cv-217, 2013 WL 5838679, at \*3 (D. Nev. Oct. 29, 2013)).

**III.    Defendants' objections to Plaintiffs' discovery requests are baseless and improper.**

Ultimately, Defendants' motion boils down to run-of-the-mill and unavailing objections to Plaintiffs' discovery requests. Defs.' Mem. at 5, ¶ 22 ("Defendants will be prejudiced by having to engage in wide-ranging and intrusive discovery implicating several privileges[.]"); *id.* at 6, ¶ 27 ("Plaintiffs' discovery implicates numerous privileges[.]"). But these generic objections should be properly raised and addressed in the standard discovery process—through timely objections, meeting and conferring, and motions on specific requests if necessary—not through a generically worded motion to stay *all* discovery, let alone one filed this late.

First of all, Plaintiffs' discovery requests are limited in number and targeted to the issues at hand. As Defendants acknowledge, Plaintiffs to date have propounded only seven requests for production of documents, six interrogatories, and five requests for admission. *Id.* at 3, ¶ 9. Even though they have filed an Amended Complaint with a new plaintiff and new claims, Plaintiffs do not intend to move to enlarge the numerical discovery limits set forth in the Rule 16(b) Order, which are already more restrictive than those set by this Court's initial scheduling order, the Local Rules, and the Federal Rules. Moreover, all of the requests Plaintiffs have propounded thus far are limited to the Anti-Weaponization Fund, Acting AG Blanche's Order providing funding for the Fund, and the "Settlement Agreement" that Defendants expressly assert set forth the terms of the Fund, *see* Dkt. No. 123-3. And although Plaintiffs have complied with the Parties' agreement "that they will endeavor to conduct discovery so as not to seek privileged information," Dkt. No. 113, Rule 26 itself acknowledges that even carefully crafted discovery requests are bound to sweep in some privileged material, *see* Fed. R. Civ. P. 26(b)(5) (setting forth procedure for claiming

privilege and providing pertinent information regarding privileged material). That is not a reason to defer discovery altogether.

To that end, the cases Defendants cite are readily distinguishable because Plaintiffs' requests do not implicate the same privilege and scope issues that warranted stays in those cases. The stay in *Elhady v. Piehota*, No. 1:16-cv-375 (E.D. Va. Sept. 21, 2016), Dkt. No. 21, was plainly motivated at least in part by the substantial administrative issues caused by the presence of classified and/or other national security information. Defendants there sought the stay because the plaintiff's "proposed discovery could implicate at least three kinds of protected information"— "law enforcement protected information, statutorily protected information, and classified national security information subject to the state secrets privilege." *Elhady*, Dkt. No. 16 at 8. Some of the *Elhady* plaintiffs' requests also involved Sensitive Security Information (SSI), which would require the parties to litigate the propriety of disclosure under a specific statutory framework. *Id.* at 9–11. In sharp contrast, Defendants have made no assertions that any classified or national security sensitive information is implicated here.

And in *Webster v. Mattis*, the defendants "recognize[d] that stays of discovery are unusual in this Court" and sought one only because the pro se plaintiff's discovery requests sought two decades of agency records, including those involving an intelligence agency's "sensitive decisionmaking process concerning its award and revocation of security clearances, which both the Fourth Circuit and the Supreme Court have expressly precluded courts from reviewing." *Webster*, No. 1:17-cv-1384 (E.D. Va. Jan. 19, 2018), Dkt. No. 49 at 1, 2, 6. None of the complex national security implications or extraordinarily broad time frames at issue in *Elhady* and *Webster* are present here, and Defendants do not argue that the information Plaintiffs are seeking is expressly exempt from discovery.

In any event, Defendants have waived any objections to the scope of Plaintiffs' discovery requests because their objections were untimely. *See Certain Underwriters at Lloyds, London v. Advanfort Co.*, 1:18-cv-1421, 2019 WL 3366103, at \*5 (E.D. Va. July 25, 2019) (ruling that defendant waived all its objections as untimely made, citing E.D. Va. Local Civ. R. 26(C)). Plaintiffs served their discovery requests on July 7, 2026, and Defendants both failed to serve their objections by the 15-day deadline set forth in the Local Rules and failed to move for any extension of that deadline. *See* E.D. Va. Local Civ. R. 26(C) (setting 15-day deadline for objections to discovery requests); *see also* E.D. Va. Local Civ. R.37(F) ("[O]nly the Court, after appropriate motion directed thereto, may grant leave for any extension of time.").[2]

And even setting aside waiver, the present Stay Motion is not the proper vehicle for Defendants to express their disagreement with Plaintiffs' discovery requests. *See, e.g.*, E.D. Va. Local Civ. R. 37(E) ("The Court will not consider any motion concerning discovery matters unless the motion is accompanied by a statement of counsel that a good faith effort has been made between counsel to resolve the discovery matters at issue."). This district wisely cautions against general disputes that interfere with expeditious discovery, such as the Stay Motion. *See* E.D. Va. Local Civ. R. 26(C) ("Any such objection shall be specifically stated."). To be sure, it is this Stay Motion—and not the existing discovery schedule—that is attempting to "forc[e] discovery and privilege disputes in the abstract." Defs.' Mem. at 7, ¶ 29. Plaintiffs remain willing to meet and confer regarding any of their discovery requests, including with respect to Defendants' concerns about privilege. Once Plaintiffs have the benefit of Defendants' privilege log—currently due on

---

[2] Despite Defendants' untimeliness, Plaintiffs' counsel agreed to meet and confer on the scope of any disputes regarding their discovery requests.

August 13—the parties should be better positioned to confer on targeted privilege assertions rather than generalized objections.

## IV.     The balance of hardships weighs decidedly in Plaintiffs' favor.

The balance of hardships does not support Defendants' Stay Motion. Defendants point to no prejudice or hardship beyond having to engage in discovery and meet the deadlines that they themselves agreed to in the joint proposed discovery plan. *See id.* at 5, ¶ 22; *id.* at 7, ¶ 32. That does not warrant a stay. *See Sutor v. Amerigroup Corp.*, No. 1:19-cv-1602, 2020 WL 2124180, at *2 (E.D. Va. Mar. 10, 2020) (Brinkema, J.) ("The mere fact that this action will go forward, and that litigating it will cost money, is an insufficient reason to warrant a stay.").[3] Granting a stay would, however, prejudice Plaintiffs, who have been diligently prosecuting this case since it was filed. *See Gibbs v. Plain Green, LLC,* 331 F. Supp. 3d 518, 528 (E.D. Va. 2018) ("When courts *do* grant a stay, it is often early in litigation, to minimize prejudice to either party." (emphasis in original)). As this Court explained elsewhere, "[a] prolonged stay can make discovery unnecessarily difficult for [several] reasons, as relevant employees leave and memories fade." *Sutor*, 2020 WL 2124180, at *2. Here, the lack of transparency around the Anti-Weaponization Fund compounds the risk of losing discoverable evidence. *See, e.g.*, Dkt. No. 123 at 41-43; *see also Avalonbay Communities, Inc. v. San Jose Water Conservation Corp.,* No. 1:07-cv-306, 2007 WL 2481291, at *4 (E.D. Va. Aug. 27, 2007) (denying stay where "Defendants can not [sic] guarantee that evidence will not be lost"), *aff'd*, 325 F. App'x 217 (4th Cir. 2009).

---

[3] To the extent Defendants claim that they would be prejudiced by having to produce an Administrative Record on the new APA claims raised in Plaintiffs' Amended Complaint, Defs.' Mem. at 7, ¶ 31, Plaintiffs are available to meet and confer on an appropriate deadline for any supplemental record pertaining to their new claims. Defendants provide no justification for delaying production of the Administrative Record that they already "have been compiling." *Id.*

11

Finally, as this Court is well aware, swift justice is beneficial to both parties. *See* Fed. R. Civ. P. 1 ("These rules . . . should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). The face of the courthouse itself proclaims that "justice delayed is justice denied," and that is at least as true in this litigation as in others before this Court. Halting Plaintiffs' progress at this stage of the litigation is contrary to this Court's "policy of efficient and expeditious resolution of cases." *Avalonbay*, 2007 WL 2481291, at \*4. And, where, as here, the issues at stake are of significant public interest, that maxim rings even more true. *See, e.g.*, *Leaders of a Beautiful Struggle v. Baltimore Police Dep't*, 2 F.4th 330, 346 (4th Cir. 2021) (en banc) ("[I]t is well-established that the public interest favors protecting constitutional rights."); *Roe v. Dep't of Def.*, 947 F.3d 207, 230–31 (4th Cir. 2020) ("[T]he public undoubtedly has an interest in seeing its governmental institutions follow the law.").

## CONCLUSION

The Court should deny Defendants' motion to vacate the initial scheduling order and stay discovery.

August 11, 2026

Paras N. Shah†
General Counsel
NATIONAL TREASURY EMPLOYEES UNION
800 K Street N.W., Suite 1000
Washington, D.C. 20001
(202) 572-5500
paras.shah@nteu.org

*Counsel for NTEU*

Respectfully submitted,

*/s/ Catherine M.A. Carroll*
Joel McElvain (Va. Bar No. 95215)
Catherine M.A. Carroll (Va. Bar No. 50939)
Pooja A. Boisture*
Jyoti Jasrasaria*
Aman George*
Lisa Newman* ^
Cynthia Liao*
Ayesha Khan*
Robin F. Thurston*
Skye L. Perryman*
jmcelvain@democracyforward.org
ccarroll@democracyforward.org
pboisture@democracyforward.org
jjasrasaria@democracyforward.org
ageorge@democracyforward.org
lnewman@democracyforward.org
cliao@democracyforward.org
akhan@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090

*Counsel for Plaintiffs*

* Admitted *pro hac vice*

† Motion for admission *pro hac vice* forthcoming

^ Not admitted to practice law in the District of Columbia; practicing under the supervision of Democracy Forward lawyers who are members of the District of Columbia Bar.

13

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of August, 2026, I will cause the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system, thereby serving all counsel who have appeared in this case.

*/s/ Catherine M.A. Carroll*
Catherine M.A. Carroll (Va. Bar No. 50939)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
ccarroll@democracyforward.org

*Counsel for Plaintiffs*