# EXHIBIT

# 1

DEMOCRACY FORWARD

Jyoti Jasrasaria <jjasrasaria@democracyforward.org>

# Floyd v. DOJ, E.D. Va. Case No. 26-1399 | Defendants' Initial Disclosures

**Block, Andrew (OASG)** <Andrew.Block@usdoj.gov> Fri, Jul 31, 2026 at 5:00 PM
To: Jyoti Jasrasaria <jjasrasaria@democracyforward.org>
Cc: Pooja Boisture <pboisture@democracyforward.org>, Aman George <ageorge@democracyforward.org>, Ayesha Khan <akhan@democracyforward.org>, Robin Thurston <rthurston@democracyforward.org>, Joel McElvain <jmcelvain@democracyforward.org>

Following up on our discussion from Wednesday's meet and confer, Defendants' position has not changed. We believe the Administrative Record will fulfill our Rule 26 obligations.

Best Regards,

Andrew J. Block

Senior Counsel

Office of the Associate Attorney General

Andrew.Block@usdoj.gov

(c) (202) 372-7565

---

**From:** Jyoti Jasrasaria <jjasrasaria@democracyforward.org>
**Sent:** Tuesday, July 28, 2026 10:02 AM
**To:** Block, Andrew (OASG) <Andrew.Block@usdoj.gov>
**Cc:** Pooja Boisture <pboisture@democracyforward.org>; Aman George <ageorge@democracyforward.org>; Ayesha Khan <akhan@democracyforward.org>; Robin Thurston <rthurston@democracyforward.org>; Joel McElvain <jmcelvain@democracyforward.org>
**Subject:** Re: [EXTERNAL] Floyd v. DOJ, E.D. Va. Case No. 26-1399 I Defendants' Initial Disclosures

Andrew,

Given that Plaintiffs have constitutional claims and the Court has ordered discovery in this case, we disagree with your read of what the rules require. We would like to add Defendants' initial disclosures to the list of topics to meet and confer on tomorrow at 3 p.m.

Regards,
Jyoti

On Mon, Jul 27, 2026 at 7:55 PM Block, Andrew (OASG) <Andrew.Block@usdoj.gov> wrote:

> Good afternoon,

I stated at the pretrial conference that "to the extent that initial disclosures are required" we would make them. However, I also noted that 26(a)(1)(A) contains an explicit exemption from the disclosure requirement for cases in which an administrative record is produced. That prompted Judge Davis to ask if we were on track to produce the Admin Record, to which I said we are. Because this is "an action for review on an administrative record," Fed. R. Civ. P. 26(a)(1)(B)(i), the exemption applies and the government will not be making initial disclosures.

Best Regards,

Andrew J. Block

Senior Counsel

Office of the Associate Attorney General

Andrew.Block@usdoj.gov

(c) (202) 372-7565

---

**From:** Jyoti Jasrasaria <jjasrasaria@democracyforward.org>
**Sent:** Monday, July 27, 2026 3:46 PM
**To:** Block, Andrew (OASG) <Andrew.Block@usdoj.gov>
**Cc:** Pooja Boisture <pboisture@democracyforward.org>; Aman George <ageorge@democracyforward.org>; Ayesha Khan <akhan@democracyforward.org>; Robin Thurston <rthurston@democracyforward.org>; Joel McElvain <jmcelvain@democracyforward.org>
**Subject:** [EXTERNAL] Floyd v. DOJ, E.D. Va. Case No. 26-1399 I Defendants' Initial Disclosures

Hi Andrew,

Initial disclosures were due on Friday, July 24, and our understanding from the pre-trial conference last week was that you were on track to serve as agreed. Could you please send those to us?

Thanks,

Jyoti

--

| | |
|---|---|
| **Jyoti Jasrasaria**<br>**Senior Counsel**<br>**Democracy Forward**<br>*she/hers* | **Cell:** (202) 304-3328<br>**Email:** jjasrasaria@democracyforward.org<br>**Website:** democracyforward.org |

**When we fight, democracy wins.**

*NOTICE: This communication and any attachments may contain privileged or other confidential information and is intended only for use by the individual or entity named above. If you have received this communication in error, please immediately advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents.*

# EXHIBIT

# 2

DEMOCRACY FORWARD

Jyoti Jasrasaria <jjasrasaria@democracyforward.org>

# Floyd v. DOJ, E.D. Va. Case No. 26-1399 | 7/29/26 Meet & Confer

**Jyoti Jasrasaria** <jjasrasaria@democracyforward.org> Thu, Jul 30, 2026 at 9:45 AM
To: "Block, Andrew (OASG)" <Andrew.Block@usdoj.gov>
Cc: Pooja Boisture <pboisture@democracyforward.org>, Aman George <ageorge@democracyforward.org>, Ayesha Khan <akhan@democracyforward.org>, Robin Thurston <rthurston@democracyforward.org>, Joel McElvain <jmcelvain@democracyforward.org>

Thanks, Andrew.

I'd like to add one clarification regarding Plaintiffs' overall position with respect to the burden of discovery. Plaintiffs did not take the position that it is incumbent on the Gov't to provide parameters. Instead, Plaintiffs stated that both sides have an obligation to work towards resolution. Plaintiffs explained that their requests were not directed to anyone who happens to work for DOJ (or Treasury), but rather--on the most natural reading of the requests--were directed to decision-making around the Fund, Agreement, and Order, and that, by refusing to provide initial disclosures or any indication of what offices and/or individuals were involved in decision-making, Defendants are not fulfilling their meet and confer obligations.

On Thu, Jul 30, 2026 at 8:54 AM Block, Andrew (OASG) <Andrew.Block@usdoj.gov> wrote:

> Jyoti –
>
> Thank you for this write-up.
>
> I have a few things to add – below in red – from the Government's perspective to ensure that our positions and recollection of the discussion are properly memorialized.
>
> Best Regards,
>
> Andrew J. Block
>
> Senior Counsel
>
> Office of the Associate Attorney General
>
> Andrew.Block@usdoj.gov
>
> (c) (202) 372-7565
>
> ---
>
> **From:** Jyoti Jasrasaria <jjasrasaria@democracyforward.org>
> **Sent:** Wednesday, July 29, 2026 7:26 PM
> **To:** Block, Andrew (OASG) <Andrew.Block@usdoj.gov>
> **Cc:** Pooja Boisture <pboisture@democracyforward.org>; Aman George <ageorge@democracyforward.org>; Ayesha Khan <akhan@democracyforward.org>; Robin Thurston <rthurston@democracyforward.org>; Joel McElvain <jmcelvain@democracyforward.org>
> **Subject:** [EXTERNAL] Floyd v. DOJ, E.D. Va. Case No. 26-1399 I 7/29/26 Meet & Confer

Andrew,

Thank you for meeting and conferring from 3pm-4:15pm this afternoon. The following memorializes our discussion.

**Overall**

No resolution of any issue was reached, as the Government did not come with any authority to agree to any narrowing of requests during this meet and confer.

The Government's position is that the meet-and-confer was to understand the scope of what the discovery requests, propounded by the Plaintiffs, are actually seeking and that it was not the Government's duty to come with "authority to agree to any narrowing" as it is not the Government's requests that are at issue.

**Initial Disclosures**

- Plaintiff's position is that the Gov't is required to produce initial disclosures.
  - Court ordered discovery under R. 26, which includes the requirement to produce initial disclosures.
  - Gov't never suggested it would not produce initial disclosures when meeting and conferring on joint discovery plan.
  - Gov't agreed to produce initial disclosures in joint discovery plan with no reservation or other indication that they were not required.
- The Gov't does not believe initial disclosures are required because one claim asserted is an administrative record claim.
  - No authority to negotiate on that. Gov't will tell us by COB Friday whether they will produce initial disclosures.

The government's position, on the call, was that the position explained in my email of Monday, July 27, 2026, at 19:56 ("Because this is "an action for review on an administrative record," Fed. R. Civ. P. 26(a)(1)(B)(i), the exemption applies") remained the government's position and I will reply by Close of Business this Friday (July 31) on whether the Government has changed its position in light of your explanation of Plaintiffs' position.

**Protective Order**

- The Gov't's position is that a protective order is necessary in this case to cover "anything produced beyond the administrative record." The Gov't will circulate a draft protective order.
- Plaintiffs are not opposed to a protective order directed to validly protected material but will need to see what specifically the Gov't seeks to make confidential.

From the Government's perspective the Plaintiffs seem highly skeptical of the idea of a Protective Order. I explained that in every civil case I have ever litigated, there has been a protective order and I viewed this as a fairly pro-forma request. Counsel for Plaintiff, both after the pretrial hearing, and on this call pushed back fairly strongly on why a protective order might be necessary. I proffered that I was not sure what the precise issues that might arise would be, but that is why parties put protective orders in place before knowing the exact issues at play. But in my experience those issues can include confidential and/or Attorney-eyes only documents, issues relating to procedures to work out discovery disputes before involving the Court, and various other issues. I will also note (though I did not raise this on the call) that the Court did seem surprised that a protective order was not included in the discovery plan and both sides represented, in open court and on the record, that conversations about a protective order would be forthcoming. The Plaintiffs' position was that they would review a proposed Protective Order but would not make any commitments to agreeing to one.

**Administrative Record**

- The Gov't represented it is on track to produce the Administrative Record by 8/17.

**Applicability of Objections/Timeliness Issue**

- The Gov't reiterated its request that Plaintiffs excuse the untimeliness of their objections.
- Plaintiffs again explained that, pursuant to local rules and longstanding practice in EDVA, parties cannot stipulate to extension of a discovery deadline without a court order.

**Clarification of Any Ambiguities in Plaintiffs' Discovery Requests/Discussion of Scope of Search**

***Requests for Production of Documents***

All – Custodians

- The parties discussed the possibility of limiting by custodian or office the search necessary for the RFPs.
- Plaintiffs stated that they are willing to discuss limitations and asked what the Gov't had in mind, but without Gov't's initial disclosures, Gov't has deprived Plaintiffs of even the most basic information by which to discuss any such limitation.
- Gov't responded that it is incumbent on Plaintiffs to limit the requests in the first instance and noted that the DOJ has 190,000 employees.

Government noted that DOJ has approx. 100,000 employees; but DOJ and Treasury (combined) have approx. 190,000 employees.

- Plaintiffs explained that a fair reading of the requests is not a search of the entire Justice Dept – requests are specifically targeted to the conception, creation, and implementation of the Fund. Without initial disclosures, we have no ability to limit to particular offices within DOJ or particular custodians, but if DOJ wants to identify which offices within DOJ and Treasury were involved in the conception/creation/implementation of the Fund, we are happy to consider limitations based thereon.

I noted that Government's position, as explained above, is that it is not incumbent upon the recipient of the discovery request to unilaterally limit the reading of the request. I further explained that when sending the Government's objections, I offered an expeditious meet and confer in a sign of good-faith engagement as I anticipated there would be several issues to work through. But when I asked, several times, to have you help me limit it, the Plaintiffs' position was repeatedly that it was the Defendant's responsibility to propose narrowing terms that the Plaintiff would then agree to. I explained that we view it as the Plaintiffs' obligation to limit overbroad requests they have propounded.

RFPs 1 & 2

- The Gov't asserted that the requests are disproportionate to the needs of discovery because they reference Trump v. IRS and sought clarification on the relevance to this case.
- Plaintiffs explained that documents relating to the settlement of Trump v. IRS are relevant because that's what sets up the Fund.
- The Gov't questioned why the intent around the Fund/why the Fund was created is relevant to Plaintiffs' assertion that they were denied settlement from the Fund.
- Plaintiffs explained that they have brought claims beyond just First Amendment and Equal Protection; they also brought Separation of Powers and Ultra Vires claims. Information about the creation of the Fund is relevant to those claims.

RFP 3

- The Gov't noted that this request would seek a large number of drafts of the Blanche Order and asked that the request be limited to "non-privileged information."
- Plaintiffs explained that such a limitation would seem to preclude a privilege log and explained that a privilege log is necessary. But Plaintiffs are willing to limit searching and logging for this request specifically to exclude drafts of the Blanche Order so long as any communications are still logged (even if they attach a draft).

The government explained its position that this request, as drafted, seeks predominantly (or only) privileged information. The government did not object to providing a privilege log as the Court settled that matter during the pre-trial conference; but rather asked if the request could be re-worked in a way to as to not apparently seek privileged information.

- The Gov't asked if we would re-serve the RFP with that limitation.
- Plaintiffs explained that we would not re-serve, but we could agree as part of the meet and confer process to a narrowing to:

- **Any and all documents (excepting drafts of the Blanche order) and/or communications concerning the Blanche Order, including its current status.**

- The Gov't lacked authority to agree to a narrowing of a request on this call, but will discuss with its clients.

I thanked counsel for agreeing to this limitation but explained that the government did still have concerns as the communications aspect of the request was not limited. That said, I did agree to take the revision back.

<u>RFP 4</u>

- The Gov't sought clarification on this request because it claims there is no Fund and therefore there are no claims.
- Plaintiffs explained we are aware of people who have attempted to submit claims, as identified both in our public filings and in news reports. We are entitled to discovery about who has submitted claims and how they have been addressed.
- The Gov't also sought clarification as to the meaning of the phrase "including by providing redress to claimants from sources other than the Fund."
- Plaintiffs explained we are asking for documents regarding any alternative to the Fund -- any mechanism through which claimants are given money or apology or any plan to provide redress to claimants.

<u>RFP 6</u>

- The Gov't sought clarification of this request, asking if the request sought a legal position or argument on why the settlement is legal or a production of statutes relied on.
- Plaintiffs explained that it sought disclosure of any statutes, regs, policies, constitutional provisions that support the legality of the Fund.

***Interrogatories***

<u>Interrogatories 1 & 2</u>

- The Gov't asked if this request could be limited to non-privileged information.
- Plaintiffs explained this request can be answered without revealing privileged information -- who was involved in decisions, when were they made, and the high-level description of the discussions that would be required for a privilege log is all non-privileged information. Additionally, any discussions with opposing counsel or anyone other than the client are not privileged.

<u>Interrogatories 3 & 4</u>

- Plaintiffs sought clarification of the Gov't's objection to these Rogs based on an assertion that they sought mental impressions. Plaintiffs clarified that nothing in the Rogs seeks mental impressions. These seek identification of individuals and what their roles were, which are not privileged.

***Requests for Admission***

<u>All RFAs</u>

- The Gov't represented that it is planning to respond to all RFAs.

<u>RFA 4</u>

- The Gov't sought clarification regarding what this RFA is seeking and what is included in "means other than the Fund."
- Plaintiffs explained this RFA is asking about whether the government may compensate those who have submitted claims to the Fund or are eligible to submit claims to the Fund through sources or means other than the Fund.

**<u>Conclusion & Next Steps</u>**

The Gov't will respond with its position on Initial Disclosures by COB on Friday and will produce documents and responses to Interrogatories and RFAs by August 6.

The sides reiterated their positions regarding the burden of discovery. Plaintiffs stated that it was incumbent on the government to provide parameters and that it is not a fair reading of the discovery requests to include all department

employees. The Government reiterated its position that it is the responsibly of the party seeking discovery to describe what it is requesting.

--

**Jyoti Jasrasaria**
**Senior Counsel**
**Democracy Forward**
*she/hers*

**Email:** jjasrasaria@democracyforward.org
**Website:** democracyforward.org

**When we fight, democracy wins**.

*NOTICE: This communication and any attachments may contain privileged or other confidential information and is intended only for use by the individual or entity named above. If you have received this communication in error, please immediately advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents.*

# EXHIBIT

# 3

DEMOCRACY FORWARD

Jyoti Jasrasaria <jjasrasaria@democracyforward.org>

## Floyd- Meet and Confer

**Jyoti Jasrasaria** <jjasrasaria@democracyforward.org> Fri, Jul 24, 2026 at 5:35 PM
To: "Block, Andrew (OASG)" <Andrew.Block@usdoj.gov>
Cc: Pooja Boisture <pboisture@democracyforward.org>, Robin Thurston <rthurston@democracyforward.org>, Ayesha Khan <akhan@democracyforward.org>, Aman George <ageorge@democracyforward.org>, "jmcelvain@democracyforward.org" <jmcelvain@democracyforward.org>

Hi Andrew,

Plaintiffs would take no position on that motion. Wednesday at 3pm works for us.

Regards,
Jyoti

On Fri, Jul 24, 2026 at 5:15 PM Block, Andrew (OASG) <Andrew.Block@usdoj.gov> wrote:

> Jyoti –
>
> I am disappointed to hear that is your position. In my experience, Counsel in the Commonwealth can, and routinely do, agree to grant professional courtesies and short extensions without needing an order from the Court. Nevertheless, I understand that is your position. If the Government were to move the Court for an order seeking a retroactive two-day extension of the deadline to note objections, would Plaintiffs consent to, oppose, or take no position on that motion?
>
> Please see our objections to the discovery requests attached. I am available Wednesday at 3:00pm for a meet-and-confer.
>
> Best Regards,
>
> Andrew J. Block
>
> Senior Counsel
>
> Office of the Associate Attorney General
>
> Andrew.Block@usdoj.gov
>
> (c) (202) 372-7565
>
> ---
>
> **From:** Jyoti Jasrasaria <jjasrasaria@democracyforward.org>
> **Sent:** Friday, July 24, 2026 3:28 PM
> **To:** Block, Andrew (OASG) <Andrew.Block@usdoj.gov>
> **Cc:** Pooja Boisture <pboisture@democracyforward.org>; Robin Thurston <rthurston@democracyforward.org>; Ayesha Khan <akhan@democracyforward.org>; Aman George <ageorge@democracyforward.org>; jmcelvain@democracyforward.org
> **Subject:** Re: [EXTERNAL] Re: Floyd- Meet and Confer

Hi Andrew,

Thanks for your email. Unfortunately, we don't have the authority to agree to an extension under Local Rule 26(C), which requires that any objection must be served within 15 days "unless otherwise ordered by the Court." And we don't understand the Local Rules or Judge Davis's standard practice to allow the parties to stipulate to an extension of this deadline. We will of course meet and confer to try to narrow the scope of any disputes on our discovery requests. Are you available on Wednesday between 1:30pm and 5pm for that meet and confer?

Regards,

Jyoti

On Fri, Jul 24, 2026 at 2:18 PM Block, Andrew (OASG) <Andrew.Block@usdoj.gov> wrote:

> Good afternoon –
>
> I realized today that the deadline to serve objections in accordance with Local Civil Rule 26(C) was Wednesday. I am working on those now but am unsure if I will have them ready to serve today. Would you agree to waive timeliness objections if I respond on Monday? Additionally, I expect that we will need a meet and confer to discuss some of the discovery requests; are there any times Wednesday or Thursday next week that you are available for a meet and confer regarding your requests?
>
> Best Regards,
>
> Andrew J. Block
>
> Senior Counsel
>
> Office of the Associate Attorney General
>
> Andrew.Block@usdoj.gov
>
> (c) (202) 372-7565
>
> ---
>
> **From:** Jyoti Jasrasaria <jjasrasaria@democracyforward.org>
> **Sent:** Friday, July 24, 2026 9:55 AM
> **To:** Block, Andrew (OASG) <Andrew.Block@usdoj.gov>
> **Cc:** Pooja Boisture <pboisture@democracyforward.org>; Robin Thurston <rthurston@democracyforward.org>; Ayesha Khan <akhan@democracyforward.org>; Aman George <ageorge@democracyforward.org>
> **Subject:** Re: [EXTERNAL] Re: Floyd- Meet and Confer
>
> Andrew,

# EXHIBIT

# 4

DEMOCRACY FORWARD

Jyoti Jasrasaria <jjasrasaria@democracyforward.org>

# Plaintiffs' First Set of Discovery Requests | Floyd v. DOJ, E.D. Va. Case No. 26-1399

**Jyoti Jasrasaria** <jjasrasaria@democracyforward.org> Tue, Aug 18, 2026 at 3:07 PM
To: "Block, Andrew (OASG)" <Andrew.Block@usdoj.gov>
Cc: Pooja Boisture <pboisture@democracyforward.org>, Aman George <ageorge@democracyforward.org>, Ayesha Khan <akhan@democracyforward.org>, Robin Thurston <rthurston@democracyforward.org>, Lisa Newman <lnewman@democracyforward.org>, Cynthia Liao <cliao@democracyforward.org>

Thanks, Andrew.

On Tue, Aug 18, 2026 at 2:22 PM Block, Andrew (OASG) <Andrew.Block@usdoj.gov> wrote:

> Jyoti –
>
> Thank you for the detailed write up. Just a few points to add for completeness of the record:
>
> **Timeliness/Waiver**
>
> - I noted that to the extent the issue arises; it could be addressed verbally with the Court based on Plaintiffs' prior representations that they would not oppose a motion to extend the deadline *nunc pro tunc*.
>
> **Requests for Production**
>
> - To the extent it needs clarifying, our objection is not only 408 or relevance. Our objections are to overbreadth and proportionality to needs of the case. With respect to 1 through 3 we have concerns that the documents sought are not reasonably described (which is the source of the temporal and custodial limitations we have sought). The relevance and 408 considerations underscore that the documents sought do not bear upon the current action but a different civil matter.
>
> Lastly, we discussed timing of a potential motion to compel and plaintiffs indicated that to the extent a motion is filed, it would likely be filed by this Friday and scheduled for August 28 to avoid running into Sept. 4 and the Labor Day Holiday.
>
> Best Regards,
>
> Andrew J. Block
>
> Senior Counsel
>
> Office of the Associate Attorney General
>
> Andrew.Block@usdoj.gov
>
> (c) (202) 372-7565

**From:** Jyoti Jasrasaria <jjasrasaria@democracyforward.org>
**Sent:** Monday, August 17, 2026 5:13 PM
**To:** Block, Andrew (OASG) <Andrew.Block@usdoj.gov>
**Cc:** Pooja Boisture <pboisture@democracyforward.org>; Aman George <ageorge@democracyforward.org>; Ayesha Khan <akhan@democracyforward.org>; Robin Thurston <rthurston@democracyforward.org>; Lisa Newman <lnewman@democracyforward.org>; Cynthia Liao <cliao@democracyforward.org>
**Subject:** Re: [EXTERNAL] Plaintiffs' First Set of Discovery Requests I Floyd v. DOJ, E.D. Va. Case No. 26-1399

Andrew,

Thank you for meeting and conferring this afternoon from 1:30-2:30pm. The following memorializes our discussion.

**Overall**

Defendants took issue with the framing of an "authority" requirement for today's conference, maintaining that, with respect to broad requests, it is not Defendants' responsibility to narrow them — it is Plaintiffs' responsibility to reasonably articulate what they are seeking.

While full resolution on was not reached, Defendants agreed to supplement several responses by Wednesday close of business, and the parties agreed to reconvene Thursday at 3:00pm to continue this discussion if needed.

**Threshold Issues**

**Timeliness/Waiver of Objections.**

- Plaintiffs confirmed that Defendants have not filed any motion seeking an extension of the objections deadline and asked whether Defendants have a basis for maintaining their objections to many of the requests notwithstanding that untimeliness.
- Defendants' position is that, regardless of timeliness, they need to understand what Plaintiffs are seeking (particularly as to RFPs 1 and 2). Defendants do not see a need to brief the timeliness issue in a standalone motion.

**General Objections.**

- Plaintiffs asked whether Defendants would withdraw any objections not tethered to specific requests.
- Defendants stated they do not intend to withdraw their objections, representing that their objections are tethered to each request, even where similar objections apply across multiple requests.

**Requests for Production of Documents**

**RFPs 1 & 2 (Custodians/Scope).**

- Defendants represented that if Plaintiffs can provide custodial and timeframe limitations, Defendants can begin searching, but that no search request or search criteria have been developed to date. Defendants maintain that they should not have to propose limitations first and that, at a minimum, Defendants would need Plaintiffs to identify the relevant offices to search.
- Plaintiffs' position remains that both sides have an obligation to work together to narrow the requests, and that the requests are most naturally read as directed to decisionmakers regarding the Fund rather than the entirety of DOJ's and Treasury's approximately 190,000 combined employees; Plaintiffs stated they are willing to work with Defendants to narrow the requests to specific offices or individuals but do not have enough information to propose limitations in the first instance.
- The parties acknowledged they remain at an impasse on this issue.

**RFP 2 (Rule 408).**

- Plaintiffs' position is that FRE 408 is a rule governing admissibility, not discovery.
- Defendants' position is that their primary objection is one of relevance — that the settlement of a separate case (Trump v. IRS) in a different court is not relevant to this action, and that FRE 408's admissibility bar on settlement discussions is a relevant factor in assessing the propriety of producing such material in discovery.

- Plaintiffs clarified they do not intend to use responsive documents in a manner implicating FRE 408, noting that Defendants themselves have relied on the Agreement, and that the same FRE 408 issue applies to RFP 7 and Interrogatory No. 5.
- Defendants questioned the relevance of drafts of the Agreement to Plaintiffs' ability to apply to the Fund.
- Plaintiffs responded that such documents are relevant to Plaintiffs' First Amendment, Equal Protection, separation-of-powers, and ultra vires claims, and may lead to other discoverable information.

**RFP 3 (Blanche Order).**

- Defendants asked whether this request has been overtaken by events as of August 2, noting the Order has been rescinded, and asked whether Plaintiffs are simply seeking a privilege log.
- Plaintiffs responded that some responsive documents are not privileged—for example, communications to prepare for congressional testimony regarding the Blanche Order.
- Defendants questioned the relevance of communications occurring after the Fund's creation.
- Plaintiffs responded that such communications are relevant to mootness and ripeness.
- Defendants indicated they have had some internal discussion of a search and, as with RFPs 1 and 2, would require Plaintiffs to provide timeframe and custodian/office limitations.

**RFPs 4 & 5 (Claims/Bank Records).**

- Defendants expect to be able to amend their response to RFPs 4 and 5 by Wednesday COB to state that no documents exist.
- With respect to RFP 4, Defendants noted that statements filed publicly in this litigation or posted on social media are not "claims" absent submission through a proper channel.

**RFP 6 (Lawful Authority).**

- Plaintiffs reiterated that the request seeks documents — such as any policy, regulation, statute, or constitutional provision — not a legal opinion from Defendants.
- Defendants represented that, between today's production of the Administrative Record and the amended responses expected Wednesday, RFP 6 will be addressed.
- Defendants maintained their objection that legal theories are not subject to fact discovery.

**RFP 7.**

- As discussed above with respect to RFP 2, this request is tied to the parties' FRE 408 dispute regarding Interrogatory No. 5.

**<u>Interrogatories</u>**

**Interrogatories 1 & 2.**

- Defendants stated that the Fund has not been created or operated, and that the actions taken were: the Settlement Agreement was signed, the Order was issued, and the Order was subsequently rescinded; Defendants represented that no actions were taken to implement the Fund, and asked what else Plaintiffs are seeking.
- Plaintiffs responded that this oral explanation was more complete than what appears in Defendants' written response, and raised the same concern as to Interrogatory No. 2— namely, that there is no clear written statement that the Order was rescinded, notwithstanding Defendants' public statements to that effect.
- Defendants agreed to take this back and would consider amending by Wednesday COB.

**Interrogatories 3 & 4.**

- Plaintiffs stated that the responses to Interrogatories 3 and 4 appear incomplete on their face—as to Interrogatory 3, even if the Fund was never operationalized, the Blanche Order itself undisputedly existed, and Defendants' response does not identify anyone connected to that Order, including Attorney General Blanche himself.
- Defendants responded that they were not aware of additional information available to supplement the responses but understood Plaintiffs' concerns. Plaintiffs indicated they would follow up to see whether Defendants are able to provide anything further by Wednesday COB.

**Interrogatory 5.**

- As discussed above with respect to RFP 2, the parties' positions on this Interrogatory remain unchanged from their prior discussion of the relevance/FRE 408 issues.

**Interrogatory 6.**

- Plaintiffs asked whether Defendants will supplement their response to Interrogatory 6 alongside their supplementation of the RFP response concerning claims.
- Defendants stated they do not anticipate supplementing this response.

**Requests for Admission**

**RFA 1** remains denied; **RFA 2** and **RFA 3** remain admitted; no further discussion was needed as to these three.

**RFAs 4 & 5.**

- Plaintiffs sought clarity as to whether Defendants lack sufficient information to respond to RFA 4 and RFA 5, or are affirmatively denying them.
- As to RFA 5, Defendants stated they cannot represent how each document has been or will be kept when they do not yet know what documents will ultimately be produced, and that they are denying the request on the basis that they lack that information.
- As to RFA 4, Defendants stated they are denying the request because it is unclear what is being asked, and noted this may be addressed by reference to Defendants' response to Interrogatory No. 6.

**Privilege Log and Status of Any Search**

Plaintiffs confirmed they have not received a privilege log. Defendants confirmed this is correct, representing that they are not refusing to produce documents and that, because nothing has been withheld to date, no privilege log yet exists.

Defendants stated that, for RFPs 1, 2, and 3, they have not conducted a search because they are awaiting Plaintiffs' input on search parameters; for RFPs 4, 5, and 6, Defendants expect more concrete answers by Wednesday COB; and for RFP 7, Defendants have taken steps to identify where responsive documents, to the extent they exist, may be located, though they have not reviewed any specific documents.

**Administrative Record**

Defendants remain on track to produce the Administrative Record today.

**Protective Order**

Plaintiffs are continuing to review Defendants' draft Protective Order.

**Conclusion & Next Steps**

Defendants are producing the Administrative Record today.

Defendants anticipate serving any amended responses to RFPs 4 through 6 and Interrogatories 1 through 4, together with verifications, by Wednesday close of business.

The parties agreed to hold Thursday 3:00pm-4:00pm for a further meet-and-confer if needed.

On Fri, Aug 14, 2026 at 2:11 PM Jyoti Jasrasaria <jjasrasaria@democracyforward.org> wrote:

> Andrew,
>
> Thank you for the detailed response. Let's plan on 1:30pm Monday--I've sent a calendar invite, and the Zoom link is copied below.
>
> Ahead of Monday, and in light of the fact that our prior conference on July 29 did not result in any resolution because you represented that you lacked authority to agree to any narrowing of the disputed requests, please come prepared with actual authority to address and resolve the following:
>
> 1. Whether Defendants have conducted any search for documents responsive to Plaintiffs' RFPs;
> 2. Defendants' responses to Plaintiffs' Interrogatories; and
> 3. Defendants' responses to Plaintiffs' RFAs.
>
> Regards,

Jyoti

Join Zoom Meeting

https://democracyforward-org.zoom.us/j/84576490260?pwd=qa1uCfaS6GaTaDu2kkJLBOEQpDaA3D.1

Meeting chat link

https://democracyforward-org.zoom.us/launch/jc/84576490260

Meeting ID: 845 7649 0260

Passcode: 350498

---

One tap mobile

+13017158592,,84576490260#,,,,*350498# US (Washington DC)

+13052241968,,84576490260#,,,,*350498# US

On Fri, Aug 14, 2026 at 11:35 AM Block, Andrew (OASG) <Andrew.Block@usdoj.gov> wrote:

> Jyoti –
>
> I can have a 15 minute call but I 1) don't think that will be sufficient to cover all the issues; and 2) I will be in a much better position to engage on the substance if we are able to have a proper meet-and-confer early next week.
>
> I'm not going to do a 15-minute call, though, so you check the box just to say that you talked to me. I've repeatedly said I'm free for a meeting – for as long as you want – Monday or Tuesday. I was in a two-hour status conference yesterday afternoon. I've got discovery obligations in other matters I've had to work on this morning; I'm ensuring the AR will be ready to get to you Monday; and I've got other meetings – some even related to this case – this afternoon.
>
> I really don't think it's unreasonable to ask for a couple of days; but if you feel the need to file your motion, we'll respond on the papers.
>
> Best Regards,
>
> Andrew J. Block
>
> Senior Counsel
>
> Office of the Associate Attorney General
>
> Andrew.Block@usdoj.gov
>
> (c) (202) 372-7565

**From:** Jyoti Jasrasaria <jjasrasaria@democracyforward.org>
**Sent:** Friday, August 14, 2026 11:09 AM
**To:** Block, Andrew (OASG) <Andrew.Block@usdoj.gov>
**Cc:** Pooja Boisture <pboisture@democracyforward.org>; Aman George <ageorge@democracyforward.org>; Ayesha Khan <akhan@democracyforward.org>; Robin Thurston <rthurston@democracyforward.org>; Lisa Newman <lnewman@democracyforward.org>; Cynthia Liao <cliao@democracyforward.org>
**Subject:** Re: [EXTERNAL] Plaintiffs' First Set of Discovery Requests I Floyd v. DOJ, E.D. Va. Case No. 26-1399

Understood on this morning. Are you free for 15 minutes any time between 12pm and 3:30pm today? We'd want to cover the status of Defendants' search for documents responsive to the RFPs, the completeness of the answers to Interrogatories 3-6, and the overdue privilege log.

On Fri, Aug 14, 2026 at 11:00 AM Block, Andrew (OASG) <Andrew.Block@usdoj.gov> wrote:

> Good morning - I'm not available this morning for a call. I'm still free Monday or Tuesday at the times I mentioned yesterday.
>
> Get Outlook for iOS
>
> ---
>
> **From:** Jyoti Jasrasaria <jjasrasaria@democracyforward.org>
> **Sent:** Friday, 14 August 2026 10:36:56
> **To:** Block, Andrew (OASG) <Andrew.Block@usdoj.gov>
> **Cc:** Pooja Boisture <pboisture@democracyforward.org>; Aman George <ageorge@democracyforward.org>; Ayesha Khan <akhan@democracyforward.org>; Robin Thurston <rthurston@democracyforward.org>; Lisa Newman <lnewman@democracyforward.org>; Cynthia Liao <cliao@democracyforward.org>
> **Subject:** Re: [EXTERNAL] Plaintiffs' First Set of Discovery Requests I Floyd v. DOJ, E.D. Va. Case No. 26-1399
>
> Andrew,
>
> I'm writing to follow up on my email yesterday. Are you available for a call this morning?
>
> Regards,
>
> Jyoti
>
> On Thu, Aug 13, 2026 at 10:22 AM Jyoti Jasrasaria <jjasrasaria@democracyforward.org> wrote:
>
>> Andrew,
>>
>> We understand that you have a court appearance today. But as you know, there is a short discovery period in this case, and the Court has twice directed that the discovery process move forward. *See* Order (Dkt. No. 95); Order (Dkt. No. 140). Defendants cannot push out their discovery obligations by refusing to engage, and waiting until next week costs Plaintiffs significant time.

A deficiency letter is not warranted here. Defendants have not produced a single document in response to the RFPs and have not even told us whether a search was conducted. That deficiency is apparent from Defendants' own responses; a separate letter restating it would serve no purpose.

We've already met and conferred on the majority of issues in Defendants' responses, and we will move on those issues unless Defendants meet and confer no later than Friday morning with actual authority to agree to search for and produce responsive documents. If topics remain undiscussed after Friday morning, we will meet and confer in good faith again before any additional motions to compel.

Regards,

Jyoti

On Thu, Aug 13, 2026 at 7:58 AM Block, Andrew (OASG) <Andrew.Block@usdoj.gov> wrote:

Jyoti –

I have a court appearance in a different matter today that I must turn my attention to. If you're going to file a motion to compel without sending a deficiency letter or waiting two days for me to be free to engage in a substantive conversation, then I suppose we'll deal with whatever you file.

Best Regards,

Andrew J. Block

Senior Counsel

Office of the Associate Attorney General

Andrew.Block@usdoj.gov

(c) (202) 372-7565

---

**From:** Jyoti Jasrasaria <jjasrasaria@democracyforward.org>
**Sent:** Wednesday, August 12, 2026 8:48 PM
**To:** Block, Andrew (OASG) <Andrew.Block@usdoj.gov>
**Cc:** Pooja Boisture <pboisture@democracyforward.org>; Aman George <ageorge@democracyforward.org>; Ayesha Khan <akhan@democracyforward.org>; Robin Thurston <rthurston@democracyforward.org>; Lisa Newman <lnewman@democracyforward.org>; Cynthia Liao <cliao@democracyforward.org>
**Subject:** Re: [EXTERNAL] Plaintiffs' First Set of Discovery Requests I Floyd v. DOJ, E.D. Va. Case No. 26-1399

Thank you for getting back to us, Andrew. I'm including our responses to each item below.

1. We appreciate the difficulty with calendars this month and look forward to receiving the Interrogatory verifications early next week.

2. We recognize the difficulty in scheduling, but the government's responses are extraordinarily deficient. If we can't reach a resolution by noon on Friday, we will move to compel. As such, please let us know your availability to meet and confer either tomorrow afternoon or Friday morning.

3. We will prepare a joint motion on page enlargement for MTD briefing and circulate for your review.

4. Thank you for your response regarding the RFPs, but frankly this does not clarify the government's position in any respect, given the fact that no documents were produced on the production deadline. Is the government 1) producing documents at some future date (despite not receiving any extension of the deadline from the Court), and if so, when; (2) standing on objections and refusing to search for any documents in response to any request; (3) planning to certify that they conducted a good-faith search for documents and no documents responsive to any request exist (and if so, when can we expect such a certification); or (4) withholding all documents based on some assertion of privilege that will be logged in the privilege log due tomorrow. Clarifying which of these scenarios explains the total lack of production will make our meet and confer tomorrow/Friday substantially more efficient.

5. We will review the protective order and get back to you.

We appreciate your response to this email as soon as possible.

Regards,

Jyoti

On Wed, Aug 12, 2026 at 5:57 PM Block, Andrew (OASG) <Andrew.Block@usdoj.gov> wrote:

Good evening all –

Thanks for your patience while I got responses; I'm going to reply to everything (I hope) here instead of on separate threads.

1. I anticipate sending Interrogatory verification early next week. As I'm sure you can appreciate people are on overlapping leave this time of year and I'm working through that.
2. I am not available tomorrow for a meet and confer due to commitments in other cases. I am generally free and flexible for a meet and confer Monday (except for 10-11 and 3 to 3:30) and Tuesday of next week.
3. I am generally open to a page enlargement for the MTD briefing and am agreeable to the limits proposed.
4. With respect to the RFPs, Defendants are not refusing to produce documents. I think our objections and answers speak for themselves; and I am happy to clarify any further questions with respect to each request during our meet and confer but there has been no specific withholding at this time.
5. Finally – At our prior meet and confer, as well as at the pretrial conference, we discussed the issue of a Protective Order. I've attached a draft protective order for your consideration.

Best Regards,

Andrew J. Block

Senior Counsel

Office of the Associate Attorney General

Andrew.Block@usdoj.gov

(c) (202) 372-7565

---

**From:** Jyoti Jasrasaria <jjasrasaria@democracyforward.org>
**Sent:** Wednesday, August 12, 2026 1:30 PM
**To:** Block, Andrew (OASG) <Andrew.Block@usdoj.gov>
**Cc:** Pooja Boisture <pboisture@democracyforward.org>; Aman George <ageorge@democracyforward.org>; Ayesha Khan <akhan@democracyforward.org>; Robin Thurston <rthurston@democracyforward.org>; Lisa Newman <lnewman@democracyforward.org>; Cynthia Liao <cliao@democracyforward.org>
**Subject:** Re: [EXTERNAL] Plaintiffs' First Set of Discovery Requests I Floyd v. DOJ, E.D. Va. Case No. 26-1399

Hi Andrew,

I'm writing to follow up on this morning's email to schedule a meet and confer on the clarification questions we sent yesterday and the inadequacy of Defendants' responses to Plaintiffs' discovery requests. Are you available tomorrow (Thursday) at 1 p.m.? If not, please let us know some other times tomorrow afternoon that would work on your end.

Regards,

Jyoti

On Wed, Aug 12, 2026 at 8:40 AM Jyoti Jasrasaria <jjasrasaria@democracyforward.org> wrote:

> Thanks, Andrew. To clarify, the reason we requested a response by close of business was that the questions we raised (confirming when verification signatures will be sent, whether Defendants are withholding documents altogether, and whether Defendants are producing a privilege log by this Thursday's deadline) are ones we expected you would be able to answer readily, not because we intended to impose an unreasonable deadline. We appreciate your willingness to engage, and we look forward to receiving your responses to our clarification questions as soon as possible.
>
> On Tue, Aug 11, 2026 at 5:27 PM Block, Andrew (OASG) <Andrew.Block@usdoj.gov> wrote:
>
>> Good evening Jyoti –
>>
>> I don't currently have a response for you on either front. I am working to get responses to you as expeditiously as possible. That said, I don't think that 5-hour notice is a reasonable demand for something that is not an emergency. And this is we've received mid-day questions with same-day 5pm deadlines. I am always happy to engage in good-faith conversations to help resolve disputes. But in this context, a 5-hour deadline is simply not a reasonable request.
>>
>> Let me know if you'd like to schedule a meet-and-confer or how you'd like to proceed. If you can give me another 48 hours, that might also help resolve this without passing any deadlines to

file motions.

Best Regards,

Andrew J. Block

Senior Counsel

Office of the Associate Attorney General

Andrew.Block@usdoj.gov

(c) (202) 372-7565

---

**From:** Jyoti Jasrasaria <jjasrasaria@democracyforward.org>
**Sent:** Tuesday, August 11, 2026 1:39 PM
**To:** Block, Andrew (OASG) <Andrew.Block@usdoj.gov>
**Cc:** Pooja Boisture <pboisture@democracyforward.org>; Aman George <ageorge@democracyforward.org>; Ayesha Khan <akhan@democracyforward.org>; Robin Thurston <rthurston@democracyforward.org>; Lisa Newman <lnewman@democracyforward.org>; Cynthia Liao <cliao@democracyforward.org>
**Subject:** Re: [EXTERNAL] Plaintiffs' First Set of Discovery Requests I Floyd v. DOJ, E.D. Va. Case No. 26-1399

Thanks, Andrew. Please let us know when you anticipate being able to respond. We're evaluating next steps and wanted to clarify whether we should expect to receive anything else before scheduling any necessary meet and confer and/or moving to compel.

On Tue, Aug 11, 2026 at 1:10 PM Block, Andrew (OASG) <Andrew.Block@usdoj.gov> wrote:

> Received. And I will respond as soon as I am able. Is there a particular reason for the 5pm deadline?
>
> Best Regards,
>
> Andrew J. Block
>
> Senior Counsel
>
> Office of the Associate Attorney General
>
> Andrew.Block@usdoj.gov
>
> (c) (202) 372-7565

**From:** Jyoti Jasrasaria <jjasrasaria@democracyforward.org>
**Sent:** Tuesday, August 11, 2026 11:56 AM
**To:** Block, Andrew (OASG) <Andrew.Block@usdoj.gov>
**Cc:** Pooja Boisture <pboisture@democracyforward.org>; Aman George <ageorge@democracyforward.org>; Ayesha Khan <akhan@democracyforward.org>; Robin Thurston <rthurston@democracyforward.org>; Lisa Newman <lnewman@democracyforward.org>; Cynthia Liao <cliao@democracyforward.org>
**Subject:** Re: [EXTERNAL] Plaintiffs' First Set of Discovery Requests I Floyd v. DOJ, E.D. Va. Case No. 26-1399

Andrew,

We are reviewing Defendants' responses to Plaintiffs' discovery requests, and we write to clarify the following. Could you please respond by 5pm today?

With respect to the Interrogatories, we did not see signatures verifying Defendants' responses. Please let us know when you plan to send those.

With respect to the Requests for Production, are Defendants refusing to produce any documents? We also noticed that Defendants did not state that they are withholding any specific documents. Are Defendants preparing and producing a privilege log?

Regards,
Jyoti

On Fri, Aug 7, 2026 at 9:44 AM Jyoti Jasrasaria <jjasrasaria@democracyforward.org> wrote:

> Confirming receipt.
>
> Thanks,
>
> Jyoti
>
> On Thu, Aug 6, 2026 at 11:50 PM Block, Andrew (OASG) <Andrew.Block@usdoj.gov> wrote:
>
>> Counsel –
>>
>> See attached Defendants' combined objections and responses to Plaintiffs' First set of discovery requests.
>>
>> Best Regards,
>>
>> Andrew J. Block
>>
>> Senior Counsel
>>
>> Office of the Associate Attorney General
>>
>> Andrew.Block@usdoj.gov

(c) (202) 372-7565

**From:** Jyoti Jasrasaria <jjasrasaria@democracyforward.org>
**Sent:** Tuesday, July 7, 2026 4:43 PM
**To:** Block, Andrew (OASG) <Andrew.Block@usdoj.gov>
**Cc:** Pooja Boisture <pboisture@democracyforward.org>; Aman George <ageorge@democracyforward.org>; Ayesha Khan <akhan@democracyforward.org>; Robin Thurston <rthurston@democracyforward.org>
**Subject:** [EXTERNAL] Plaintiffs' First Set of Discovery Requests I Floyd v. DOJ, E.D. Va. Case No. 26-1399

Andrew,

Please find attached Plaintiffs' First Set of Interrogatories, Plaintiffs' First Set of Requests for Production of Documents, and Plaintiffs' First Set of Requests for Admission, which are being served on all Defendants today in *Floyd v. DOJ*, E.D. Va. Case No. 26-1399.

Could you please confirm receipt of this email and its attachments?

Regards,

Jyoti

*Counsel for Plaintiffs*

--


| | |
|---|---|
| **Jyoti Jasrasaria**<br>**Senior Counsel**<br>**Democracy Forward**<br>*she/hers* | **Cell:** (202) 304-3328<br>**Email:** jjasrasaria@democracyforward.org<br>**Website:** democracyforward.org |


**When we fight, democracy wins.**

*NOTICE: This communication and any attachments may contain privileged or other confidential information and is intended only for use by the individual or entity named above. If you have received this communication in error, please immediately advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents.*

# EXHIBIT

# 5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

**Andrew Floyd**, et al.,

Plaintiffs,

*vs.*

**Department of Justice**, et al.,

Defendants.

**Case No. 26-cv-1399-LMB**

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 26 and 34 and Eastern District of Virginia Local Rule 26, Plaintiffs Andrew Floyd, Jonathan Caravello, City of New Haven, National Abortion Federation, and Common Cause, through their undersigned attorneys, hereby serve the following Requests for Production of Documents ("RFPs") on Defendants the Department of Justice, Acting Attorney General Todd Blanche, Associate Attorney General Stanley Woodward Jr., the Department of the Treasury, Treasury Secretary Scott Bessent, and the Anti-Weaponization Fund.

Responses to these RFPs must be made within thirty (30) days of receipt in accordance with the timelines set forth in the Federal Rules of Civil Procedure. Please produce all discovery responses and documents to counsel of record by email or, as necessary, by mail to Democracy Forward Foundation, P.O. Box 34553, Washington, D.C. 20043. All responses to these RFPs should be made pursuant to the Definitions and Instructions below.

## DEFINITIONS

Except as specifically defined below, the terms used in these RFPs shall be construed and defined in accordance with the Federal Rules of Civil Procedure, wherever applicable. Any terms not defined shall be given their ordinary meaning.

1. "Agreement" means the entire "Settlement Agreement" in *Trump v. IRS*, Case No. 1:26-cv-20609 (S.D. Fla.), including any addenda or unwritten agreements. *See* ECF Nos. 1-2, 1-3.

2. "Fund" means the "Anti-Weaponization Fund" that DOJ announced as part of the agreement to settle *Trump v. IRS*. *See* ECF No. 1-2

3. "Blanche Order" means the May 18, 2026 order issued by Acting Attorney General Blanche. *See* ECF No. 1-4.

4. The term "identify," when used in connection with the term "individual" or "individuals," means to state, to the extent known, the person's full name; present or last known address; e-mail address; and telephone number. When "identify" is used in connection with an entity rather than a natural person, it means to state, to the extent known, identifying information for the entity and the natural persons acting as contacts for the entity in connection with the subject matter covered by the relevant request.

5. When referring to documents, "identify" means to state, to the extent known, the type, date, author, title, and, if applicable, addressee(s) and/or recipient(s) of the document.

6. The term "communication" means a transmittal of information in the form of facts, ideas, inquiries, or otherwise.

7. The term "document" means any document or electronically stored information as described in Federal Rule of Civil Procedure 34(a), including but not limited to emails, email attachments, complete email chains, calendar invitations, calendar invitation attachments, text

messages, messages—including ephemeral messages—sent on messaging platforms (including but not limited to Slack, Microsoft Teams, WhatsApp, Signal, or GChat), records, reports, memoranda, written agreements, and system tickets, logs, records, reports, or output. A draft or a nonidentical copy, including any copy bearing any notation or mark not found on the original, is a separate document within the meaning of this term.

8. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

9. The use of the singular form of any word includes the plural and vice versa.

10. The use of a verb in any tense shall encompass all other tenses, wherever necessary, to bring within the scope of the discovery request matters that might otherwise be construed as outside the scope of the request.

11. The words "and" and "or" are intended to be construed conjunctively or disjunctively as necessary to make the Request inclusive rather than exclusive.

12. "Including" means "including, but not limited to."

**INSTRUCTIONS**

1. Defendants' written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested unless the request is refused, in which event the reasons for refusal shall be stated. If the refusal relates to part of an item or category, the part shall be specified.

2. Absent your concurrent and written objection, your production of a document in response to written discovery authenticates the document for use against you in any pretrial proceeding or at trial.

3. Where documents or things in the possession, custody, or control of any individual, agency, office, firm, corporation, or partnership are requested, such request also pertains to documents in the possession, custody, or control of employees, agents, guardians, partners, representatives, and attorneys of such individuals, agencies, offices, firms, corporations, or partnerships.

4. If, in responding to these Requests, you encounter any ambiguity in construing any request, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding.

5. If an objection to a request is based upon a claim of privilege, or any other basis, please identify, contemporaneously with producing responses to these Requests, or as otherwise agreed upon by the parties, in writing each document so withheld by providing the following information:

a. the date or approximate date of the document;

b. the type of document (e.g., letter, memorandum);

c. a description of the subject matter of the document;

d. each and every person who prepared, signed, or participated in the preparation of the document or any copy thereof;

e. each and every person who received the document or any copy thereof;

f. the present custodian(s) of each document;

g. a list of attachments or enclosures to the documents; and

h. the nature of the privilege asserted and any statutes, rules, or cases that you contend support the assertion of privilege.

6. Identify and produce all segregable portions of any responsive document to which a claim of privilege, attorney work product, or other basis for withholding the document does not apply.

7. These Requests for Production of Documents are continuing in character so as to require you to promptly amend or supplement your response if you discover or obtain further materials in accordance with Fed. R. Civ. P. 26(e).

8. If any document requested herein has been lost, discarded, or destroyed, please furnish a list identifying each such document as completely as possible including, without limitation, the following information: its author and addressee, each person to whom copies of the document were furnished or to whom the contents thereof were communicated, a comprehensive summary of the substance of the document, the date (or approximate date) of its disposal, the manner of its disposal, the reason for its disposal, the person authorizing its disposal, and the person disposing of the document.

## REQUESTS FOR PRODUCTION

**RFP NO. 1:** Any and all documents and/or communications—including between the government and the plaintiffs in the *Trump v. IRS* case—concerning the conception, creation, operation, status, or plans for the Anti-Weaponization Fund, including about the eligibility criteria for awards from the Fund.

**RESPONSE:**

**RFP NO. 2:** Any and all documents and/or communications—including between the government and the plaintiffs in the *Trump v. IRS* case—concerning the Agreement or any of its provisions, including about the Agreement's conception, creation, consummation, modifications, and status.

**RESPONSE:**

**RFP NO. 3:** Any and all documents and/or communications concerning the Blanche Order, including its current status.

**RESPONSE:**

**RFP NO. 4:** Any and all documents and/or communications concerning any claims that have been received, retained, considered, or otherwise processed by the Fund, including about providing redress to claimants from sources other than the Fund.

**RESPONSE:**

**RFP NO. 5:** Any and all bank records, transaction receipts, or other documents that show funds being transferred into or withdrawn from the Fund.

**RESPONSE:**

**RFP NO. 6:** Any and all documents and/or communications revealing a lawful authority to create the Fund.

**RESPONSE:**

**RFP NO. 7:** Any and all documents identified in response to Interrogatory No. 5.

**RESPONSE:**

Dated: July 7, 2026

Respectfully submitted,

*/s/ Joel McElvain*

Joel McElvain (Va. Bar No. 95215)
Pooja A. Boisture*
Jyoti Jasrasaria*
Aman George*
Ayesha Khan*
Robin F. Thurston*
Skye L. Perryman*
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
jmcelvain@democracyforward.org
pboisture@democracyforward.org
jjasrasaria@democracyforward.org
ageorge@democracyforward.org
akhan@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

*Counsel for Plaintiffs*

*admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of July, 2026, I served the foregoing document on all counsel of record via electronic mail.

/s/ Jyoti Jasrasaria
Jyoti Jasrasaria*
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
jjasrasaria@democracyforward.org

*Counsel for Plaintiffs*

*admitted *pro hac vice*

# EXHIBIT

# 6

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **Andrew Floyd**, et al.,<br>Plaintiffs,<br>*vs.*<br>**Department of Justice**, et al.,<br>Defendants. | **Case No. 26-cv-1399-LMB** |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33 and Eastern District of Virginia Local Rule 26, Plaintiffs Andrew Floyd, Jonathan Caravello, City of New Haven, National Abortion Federation, and Common Cause, through their undersigned attorneys, hereby serve the following Interrogatories on Defendants the Department of Justice, Acting Attorney General Todd Blanche, Associate Attorney General Stanley Woodward Jr., the Department of the Treasury, Treasury Secretary Scott Bessent, and the Anti-Weaponization Fund.

Responses to these Interrogatories must be made within thirty (30) days of receipt in accordance with the timelines set forth in the Federal Rules of Civil Procedure. Please produce all discovery responses and documents to counsel of record by email or, as necessary, by mail to Democracy Forward Foundation, P.O. Box 34553, Washington, D.C. 20043. All responses to these Interrogatories should be made pursuant to the Definitions and Instructions below.

## DEFINITIONS

Except as specifically defined below, the terms used in these Interrogatories shall be construed and defined in accordance with the Federal Rules of Civil Procedure, wherever applicable. Any terms not defined shall be given their ordinary meaning.

1. "Agreement" means the entire "Settlement Agreement" in *Trump v. IRS*, Case No. 1:26-cv-20609 (S.D. Fla.), including any addenda or unwritten agreements. *See* ECF Nos. 1-2,1-3.

2. "Fund" means the "Anti-Weaponization Fund" that DOJ announced as part of the agreement to settle *Trump v. IRS*. *See* ECF No. 1-2.

3. "Blanche Order" means the May 18, 2026 order issued by Acting Attorney General Blanche. *See* ECF No. 1-4.

4. The term "identify," when used in connection with the term "individual" or "individuals," means to state, to the extent known, the person's full name; present or last known address; e-mail address; and telephone number. When "identify" is used in connection with an entity rather than a natural person, it means to state, to the extent known, identifying information for the entity and the natural persons acting as contacts for the entity in connection with the subject matter covered by the relevant request.

5. When referring to documents, "identify" means to state, to the extent known, the type, date, author, title, and, if applicable, addressee(s) and/or recipient(s) of the document.

6. The term "communication" means a transmittal of information in the form of facts, ideas, inquiries, or otherwise.

7. The term "document" means any document or electronically stored information as described in Federal Rule of Civil Procedure 34(a), including but not limited to emails, email attachments, complete email chains, calendar invitations, calendar invitation attachments, text

messages, messages sent on messaging platforms (including but not limited to Slack, Microsoft Teams, WhatsApp, Signal, or GChat), records, reports, memoranda, written agreements, and system tickets, logs, records, reports, or output. A draft or a nonidentical copy, including any copy bearing any notation or mark not found on the original, is a separate document within the meaning of this term.

8. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

9. The use of the singular form of any word includes the plural and vice versa.

10. The use of a verb in any tense shall encompass all other tenses, wherever necessary, to bring within the scope of the discovery request matters that might otherwise be construed as outside the scope of the request.

11. The words "and" and "or" are intended to be construed conjunctively or disjunctively as necessary to make the Request inclusive rather than exclusive.

12. "Including" means "including, but not limited to."

**INSTRUCTIONS**

1. In answering these Interrogatories, you should furnish such information as is known to you regardless of whether this information is obtained by you, known by you, or known to or obtained by any of your attorneys, or other agents or representatives. In answering each Interrogatory set forth herein, furnish all information that is available to Defendants. If you are unable to answer any Interrogatory in full, please explain why you are unable to answer it, state the nature of the information and knowledge you cannot furnish, and answer it to the fullest extent possible. If your answers are qualified in any manner, state the nature of the qualification.

2. If, in responding to these Interrogatories, you encounter any ambiguity in construing any Interrogatory, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding.

3. If an objection to an Interrogatory is based upon a claim of privilege, or any other basis, please identify, in writing, each piece of information so withheld by providing the following information:

a. the possessor(s), author(s), addressee(s), present custodian(s), and date of such information;

b. all other persons who have seen or learned of all or part of any such information;

c. the method by which, and reason why, each such person obtained access to such information;

d. a summary of such information; and

e. the nature of the privilege asserted and any statutes, rules, or cases that you contend support the assertion of privilege.

4. These Interrogatories are continuing in character so as to require you to promptly amend or supplement your response if you discover or obtain further material information in accordance with Fed. R. Civ. P. 26(e).

## INTERROGATORIES

**INTERROGATORY NO. 1:** Detail—with reference to the relevant date(s) and/or time(s)—any and all actions Defendants took to conceive of, create, or operate the Fund.

**RESPONSE:**

**INTERROGATORY NO. 2:** Detail—with reference to the relevant date(s) and/or time(s) of day—any and all actions taken by Defendants to withdraw, rescind, or modify the Fund.

**RESPONSE:**

**INTERROGATORY NO. 3:** Identify any and all individuals involved in the conception, creation, or operation of the Fund, including individuals involved in the Blanche Order, and their respective roles.

**RESPONSE:**

**INTERROGATORY NO. 4:** Identify any and all individuals involved in the conception, creation, consummation, or modification of the Agreement, and their respective roles.

**RESPONSE:**

**INTERROGATORY NO. 5:** Identify any and all communications between the government and the plaintiffs in the *Trump v. IRS* case that created, modified, or abandoned the Agreement.

**RESPONSE:**

**INTERROGATORY NO. 6:** Identify any and all decisions or plans to provide redress to claimants to the Fund from sources other than the Fund.

**RESPONSE:**

Dated: July 7, 2026

Respectfully submitted,

*/s/ Joel McElvain*
Joel McElvain (Va. Bar No. 95215)
Pooja A. Boisture*
Jyoti Jasrasaria*
Aman George*
Ayesha Khan*
Robin F. Thurston*
Skye L. Perryman*
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
jmcelvain@democracyforward.org
pboisture@democracyforward.org
jjasrasaria@democracyforward.org
ageorge@democracyforward.org
akhan@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

*Counsel for Plaintiffs*

*admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of July, 2026, I served the foregoing document on all counsel of record via electronic mail.

*/s/ Jyoti Jasrasaria*
Jyoti Jasrasaria*
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
jjasrasaria@democracyforward.org

*Counsel for Plaintiffs*

*admitted *pro hac vice*

# EXHIBIT

# 7

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **Andrew Floyd**, et al.,<br>Plaintiffs,<br>*vs.*<br>**Department of Justice**, et al.,<br>Defendants. | **Case No. 26-cv-1399-LMB** |

**PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION**

Pursuant to Federal Rules of Civil Procedure 26 and 36 and Eastern District of Virginia Local Rule 26, Plaintiffs Andrew Floyd, Jonathan Caravello, City of New Haven, National Abortion Federation, and Common Cause, through their undersigned attorneys, hereby serve the following Requests for Admission ("RFAs") on Defendants the Department of Justice, Acting Attorney General Todd Blanche, Associate Attorney General Stanley Woodward Jr., the Department of the Treasury, Treasury Secretary Scott Bessent, and the Anti-Weaponization Fund.

Responses to these RFAs must be made within thirty (30) days of receipt in accordance with the timelines set forth in the Federal Rules of Civil Procedure. Please produce all discovery responses and documents to counsel of record by email or, as necessary, by mail to Democracy Forward Foundation, P.O. Box 34553, Washington, D.C. 20043. All responses to these Interrogatories should be made pursuant to the Definitions and Instructions below.

## DEFINITIONS

Except as specifically defined below, the terms used in these RFAs shall be construed and defined in accordance with the Federal Rules of Civil Procedure, wherever applicable. Any terms not defined shall be given their ordinary meaning.

1. "Agreement" means the entire "Settlement Agreement" in *Trump v. IRS*, Case No. 1:26-cv-20609 (S.D. Fla.), including any addenda or unwritten agreements. *See* ECF Nos. 1-2, 1-3.

2. "Fund" means the "Anti-Weaponization Fund" that DOJ announced as part of the agreement to settle *Trump v. IRS*. ECF No. 25-1 at 7-16.

3. "Blanche Order" means the May 18, 2026 order issued by Acting Attorney General Blanche. *See* ECF No. 1-4.

4. The use of the singular form of any word includes the plural and vice versa.

5. The use of a verb in any tense shall encompass all other tenses, wherever necessary, to bring within the scope of the discovery request matters that might otherwise be construed as outside the scope of the request.

6. The words "and" and "or" are intended to be construed conjunctively or disjunctively as necessary to make the Request inclusive rather than exclusive.

7. "Including" means "including, but not limited to."

## INSTRUCTIONS

1. You shall either admit or specifically deny the requested matter. If you qualify your answer or deny only a part of the requested matter, you shall specify which part is true and qualify or deny the remainder. If you deny in whole or in part any request, state the reason(s) for each denial. Fed. R. Civ. P. 36(a)(4).

2. If you cannot admit or specifically deny any RFA fully and completely after exercising due diligence to make inquiry and secure the information to do so, please so state and admit or specifically deny each such RFA to the fullest extent possible; specify the portion of each RFA that you claim to be unable to admit or specifically deny; and state the facts upon which you rely to support your contention that you are unable to admit or specifically deny the specified portion of the requested matter. Fed. R. Civ. P. 36(a)(4).

3. If you object to any portion of any RFA, you shall admit or specifically deny that portion of the RFA to which you have no objection, and you shall specify the portion of the request being objected to and the basis for the objection. Fed. R. Civ. P. 36(a)(5).

4. If, in responding to these RFAs, you encounter any ambiguity in construing any RFA, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding.

5. If an objection to an RFA is based upon a claim of privilege, or any other basis, please identify, in writing, each piece of information so withheld by providing the following information:

a. the possessor(s), author(s), addressee(s), present custodian(s), and date of such information;

b. all other persons who have seen or learned of all or part of any such information;

c. the method by which, and reason why, each such person obtained access to such information;

d. a summary of such information; and

e. the nature of the privilege asserted and any statutes, rules, or cases that you contend support the assertion of privilege.

6. These RFAs are continuing in character so as to require you to promptly amend or supplement your response if you discover or obtain further material information in accordance with Fed. R. Civ. P. 26(e).

## REQUESTS FOR ADMISSION

**RFA NO. 1:** Admit that the Blanche Order has not been withdrawn, rescinded, or modified.

**RESPONSE:**

**RFA NO. 2:** Admit that the Agreement has not been modified.

**RESPONSE:**

**RFA NO. 3:** Admit that Acting Attorney General Todd Blanche's testimony on May 19 was unsworn.

**RESPONSE:**

**RFA NO. 4:** Admit that there is no bar to claimants to the Fund being compensated or redressed by means other than the Fund.

**RESPONSE:**

**RFA NO. 5:** Admit that each document you have produced or will produce in response to Plaintiffs' requests for production of documents is kept in the course of regularly conducted business activity.

**RESPONSE:**

Dated: July 7, 2026

Respectfully submitted,

/s/ *Joel McElvain*
Joel McElvain (Va. Bar No. 95215)
Pooja A. Boisture*
Jyoti Jasrasaria*
Aman George*
Ayesha Khan*
Robin F. Thurston*
Skye L. Perryman*
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
jmcelvain@democracyforward.org
pboisture@democracyforward.org
jjasrasaria@democracyforward.org
ageorge@democracyforward.org
akhan@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

*Counsel for Plaintiffs*

*admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of July, 2026, I served the foregoing document on all counsel of record via electronic mail.

*/s/ Jyoti Jasrasaria*
Jyoti Jasrasaria*
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
jjasrasaria@democracyforward.org

*Counsel for Plaintiffs*

*admitted *pro hac vice*

# EXHIBIT

# 8

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

**Andrew Floyd**, et al.,

Plaintiffs,

*vs.*

**Department of Justice**, et al.,

Defendants.

**Case No. 26-cv-1399-LMB**

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 26 and 34 and Eastern District of Virginia Local Rule 26, Plaintiffs Andrew Floyd, Jonathan Caravello, City of New Haven, National Abortion Federation, and Common Cause, through their undersigned attorneys, hereby serve the following Requests for Production of Documents ("RFPs") on Defendants the Department of Justice, Acting Attorney General Todd Blanche, Associate Attorney General Stanley Woodward Jr., the Department of the Treasury, Treasury Secretary Scott Bessent, and the Anti-Weaponization Fund.

Responses to these RFPs must be made within thirty (30) days of receipt in accordance with the timelines set forth in the Federal Rules of Civil Procedure. Please produce all discovery responses and documents to counsel of record by email or, as necessary, by mail to Democracy Forward Foundation, P.O. Box 34553, Washington, D.C. 20043. All responses to these RFPs should be made pursuant to the Definitions and Instructions below.

**DEFINITIONS**

Except as specifically defined below, the terms used in these RFPs shall be construed and defined in accordance with the Federal Rules of Civil Procedure, wherever applicable. Any terms not defined shall be given their ordinary meaning.

1. "Agreement" means the entire "Settlement Agreement" in *Trump v. IRS*, Case No. 1:26-cv-20609 (S.D. Fla.), including any addenda or unwritten agreements. *See* ECF Nos. 1-2, 1-3.

2. "Fund" means the "Anti-Weaponization Fund" that DOJ announced as part of the agreement to settle *Trump v. IRS*. *See* ECF No. 1-2

3. "Blanche Order" means the May 18, 2026 order issued by Acting Attorney General Blanche. *See* ECF No. 1-4.

4. The term "identify," when used in connection with the term "individual" or "individuals," means to state, to the extent known, the person's full name; present or last known address; e-mail address; and telephone number. When "identify" is used in connection with an entity rather than a natural person, it means to state, to the extent known, identifying information for the entity and the natural persons acting as contacts for the entity in connection with the subject matter covered by the relevant request.

5. When referring to documents, "identify" means to state, to the extent known, the type, date, author, title, and, if applicable, addressee(s) and/or recipient(s) of the document.

6. The term "communication" means a transmittal of information in the form of facts, ideas, inquiries, or otherwise.

7. The term "document" means any document or electronically stored information as described in Federal Rule of Civil Procedure 34(a), including but not limited to emails, email attachments, complete email chains, calendar invitations, calendar invitation attachments, text

messages, messages—including ephemeral messages—sent on messaging platforms (including but not limited to Slack, Microsoft Teams, WhatsApp, Signal, or GChat), records, reports, memoranda, written agreements, and system tickets, logs, records, reports, or output. A draft or a nonidentical copy, including any copy bearing any notation or mark not found on the original, is a separate document within the meaning of this term.

8. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

9. The use of the singular form of any word includes the plural and vice versa.

10. The use of a verb in any tense shall encompass all other tenses, wherever necessary, to bring within the scope of the discovery request matters that might otherwise be construed as outside the scope of the request.

11. The words "and" and "or" are intended to be construed conjunctively or disjunctively as necessary to make the Request inclusive rather than exclusive.

12. "Including" means "including, but not limited to."

## INSTRUCTIONS

1. Defendants' written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested unless the request is refused, in which event the reasons for refusal shall be stated. If the refusal relates to part of an item or category, the part shall be specified.

2. Absent your concurrent and written objection, your production of a document in response to written discovery authenticates the document for use against you in any pretrial proceeding or at trial.

3. Where documents or things in the possession, custody, or control of any individual, agency, office, firm, corporation, or partnership are requested, such request also pertains to documents in the possession, custody, or control of employees, agents, guardians, partners, representatives, and attorneys of such individuals, agencies, offices, firms, corporations, or partnerships.

4. If, in responding to these Requests, you encounter any ambiguity in construing any request, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding.

5. If an objection to a request is based upon a claim of privilege, or any other basis, please identify, contemporaneously with producing responses to these Requests, or as otherwise agreed upon by the parties, in writing each document so withheld by providing the following information:

a. the date or approximate date of the document;

b. the type of document (e.g., letter, memorandum);

c. a description of the subject matter of the document;

d. each and every person who prepared, signed, or participated in the preparation of the document or any copy thereof;

e. each and every person who received the document or any copy thereof;

f. the present custodian(s) of each document;

g. a list of attachments or enclosures to the documents; and

h. the nature of the privilege asserted and any statutes, rules, or cases that you contend support the assertion of privilege.

6. Identify and produce all segregable portions of any responsive document to which a claim of privilege, attorney work product, or other basis for withholding the document does not apply.

7. These Requests for Production of Documents are continuing in character so as to require you to promptly amend or supplement your response if you discover or obtain further materials in accordance with Fed. R. Civ. P. 26(e).

8. If any document requested herein has been lost, discarded, or destroyed, please furnish a list identifying each such document as completely as possible including, without limitation, the following information: its author and addressee, each person to whom copies of the document were furnished or to whom the contents thereof were communicated, a comprehensive summary of the substance of the document, the date (or approximate date) of its disposal, the manner of its disposal, the reason for its disposal, the person authorizing its disposal, and the person disposing of the document.

**DEFENDANT'S GENERAL RESERVATIONS**

Defendants give their objections to each Request for Production with specificity below. The Defendants also express the following reservations:

1. The Defendants' objections to each Request are based on information known to the United States Department of Justice at this time. The Defendants will supplement in accordance with the Court's orders and Rule 26(e). Consistent with the Federal Rules, the Defendants therefore reserve the option to assert additional objections as new information arises.

2. The Defendants base their objections on their best understanding of what the Request is seeking. The Defendants reserve the option to make additional objections and amend responses if the their understanding conflicts with Plaintiffs' interpretation.

3. The Defendants' objections and responses are given in accordance with the requirements of the Federal Rules and Court orders, and not in accordance with Plaintiffs' instructions that conflict with and expand the requirements of those Rules and orders.

4. In responding to these Requests, the United States does not concede the relevancy, materiality, competency, or admissibility of any evidence or information requested by Plaintiffs. The Defendants reserve the option to object on any ground as to the use of its responses in any trial or proceeding.

5. Defendants object to these requests as disproportionate because they are premature in light of the fact that Plaintiffs have brought this action under the Administrative Procedure Act and an Administrative Record will be forthcoming. *See* ECF No. 113 at ¶ 4.

6. Because the Administrative Record is not yet fully compiled or reviewed, and because document collection and review has not yet been completed, Defendants do not yet know the full scope of each and every objection that they may ultimately make to each individualized request below and expressly reserve the right to add any objections which may become known to them at a later time.

## REQUESTS FOR PRODUCTION

**RFP NO. 1:** Any and all documents and/or communications—including between the government and the plaintiffs in the *Trump v. IRS* case—concerning the conception, creation, operation, status, or plans for the Anti-Weaponization Fund, including about the eligibility criteria for awards from the Fund.

**OBJECTIONS:**

This RFP is vague, overbroad, ambiguous, and disproportionate to the needs of the case. The RFP purports to seek "Any and all documents and/or communications"—without any limitation—from

the fourth and fifth largest departments, respectively, in the Federal government, by workforce size, comprising of some 190,000 total employees. *See* OPM Federal Workforce Data, available at https://data.opm.gov/explore-data/analytics/workforce-size-and-composition (accessed July 24, 2026). The definition of "concerning" is similarly overbroad so as to make responsiveness determinations subjective rather than applying an objective standard. Such a broad request is not proportional to the needs of this case, particularly where, as here, an Administrative Record is forthcoming. The RFP is ambiguous as it is written in the passive voice and does not reasonably describe the documents it purports to seek. By asking for documents and communications "concerning the conception, creation" or "plans" of the Fund, this RFP appears to expressly seek and call for only or predominantly privileged information in violation of Fed. R. Civ. P. 26(b)(1), including, but not limited to, deliberative process privilege, attorney-client privilege, attorney work product, law enforcement sensitive, and law enforcement privilege. To the extent that the RFP seeks communications or documents precipitating a final document that Plaintiffs have already introduced to the record—Settlement Agreement (ECF No. 1-2)—the RFP is not propounded in a way that seeks nonprivileged information relevant to a claim or defense in this case. The RFP further appears to seek communications or documents relating to an entirely different civil matter in a different court in a different district. To that point, this Court has already stated "that issue … it's before another judge in another district … and that's beyond the scope of what this Court, I think, has before it." The RFP, thus casts a broad net over two executive agencies in an apparent attempt to collaterally seek information regarding an entirely different civil case, instead of seeking facts related to the current civil action (it filed) in this Court. The RFP is further disproportionate in that Plaintiffs have already introduced to the record the document they allege to be legally controlling. Accordingly, any other communications or prior versions of that document have no

bearing on any of Plaintiffs' claims or Defendants' defenses. Defendants incorporate General Reservations 1, 2, 3, 4, 5, and 6 as if they were restated here.

**RFP NO. 2:** Any and all documents and/or communications—including between the government and the plaintiffs in the *Trump v. IRS* case—concerning the Agreement or any of its provisions, including about the Agreement's conception, creation, consummation, modifications, and status.

**OBJECTION:**

This RFP is vague, overbroad, ambiguous, and disproportionate to the needs of the case. The RFP purports to seek "Any and all documents and/or communications"—without any limitation—from the fourth and fifth largest departments, respectively, in the Federal government, by workforce size, comprising of some 190,000 total employees. *See* OPM Federal Workforce Data, available at https://data.opm.gov/explore-data/analytics/workforce-size-and-composition (accessed July 24, 2026). The definition of "concerning" is similarly overbroad so as to make responsiveness determinations subjective rather than applying an objective standard. Such a broad request is not proportional to the needs of this case, particularly where, as here, an Administrative Record is forthcoming. The RFP is ambiguous as it is written in the passive voice and does not reasonably describe the documents it purports to seek. By asking for documents and communications "concerning the conception [or] creation" of the Fund, this RFP appears to expressly seek and call for only (or predominantly) privileged information in violation of Fed. R. Civ. P. 26(b)(1), including, but not limited to, deliberative process privilege, attorney-client privilege, attorney work product, law enforcement sensitive, and law enforcement privilege. To the extent that the RFP seeks communications or documents precipitating a final document that Plaintiffs have already introduced to the record—Settlement Agreement (ECF No. 1-2)—the RFP is not propounded in a

way that seeks nonprivileged information relevant to a claim or defense in this case. The RFP further appears to seek communications or documents relating to an entirely different civil matter in a different court in a different district. To that point, this Court has already stated "that issue … it's before another judge in another district … and that's beyond the scope of what this Court, I think, has before it." The RFP, thus casts a broad net over two executive agencies in an apparent attempt to collaterally seek information regarding an entirely different civil case, instead of seeking facts related to the current civil action (it filed) in this Court. The RFP is further disproportionate in that Plaintiffs have already introduced to the record the document they allege to be legally controlling. Accordingly, any other communications or prior versions of that document have no bearing on any of Plaintiffs' claims or Defendants' defenses. Defendants incorporate General Reservations 1, 2, 3, 4, 5, and 6 as if they were restated here.

**RFP NO. 3:** Any and all documents and/or communications concerning the Blanche Order, including its current status.

**OBJECTION:**

This RFP is vague, overbroad, ambiguous, and disproportionate to the needs of the case. The RFP purports to seek "Any and all documents and/or communications"—without any limitation—from the fourth and fifth largest departments, respectively, in the Federal government, by workforce size, comprising of some 190,000 total employees. *See* OPM Federal Workforce Data, available at https://data.opm.gov/explore-data/analytics/workforce-size-and-composition (accessed July 24, 2026). The definition of "concerning" is similarly overbroad so as to make responsiveness determinations subjective rather than applying an objective standard. Such a broad request is not proportional to the needs of this case, particularly where, as here, an Administrative Record is

forthcoming. The RFP is ambiguous as it is written in the passive voice and does not reasonably describe the documents it purports to seek. The RFP does not limit itself to seeking non-privileged information, in violation of Fed. R. Civ. P. 26(b)(1), and because the Plaintiffs have already introduced the Blanche Order into the record (ECF No. 1-4), it could be read to seek only or predominantly privileged material including, but not limited to, deliberative process privilege, attorney-client privilege, attorney work product, law enforcement sensitive, and law enforcement privilege. To the extent that the RFP seeks communications or documents precipitating a final document that Plaintiffs have already introduced to the record, the RFP is not propounded in a way that seeks nonprivileged information relevant to a claim or defense in this case. The RFP is further disproportionate in that Plaintiffs have already introduced to the record the document they allege to be legally operative. Accordingly, any other communications or prior versions of that document have no bearing on any of Plaintiffs' claims or Defendants' defenses. Defendants incorporate General Reservations 1, 2, 3, 4, 5, and 6 as if they were restated here.

**RFP NO. 4:** Any and all documents and/or communications concerning any claims that have been received, retained, considered, or otherwise processed by the Fund, including about providing redress to claimants from sources other than the Fund.

**OBJECTION:**

This RFP is vague, overbroad, ambiguous, and disproportionate to the needs of the case. It is entirely unclear what the last clause, "including about providing redress to claimants from sources other than the Fund" refers to or means. Similarly, "claims" is undefined. The RFP purports to seek "Any and all documents and/or communications"—without any limitation—from the fourth and fifth largest departments, respectively, in the Federal government, by workforce size,

comprising of some 190,000 total employees. *See* OPM Federal Workforce Data, available at https://data.opm.gov/explore-data/analytics/workforce-size-and-composition (accessed July 24, 2026). The definition of "concerning" is similarly overbroad so as to make responsiveness determinations subjective rather than applying an objective standard. Such a broad request is not proportional to the needs of this case, particularly where, as here, an Administrative Record is forthcoming. The RFP is ambiguous as it is written in the passive voice and does not reasonably describe the documents it purports to seek or the custodians who have "received retained, considered, or otherwise processed" such documents. The RFP does not limit itself to seeking non-privileged information, in violation of Fed. R. Civ. P. 26(b)(1) and thus Defendants object to any reading of the RFP that seeks only or predominately privileged material including, but not limited to, deliberative process privilege, attorney-client privilege, attorney work product, law enforcement sensitive, and law enforcement privilege. Defendants incorporate General Reservations 1, 2, 3, 4, 5, and 6 as if they were restated here.

**RFP NO. 5:** Any and all bank records, transaction receipts, or other documents that show funds being transferred into or withdrawn from the Fund.

**OBJECTION:** Defendants incorporate General Reservations 1, 2, 3, 4, 5, and 6 as if they were restated here.

**RFP NO. 6:** Any and all documents and/or communications revealing a lawful authority to create the Fund.

**OBJECTION:**

This RFP is vague, overbroad, ambiguous, and disproportionate to the needs of the case. The RFP purports to seek "Any and all documents and/or communications"—without any limitation—from the fourth and fifth largest departments, respectively, in the Federal government, by workforce size, comprising of some 190,000 total employees. *See* OPM Federal Workforce Data, available at https://data.opm.gov/explore-data/analytics/workforce-size-and-composition (accessed July 24, 2026). The RFP is vague because it is unclear what a "document … revealing" is. The RFP is ambiguous as it is written in the passive voice and does not reasonably describe the documents it purports to seek. The RFP does not limit itself to seeking non-privileged information, in violation of Fed. R. Civ. P. 26(b)(1) and thus Defendants object to any reading of the RFP that seeks only or predominantly privileged material including, but not limited to, deliberative process privilege, attorney-client privilege, attorney work product, law enforcement sensitive, and law enforcement privilege. To the extent that the RFP seeks any Department attorney's mental impressions, legal advice, legal opinion, or advice to any defendant, Defendants object. Defendants incorporate General Reservations 1, 2, 3, 4, 5, and 6 as if they were restated here

**RFP NO. 7:** Any and all documents identified in response to Interrogatory No. 5.

**OBJECTION:** All Objection to Interrogatory 5 are incorporated as if stated here. This RFP is vague, overbroad, ambiguous, and disproportionate to the needs of the case. The RFP purports to seek "Any and all documents and/or communications"—without any limitation—from the fourth and fifth largest departments, respectively, in the Federal government, by workforce size, comprising of some 190,000 total employees. *See* OPM Federal Workforce Data, available at https://data.opm.gov/explore-data/analytics/workforce-size-and-composition (accessed July 24, 2026). The definition of "concerning" is similarly overbroad so as to make responsiveness

determinations subjective rather than applying an objective standard. Such a broad request is not proportional to the needs of this case, particularly where, as here, an Administrative Record is forthcoming. The RFP is ambiguous as it is written in the passive voice and does not reasonably describe the documents it purports to seek. By asking for documents and communications "concerning the conception, creation" or "plans" of the Fund, this RFP appears to expressly seek and call for only or predominantly privileged information in violation of Fed. R. Civ. P. 26(b)(1), including, but not limited to, deliberative process privilege, attorney-client privilege, attorney work product, law enforcement sensitive, and law enforcement privilege. To the extent that the RFP seeks communications or documents precipitating a final document that Plaintiffs have already introduced to the record—Settlement Agreement (ECF No. 1-2)—the RFP is not propounded in a way that seeks nonprivileged information relevant to a claim or defense in this case. The RFP further appears to seek communications or documents relating to an entirely different civil matter in a different court in a different district. To that point, this Court has already stated "that issue … it's before another judge in another district … and that's beyond the scope of what this Court, I think, has before it." The RFP, thus casts a broad net over two executive agencies in an apparent attempt to collaterally seek information regarding an entirely different civil case, instead of seeking facts related to the current civil action (it filed) in this Court. The RFP is further disproportionate in that Plaintiffs have already introduced to the record the document they allege to be legally controlling. Accordingly, any other communications or prior versions of that document have no bearing on any of Plaintiffs' claims or Defendants' defenses. Defendants incorporate General Reservations 1, 2, 3, 4, 5, and 6 as if they were restated here.

Dated: July 24, 2026

Respectfully submitted,

*/s/ Andrew J. Block*

ANDREW J. BLOCK
*Senior Counsel to the Associate Attorney General*
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of July, 2026, I served the foregoing document on all counsel of record via electronic mail.

/s/ *Andrew J. Block*
Andrew Block

# EXHIBIT

# 9

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **Andrew Floyd**, et al.,<br>Plaintiffs,<br>*vs.*<br>**Department of Justice**, et al.,<br>Defendants. | **Case No. 26-cv-1399-LMB** |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33 and Eastern District of Virginia Local Rule 26, Plaintiffs Andrew Floyd, Jonathan Caravello, City of New Haven, National Abortion Federation, and Common Cause, through their undersigned attorneys, hereby serve the following Interrogatories on Defendants the Department of Justice, Acting Attorney General Todd Blanche, Associate Attorney General Stanley Woodward Jr., the Department of the Treasury, Treasury Secretary Scott Bessent, and the Anti-Weaponization Fund.

Responses to these Interrogatories must be made within thirty (30) days of receipt in accordance with the timelines set forth in the Federal Rules of Civil Procedure. Please produce all discovery responses and documents to counsel of record by email or, as necessary, by mail to Democracy Forward Foundation, P.O. Box 34553, Washington, D.C. 20043. All responses to these Interrogatories should be made pursuant to the Definitions and Instructions below.

## DEFINITIONS

Except as specifically defined below, the terms used in these Interrogatories shall be construed and defined in accordance with the Federal Rules of Civil Procedure, wherever applicable. Any terms not defined shall be given their ordinary meaning.

1. "Agreement" means the entire "Settlement Agreement" in *Trump v. IRS*, Case No. 1:26-cv-20609 (S.D. Fla.), including any addenda or unwritten agreements. *See* ECF Nos. 1-2,1-3.

2. "Fund" means the "Anti-Weaponization Fund" that DOJ announced as part of the agreement to settle *Trump v. IRS*. *See* ECF No. 1-2.

3. "Blanche Order" means the May 18, 2026 order issued by Acting Attorney General Blanche. *See* ECF No. 1-4.

4. The term "identify," when used in connection with the term "individual" or "individuals," means to state, to the extent known, the person's full name; present or last known address; e-mail address; and telephone number. When "identify" is used in connection with an entity rather than a natural person, it means to state, to the extent known, identifying information for the entity and the natural persons acting as contacts for the entity in connection with the subject matter covered by the relevant request.

5. When referring to documents, "identify" means to state, to the extent known, the type, date, author, title, and, if applicable, addressee(s) and/or recipient(s) of the document.

6. The term "communication" means a transmittal of information in the form of facts, ideas, inquiries, or otherwise.

7. The term "document" means any document or electronically stored information as described in Federal Rule of Civil Procedure 34(a), including but not limited to emails, email attachments, complete email chains, calendar invitations, calendar invitation attachments, text

messages, messages sent on messaging platforms (including but not limited to Slack, Microsoft Teams, WhatsApp, Signal, or GChat), records, reports, memoranda, written agreements, and system tickets, logs, records, reports, or output. A draft or a nonidentical copy, including any copy bearing any notation or mark not found on the original, is a separate document within the meaning of this term.

8. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

9. The use of the singular form of any word includes the plural and vice versa.

10. The use of a verb in any tense shall encompass all other tenses, wherever necessary, to bring within the scope of the discovery request matters that might otherwise be construed as outside the scope of the request.

11. The words "and" and "or" are intended to be construed conjunctively or disjunctively as necessary to make the Request inclusive rather than exclusive.

12. "Including" means "including, but not limited to."

**INSTRUCTIONS**

1. In answering these Interrogatories, you should furnish such information as is known to you regardless of whether this information is obtained by you, known by you, or known to or obtained by any of your attorneys, or other agents or representatives. In answering each Interrogatory set forth herein, furnish all information that is available to Defendants. If you are unable to answer any Interrogatory in full, please explain why you are unable to answer it, state the nature of the information and knowledge you cannot furnish, and answer it to the fullest extent possible. If your answers are qualified in any manner, state the nature of the qualification.

2. If, in responding to these Interrogatories, you encounter any ambiguity in construing any Interrogatory, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding.

3. If an objection to an Interrogatory is based upon a claim of privilege, or any other basis, please identify, in writing, each piece of information so withheld by providing the following information:

a. the possessor(s), author(s), addressee(s), present custodian(s), and date of such information;

b. all other persons who have seen or learned of all or part of any such information;

c. the method by which, and reason why, each such person obtained access to such information;

d. a summary of such information; and

e. the nature of the privilege asserted and any statutes, rules, or cases that you contend support the assertion of privilege.

4. These Interrogatories are continuing in character so as to require you to promptly amend or supplement your response if you discover or obtain further material information in accordance with Fed. R. Civ. P. 26(e).

**DEFENDANT'S GENERAL RESERVATIONS**

Defendants give their objections to each Interrogatory with specificity below. The Defendants also express the following reservations:

1. The Defendants' objections to each Request are based on information known to the United States Department of Justice at this time. The Defendants will supplement in accordance

with the Court's orders and Rule 26(e). Consistent with the Federal Rules, the Defendants therefore reserve the option to assert additional objections as new information arises.

2. The Defendants base their objections on their best understanding of what the Interrogatory is seeking. The Defendants reserve the option to make additional objections and amend responses if the their understanding conflicts with Plaintiffs' interpretation.

3. The Defendants' objections and responses are given in accordance with the requirements of the Federal Rules and Court orders, and not in accordance with Plaintiffs' instructions that conflict with and expand the requirements of those Rules and orders.

4. In responding to these Interrogatories, the United States does not concede the relevancy, materiality, competency, or admissibility of any evidence or information requested by Plaintiffs. The Defendants reserve the option to object on any ground as to the use of its responses in any trial or proceeding.

5. Defendants object to these requests as disproportionate because they are premature in light of the fact that Plaintiffs have brought this action under the Administrative Procedure Act and an Administrative Record will be forthcoming. *See* ECF No. 113 at ¶ 4.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Detail—with reference to the relevant date(s) and/or time(s)—any and all actions Defendants took to conceive of, create, or operate the Fund.

**OBJECTION:** This Interrogatory expressly seeks only privileged information in violation of Fed. R. Civ. P. 26(b)(1) and the Joint Discovery Plan. The Interrogatory is overbroad and disproportionate to the needs of the case. By asking for a description of how defendants conceived of the Fund, it is asking solely for the mental impressions and deliberative process that went into

a decision. The Interrogatory appears to expressly seek only privileged information in violation of Fed. R. Civ. P. 26(b)(1), including, but not limited to, deliberative process privilege, attorney-client privilege, attorney work product, law enforcement sensitive, and law enforcement privilege. To the extent that the Interrogatory seeks predecisional information, mental impressions, legal opinions or advice, or work product precipitating a final document that Plaintiffs have already introduced to the record—Settlement Agreement (ECF No. 1-2)—the Interrogatory is not propounded in a way that seeks nonprivileged information relevant to a claim or defense in this case. The Interrogatory further appears to seek information relating to an entirely different civil matter in a different court in a different district. To that point, this Court has already stated "that issue … it's before another judge in another district … and that's beyond the scope of what this Court, I think, has before it." The RFP is further disproportionate in that Plaintiffs have already introduced to the record the document they allege to be legally operative and controlling. Defendants incorporate General Reservations 1, 2, 3, 4, and 5 as if they were restated here.

**INTERROGATORY NO. 2:** Detail—with reference to the relevant date(s) and/or time(s) of day—any and all actions taken by Defendants to withdraw, rescind, or modify the Fund.

**OBJECTION:** To the extent this Interrogatory calls for internal, deliberative descriptions, it does so in violation of Fed. R. Civ. P. 26(b)(1) and the Joint Discovery Plan. The Interrogatory is overbroad and disproportionate to the needs of the case. The Interrogatory appears to expressly seek only privileged information in violation of Fed. R. Civ. P. 26(b)(1), including, but not limited to, deliberative process privilege, attorney-client privilege, attorney work product, law enforcement sensitive, and law enforcement privilege. Defendants incorporate General Reservations 1, 2, 3, 4, and 5 as if they were restated here

**INTERROGATORY NO. 3:** Identify any and all individuals involved in the conception, creation, or operation of the Fund, including individuals involved in the Blanche Order, and their respective roles.

**OBJECTION:** This Interrogatory expressly seeks only privileged information in violation of Fed. R. Civ. P. 26(b)(1) and the Joint Discovery Plan. The Interrogatory is vague, overbroad, and disproportionate to the needs of the case. By asking for a description of how defendants conceived of or created the Fund, it is asking solely for the mental impressions and deliberative process that went into a decision. It also appears to directly ask for the mental impressions, ideas, legal advice, and opinions of attorneys at the Department of Justice. In so doing the Interrogatory violates Fed. R. Civ. P. 26(b)(1), by asking for privileged information including, but not limited to, deliberative process privilege, attorney-client privilege, attorney work product, law enforcement sensitive, and law enforcement privilege. Defendants incorporate General Reservations 1, 2, 3, 4, and 5 as if they were restated here.

**INTERROGATORY NO. 4:** Identify any and all individuals involved in the conception, creation, consummation, or modification of the Agreement, and their respective roles.

**OBJECTION:** This Interrogatory appears to request only privileged information in violation of Fed. R. Civ. P. 26(b)(1) and the Joint Discovery Plan. By asking for a description of how defendants conceived of or created the Fund, it is asking solely for the mental impressions and deliberative process that went into a decision. It also appears to directly ask for the mental

impressions, ideas, legal advice, and opinions of attorneys at the Department of Justice. In so doing the Interrogatory violates Fed. R. Civ. P. 26(b)(1), by asking for privileged information including, but not limited to, deliberative process privilege, attorney-client privilege, attorney work product, law enforcement sensitive, and law enforcement privilege. Defendants incorporate General Reservations 1, 2, 3, 4, and 5 as if they were restated here.

**INTERROGATORY NO. 5:** Identify any and all communications between the government and the plaintiffs in the *Trump v. IRS* case that created, modified, or abandoned the Agreement.

**OBJECTION:** This Interrogatory expressly seeks only privileged information in violation of Fed. R. Civ. P. 26(b)(1) and the Joint Discovery Plan. The Interrogatory is overbroad and disproportionate to the needs of the case. By asking for a description of how defendants created a document, it is asking solely for the mental impressions and deliberative process that went into a decision. The Interrogatory appears to expressly seek only privileged information in violation of Fed. R. Civ. P. 26(b)(1), including, but not limited to, deliberative process privilege, attorney-client privilege, attorney work product, law enforcement sensitive, and law enforcement privilege. To the extent that the Interrogatory seeks predecisional information, mental impressions, legal opinions or advice, or work product precipitating a final document that Plaintiffs have already introduced to the record—Settlement Agreement (ECF No. 1-2)—the Interrogatory is not propounded in a way that seeks nonprivileged information relevant to a claim or defense in this case. The Interrogatory further appears to seek information relating to an entirely different civil matter in a different court in a different district. To that point, this Court has already stated "that issue … it's before another judge in another district … and that's beyond the scope of what this

Court, I think, has before it." The RFP is further disproportionate in that Plaintiffs have already introduced to the record the document they allege to be legally operative and controlling. Defendants incorporate General Reservations 1, 2, 3, 4, and 5 as if they were restated here

**INTERROGATORY NO. 6:** Identify any and all decisions or plans to provide redress to claimants to the Fund from sources other than the Fund.

**OBJECTION:** This Interrogatory is unclear and Defendants do not understand the question being posed. Defendants incorporate General Reservations 1, 2, 3, 4, and 5 as if they were restated here. To the extent that this calls for pre-decisional plans, the Interrogatory expressly seeks only privileged information in violation of Fed. R. Civ. P. 26(b)(1) and the Joint Discovery Plan.

Dated: July 24, 2026

Respectfully submitted,

*/s/ Andrew J. Block*

ANDREW J. BLOCK
*Senior Counsel to the Associate Attorney General*
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of July, 2026, I served the foregoing document on all counsel of record via electronic mail.

/s/ *Andrew J. Block*
Andrew Block

# EXHIBIT 10

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **Andrew Floyd**, et al.,<br>Plaintiffs,<br>*vs.*<br>**Department of Justice**, et al.,<br>Defendants. | **Case No. 26-cv-1399-LMB** |

**PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION**

Pursuant to Federal Rules of Civil Procedure 26 and 36 and Eastern District of Virginia Local Rule 26, Plaintiffs Andrew Floyd, Jonathan Caravello, City of New Haven, National Abortion Federation, and Common Cause, through their undersigned attorneys, hereby serve the following Requests for Admission ("RFAs") on Defendants the Department of Justice, Acting Attorney General Todd Blanche, Associate Attorney General Stanley Woodward Jr., the Department of the Treasury, Treasury Secretary Scott Bessent, and the Anti-Weaponization Fund.

Responses to these RFAs must be made within thirty (30) days of receipt in accordance with the timelines set forth in the Federal Rules of Civil Procedure. Please produce all discovery responses and documents to counsel of record by email or, as necessary, by mail to Democracy Forward Foundation, P.O. Box 34553, Washington, D.C. 20043. All responses to these Interrogatories should be made pursuant to the Definitions and Instructions below.

## DEFINITIONS

Except as specifically defined below, the terms used in these RFAs shall be construed and defined in accordance with the Federal Rules of Civil Procedure, wherever applicable. Any terms not defined shall be given their ordinary meaning.

1. "Agreement" means the entire "Settlement Agreement" in *Trump v. IRS*, Case No. 1:26-cv-20609 (S.D. Fla.), including any addenda or unwritten agreements. *See* ECF Nos. 1-2, 1-3.

2. "Fund" means the "Anti-Weaponization Fund" that DOJ announced as part of the agreement to settle *Trump v. IRS*. ECF No. 25-1 at 7-16.

3. "Blanche Order" means the May 18, 2026 order issued by Acting Attorney General Blanche. *See* ECF No. 1-4.

4. The use of the singular form of any word includes the plural and vice versa.

5. The use of a verb in any tense shall encompass all other tenses, wherever necessary, to bring within the scope of the discovery request matters that might otherwise be construed as outside the scope of the request.

6. The words "and" and "or" are intended to be construed conjunctively or disjunctively as necessary to make the Request inclusive rather than exclusive.

7. "Including" means "including, but not limited to."

## INSTRUCTIONS

1. You shall either admit or specifically deny the requested matter. If you qualify your answer or deny only a part of the requested matter, you shall specify which part is true and qualify or deny the remainder. If you deny in whole or in part any request, state the reason(s) for each denial. Fed. R. Civ. P. 36(a)(4).

2. If you cannot admit or specifically deny any RFA fully and completely after exercising due diligence to make inquiry and secure the information to do so, please so state and admit or specifically deny each such RFA to the fullest extent possible; specify the portion of each RFA that you claim to be unable to admit or specifically deny; and state the facts upon which you rely to support your contention that you are unable to admit or specifically deny the specified portion of the requested matter. Fed. R. Civ. P. 36(a)(4).

3. If you object to any portion of any RFA, you shall admit or specifically deny that portion of the RFA to which you have no objection, and you shall specify the portion of the request being objected to and the basis for the objection. Fed. R. Civ. P. 36(a)(5).

4. If, in responding to these RFAs, you encounter any ambiguity in construing any RFA, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding.

5. If an objection to an RFA is based upon a claim of privilege, or any other basis, please identify, in writing, each piece of information so withheld by providing the following information:

a. the possessor(s), author(s), addressee(s), present custodian(s), and date of such information;

b. all other persons who have seen or learned of all or part of any such information;

c. the method by which, and reason why, each such person obtained access to such information;

d. a summary of such information; and

e. the nature of the privilege asserted and any statutes, rules, or cases that you contend support the assertion of privilege.

6. These RFAs are continuing in character so as to require you to promptly amend or supplement your response if you discover or obtain further material information in accordance with Fed. R. Civ. P. 26(e).

**DEFENDANT'S GENERAL RESERVATIONS**

Defendants give their objections to each Request for Admission with specificity below. The Defendants also express the following reservations:

1. The Defendants' objections to each Request are based on information known to the United States Department of Justice at this time. The Defendants will supplement in accordance with the Court's orders and Rule 26(e). Consistent with the Federal Rules, the Defendants therefore reserve the option to assert additional objections as new information arises.

2. The Defendants base their objections on their best understanding of what the Request is asking. The Defendants reserve the option to make additional objections and amend responses if the their understanding conflicts with Plaintiffs' interpretation.

3. The Defendants' objections and responses are given in accordance with the requirements of the Federal Rules and Court orders, and not in accordance with Plaintiffs' instructions that conflict with and expand the requirements of those Rules and orders.

4. In responding to these Requests, the United States does not concede the relevancy, materiality, competency, or admissibility of any evidence or information requested by Plaintiffs. The Defendants reserve the option to object on any ground as to the use of its responses in any trial or proceeding.

5. Defendants object to these requests as disproportionate because they are premature in light of the fact that Plaintiffs have brought this action under the Administrative Procedure Act and an Administrative Record will be forthcoming. *See* ECF No. 113 at ¶ 4.

6. Because the Administrative Record is not yet fully compiled or reviewed, and because document collection and review has not yet been completed, Defendants do not yet know the full scope of each and every objection that they may ultimately make to each individualized request below and expressly reserve the right to add any objections which may become known to them at a later time.

## REQUESTS FOR ADMISSION

**RFA NO. 1:** Admit that the Blanche Order has not been withdrawn, rescinded, or modified.

**OBJECTION:** Defendants incorporate General Reservations 1, 2, 3, 4, 5, and 6 as if they were restated here.

**RFA NO. 2:** Admit that the Agreement has not been modified.

**OBJECTION:** Defendants incorporate General Reservations 1, 2, 3, 4, 5, and 6 as if they were restated here.

**RFA NO. 3:** Admit that Acting Attorney General Todd Blanche's testimony on May 19 was unsworn.

**OBJECTION:** Defendants incorporate General Reservations 1, 2, 3, 4, 5, and 6 as if they were restated here.

**RFA NO. 4:** Admit that there is no bar to claimants to the Fund being compensated or redressed by means other than the Fund.

**OBJECTION:** This RFA is unclear and Defendants do not understand the question being posed. Defendants incorporate General Reservations 1, 2, 3, 4, 5, and 6 as if they were restated here.

**RFA NO. 5:** Admit that each document you have produced or will produce in response to Plaintiffs' requests for production of documents is kept in the course of regularly conducted business activity.

**OBJECTION:** This RFA requires the Defendant to speculate. Defendants incorporate General Reservations 1, 2, 3, 4, 5, and 6 as if they were restated here.

Dated: July 24, 2026

Respectfully submitted,

*/s/ Andrew J. Block*

ANDREW J. BLOCK
*Senior Counsel to the Associate Attorney General*
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of July, 2026, I served the foregoing document on all counsel of record via electronic mail.

/s/ *Andrew J. Block*
Andrew Block

# EXHIBIT 11

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **Andrew Floyd**, et al.,<br><br>Plaintiffs,<br><br>*vs.*<br><br>**Department of Justice**, et al.,<br><br>Defendants. | **Case No. 26-cv-1399-LMB** |

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 26 and 34 and Eastern District of Virginia Local Rule 26, Plaintiffs Andrew Floyd, Jonathan Caravello, City of New Haven, National Abortion Federation, and Common Cause, through their undersigned attorneys, hereby serve the following Requests for Production of Documents ("RFPs") on Defendants the Department of Justice, Acting Attorney General Todd Blanche, Associate Attorney General Stanley Woodward Jr., the Department of the Treasury, Treasury Secretary Scott Bessent, and the Anti-Weaponization Fund.

Responses to these RFPs must be made within thirty (30) days of receipt in accordance with the timelines set forth in the Federal Rules of Civil Procedure. Please produce all discovery responses and documents to counsel of record by email or, as necessary, by mail to Democracy Forward Foundation, P.O. Box 34553, Washington, D.C. 20043. All responses to these RFPs should be made pursuant to the Definitions and Instructions below.

## DEFINITIONS

Except as specifically defined below, the terms used in these RFPs shall be construed and defined in accordance with the Federal Rules of Civil Procedure, wherever applicable. Any terms not defined shall be given their ordinary meaning.

1. "Agreement" means the entire "Settlement Agreement" in *Trump v. IRS*, Case No. 1:26-cv-20609 (S.D. Fla.), including any addenda or unwritten agreements. *See* ECF Nos. 1-2, 1-3.

2. "Fund" means the "Anti-Weaponization Fund" that DOJ announced as part of the agreement to settle *Trump v. IRS*. *See* ECF No. 1-2

3. "Blanche Order" means the May 18, 2026 order issued by Acting Attorney General Blanche. *See* ECF No. 1-4.

4. The term "identify," when used in connection with the term "individual" or "individuals," means to state, to the extent known, the person's full name; present or last known address; e-mail address; and telephone number. When "identify" is used in connection with an entity rather than a natural person, it means to state, to the extent known, identifying information for the entity and the natural persons acting as contacts for the entity in connection with the subject matter covered by the relevant request.

5. When referring to documents, "identify" means to state, to the extent known, the type, date, author, title, and, if applicable, addressee(s) and/or recipient(s) of the document.

6. The term "communication" means a transmittal of information in the form of facts, ideas, inquiries, or otherwise.

7. The term "document" means any document or electronically stored information as described in Federal Rule of Civil Procedure 34(a), including but not limited to emails, email attachments, complete email chains, calendar invitations, calendar invitation attachments, text

messages, messages—including ephemeral messages—sent on messaging platforms (including but not limited to Slack, Microsoft Teams, WhatsApp, Signal, or GChat), records, reports, memoranda, written agreements, and system tickets, logs, records, reports, or output. A draft or a nonidentical copy, including any copy bearing any notation or mark not found on the original, is a separate document within the meaning of this term.

8. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

9. The use of the singular form of any word includes the plural and vice versa.

10. The use of a verb in any tense shall encompass all other tenses, wherever necessary, to bring within the scope of the discovery request matters that might otherwise be construed as outside the scope of the request.

11. The words "and" and "or" are intended to be construed conjunctively or disjunctively as necessary to make the Request inclusive rather than exclusive.

12. "Including" means "including, but not limited to."

## INSTRUCTIONS

1. Defendants' written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested unless the request is refused, in which event the reasons for refusal shall be stated. If the refusal relates to part of an item or category, the part shall be specified.

2. Absent your concurrent and written objection, your production of a document in response to written discovery authenticates the document for use against you in any pretrial proceeding or at trial.

3. Where documents or things in the possession, custody, or control of any individual, agency, office, firm, corporation, or partnership are requested, such request also pertains to documents in the possession, custody, or control of employees, agents, guardians, partners, representatives, and attorneys of such individuals, agencies, offices, firms, corporations, or partnerships.

4. If, in responding to these Requests, you encounter any ambiguity in construing any request, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding.

5. If an objection to a request is based upon a claim of privilege, or any other basis, please identify, contemporaneously with producing responses to these Requests, or as otherwise agreed upon by the parties, in writing each document so withheld by providing the following information:

a. the date or approximate date of the document;

b. the type of document (e.g., letter, memorandum);

c. a description of the subject matter of the document;

d. each and every person who prepared, signed, or participated in the preparation of the document or any copy thereof;

e. each and every person who received the document or any copy thereof;

f. the present custodian(s) of each document;

g. a list of attachments or enclosures to the documents; and

h. the nature of the privilege asserted and any statutes, rules, or cases that you contend support the assertion of privilege.

6. Identify and produce all segregable portions of any responsive document to which a claim of privilege, attorney work product, or other basis for withholding the document does not apply.

7. These Requests for Production of Documents are continuing in character so as to require you to promptly amend or supplement your response if you discover or obtain further materials in accordance with Fed. R. Civ. P. 26(e).

8. If any document requested herein has been lost, discarded, or destroyed, please furnish a list identifying each such document as completely as possible including, without limitation, the following information: its author and addressee, each person to whom copies of the document were furnished or to whom the contents thereof were communicated, a comprehensive summary of the substance of the document, the date (or approximate date) of its disposal, the manner of its disposal, the reason for its disposal, the person authorizing its disposal, and the person disposing of the document.

The Defendants' objections to this Request are based on information known to the United States Department of Justice at this time. The Defendants will supplement in accordance with the Court's orders and Rule 26(e). Consistent with the Federal Rules, the Defendants therefore reserve the option to assert additional objections as new information arises. The Defendants base their objections on their best understanding of what the Request is seeking. The Defendants reserve the option to make additional objections and amend responses if their understanding conflicts with Plaintiffs' interpretation. The Defendants' objections and responses are given in accordance with the requirements of the Federal Rules and Court orders, and not in accordance with Plaintiffs' instructions, to the extent that such instructions conflict with and expand the requirements of those

Rules and orders, including (by way of example and without limitation Instructions 1, 2, 3, 4, 5, 6, and 8). In responding to this Request, the United States does not concede the relevancy, materiality, competency, or admissibility of any evidence or information requested by Plaintiffs. The Defendants reserve the option to object, on any ground, as to the use of its response in any trial or proceeding. Defendants object to these requests as disproportionate because Plaintiffs have brought this action under the Administrative Procedure Act and an Administrative Record will be forthcoming. *See* ECF No. 113 at ¶ 4. Because the Administrative Record is not yet fully compiled or reviewed, and because of the continuing nature of discovery requests generally, Defendants do not yet know the full scope of each and every objection that they may ultimately make and expressly reserve the right to add any objections which may become known to them at a later time. The United States further objects that this Request

## REQUESTS FOR PRODUCTION

**RFP NO. 1:** Any and all documents and/or communications—including between the government and the plaintiffs in the *Trump v. IRS* case—concerning the conception, creation, operation, status, or plans for the Anti-Weaponization Fund, including about the eligibility criteria for awards from the Fund.

**OBJECTIONS**: The Defendants' objections to this Request are based on information known to the United States Department of Justice at this time. The Defendants will supplement in accordance with the Court's orders and Rule 26(e). Consistent with the Federal Rules, the Defendants therefore reserve the option to assert additional objections as new information arises. The Defendants base their objections on their best understanding of what the Request is seeking. The Defendants reserve the option to make additional objections and amend responses if their understanding conflicts with

Plaintiffs' interpretation. The Defendants' objections and responses are given in accordance with the requirements of the Federal Rules and Court orders, and not in accordance with Plaintiffs' instructions, to the extent that such instructions conflict with and expand the requirements of those Rules and orders, including (by way of example and without limitation Instructions 1, 2, 3, 4, 5, 6, and 8). In responding to this Request, the United States does not concede the relevancy, materiality, competency, or admissibility of any evidence or information requested by Plaintiffs. The Defendants reserve the option to object, on any ground, as to the use of its response in any trial or proceeding. Defendants object to this request as disproportionate because Plaintiffs have brought this action under the Administrative Procedure Act and an Administrative Record will be forthcoming. *See* ECF No. 113 at ¶ 4. Accordingly, document discovery is unwarranted at any stage and is—to the extent it becomes warranted at any point—premature at this time. Because the Administrative Record is not yet fully compiled or reviewed, and because of the continuing nature of discovery requests generally, Defendants do not yet know the full scope of each and every objection that they may ultimately make and expressly reserve the right to add any objections which may become known to them at a later time. The United States further objects that this Request as vague, overbroad, ambiguous, and disproportionate to the needs of the case. The Request purports to seek "Any and all documents and/or communications"—without any limitation—from the fourth and fifth largest departments, respectively, in the Federal government, by workforce size, comprising of some 190,000 total employees. *See* OPM Federal Workforce Data, available at https://data.opm.gov/explore-data/analytics/workforce-size-and-composition (accessed July 24, 2026). The definition of "concerning" is similarly overbroad so as to make responsiveness determinations subjective rather than applying an objective standard. Such a broad request is not proportional to the needs of this case, particularly where, as here, an Administrative

Record is forthcoming. The Request is ambiguous as it is written in the passive voice and does not reasonably describe the documents it purports to seek. By asking for documents and communications "concerning the conception, creation" or "plans" of the Fund, this Request appears to expressly seek and call for only or predominantly privileged information in violation of Fed. R. Civ. P. 26(b)(1), including, but not limited to, deliberative process privilege, attorney-client privilege, attorney work product, law enforcement sensitive, and law enforcement privilege. To the extent that the Request seeks communications or documents precipitating a final document that Plaintiffs have already introduced to the record—Settlement Agreement (ECF No. 1-2)—it is not propounded in a way that seeks nonprivileged information relevant to a claim or defense in this case. To the extent the Request seeks communications in another matter, it improperly seeks confidential attorney communications and correspondence protected by Fed. R. Evid. 408. The Request further appears to seek communications or documents relating to an entirely different civil matter in a different court in a different district. To that point, this Court has already stated "that issue … it's before another judge in another district … and that's beyond the scope of what this Court, I think, has before it." Hearing Transcript at 19. The Request thus casts a broad net over two executive agencies in an apparent attempt to collaterally seek protected, privileged, and confidential information regarding an entirely different civil case, instead of seeking facts related to Plaintiffs' own civil action they filed in this Court. The Request is further disproportionate in that Plaintiffs have already introduced to the record the document they allege to be legally controlling and are seeking documents ahead of the production of the Administrative Record in an APA case.

**RESPONSE**: As Plaintiffs have not limited the scope of the of this Request since the Parties' meet-and-confer, the Defendants maintain their objections.

**RFP NO. 2:** Any and all documents and/or communications—including between the government and the plaintiffs in the *Trump v. IRS* case—concerning the Agreement or any of its provisions, including about the Agreement's conception, creation, consummation, modifications, and status.

**OBJECTION**: The Defendants' objections to this Request are based on information known to the United States Department of Justice at this time. The Defendants will supplement in accordance with the Court's orders and Rule 26(e). Consistent with the Federal Rules, the Defendants therefore reserve the option to assert additional objections as new information arises. The Defendants base their objections on their best understanding of what the Request is seeking. The Defendants reserve the option to make additional objections and amend responses if their understanding conflicts with Plaintiffs' interpretation. The Defendants' objections and responses are given in accordance with the requirements of the Federal Rules and Court orders, and not in accordance with Plaintiffs' instructions, to the extent that such instructions conflict with and expand the requirements of those Rules and orders, including (by way of example and without limitation Instructions 1, 2, 3, 4, 5, 6, and 8). In responding to this Request, the United States does not concede the relevancy, materiality, competency, or admissibility of any evidence or information requested by Plaintiffs. The Defendants reserve the option to object, on any ground, as to the use of its response in any trial or proceeding. Defendants object to this request as disproportionate because Plaintiffs have brought this action under the Administrative Procedure Act and an Administrative Record will be forthcoming. *See* ECF No. 113 at ¶ 4. Accordingly, document discovery is unwarranted at any stage and is—to the extent it becomes warranted at any point—premature at this time. Because the Administrative Record is not yet fully compiled or reviewed, and because of the continuing nature of discovery requests generally, Defendants do not yet know the full scope of each and every objection that they may ultimately make and expressly reserve the right to add any objections

which may become known to them at a later time. The United States further objects that this Request as vague, overbroad, ambiguous, and disproportionate to the needs of the case. The Request purports to seek "Any and all documents and/or communications"—without any limitation—from the fourth and fifth largest departments, respectively, in the Federal government, by workforce size, comprising of some 190,000 total employees. *See* OPM Federal Workforce Data, available at https://data.opm.gov/explore-data/analytics/workforce-size-and-composition (accessed July 24, 2026). Defendants object to the definition of "Agreement" as overbroad and vague. The definition of "concerning" is similarly overbroad so as to make responsiveness determinations subjective rather than applying an objective standard. Such a broad request is not proportional to the needs of this case, particularly where, as here, an Administrative Record is forthcoming. The Request is ambiguous as it is written in the passive voice and does not reasonably describe the documents it purports to seek. By asking for documents and communications "concerning the conception, creation" or "plans" of the Fund, this Request expressly seeks only privileged information in violation of Fed. R. Civ. P. 26(b)(1), including, but not limited to, deliberative process privilege, attorney-client privilege, attorney work product, law enforcement sensitive, and law enforcement privilege. To the extent that the Request seeks communications or documents precipitating a final document that Plaintiffs have already introduced to the record—the Settlement Agreement (ECF No. 1-2)—it is not propounded in a way that seeks nonprivileged information relevant to a claim or defense in this case. To the extent the Request seeks communications in another matter, it improperly seeks confidential attorney communications and correspondence protected by Fed. R. Evid. 408. The Request further appears to seek communications or documents relating to an entirely different civil matter in a different court in a different district. To that point, this Court has already stated "that issue … it's before another judge

in another district … and that's beyond the scope of what this Court, I think, has before it." Hearing Transcript at 19. The Request thus casts a broad net over two executive agencies in an apparent attempt to collaterally seek protected, privileged, and confidential information regarding an entirely different civil case, instead of seeking facts related to Plaintiffs' own civil action they filed in this Court. The Request is further disproportionate in that Plaintiffs have already introduced to the record the document they allege to be legally controlling and are seeking documents ahead of the production of the Administrative Record in an APA case.

**RESPONSE**: As Plaintiffs have not limited the scope of the of this Request since the Parties' meet-and-confer, the Defendants maintain their objections stated above.

**RFP NO. 3:** Any and all documents and/or communications concerning the Blanche Order, including its current status.

**AMENDED RFP NO. 3**: Any and all documents (excepting drafts of the Blanche order) and/or communications concerning the Blanche Order, including its current status.

**OBJECTION**: The Defendants' objections to this Request are based on information known to the United States Department of Justice at this time. The Defendants will supplement in accordance with the Court's orders and Rule 26(e). Consistent with the Federal Rules, the Defendants therefore reserve the option to assert additional objections as new information arises. The Defendants base their objections on their best understanding of what the Request is seeking. The Defendants reserve the option to make additional objections and amend responses if their understanding conflicts with Plaintiffs' interpretation. The Defendants' objections and responses are given in accordance with the requirements of the Federal Rules and Court orders, and not in accordance with Plaintiffs' instructions, to the extent that such instructions conflict with and expand the requirements of those Rules and orders, including (by way of example and without limitation Instructions 1, 2, 3, 4, 5, 6,

and 8). In responding to this Request, the United States does not concede the relevancy, materiality, competency, or admissibility of any evidence or information requested by Plaintiffs. The Defendants reserve the option to object, on any ground, as to the use of its response in any trial or proceeding. Defendants object to this request as disproportionate because Plaintiffs have brought this action under the Administrative Procedure Act and an Administrative Record will be forthcoming. *See* ECF No. 113 at ¶ 4. Accordingly, document discovery is unwarranted at any stage and is—to the extent it becomes warranted at any point—premature at this time. Because the Administrative Record is not yet fully compiled or reviewed, and because of the continuing nature of discovery requests generally, Defendants do not yet know the full scope of each and every objection that they may ultimately make and expressly reserve the right to add any objections which may become known to them at a later time. The United States further objects that this Request as vague, overbroad, ambiguous, and disproportionate to the needs of the case. The Request purports to seek "Any and all documents and/or communications"—without any limitation—from the fourth and fifth largest departments, respectively, in the Federal government, by workforce size, comprising of some 190,000 total employees. *See* OPM Federal Workforce Data, available at https://data.opm.gov/explore-data/analytics/workforce-size-and-composition (accessed July 24, 2026). The definition of "concerning" is similarly overbroad so as to make responsiveness determinations subjective rather than applying an objective standard. Such a broad request is not proportional to the needs of this case, particularly where, as here, an Administrative Record is forthcoming. The Request is ambiguous as it is written in the passive voice and does not reasonably describe the documents it purports to seek. By expressly exempting "drafts" of the order but continuing to seek communications "concerning the Blanche Order" the Request expressly seeks only privileged information in violation of Fed. R. Civ. P. 26(b)(1), including, but

not limited to, deliberative process privilege, attorney-client privilege, attorney work product, law enforcement sensitive, and law enforcement privilege. To the extent that the Request seeks communications or documents precipitating a final document that Plaintiffs have already introduced to the record—Blanche Order (ECF No. 1-4)—it is not propounded in a way that seeks nonprivileged information relevant to a claim or defense in this case. To the extent the Request seeks communications in another matter, it improperly seeks confidential attorney communications and correspondence protected by Fed. R. Evid. 408. To the extent the Request seeks communications or documents relating to an entirely different civil matter in a different court in a different district, this Court has already stated "that issue … it's before another judge in another district … and that's beyond the scope of what this Court, I think, has before it." Hearing Transcript at 19. The Request thus casts a broad net over two executive agencies in an apparent attempt to collaterally seek protected, privileged, and confidential information regarding an entirely different civil case, instead of seeking facts related to Plaintiffs' own civil action they filed in this Court. The Request is further disproportionate in that Plaintiffs have already introduced to the record the document they allege to be legally controlling and are seeking documents ahead of the production of the Administrative Record in an APA case

**RESPONSE**: The Plaintiffs are already in possession of the final, nonprivileged Blanche Order. With respect to the remainder of the request, the Defendants maintain their objections.

**RFP NO. 4:** Any and all documents and/or communications concerning any claims that have been received, retained, considered, or otherwise processed by the Fund, including about providing redress to claimants from sources other than the Fund.

**OBJECTION**: The Defendants' objections to this Request are based on information known to the United States Department of Justice at this time. The Defendants will supplement in accordance

with the Court's orders and Rule 26(e). Consistent with the Federal Rules, the Defendants therefore reserve the option to assert additional objections as new information arises. The Defendants base their objections on their best understanding of what the Request is seeking. The Defendants reserve the option to make additional objections and amend responses if their understanding conflicts with Plaintiffs' interpretation. The Defendants' objections and responses are given in accordance with the requirements of the Federal Rules and Court orders, and not in accordance with Plaintiffs' instructions, to the extent that such instructions conflict with and expand the requirements of those Rules and orders, including (by way of example and without limitation Instructions 1, 2, 3, 4, 5, 6, and 8). In responding to this Request, the United States does not concede the relevancy, materiality, competency, or admissibility of any evidence or information requested by Plaintiffs. The Defendants reserve the option to object, on any ground, as to the use of its response in any trial or proceeding. Defendants object to this request as disproportionate because Plaintiffs have brought this action under the Administrative Procedure Act and an Administrative Record will be forthcoming. *See* ECF No. 113 at ¶ 4. Accordingly, document discovery is unwarranted at any stage and is—to the extent it becomes warranted at any point—premature at this time. Because the Administrative Record is not yet fully compiled or reviewed, and because of the continuing nature of discovery requests generally, Defendants do not yet know the full scope of each and every objection that they may ultimately make and expressly reserve the right to add any objections which may become known to them at a later time. The United States further objects that this Request as vague, overbroad, ambiguous, and disproportionate to the needs of the case. The Request purports to seek "Any and all documents and/or communications"—without any limitation—from the fourth and fifth largest departments, respectively, in the Federal government, by workforce size, comprising of some 190,000 total employees. *See* OPM Federal Workforce

Data, available at https://data.opm.gov/explore-data/analytics/workforce-size-and-composition (accessed July 24, 2026). The definition of "concerning" is similarly overbroad so as to make responsiveness determinations subjective rather than applying an objective standard. Such a broad request is not proportional to the needs of this case, particularly where, as here, an Administrative Record is forthcoming. The Request is ambiguous as it is written in the passive voice and does not reasonably describe the documents it purports to seek. Nor does it identify or describe the custodians who have "received, retained, considered, or otherwise processed" such documents. The Request does not limit itself to seeking non-privileged information, in violation of Fed. R. Civ. P. 26(b)(1) and thus Defendants object to any reading of the Request that seeks only or predominantly privileged material including, but not limited to, deliberative process privilege, attorney-client privilege, attorney work product, law enforcement sensitive, and law enforcement privilege. To the extent that the Request seeks any attorney's mental impressions, legal advice, legal opinion, or advice to any defendant, Defendants object.

**RESPONSE**: Subject to and without waiving any objection, Defendants reiterate that there is no Fund and "no process for receiving claims was established." Acting Attorney General's August 2, 2026 Order.

**RFP NO. 5**: Any and all bank records, transaction receipts, or other documents that show funds being transferred into or withdrawn from the Fund.

**OBJECTION**: The Defendants' objections to this Request are based on information known to the United States Department of Justice at this time. The Defendants will supplement in accordance with the Court's orders and Rule 26(e). Consistent with the Federal Rules, the Defendants therefore reserve the option to assert additional objections as new information arises. The Defendants base their objections on their best understanding of what the Request is seeking. The Defendants reserve

the option to make additional objections and amend responses if their understanding conflicts with Plaintiffs' interpretation. The Defendants' objections and responses are given in accordance with the requirements of the Federal Rules and Court orders, and not in accordance with Plaintiffs' instructions, to the extent that such instructions conflict with and expand the requirements of those Rules and orders, including (by way of example and without limitation Instructions 1, 2, 3, 4, 5, 6, and 8). In responding to this Request, the United States does not concede the relevancy, materiality, competency, or admissibility of any evidence or information requested by Plaintiffs. The Defendants reserve the option to object, on any ground, as to the use of its response in any trial or proceeding. Defendants object to this request as disproportionate because Plaintiffs have brought this action under the Administrative Procedure Act and an Administrative Record will be forthcoming. *See* ECF No. 113 at ¶ 4. Accordingly, document discovery is unwarranted at any stage and is—to the extent it becomes warranted at any point—premature at this time. Because the Administrative Record is not yet fully compiled or reviewed, and because of the continuing nature of discovery requests generally, Defendants do not yet know the full scope of each and every objection that they may ultimately make and expressly reserve the right to add any objections which may become known to them at a later time. The United States further objects that this Request as vague, overbroad, ambiguous, and disproportionate to the needs of the case. Such a broad request is not proportional to the needs of this case, particularly where, as here, an Administrative Record is forthcoming. The Request does not limit itself to seeking non-privileged information, in violation of Fed. R. Civ. P. 26(b)(1) and thus Defendants object to any reading of the Request that seeks only or predominantly privileged material including, but not limited to, deliberative process privilege, attorney-client privilege, attorney work product, law enforcement

sensitive, and law enforcement privilege. To the extent that the Request seeks any attorney's mental impressions, legal advice, legal opinion, or advice to any defendant, Defendants object.

**RESPONSE**: Without waiving any objections, Defendants reiterate "No money went from the Treasury to any other account." ("Nomination Hearing"), at 1:27:12–:22.

**RFP NO. 6:** Any and all documents and/or communications revealing a lawful authority to create the Fund.

**OBJECTION:** The Defendants' objections to this Request are based on information known to the United States Department of Justice at this time. The Defendants will supplement in accordance with the Court's orders and Rule 26(e). Consistent with the Federal Rules, the Defendants therefore reserve the option to assert additional objections as new information arises. The Defendants base their objections on their best understanding of what the Request is seeking. The Defendants reserve the option to make additional objections and amend responses if their understanding conflicts with Plaintiffs' interpretation. The Defendants' objections and responses are given in accordance with the requirements of the Federal Rules and Court orders, and not in accordance with Plaintiffs' instructions, to the extent that such instructions conflict with and expand the requirements of those Rules and orders, including (by way of example and without limitation Instructions 1, 2, 3, 4, 5, 6, and 8). In responding to this Request, the United States does not concede the relevancy, materiality, competency, or admissibility of any evidence or information requested by Plaintiffs. The Defendants reserve the option to object, on any ground, as to the use of its response in any trial or proceeding. Defendants object to this request as disproportionate because Plaintiffs have brought this action under the Administrative Procedure Act and an Administrative Record will be forthcoming. *See* ECF No. 113 at ¶ 4. Accordingly, document discovery is unwarranted at any stage and is—to the extent it becomes warranted at any point—premature at this time. Because the

Administrative Record is not yet fully compiled or reviewed, and because of the continuing nature of discovery requests generally, Defendants do not yet know the full scope of each and every objection that they may ultimately make and expressly reserve the right to add any objections which may become known to them at a later time. The United States further objects that this Request as vague, overbroad, ambiguous, and disproportionate to the needs of the case. Such a broad request is not proportional to the needs of this case, particularly where, as here, an Administrative Record is forthcoming. The Request does not limit itself to seeking non-privileged information, in violation of Fed. R. Civ. P. 26(b)(1) and thus Defendants object to any reading of the Request that seeks only or predominantly privileged material including, but not limited to, deliberative process privilege, attorney-client privilege, attorney work product, law enforcement sensitive, and law enforcement privilege. To the extent that the Request seeks any attorney's mental impressions, legal advice, legal opinion, or advice to any defendant, Defendants object. To the extent the Request calls for a legal opinion or conclusion, Defendants object.

**RESPONSE**: This request calls for a legal conclusion.

**RFP NO. 7:** Any and all documents identified in response to Interrogatory No. 5.

**OBJECTION:** All objections to Interrogatory 5 are incorporated as stated here. The Defendants' objections to this Request are based on information known to the United States Department of Justice at this time. The Defendants will supplement in accordance with the Court's orders and Rule 26(e). Consistent with the Federal Rules, the Defendants therefore reserve the option to assert additional objections as new information arises. The Defendants base their objections on their best understanding of what the Request is seeking. The Defendants reserve the option to make additional objections and amend responses if their understanding conflicts with Plaintiffs' interpretation. The Defendants' objections and responses are given in accordance with the

requirements of the Federal Rules and Court orders, and not in accordance with Plaintiffs' instructions, to the extent that such instructions conflict with and expand the requirements of those Rules and orders, including (by way of example and without limitation Instructions 1, 2, 3, 4, 5, 6, and 8). In responding to this Request, the United States does not concede the relevancy, materiality, competency, or admissibility of any evidence or information requested by Plaintiffs. The Defendants reserve the option to object, on any ground, as to the use of its response in any trial or proceeding. Defendants object to this request as disproportionate because Plaintiffs have brought this action under the Administrative Procedure Act and an Administrative Record will be forthcoming. *See* ECF No. 113 at ¶ 4. Accordingly, document discovery is unwarranted at any stage and is—to the extent it becomes warranted at any point—premature at this time. Because the Administrative Record is not yet fully compiled or reviewed, and because of the continuing nature of discovery requests generally, Defendants do not yet know the full scope of each and every objection that they may ultimately make and expressly reserve the right to add any objections which may become known to them at a later time. The United States further objects that this Request as vague, overbroad, ambiguous, and disproportionate to the needs of the case. Such a broad request is not proportional to the needs of this case, particularly where, as here, an Administrative Record is forthcoming. The Request is ambiguous as it is written in the passive voice and does not reasonably describe the documents it purports to seek. Defendants object to the definition of "Agreement" as overbroad and vague. The Interrogatory, and by extension this Request, is overbroad and disproportionate to the needs of the case as the process by which an agreement was reached in an entirely different civil matter has nothing to do with Plaintiffs' claims that they were injured by not applying to a non-existent Fund. By asking for a description of how Defendants conceived of or created an Agreement in a different civil action, the Interrogatory, and

by extension this Request, expressly seeks the mental impressions, ideas, legal advice, opinions, and litigation positions of counsel in a matter before another court. To the extent that the Interrogatory (and this Request) seek predecisional information, mental impressions, legal opinions or advice, or work product precipitating a final document that Plaintiffs have already introduced to the record—the Settlement Agreement (ECF No. 1-2)—the Interrogatory (and this Request) is not propounded in a way that seeks nonprivileged information relevant to a claim or defense in this case. The Interrogatory and Request expressly seek information relating to an entirely different civil matter in a different court in a different district. To that point, this Court has already stated "that issue … it's before another judge in another district … and that's beyond the scope of what this Court, I think, has before it." Hearing Transcript at 19. To the extent the Interrogatory seeks communications in another matter, it improperly seeks confidential attorney communications and correspondence protected by Fed. R. Evid. 408.

**RESPONSE**: Defendants maintain their objections to this request. This Request abuses the civil discovery process to seek communications in an unrelated civil matter before a different court. Communications in another civil matter have nothing to do with the Plaintiffs' assertion that they would not have applied to the non-existent Ant-Weaponization Fund.

Dated: August 6, 2026

Respectfully submitted,

*/s/ Andrew J. Block*
ANDREW J. BLOCK
*Senior Counsel to the Associate Attorney General*
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2026, I served the foregoing on Counsel for Plaintiff listed below via electronic mail.

Joel McElvain
Pooja A. Boisture
Jyoti Jasrasaria
Aman George
Ayesha Khan
Robin F. Thurston
Skye L. Perryman
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090

*Counsel for Plaintiffs*

/s/ *Andrew J. Block*
Andrew Block

# EXHIBIT

# 12

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **Andrew Floyd**, et al.,<br>Plaintiffs,<br>*vs.*<br>**Department of Justice**, et al.,<br>Defendants. | **Case No. 26-cv-1399-LMB** |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33 and Eastern District of Virginia Local Rule 26, Plaintiffs Andrew Floyd, Jonathan Caravello, City of New Haven, National Abortion Federation, and Common Cause, through their undersigned attorneys, hereby serve the following Interrogatories on Defendants the Department of Justice, Acting Attorney General Todd Blanche, Associate Attorney General Stanley Woodward Jr., the Department of the Treasury, Treasury Secretary Scott Bessent, and the Anti-Weaponization Fund.

Responses to these Interrogatories must be made within thirty (30) days of receipt in accordance with the timelines set forth in the Federal Rules of Civil Procedure. Please produce all discovery responses and documents to counsel of record by email or, as necessary, by mail to Democracy Forward Foundation, P.O. Box 34553, Washington, D.C. 20043. All responses to these Interrogatories should be made pursuant to the Definitions and Instructions below.

## DEFINITIONS

Except as specifically defined below, the terms used in these Interrogatories shall be construed and defined in accordance with the Federal Rules of Civil Procedure, wherever applicable. Any terms not defined shall be given their ordinary meaning.

1. "Agreement" means the entire "Settlement Agreement" in *Trump v. IRS*, Case No. 1:26-cv-20609 (S.D. Fla.), including any addenda or unwritten agreements. *See* ECF Nos. 1-2,1-3.

2. "Fund" means the "Anti-Weaponization Fund" that DOJ announced as part of the agreement to settle *Trump v. IRS*. *See* ECF No. 1-2.

3. "Blanche Order" means the May 18, 2026 order issued by Acting Attorney General Blanche. *See* ECF No. 1-4.

4. The term "identify," when used in connection with the term "individual" or "individuals," means to state, to the extent known, the person's full name; present or last known address; e-mail address; and telephone number. When "identify" is used in connection with an entity rather than a natural person, it means to state, to the extent known, identifying information for the entity and the natural persons acting as contacts for the entity in connection with the subject matter covered by the relevant request.

5. When referring to documents, "identify" means to state, to the extent known, the type, date, author, title, and, if applicable, addressee(s) and/or recipient(s) of the document.

6. The term "communication" means a transmittal of information in the form of facts, ideas, inquiries, or otherwise.

7. The term "document" means any document or electronically stored information as described in Federal Rule of Civil Procedure 34(a), including but not limited to emails, email attachments, complete email chains, calendar invitations, calendar invitation attachments, text

messages, messages sent on messaging platforms (including but not limited to Slack, Microsoft Teams, WhatsApp, Signal, or GChat), records, reports, memoranda, written agreements, and system tickets, logs, records, reports, or output. A draft or a nonidentical copy, including any copy bearing any notation or mark not found on the original, is a separate document within the meaning of this term.

8. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

9. The use of the singular form of any word includes the plural and vice versa.

10. The use of a verb in any tense shall encompass all other tenses, wherever necessary, to bring within the scope of the discovery request matters that might otherwise be construed as outside the scope of the request.

11. The words "and" and "or" are intended to be construed conjunctively or disjunctively as necessary to make the Request inclusive rather than exclusive.

12. "Including" means "including, but not limited to."

**INSTRUCTIONS**

1. In answering these Interrogatories, you should furnish such information as is known to you regardless of whether this information is obtained by you, known by you, or known to or obtained by any of your attorneys, or other agents or representatives. In answering each Interrogatory set forth herein, furnish all information that is available to Defendants. If you are unable to answer any Interrogatory in full, please explain why you are unable to answer it, state the nature of the information and knowledge you cannot furnish, and answer it to the fullest extent possible. If your answers are qualified in any manner, state the nature of the qualification.

2. If, in responding to these Interrogatories, you encounter any ambiguity in construing any Interrogatory, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding.

3. If an objection to an Interrogatory is based upon a claim of privilege, or any other basis, please identify, in writing, each piece of information so withheld by providing the following information:

a. the possessor(s), author(s), addressee(s), present custodian(s), and date of such information;

b. all other persons who have seen or learned of all or part of any such information;

c. the method by which, and reason why, each such person obtained access to such information;

d. a summary of such information; and

e. the nature of the privilege asserted and any statutes, rules, or cases that you contend support the assertion of privilege.

4. These Interrogatories are continuing in character so as to require you to promptly amend or supplement your response if you discover or obtain further material information in accordance with Fed. R. Civ. P. 26(e).

## INTERROGATORIES

**INTERROGATORY NO. 1:** Detail—with reference to the relevant date(s) and/or time(s)—any and all actions Defendants took to conceive of, create, or operate the Fund.

**OBJECTION**: The Defendants' objections to this Interrogatory are based on information known to the United States Department of Justice at this time. The Defendants will supplement in accordance with the Court's orders and Rule 26(e). Consistent with the Federal Rules, the

Defendants reserve the option to assert additional objections as new information arises. The Defendants base their objections on their best understanding of what the Interrogatory is seeking. The Defendants reserve the option to make additional objections and amend responses if their understanding conflicts with Plaintiffs' interpretation. These objections and this response is given in accordance with the requirements of the Federal Rules and Court orders, and not in accordance with Plaintiffs' instructions that conflict with and expand the requirements of those Rules and orders. In responding to this Interrogatory, the United States does not concede the relevancy, materiality, competency, or admissibility of any evidence or information requested by Plaintiffs. The Defendants reserve the option to object, on any grounds, to the use of this response in any trial or proceeding. Defendants object to this Interrogatory as disproportionate (and to the extent it could be proportionate at any point, it is premature) because Plaintiffs have brought this action under the Administrative Procedure Act and an Administrative Record will be forthcoming. *See* ECF No. 113 at ¶ 4. The United States further objects that this Interrogatory expressly seeks only privileged information in violation of Fed. R. Civ. P. 26(b)(1) and the Joint Discovery Plan. The Interrogatory is overbroad and disproportionate to the needs of the case. By asking for a description of how defendants conceived of the Fund, it is asking solely for the mental impressions and deliberative process that went into a decision. The Interrogatory appears to expressly seek only privileged information in violation of Fed. R. Civ. P. 26(b)(1), including, but not limited to, deliberative process privilege, attorney-client privilege, attorney work product, law enforcement sensitive, and law enforcement privilege. To the extent that the Interrogatory seeks predecisional information, mental impressions, legal opinions or advice, or work product precipitating a final document that Plaintiffs have already introduced to the record, *see* Settlement Agreement (ECF No. 1-2), the Interrogatory is not propounded in a way that seeks nonprivileged information

relevant to a claim or defense in this case. The Interrogatory further appears to seek information relating to an entirely different civil matter in a different court in a different district. To that point, this Court has already stated "that issue … it's before another judge in another district … and that's beyond the scope of what this Court, I think, has before it." Hearing Transcript at 19. The Interrogatory also appears to call for confidential attorney communications and correspondence protected by Fed. R. Evid. 408.

**RESPONSE**: Subject to, and without waving any of the objections stated above, to the extent that this Interrogatory calls for any non-deliberative or otherwise privileged information, Defendants answer that the Fund has not been created or operated. As Acting Attorney General Blanche testified under oath "there is no weaponization fund. … It never started. No money went from the Treasury to any other account. There's no commissioners." Senate Judiciary Committee, Nomination Hearing of the Honorable Todd Blanche to be Attorney General of the United States at 1:26:42–1:27:22. Additionally the Acting Attorney General's August 2, 2026 Order further states "No Members were appointed; no funds were transferred; no process for receiving claims was established; no claims were paid."

**INTERROGATORY NO. 2:** Detail—with reference to the relevant date(s) and/or time(s) of day—any and all actions taken by Defendants to withdraw, rescind, or modify the Fund.

**OBJECTION**: The Defendants' objections to this Interrogatory are based on information known to the United States Department of Justice at this time. The Defendants will supplement in accordance with the Court's orders and Rule 26(e). Consistent with the Federal Rules, the Defendants reserve the option to assert additional objections as new information arises. The Defendants base their objections on their best understanding of what the Interrogatory is seeking. The Defendants reserve the option to make additional objections and amend responses if their

understanding conflicts with Plaintiffs' interpretation. These objections and this response is given in accordance with the requirements of the Federal Rules and Court orders, and not in accordance with Plaintiffs' instructions that conflict with and expand the requirements of those Rules and orders. In responding to this Interrogatory, the United States does not concede the relevancy, materiality, competency, or admissibility of any evidence or information requested by Plaintiffs. The Defendants reserve the option to object, on any grounds, to the use of this response in any trial or proceeding. Defendants object to this Interrogatory as disproportionate (and to the extent it could be proportionate at any point, it is premature) because Plaintiffs have brought this action under the Administrative Procedure Act and an Administrative Record will be forthcoming. *See* ECF No. 113 at ¶ 4. The United States further objects that this Interrogatory expressly seeks only internal, deliberative descriptions, attorney work product, and attorney-client privileged information in violation of Fed. R. Civ. P. 26(b)(1) and the Joint Discovery Plan. The Interrogatory is overbroad and disproportionate to the needs of the case. The Interrogatory appears to expressly seek only privileged information in violation of Fed. R. Civ. P. 26(b)(1), including, but not limited to, deliberative process privilege, attorney-client privilege, attorney work product, law enforcement sensitive, and law enforcement privilege.

**RESPONSE**: Subject to, and without waving any of the objections stated above, to the extent that this Interrogatory calls for any non-deliberative or otherwise privileged information, Defendants answer that the Fund never existed. As Acting Attorney General Blanche testified under oath "there is no weaponization fund. … It never started. No money went from the Treasury to any other account. There's no commissioners." Senate Judiciary Committee, Nomination Hearing of the Honorable Todd Blanche to be Attorney General of the United States at 1:26:42–1:27:22. Additionally the Acting Attorney General's August 2, 2026 Order further states "No Members

were appointed; no funds were transferred; no process for receiving claims was established; no claims were paid."

**INTERROGATORY NO. 3:** Identify any and all individuals involved in the conception, creation, or operation of the Fund, including individuals involved in the Blanche Order, and their respective roles.

**OBJECTION**: The Defendants' objections to this Interrogatory are based on information known to the United States Department of Justice at this time. The Defendants will supplement in accordance with the Court's orders and Rule 26(e). Consistent with the Federal Rules, the Defendants reserve the option to assert additional objections as new information arises. The Defendants base their objections on their best understanding of what the Interrogatory is seeking. The Defendants reserve the option to make additional objections and amend responses if their understanding conflicts with Plaintiffs' interpretation. These objections and this response is given in accordance with the requirements of the Federal Rules and Court orders, and not in accordance with Plaintiffs' instructions that conflict with and expand the requirements of those Rules and orders. In responding to this Interrogatory, the United States does not concede the relevancy, materiality, competency, or admissibility of any evidence or information requested by Plaintiffs. The Defendants reserve the option to object, on any grounds, to the use of this response in any trial or proceeding. Defendants object to this Interrogatory as disproportionate (and to the extent it could be proportionate at any point, it is premature) because Plaintiffs have brought this action under the Administrative Procedure Act and an Administrative Record will be forthcoming. *See* ECF No. 113 at ¶ 4. The United States further objects that this Interrogatory expressly seeks only privileged information in violation of Fed. R. Civ. P. 26(b)(1) and the Joint Discovery Plan. The Interrogatory is vague, overbroad, and disproportionate to the needs of the case. By asking for a

description of how defendants conceived of or created the Fund, it is asking solely for the mental impressions and deliberative process that went into a decision. It also appears to directly ask for the mental impressions, ideas, legal advice, and opinions of attorneys at the Department of Justice. In so doing the Interrogatory violates Fed. R. Civ. P. 26(b)(1), by asking for privileged information including, but not limited to, deliberative process privilege, attorney-client privilege, attorney work product, law enforcement sensitive, and law enforcement privilege.

**RESPONSE**: Subject to, and without waving any of the objections stated above, to the extent that this Interrogatory calls for any non-deliberative or otherwise privileged information, Defendants answer that the Fund has not been created or operated. As Acting Attorney General Blanche testified under oath "there is no weaponization fund. … It never started. No money went from the Treasury to any other account. There's no commissioners." Senate Judiciary Committee, Nomination Hearing of the Honorable Todd Blanche to be Attorney General of the United States at 1:26:42–1:27:22. Additionally the Acting Attorney General's August 2, 2026 Order further states "No Members were appointed; no funds were transferred; no process for receiving claims was established; no claims were paid."

**INTERROGATORY NO. 4:** Identify any and all individuals involved in the conception, creation, consummation, or modification of the Agreement, and their respective roles.

**OBJECTION**: The Defendants' objections to this Interrogatory are based on information known to the United States Department of Justice at this time. The Defendants will supplement in accordance with the Court's orders and Rule 26(e). Consistent with the Federal Rules, the Defendants reserve the option to assert additional objections as new information arises. The Defendants base their objections on their best understanding of what the Interrogatory is seeking. The Defendants reserve the option to make additional objections and amend responses if their

understanding conflicts with Plaintiffs' interpretation. These objections and this response is given in accordance with the requirements of the Federal Rules and Court orders, and not in accordance with Plaintiffs' instructions that conflict with and expand the requirements of those Rules and orders. In responding to this Interrogatory, the United States does not concede the relevancy, materiality, competency, or admissibility of any evidence or information requested by Plaintiffs. The Defendants reserve the option to object, on any grounds, to the use of this response in any trial or proceeding. Defendants object to this Interrogatory as disproportionate—and to the extent it could be proportionate, as premature—because Plaintiffs have brought this action under the Administrative Procedure Act and an Administrative Record will be forthcoming. *See* ECF No. 113 at ¶ 4. The United States further objects that this Interrogatory expressly seeks only privileged information in violation of Fed. R. Civ. P. 26(b)(1) and the Joint Discovery Plan, including, but not limited to, deliberative process privilege, attorney-client privilege, attorney work product, law enforcement sensitive, and law enforcement privilege. Defendants object to the definition of "Agreement" as overbroad and vague. The Interrogatory is overbroad and disproportionate to the needs of the case. By asking for a description of how defendants conceived of the Fund, it is asking solely for the mental impressions and deliberative process that went into a decision. By asking for a description of how Defendants conceived of or created an Agreement in a different civil action, the Interrogatory expressly seeks the mental impressions, ideas, legal advice, opinions, and litigation positions of counsel in a matter before another court. To the extent that the Interrogatory seeks predecisional information, mental impressions, legal opinions or advice, or work product precipitating a final document that Plaintiffs have already introduced to the record—Settlement Agreement (ECF No. 1-2)—the Interrogatory is not propounded in a way that seeks nonprivileged information relevant to a claim or defense in this case. The Interrogatory further appears to seek

information relating to an entirely different civil matter in a different court in a different district. To that point, this Court has already stated "that issue … it's before another judge in another district … and that's beyond the scope of what this Court, I think, has before it." Hearing Transcript at 19. To the extent the Interrogatory seeks communications in another matter, it improperly seeks confidential attorney communications and correspondence protected by Fed. R. Evid. 408.

**RESPONSE**: Subject to, and without waving any of the objections stated above, to the extent that this Interrogatory calls for any non-deliberative or otherwise privileged information, Defendants answer that the Settlement Agreement (ECF No. 1-2) was signed by Associate Attorney General Stanley E. Woodward, Jr. on behalf of the United States and by the Chief Executive Officer Frank Bisignano on behalf of the Internal Revenue Service. As Acting Attorney General Blanche testified under oath "There's no modification. It never started … There's no commissioners. It's not moving forward." Senate Judiciary Committee, Nomination Hearing of the Honorable Todd Blanche to be Attorney General of the United States at 1:27:12–1:27:22.

**INTERROGATORY NO. 5:** Identify any and all communications between the government and the plaintiffs in the *Trump v. IRS* case that created, modified, or abandoned the Agreement.

**OBJECTION**: The Defendants' objections to this Interrogatory are based on information known to the United States Department of Justice at this time. The Defendants will supplement in accordance with the Court's orders and Rule 26(e). Consistent with the Federal Rules, the Defendants reserve the option to assert additional objections as new information arises. The Defendants base their objections on their best understanding of what the Interrogatory is seeking. The Defendants reserve the option to make additional objections and amend responses if their understanding conflicts with Plaintiffs' interpretation. These objections and this response is given in accordance with the requirements of the Federal Rules and Court orders, and not in accordance

with Plaintiffs' instructions that conflict with and expand the requirements of those Rules and orders. In responding to this Interrogatory, the United States does not concede the relevancy, materiality, competency, or admissibility of any evidence or information requested by Plaintiffs. The Defendants reserve the option to object, on any grounds, to the use of this response in any trial or proceeding. Defendants object to this Interrogatory as disproportionate—and to the extent it could be proportionate, as premature—because Plaintiffs have brought this action under the Administrative Procedure Act and an Administrative Record will be forthcoming. *See* ECF No. 113 at ¶ 4. The United States further objects that this Interrogatory expressly seeks only privileged information in violation of Fed. R. Civ. P. 26(b)(1) and the Joint Discovery Plan, including, but not limited to, deliberative process privilege, attorney-client privilege, attorney work product, law enforcement sensitive, and law enforcement privilege. Defendants object to the definition of "Agreement" as overbroad and vague. The Interrogatory is overbroad and disproportionate to the needs of the case as the process by which an agreement was reached in an entirely different civil matter has nothing to do with Plaintiffs' claims that they were injured by not applying to a non-existent Fund. By asking for a description of how Defendants conceived of or created an Agreement in a different civil action, the Interrogatory expressly seeks the mental impressions, ideas, legal advice, opinions, and litigation positions of counsel in a matter before another court. To the extent that the Interrogatory seeks predecisional information, mental impressions, legal opinions or advice, or work product precipitating a final document that Plaintiffs have already introduced to the record—Settlement Agreement (ECF No. 1-2)—the Interrogatory is not propounded in a way that seeks nonprivileged information relevant to a claim or defense in this case. The Interrogatory further expressly seeks information relating to an entirely different civil matter in a different court in a different district. To that point, this Court has already stated "that

issue … it's before another judge in another district … and that's beyond the scope of what this Court, I think, has before it." Hearing Transcript at 19. To the extent the Interrogatory seeks communications in another matter, it improperly seeks confidential attorney communications and correspondence protected by Fed. R. Evid. 408. Defendants also refer and incorporate the objections to Requests for Production 2 and 7 here.

**RESPONSE**: Defendants decline to answer this question based on the objections identified above. This interrogatory abuses the civil discovery process to seek Rule 408 protected communications in an unrelated civil matter before a different court. Confidential settlement communications in another civil matter have nothing to do with the Plaintiffs' assertion that they would not have applied to the non-existent Ant-Weaponization Fund.

**INTERROGATORY NO. 6:** Identify any and all decisions or plans to provide redress to claimants to the Fund from sources other than the Fund.

**OBJECTION:** The Defendants' objections to this Interrogatory are based on information known to the United States Department of Justice at this time. The Defendants will supplement in accordance with the Court's orders and Rule 26(e). Consistent with the Federal Rules, the Defendants reserve the option to assert additional objections as new information arises. The Defendants base their objections on their best understanding of what the Interrogatory is seeking. The Defendants reserve the option to make additional objections and amend responses if their understanding conflicts with Plaintiffs' interpretation. These objections and this response is given in accordance with the requirements of the Federal Rules and Court orders, and not in accordance with Plaintiffs' instructions that conflict with and expand the requirements of those Rules and orders. In responding to this Interrogatory, the United States does not concede the relevancy, materiality, competency, or admissibility of any evidence or information requested by Plaintiffs.

The Defendants reserve the option to object, on any grounds, to the use of this response in any trial or proceeding. Defendants object to this Interrogatory as disproportionate—and to the extent it could be proportionate, as premature—because Plaintiffs have brought this action under the Administrative Procedure Act and an Administrative Record will be forthcoming. *See* ECF No. 113 at ¶ 4. The United States further objects that this Interrogatory as vague and imprecise. To the extent that this calls for pre-decisional plans, the Interrogatory expressly seeks only privileged information in violation of Fed. R. Civ. P. 26(b)(1) and the Joint Discovery Plan.

**RESPONSE**: Subject to, and without waving any of the objections stated above, to the extent that this Interrogatory calls for any non-deliberative or otherwise privileged information, Defendants answer that the there are no "claimants to the Fund." As Acting Attorney General Blanche testified under oath "there is no weaponization fund. … It never started. No money went from the Treasury to any other account. There's no commissioners." Senate Judiciary Committee, Nomination Hearing of the Honorable Todd Blanche to be Attorney General of the United States at 1:26:42–1:27:22. Additionally the Acting Attorney General's August 2, 2026 Order further states "No Members were appointed; no funds were transferred; no process for receiving claims was established; no claims were paid."

Dated: August 6, 2026

Respectfully submitted,

*/s/ Andrew J. Block*

ANDREW J. BLOCK
*Senior Counsel to the Associate Attorney General*
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2026, I served the foregoing on Counsel for Plaintiff listed below via electronic mail.

Joel McElvain
Pooja A. Boisture
Jyoti Jasrasaria
Aman George
Ayesha Khan
Robin F. Thurston
Skye L. Perryman
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090

*Counsel for Plaintiffs*

/s/ *Andrew J. Block*
Andrew Block

# EXHIBIT

# 13

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **Andrew Floyd**, et al.,<br>Plaintiffs,<br>*vs.*<br>**Department of Justice**, et al.,<br>Defendants. | **Case No. 26-cv-1399-LMB** |

## PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION

Pursuant to Federal Rules of Civil Procedure 26 and 36 and Eastern District of Virginia Local Rule 26, Plaintiffs Andrew Floyd, Jonathan Caravello, City of New Haven, National Abortion Federation, and Common Cause, through their undersigned attorneys, hereby serve the following Requests for Admission ("RFAs") on Defendants the Department of Justice, Acting Attorney General Todd Blanche, Associate Attorney General Stanley Woodward Jr., the Department of the Treasury, Treasury Secretary Scott Bessent, and the Anti-Weaponization Fund.

Responses to these RFAs must be made within thirty (30) days of receipt in accordance with the timelines set forth in the Federal Rules of Civil Procedure. Please produce all discovery responses and documents to counsel of record by email or, as necessary, by mail to Democracy Forward Foundation, P.O. Box 34553, Washington, D.C. 20043. All responses to these Interrogatories [sic] should be made pursuant to the Definitions and Instructions below.

## DEFINITIONS

Except as specifically defined below, the terms used in these RFAs shall be construed and defined in accordance with the Federal Rules of Civil Procedure, wherever applicable. Any terms not defined shall be given their ordinary meaning.

1. "Agreement" means the entire "Settlement Agreement" in *Trump v. IRS*, Case No. 1:26-cv-20609 (S.D. Fla.), including any addenda or unwritten agreements. *See* ECF Nos. 1-2, 1-3.

2. "Fund" means the "Anti-Weaponization Fund" that DOJ announced as part of the agreement to settle *Trump v. IRS*. ECF No. 25-1 at 7-16.

3. "Blanche Order" means the May 18, 2026 order issued by Acting Attorney General Blanche. *See* ECF No. 1-4.

4. The use of the singular form of any word includes the plural and vice versa.

5. The use of a verb in any tense shall encompass all other tenses, wherever necessary, to bring within the scope of the discovery request matters that might otherwise be construed as outside the scope of the request.

6. The words "and" and "or" are intended to be construed conjunctively or disjunctively as necessary to make the Request inclusive rather than exclusive.

7. "Including" means "including, but not limited to."

## INSTRUCTIONS

1. You shall either admit or specifically deny the requested matter. If you qualify your answer or deny only a part of the requested matter, you shall specify which part is true and qualify or deny the remainder. If you deny in whole or in part any request, state the reason(s) for each denial. Fed. R. Civ. P. 36(a)(4).

2. If you cannot admit or specifically deny any RFA fully and completely after exercising due diligence to make inquiry and secure the information to do so, please so state and admit or specifically deny each such RFA to the fullest extent possible; specify the portion of each RFA that you claim to be unable to admit or specifically deny; and state the facts upon which you rely to support your contention that you are unable to admit or specifically deny the specified portion of the requested matter. Fed. R. Civ. P. 36(a)(4).

3. If you object to any portion of any RFA, you shall admit or specifically deny that portion of the RFA to which you have no objection, and you shall specify the portion of the request being objected to and the basis for the objection. Fed. R. Civ. P. 36(a)(5).

4. If, in responding to these RFAs, you encounter any ambiguity in construing any RFA, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding.

5. If an objection to an RFA is based upon a claim of privilege, or any other basis, please identify, in writing, each piece of information so withheld by providing the following information:

a. the possessor(s), author(s), addressee(s), present custodian(s), and date of such information;

b. all other persons who have seen or learned of all or part of any such information;

c. the method by which, and reason why, each such person obtained access to such information;

d. a summary of such information; and

e. the nature of the privilege asserted and any statutes, rules, or cases that you contend support the assertion of privilege.

6. These RFAs are continuing in character so as to require you to promptly amend or supplement your response if you discover or obtain further material information in accordance with Fed. R. Civ. P. 26(e).

## REQUESTS FOR ADMISSION

**RFA NO. 1:** Admit that the Blanche Order has not been withdrawn, rescinded, or modified.

**OBJECTION**: The Defendants' objections to this Request are based on information known to the United States Department of Justice at this time. The Defendants will supplement in accordance with the Court's orders and Rule 26(e). Consistent with the Federal Rules, the Defendants therefore reserve the option to assert additional objections as new information arises. The Defendants base their objections on their best understanding of what the Request is asking. The Defendants reserve the option to make additional objections and amend responses if their understanding conflicts with Plaintiffs' interpretation. The Defendants' objections and responses are given in accordance with the requirements of the Federal Rules and Court orders, and not in accordance with Plaintiffs' instructions, to the extent that such instructions conflict with and expand the requirements of those Rules and orders, including (by way of example and without limitation Instructions 4 and 5). In responding to this Request, the United States does not concede the relevancy, materiality, competency, or admissibility of any evidence or information requested by Plaintiffs. The Defendants reserve the option to object, on any ground, as to the use of its response in any trial or proceeding. Defendants object to these requests as disproportionate—and to the extent they are or could be proportionate, as premature—because Plaintiffs have brought this action under the Administrative Procedure Act and an Administrative Record will be forthcoming. *See* ECF No. 113 at ¶ 4.

**RESPONSE**: Denied.

**RFA NO. 2:** Admit that the Agreement has not been modified.

**OBJECTION**: The Defendants' objections to this Request are based on information known to the United States Department of Justice at this time. The Defendants will supplement in accordance with the Court's orders and Rule 26(e). Consistent with the Federal Rules, the Defendants therefore reserve the option to assert additional objections as new information arises. The Defendants base their objections on their best understanding of what the Request is asking. The Defendants reserve the option to make additional objections and amend responses if their understanding conflicts with Plaintiffs' interpretation. The Defendants' objections and responses are given in accordance with the requirements of the Federal Rules and Court orders, and not in accordance with Plaintiffs' instructions, to the extent that such instructions conflict with and expand the requirements of those Rules and orders, including (by way of example and without limitation Instructions 4 and 5). In responding to this Request, the United States does not concede the relevancy, materiality, competency, or admissibility of any evidence or information requested by Plaintiffs. The Defendants reserve the option to object, on any ground, as to the use of its response in any trial or proceeding. Defendants object to the definition of "Agreement" as overbroad and vague. Defendants object to these requests as disproportionate—and to the extent they are or could be proportionate, as premature—because Plaintiffs have brought this action under the Administrative Procedure Act and an Administrative Record will be forthcoming. *See* ECF No. 113 at ¶ 4.

**RESPONSE**: Admitted.

**RFA NO. 3:** Admit that Acting Attorney General Todd Blanche's testimony on May 19 was unsworn.

**OBJECTION**: The Defendants' objections to this Request are based on information known to the United States Department of Justice at this time. The Defendants will supplement in accordance

with the Court's orders and Rule 26(e). Consistent with the Federal Rules, the Defendants therefore reserve the option to assert additional objections as new information arises. The Defendants base their objections on their best understanding of what the Request is asking. The Defendants reserve the option to make additional objections and amend responses if their understanding conflicts with Plaintiffs' interpretation. The Defendants' objections and responses are given in accordance with the requirements of the Federal Rules and Court orders, and not in accordance with Plaintiffs' instructions, to the extent that such instructions conflict with and expand the requirements of those Rules and orders, including (by way of example and without limitation Instructions 4 and 5). In responding to this Request, the United States does not concede the relevancy, materiality, competency, or admissibility of any evidence or information requested by Plaintiffs. The Defendants reserve the option to object, on any ground, as to the use of its response in any trial or proceeding. Defendants object to these requests as disproportionate—and to the extent they are or could be proportionate, as premature—because Plaintiffs have brought this action under the Administrative Procedure Act and an Administrative Record will be forthcoming. *See* ECF No. 113 at ¶ 4.

**RESPONSE**: Admit

**RFA NO. 4:** Admit that there is no bar to claimants to the Fund being compensated or redressed by means other than the Fund.

**OBJECTION**: The Defendants' objections to this Request are based on information known to the United States Department of Justice at this time. The Defendants will supplement in accordance with the Court's orders and Rule 26(e). Consistent with the Federal Rules, the Defendants therefore reserve the option to assert additional objections as new information arises. The Defendants base their objections on their best understanding of what the Request is asking. The Defendants reserve

the option to make additional objections and amend responses if their understanding conflicts with Plaintiffs' interpretation. The Defendants' objections and responses are given in accordance with the requirements of the Federal Rules and Court orders, and not in accordance with Plaintiffs' instructions, to the extent that such instructions conflict with and expand the requirements of those Rules and orders, including (by way of example and without limitation Instructions 4 and 5). In responding to this Request, the United States does not concede the relevancy, materiality, competency, or admissibility of any evidence or information requested by Plaintiffs. The Defendants reserve the option to object, on any ground, as to the use of its response in any trial or proceeding. Defendants object to these requests as disproportionate—and to the extent they are or could be proportionate, as premature—because Plaintiffs have brought this action under the Administrative Procedure Act and an Administrative Record will be forthcoming. *See* ECF No. 113 at ¶ 4. Defendants further object that this Request is vague, unclear, and imprecise, and as such, Defendants do not understand the question being posed.

**RESPONSE**: Without waiving any objections, Defendants lack information to either Admit or Deny this Request as worded but reiterate there is no Fund, "No Members were appointed; no funds were transferred; no process for receiving claims was established; no claims were paid." Order, Acting Attorney General, August 2, 2026. To the extent a response is deemed required to this Request, because the Defendants do not know the question posed, the Request is therefore DENIED.

**RFA NO. 5:** Admit that each document you have produced or will produce in response to Plaintiffs' requests for production of documents is kept in the course of regularly conducted business activity.

**OBJECTION**: The Defendants' objections to this Request are based on information known to the United States Department of Justice at this time. The Defendants will supplement in accordance with the Court's orders and Rule 26(e). Consistent with the Federal Rules, the Defendants therefore reserve the option to assert additional objections as new information arises. The Defendants base their objections on their best understanding of what the Request is asking. The Defendants reserve the option to make additional objections and amend responses if their understanding conflicts with Plaintiffs' interpretation. The Defendants' objections and responses are given in accordance with the requirements of the Federal Rules and Court orders, and not in accordance with Plaintiffs' instructions, to the extent that such instructions conflict with and expand the requirements of those Rules and orders, including (by way of example and without limitation Instructions 4 and 5). In responding to this Request, the United States does not concede the relevancy, materiality, competency, or admissibility of any evidence or information requested by Plaintiffs. The Defendants reserve the option to object, on any ground, as to the use of its response in any trial or proceeding. Defendants object to these requests as disproportionate—and to the extent they are or could be proportionate, as premature—because Plaintiffs have brought this action under the Administrative Procedure Act and an Administrative Record will be forthcoming. *See* ECF No. 113 at ¶ 4. Because the Administrative Record is not yet fully compiled or reviewed, and because document collection and review has not yet been completed, Defendants do not yet know the full scope of each and every objection that they may ultimately make and expressly reserve the right to add any objections which may become known to them at a later time.

**RESPONSE**: Defendants lack knowledge sufficient to respond to this Request at present. Because Defendants do not know what documents will be produced Defendants cannot make any representations as to how such potential documents are kept and therefore, to the extent a response is required to this Request, it is DENIED.

Dated: August 6, 2026

Respectfully submitted,

*/s/ Andrew J. Block*

ANDREW J. BLOCK
*Senior Counsel to the Associate Attorney General*
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2026, I served the foregoing on Counsel for Plaintiff listed below via electronic mail.

Joel McElvain
Pooja A. Boisture
Jyoti Jasrasaria
Aman George
Ayesha Khan
Robin F. Thurston
Skye L. Perryman
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090

*Counsel for Plaintiffs*

/s/ *Andrew J. Block*
Andrew Block

# EXHIBIT

# 14

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **Andrew Floyd**, et al.,<br>Plaintiffs,<br>*vs.*<br>**Department of Justice**, et al.,<br>Defendants. | **Case No. 26-cv-1399-LMB** |

**DEFENDANTS' AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 26 and 34 and Eastern District of Virginia Local Rule 26, Plaintiffs Andrew Floyd, Jonathan Caravello, City of New Haven, National Abortion Federation, and Common Cause, through their undersigned attorneys, hereby serve the following Requests for Production of Documents ("RFPs") on Defendants the Department of Justice, Acting Attorney General Todd Blanche, Associate Attorney General Stanley Woodward Jr., the Department of the Treasury, Treasury Secretary Scott Bessent, and the Anti-Weaponization Fund.

Responses to these RFPs must be made within thirty (30) days of receipt in accordance with the timelines set forth in the Federal Rules of Civil Procedure. Please produce all discovery responses and documents to counsel of record by email or, as necessary, by mail to Democracy Forward Foundation, P.O. Box 34553, Washington, D.C. 20043. All responses to these RFPs should be made pursuant to the Definitions and Instructions below.

**DEFINITIONS**

Except as specifically defined below, the terms used in these RFPs shall be construed and defined in accordance with the Federal Rules of Civil Procedure, wherever applicable. Any terms not defined shall be given their ordinary meaning.

1. "Agreement" means the entire "Settlement Agreement" in *Trump v. IRS*, Case No. 1:26-cv-20609 (S.D. Fla.), including any addenda or unwritten agreements. *See* ECF Nos. 1-2, 1-3.

2. "Fund" means the "Anti-Weaponization Fund" that DOJ announced as part of the agreement to settle *Trump v. IRS*. *See* ECF No. 1-2

3. "Blanche Order" means the May 18, 2026 order issued by Acting Attorney General Blanche. *See* ECF No. 1-4.

4. The term "identify," when used in connection with the term "individual" or "individuals," means to state, to the extent known, the person's full name; present or last known address; e-mail address; and telephone number. When "identify" is used in connection with an entity rather than a natural person, it means to state, to the extent known, identifying information for the entity and the natural persons acting as contacts for the entity in connection with the subject matter covered by the relevant request.

5. When referring to documents, "identify" means to state, to the extent known, the type, date, author, title, and, if applicable, addressee(s) and/or recipient(s) of the document.

6. The term "communication" means a transmittal of information in the form of facts, ideas, inquiries, or otherwise.

7. The term "document" means any document or electronically stored information as described in Federal Rule of Civil Procedure 34(a), including but not limited to emails, email attachments, complete email chains, calendar invitations, calendar invitation attachments, text

messages, messages—including ephemeral messages—sent on messaging platforms (including but not limited to Slack, Microsoft Teams, WhatsApp, Signal, or GChat), records, reports, memoranda, written agreements, and system tickets, logs, records, reports, or output. A draft or a nonidentical copy, including any copy bearing any notation or mark not found on the original, is a separate document within the meaning of this term.

8. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

9. The use of the singular form of any word includes the plural and vice versa.

10. The use of a verb in any tense shall encompass all other tenses, wherever necessary, to bring within the scope of the discovery request matters that might otherwise be construed as outside the scope of the request.

11. The words "and" and "or" are intended to be construed conjunctively or disjunctively as necessary to make the Request inclusive rather than exclusive.

12. "Including" means "including, but not limited to."

**INSTRUCTIONS**

1. Defendants' written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested unless the request is refused, in which event the reasons for refusal shall be stated. If the refusal relates to part of an item or category, the part shall be specified.

2. Absent your concurrent and written objection, your production of a document in response to written discovery authenticates the document for use against you in any pretrial proceeding or at trial.

3. Where documents or things in the possession, custody, or control of any individual, agency, office, firm, corporation, or partnership are requested, such request also pertains to documents in the possession, custody, or control of employees, agents, guardians, partners, representatives, and attorneys of such individuals, agencies, offices, firms, corporations, or partnerships.

4. If, in responding to these Requests, you encounter any ambiguity in construing any request, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding.

5. If an objection to a request is based upon a claim of privilege, or any other basis, please identify, contemporaneously with producing responses to these Requests, or as otherwise agreed upon by the parties, in writing each document so withheld by providing the following information:

a. the date or approximate date of the document;

b. the type of document (e.g., letter, memorandum);

c. a description of the subject matter of the document;

d. each and every person who prepared, signed, or participated in the preparation of the document or any copy thereof;

e. each and every person who received the document or any copy thereof;

f. the present custodian(s) of each document;

g. a list of attachments or enclosures to the documents; and

h. the nature of the privilege asserted and any statutes, rules, or cases that you contend support the assertion of privilege.

6. Identify and produce all segregable portions of any responsive document to which a claim of privilege, attorney work product, or other basis for withholding the document does not apply.

7. These Requests for Production of Documents are continuing in character so as to require you to promptly amend or supplement your response if you discover or obtain further materials in accordance with Fed. R. Civ. P. 26(e).

8. If any document requested herein has been lost, discarded, or destroyed, please furnish a list identifying each such document as completely as possible including, without limitation, the following information: its author and addressee, each person to whom copies of the document were furnished or to whom the contents thereof were communicated, a comprehensive summary of the substance of the document, the date (or approximate date) of its disposal, the manner of its disposal, the reason for its disposal, the person authorizing its disposal, and the person disposing of the document.

## REQUESTS FOR PRODUCTION

**RFP NO. 1:** Any and all documents and/or communications—including between the government and the plaintiffs in the *Trump v. IRS* case—concerning the conception, creation, operation, status, or plans for the Anti-Weaponization Fund, including about the eligibility criteria for awards from the Fund.

**OBJECTIONS**: The Defendants' objections to this Request are based on information known to the United States Department of Justice at this time. The Defendants will supplement in accordance with the Court's orders and Rule 26(e). Consistent with the Federal Rules, the Defendants therefore reserve the option to assert additional objections as new information arises. The Defendants base their objections on their best understanding of what the Request is seeking. The Defendants reserve

the option to make additional objections and amend responses if their understanding conflicts with Plaintiffs' interpretation. The Defendants' objections and responses are given in accordance with the requirements of the Federal Rules and Court orders, and not in accordance with Plaintiffs' instructions, to the extent that such instructions conflict with and expand the requirements of those Rules and orders, including (by way of example and without limitation Instructions 1, 2, 3, 4, 5, 6, and 8). In responding to this Request, the United States does not concede the relevancy, materiality, competency, or admissibility of any evidence or information requested by Plaintiffs. The Defendants reserve the option to object, on any ground, as to the use of its response in any trial or proceeding. Defendants object to this request as disproportionate because Plaintiffs have brought this action under the Administrative Procedure Act and an Administrative Record will be forthcoming. *See* ECF No. 113 at ¶ 4. Accordingly, document discovery is unwarranted at any stage and is—to the extent it becomes warranted at any point—premature at this time. Because the Administrative Record is not yet fully compiled or reviewed, and because of the continuing nature of discovery requests generally, Defendants do not yet know the full scope of each and every objection that they may ultimately make and expressly reserve the right to add any objections which may become known to them at a later time. The United States further objects that this Request as vague, overbroad, ambiguous, and disproportionate to the needs of the case. The Request purports to seek "Any and all documents and/or communications"—without any limitation—from the fourth and fifth largest departments, respectively, in the Federal government, by workforce size, comprising of some 190,000 total employees. *See* OPM Federal Workforce Data, available at https://data.opm.gov/explore-data/analytics/workforce-size-and-composition (accessed July 24, 2026). The definition of "concerning" is similarly overbroad so as to make responsiveness determinations subjective rather than applying an objective standard. Such a broad

request is not proportional to the needs of this case, particularly where, as here, an Administrative Record is forthcoming. The Request is ambiguous as it is written in the passive voice and does not reasonably describe the documents it purports to seek. By asking for documents and communications "concerning the conception, creation" or "plans" of the Fund, this Request appears to expressly seek and call for only or predominantly privileged information in violation of Fed. R. Civ. P. 26(b)(1), including, but not limited to, deliberative process privilege, attorney-client privilege, attorney work product, law enforcement sensitive, and law enforcement privilege. To the extent that the Request seeks communications or documents precipitating a final document that Plaintiffs have already introduced to the record—Settlement Agreement (ECF No. 1-2)—it is not propounded in a way that seeks nonprivileged information relevant to a claim or defense in this case. To the extent the Request seeks communications in another matter, it improperly seeks confidential attorney communications and correspondence protected by Fed. R. Evid. 408. The Request further appears to seek communications or documents relating to an entirely different civil matter in a different court in a different district. To that point, this Court has already stated "that issue … it's before another judge in another district … and that's beyond the scope of what this Court, I think, has before it." Hearing Transcript at 19. The Request thus casts a broad net over two executive agencies in an apparent attempt to collaterally seek protected, privileged, and confidential information regarding an entirely different civil case, instead of seeking facts related to Plaintiffs' own civil action they filed in this Court. The Request is further disproportionate in that Plaintiffs have already introduced to the record the document they allege to be legally controlling and are seeking documents ahead of the production of the Administrative Record in an APA case.

**RESPONSE**: Because Plaintiffs have not limited the scope of this Request since the Parties' meet-and-confer, the Defendants stand on their objections and are not producing documents in response to this request.

**RFP NO. 2:** Any and all documents and/or communications—including between the government and the plaintiffs in the *Trump v. IRS* case—concerning the Agreement or any of its provisions, including about the Agreement's conception, creation, consummation, modifications, and status.

**OBJECTION**: The Defendants' objections to this Request are based on information known to the United States Department of Justice at this time. The Defendants will supplement in accordance with the Court's orders and Rule 26(e). Consistent with the Federal Rules, the Defendants therefore reserve the option to assert additional objections as new information arises. The Defendants base their objections on their best understanding of what the Request is seeking. The Defendants reserve the option to make additional objections and amend responses if their understanding conflicts with Plaintiffs' interpretation. The Defendants' objections and responses are given in accordance with the requirements of the Federal Rules and Court orders, and not in accordance with Plaintiffs' instructions, to the extent that such instructions conflict with and expand the requirements of those Rules and orders, including (by way of example and without limitation Instructions 1, 2, 3, 4, 5, 6, and 8). In responding to this Request, the United States does not concede the relevancy, materiality, competency, or admissibility of any evidence or information requested by Plaintiffs. The Defendants reserve the option to object, on any ground, as to the use of its response in any trial or proceeding. Defendants object to this request as disproportionate because Plaintiffs have brought this action under the Administrative Procedure Act and an Administrative Record will be forthcoming. *See* ECF No. 113 at ¶ 4. Accordingly, document discovery is unwarranted at any stage and is—to the extent it becomes warranted at any point—premature at this time. Because the

Administrative Record is not yet fully compiled or reviewed, and because of the continuing nature of discovery requests generally, Defendants do not yet know the full scope of each and every objection that they may ultimately make and expressly reserve the right to add any objections which may become known to them at a later time. The United States further objects that this Request as vague, overbroad, ambiguous, and disproportionate to the needs of the case. The Request purports to seek "Any and all documents and/or communications"—without any limitation—from the fourth and fifth largest departments, respectively, in the Federal government, by workforce size, comprising of some 190,000 total employees. *See* OPM Federal Workforce Data, available at https://data.opm.gov/explore-data/analytics/workforce-size-and-composition (accessed July 24, 2026). Defendants object to the definition of "Agreement" as overbroad and vague. The definition of "concerning" is similarly overbroad so as to make responsiveness determinations subjective rather than applying an objective standard. Such a broad request is not proportional to the needs of this case, particularly where, as here, an Administrative Record is forthcoming. The Request is ambiguous as it is written in the passive voice and does not reasonably describe the documents it purports to seek. By asking for documents and communications "concerning the conception, creation" or "plans" of the Fund, this Request expressly seeks only privileged information in violation of Fed. R. Civ. P. 26(b)(1), including, but not limited to, deliberative process privilege, attorney-client privilege, attorney work product, law enforcement sensitive, and law enforcement privilege. To the extent that the Request seeks communications or documents precipitating a final document that Plaintiffs have already introduced to the record—the Settlement Agreement (ECF No. 1-2)—it is not propounded in a way that seeks nonprivileged information relevant to a claim or defense in this case. To the extent the Request seeks communications in another matter, it improperly seeks confidential attorney communications and

correspondence protected by Fed. R. Evid. 408. The Request further appears to seek communications or documents relating to an entirely different civil matter in a different court in a different district. To that point, this Court has already stated "that issue … it's before another judge in another district … and that's beyond the scope of what this Court, I think, has before it." Hearing Transcript at 19. The Request thus casts a broad net over two executive agencies in an apparent attempt to collaterally seek protected, privileged, and confidential information regarding an entirely different civil case, instead of seeking facts related to Plaintiffs' own civil action they filed in this Court. The Request is further disproportionate in that Plaintiffs have already introduced to the record the document they allege to be legally controlling and are seeking documents ahead of the production of the Administrative Record in an APA case.

**RESPONSE**: As Plaintiffs have not limited the scope of this Request since the Parties' meet-and-confer, the Defendants stand on their objections stated above and are not producing documents in response to this request.

**RFP NO. 3:** Any and all documents and/or communications concerning the Blanche Order, including its current status.

**AMENDED RFP NO. 3**: Any and all documents (excepting drafts of the Blanche order) and/or communications concerning the Blanche Order, including its current status.

**OBJECTION**: The Defendants' objections to this Request are based on information known to the United States Department of Justice at this time. The Defendants will supplement in accordance with the Court's orders and Rule 26(e). Consistent with the Federal Rules, the Defendants therefore reserve the option to assert additional objections as new information arises. The Defendants base their objections on their best understanding of what the Request is seeking. The Defendants reserve the option to make additional objections and amend responses if their understanding conflicts with

Plaintiffs' interpretation. The Defendants' objections and responses are given in accordance with the requirements of the Federal Rules and Court orders, and not in accordance with Plaintiffs' instructions, to the extent that such instructions conflict with and expand the requirements of those Rules and orders, including (by way of example and without limitation Instructions 1, 2, 3, 4, 5, 6, and 8). In responding to this Request, the United States does not concede the relevancy, materiality, competency, or admissibility of any evidence or information requested by Plaintiffs. The Defendants reserve the option to object, on any ground, as to the use of its response in any trial or proceeding. Defendants object to this request as disproportionate because Plaintiffs have brought this action under the Administrative Procedure Act and an Administrative Record will be forthcoming. *See* ECF No. 113 at ¶ 4. Accordingly, document discovery is unwarranted at any stage and is—to the extent it becomes warranted at any point—premature at this time. Because the Administrative Record is not yet fully compiled or reviewed, and because of the continuing nature of discovery requests generally, Defendants do not yet know the full scope of each and every objection that they may ultimately make and expressly reserve the right to add any objections which may become known to them at a later time. The United States further objects that this Request as vague, overbroad, ambiguous, and disproportionate to the needs of the case. The Request purports to seek "Any and all documents and/or communications"—without any limitation—from the fourth and fifth largest departments, respectively, in the Federal government, by workforce size, comprising of some 190,000 total employees. *See* OPM Federal Workforce Data, available at https://data.opm.gov/explore-data/analytics/workforce-size-and-composition (accessed July 24, 2026). The definition of "concerning" is similarly overbroad so as to make responsiveness determinations subjective rather than applying an objective standard. Such a broad request is not proportional to the needs of this case, particularly where, as here, an Administrative

Record is forthcoming. The Request is ambiguous as it is written in the passive voice and does not reasonably describe the documents it purports to seek. By expressly exempting "drafts" of the order but continuing to seek communications "concerning the Blanche Order" the Request expressly seeks only privileged information in violation of Fed. R. Civ. P. 26(b)(1), including, but not limited to, deliberative process privilege, attorney-client privilege, attorney work product, law enforcement sensitive, and law enforcement privilege. To the extent that the Request seeks communications or documents precipitating a final document that Plaintiffs have already introduced to the record—Blanche Order (ECF No. 1-4)—it is not propounded in a way that seeks nonprivileged information relevant to a claim or defense in this case. To the extent the Request seeks communications in another matter, it improperly seeks confidential attorney communications and correspondence protected by Fed. R. Evid. 408. To the extent the Request seeks communications or documents relating to an entirely different civil matter in a different court in a different district, this Court has already stated "that issue … it's before another judge in another district … and that's beyond the scope of what this Court, I think, has before it." Hearing Transcript at 19. The Request thus casts a broad net over two executive agencies in an apparent attempt to collaterally seek protected, privileged, and confidential information regarding an entirely different civil case, instead of seeking facts related to Plaintiffs' own civil action they filed in this Court. The Request is further disproportionate in that Plaintiffs have already introduced to the record the document they allege to be legally controlling and are seeking documents ahead of the production of the Administrative Record in an APA case

**RESPONSE**: The Plaintiffs are already in possession of the final, nonprivileged Blanche Order of May 18, Dkt. 123-3, and the Order rescinding the Blanche Order, Dkt. 123-5. With respect to the remainder of the request, the Defendants stand on their objections.

**RFP NO. 4:** Any and all documents and/or communications concerning any claims that have been received, retained, considered, or otherwise processed by the Fund, including about providing redress to claimants from sources other than the Fund.

**OBJECTION**: The Defendants' objections to this Request are based on information known to the United States Department of Justice at this time. The Defendants will supplement in accordance with the Court's orders and Rule 26(e). Consistent with the Federal Rules, the Defendants therefore reserve the option to assert additional objections as new information arises. The Defendants base their objections on their best understanding of what the Request is seeking. The Defendants reserve the option to make additional objections and amend responses if their understanding conflicts with Plaintiffs' interpretation. The Defendants' objections and responses are given in accordance with the requirements of the Federal Rules and Court orders, and not in accordance with Plaintiffs' instructions, to the extent that such instructions conflict with and expand the requirements of those Rules and orders, including (by way of example and without limitation Instructions 1, 2, 3, 4, 5, 6, and 8). In responding to this Request, the United States does not concede the relevancy, materiality, competency, or admissibility of any evidence or information requested by Plaintiffs. The Defendants reserve the option to object, on any ground, as to the use of its response in any trial or proceeding. Defendants object to this request as disproportionate because Plaintiffs have brought this action under the Administrative Procedure Act and an Administrative Record will be forthcoming. *See* ECF No. 113 at ¶ 4. Accordingly, document discovery is unwarranted at any stage and is—to the extent it becomes warranted at any point—premature at this time. Because the Administrative Record is not yet fully compiled or reviewed, and because of the continuing nature of discovery requests generally, Defendants do not yet know the full scope of each and every objection that they may ultimately make and expressly reserve the right to add any objections

which may become known to them at a later time. The United States further objects that this Request as vague, overbroad, ambiguous, and disproportionate to the needs of the case. The Request purports to seek "Any and all documents and/or communications"—without any limitation—from the fourth and fifth largest departments, respectively, in the Federal government, by workforce size, comprising of some 190,000 total employees. *See* OPM Federal Workforce Data, available at https://data.opm.gov/explore-data/analytics/workforce-size-and-composition (accessed July 24, 2026). The definition of "concerning" is similarly overbroad so as to make responsiveness determinations subjective rather than applying an objective standard. Such a broad request is not proportional to the needs of this case, particularly where, as here, an Administrative Record is forthcoming. The Request is ambiguous as it is written in the passive voice and does not reasonably describe the documents it purports to seek. Nor does it identify or describe the custodians who have "received, retained, considered, or otherwise processed" such documents. The Request does not limit itself to seeking non-privileged information, in violation of Fed. R. Civ. P. 26(b)(1) and thus Defendants object to any reading of the Request that seeks only or predominantly privileged material including, but not limited to, deliberative process privilege, attorney-client privilege, attorney work product, law enforcement sensitive, and law enforcement privilege. To the extent that the Request seeks any attorney's mental impressions, legal advice, legal opinion, or advice to any defendant, Defendants object.

**RESPONSE**: Subject to and without waiving any objection, Defendants reiterate that there is no Fund and "no process for receiving claims was established." Acting Attorney General's August 2, 2026 Order. Accordingly, there are no documents responsive to this request.

**RFP NO. 5**: Any and all bank records, transaction receipts, or other documents that show funds being transferred into or withdrawn from the Fund.

**OBJECTION**: The Defendants' objections to this Request are based on information known to the United States Department of Justice at this time. The Defendants will supplement in accordance with the Court's orders and Rule 26(e). Consistent with the Federal Rules, the Defendants therefore reserve the option to assert additional objections as new information arises. The Defendants base their objections on their best understanding of what the Request is seeking. The Defendants reserve the option to make additional objections and amend responses if their understanding conflicts with Plaintiffs' interpretation. The Defendants' objections and responses are given in accordance with the requirements of the Federal Rules and Court orders, and not in accordance with Plaintiffs' instructions, to the extent that such instructions conflict with and expand the requirements of those Rules and orders, including (by way of example and without limitation Instructions 1, 2, 3, 4, 5, 6, and 8). In responding to this Request, the United States does not concede the relevancy, materiality, competency, or admissibility of any evidence or information requested by Plaintiffs. The Defendants reserve the option to object, on any ground, as to the use of its response in any trial or proceeding. Defendants object to this request as disproportionate because Plaintiffs have brought this action under the Administrative Procedure Act and an Administrative Record will be forthcoming. *See* ECF No. 113 at ¶ 4. Accordingly, document discovery is unwarranted at any stage and is—to the extent it becomes warranted at any point—premature at this time. Because the Administrative Record is not yet fully compiled or reviewed, and because of the continuing nature of discovery requests generally, Defendants do not yet know the full scope of each and every objection that they may ultimately make and expressly reserve the right to add any objections which may become known to them at a later time. The United States further objects that this Request as vague, overbroad, ambiguous, and disproportionate to the needs of the case. Such a broad request is not proportional to the needs of this case, particularly where, as here, an

Administrative Record is forthcoming. The Request does not limit itself to seeking non-privileged information, in violation of Fed. R. Civ. P. 26(b)(1) and thus Defendants object to any reading of the Request that seeks only or predominantly privileged material including, but not limited to, deliberative process privilege, attorney-client privilege, attorney work product, law enforcement sensitive, and law enforcement privilege. To the extent that the Request seeks any attorney's mental impressions, legal advice, legal opinion, or advice to any defendant, Defendants object.

**RESPONSE**: Without waiving any objections, Defendants reiterate "No money went from the Treasury to any other account." ("Nomination Hearing"), at 1:27:12–:22. For the avoidance of doubt, no responsive records exist.

**RFP NO. 6:** Any and all documents and/or communications revealing a lawful authority to create the Fund.

**OBJECTION:** The Defendants' objections to this Request are based on information known to the United States Department of Justice at this time. The Defendants will supplement in accordance with the Court's orders and Rule 26(e). Consistent with the Federal Rules, the Defendants therefore reserve the option to assert additional objections as new information arises. The Defendants base their objections on their best understanding of what the Request is seeking. The Defendants reserve the option to make additional objections and amend responses if their understanding conflicts with Plaintiffs' interpretation. The Defendants' objections and responses are given in accordance with the requirements of the Federal Rules and Court orders, and not in accordance with Plaintiffs' instructions, to the extent that such instructions conflict with and expand the requirements of those Rules and orders, including (by way of example and without limitation Instructions 1, 2, 3, 4, 5, 6, and 8). In responding to this Request, the United States does not concede the relevancy, materiality, competency, or admissibility of any evidence or information requested by Plaintiffs. The

Defendants reserve the option to object, on any ground, as to the use of its response in any trial or proceeding. Defendants object to this request as disproportionate because Plaintiffs have brought this action under the Administrative Procedure Act and an Administrative Record will be forthcoming. *See* ECF No. 113 at ¶ 4. Accordingly, document discovery is unwarranted at any stage and is—to the extent it becomes warranted at any point—premature at this time. Because the Administrative Record is not yet fully compiled or reviewed, and because of the continuing nature of discovery requests generally, Defendants do not yet know the full scope of each and every objection that they may ultimately make and expressly reserve the right to add any objections which may become known to them at a later time. The United States further objects that this Request as vague, overbroad, ambiguous, and disproportionate to the needs of the case. Such a broad request is not proportional to the needs of this case, particularly where, as here, an Administrative Record is forthcoming. The Request does not limit itself to seeking non-privileged information, in violation of Fed. R. Civ. P. 26(b)(1) and thus Defendants object to any reading of the Request that seeks only or predominantly privileged material including, but not limited to, deliberative process privilege, attorney-client privilege, attorney work product, law enforcement sensitive, and law enforcement privilege. To the extent that the Request seeks any attorney's mental impressions, legal advice, legal opinion, or advice to any defendant, Defendants object. To the extent the Request calls for a legal opinion or conclusion, Defendants object.

**RESPONSE**: This request calls for a legal conclusion. However, subject to and without waiving any objections stated above, to the extent any such non-privileged documents exist, they have been produced in the Administrate Record.

**RFP NO. 7:** Any and all documents identified in response to Interrogatory No. 5.

**OBJECTION:** All objections to Interrogatory 5 are incorporated as stated here. The Defendants' objections to this Request are based on information known to the United States Department of Justice at this time. The Defendants will supplement in accordance with the Court's orders and Rule 26(e). Consistent with the Federal Rules, the Defendants therefore reserve the option to assert additional objections as new information arises. The Defendants base their objections on their best understanding of what the Request is seeking. The Defendants reserve the option to make additional objections and amend responses if their understanding conflicts with Plaintiffs' interpretation. The Defendants' objections and responses are given in accordance with the requirements of the Federal Rules and Court orders, and not in accordance with Plaintiffs' instructions, to the extent that such instructions conflict with and expand the requirements of those Rules and orders, including (by way of example and without limitation Instructions 1, 2, 3, 4, 5, 6, and 8). In responding to this Request, the United States does not concede the relevancy, materiality, competency, or admissibility of any evidence or information requested by Plaintiffs. The Defendants reserve the option to object, on any ground, as to the use of its response in any trial or proceeding. Defendants object to this request as disproportionate because Plaintiffs have brought this action under the Administrative Procedure Act and an Administrative Record will be forthcoming. *See* ECF No. 113 at ¶ 4. Accordingly, document discovery is unwarranted at any stage and is—to the extent it becomes warranted at any point—premature at this time. Because the Administrative Record is not yet fully compiled or reviewed, and because of the continuing nature of discovery requests generally, Defendants do not yet know the full scope of each and every objection that they may ultimately make and expressly reserve the right to add any objections which may become known to them at a later time. The United States further objects that this Request as vague, overbroad, ambiguous, and disproportionate to the needs of the case. Such a

broad request is not proportional to the needs of this case, particularly where, as here, an Administrative Record is forthcoming. The Request is ambiguous as it is written in the passive voice and does not reasonably describe the documents it purports to seek. Defendants object to the definition of "Agreement" as overbroad and vague. The Interrogatory, and by extension this Request, is overbroad and disproportionate to the needs of the case as the process by which an agreement was reached in an entirely different civil matter has nothing to do with Plaintiffs' claims that they were injured by not applying to a non-existent Fund. By asking for a description of how Defendants conceived of or created an Agreement in a different civil action, the Interrogatory, and by extension this Request, expressly seeks the mental impressions, ideas, legal advice, opinions, and litigation positions of counsel in a matter before another court. To the extent that the Interrogatory (and this Request) seek predecisional information, mental impressions, legal opinions or advice, or work product precipitating a final document that Plaintiffs have already introduced to the record—the Settlement Agreement (ECF No. 1-2)—the Interrogatory (and this Request) is not propounded in a way that seeks nonprivileged information relevant to a claim or defense in this case. The Interrogatory and Request expressly seek information relating to an entirely different civil matter in a different court in a different district. To that point, this Court has already stated "that issue … it's before another judge in another district … and that's beyond the scope of what this Court, I think, has before it." Hearing Transcript at 19. To the extent the Interrogatory seeks communications in another matter, it improperly seeks confidential attorney communications and correspondence protected by Fed. R. Evid. 408.

**RESPONSE**: Defendants stand on their objections to this request. This Request abuses the civil discovery process to seek communications in an unrelated civil matter before a different court.

Communications in another civil matter have nothing to do with the Plaintiffs' assertion that they would not have applied to the non-existent Ant-Weaponization Fund.

Dated: August 19, 2026

Respectfully submitted,

*/s/ Andrew J. Block*
ANDREW J. BLOCK
*Senior Counsel to the Associate Attorney General*
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2026, I served the foregoing on Counsel for Plaintiff listed below via electronic mail.

Joel McElvain
Pooja A. Boisture
Jyoti Jasrasaria
Aman George
Ayesha Khan
Robin F. Thurston
Skye L. Perryman
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090

*Counsel for Plaintiffs*

/s/ *Andrew J. Block*
Andrew Block

# EXHIBIT

# 15

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **Andrew Floyd**, et al.,<br><br>Plaintiffs,<br><br>*vs.*<br><br>**Department of Justice**, et al.,<br><br>Defendants. | **Case No. 26-cv-1399-LMB** |

**DEFENDANTS' AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33 and Eastern District of Virginia Local Rule 26, Plaintiffs Andrew Floyd, Jonathan Caravello, City of New Haven, National Abortion Federation, and Common Cause, through their undersigned attorneys, hereby serve the following Interrogatories on Defendants the Department of Justice, Acting Attorney General Todd Blanche, Associate Attorney General Stanley Woodward Jr., the Department of the Treasury, Treasury Secretary Scott Bessent, and the Anti-Weaponization Fund.

Responses to these Interrogatories must be made within thirty (30) days of receipt in accordance with the timelines set forth in the Federal Rules of Civil Procedure. Please produce all discovery responses and documents to counsel of record by email or, as necessary, by mail to Democracy Forward Foundation, P.O. Box 34553, Washington, D.C. 20043. All responses to these Interrogatories should be made pursuant to the Definitions and Instructions below.

## DEFINITIONS

Except as specifically defined below, the terms used in these Interrogatories shall be construed and defined in accordance with the Federal Rules of Civil Procedure, wherever applicable. Any terms not defined shall be given their ordinary meaning.

1. "Agreement" means the entire "Settlement Agreement" in *Trump v. IRS*, Case No. 1:26-cv-20609 (S.D. Fla.), including any addenda or unwritten agreements. *See* ECF Nos. 1-2,1-3.

2. "Fund" means the "Anti-Weaponization Fund" that DOJ announced as part of the agreement to settle *Trump v. IRS*. *See* ECF No. 1-2.

3. "Blanche Order" means the May 18, 2026 order issued by Acting Attorney General Blanche. *See* ECF No. 1-4.

4. The term "identify," when used in connection with the term "individual" or "individuals," means to state, to the extent known, the person's full name; present or last known address; e-mail address; and telephone number. When "identify" is used in connection with an entity rather than a natural person, it means to state, to the extent known, identifying information for the entity and the natural persons acting as contacts for the entity in connection with the subject matter covered by the relevant request.

5. When referring to documents, "identify" means to state, to the extent known, the type, date, author, title, and, if applicable, addressee(s) and/or recipient(s) of the document.

6. The term "communication" means a transmittal of information in the form of facts, ideas, inquiries, or otherwise.

7. The term "document" means any document or electronically stored information as described in Federal Rule of Civil Procedure 34(a), including but not limited to emails, email attachments, complete email chains, calendar invitations, calendar invitation attachments, text

messages, messages sent on messaging platforms (including but not limited to Slack, Microsoft Teams, WhatsApp, Signal, or GChat), records, reports, memoranda, written agreements, and system tickets, logs, records, reports, or output. A draft or a nonidentical copy, including any copy bearing any notation or mark not found on the original, is a separate document within the meaning of this term.

8. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

9. The use of the singular form of any word includes the plural and vice versa.

10. The use of a verb in any tense shall encompass all other tenses, wherever necessary, to bring within the scope of the discovery request matters that might otherwise be construed as outside the scope of the request.

11. The words "and" and "or" are intended to be construed conjunctively or disjunctively as necessary to make the Request inclusive rather than exclusive.

12. "Including" means "including, but not limited to."

**INSTRUCTIONS**

1. In answering these Interrogatories, you should furnish such information as is known to you regardless of whether this information is obtained by you, known by you, or known to or obtained by any of your attorneys, or other agents or representatives. In answering each Interrogatory set forth herein, furnish all information that is available to Defendants. If you are unable to answer any Interrogatory in full, please explain why you are unable to answer it, state the nature of the information and knowledge you cannot furnish, and answer it to the fullest extent possible. If your answers are qualified in any manner, state the nature of the qualification.

2. If, in responding to these Interrogatories, you encounter any ambiguity in construing any Interrogatory, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding.

3. If an objection to an Interrogatory is based upon a claim of privilege, or any other basis, please identify, in writing, each piece of information so withheld by providing the following information:

a. the possessor(s), author(s), addressee(s), present custodian(s), and date of such information;

b. all other persons who have seen or learned of all or part of any such information;

c. the method by which, and reason why, each such person obtained access to such information;

d. a summary of such information; and

e. the nature of the privilege asserted and any statutes, rules, or cases that you contend support the assertion of privilege.

4. These Interrogatories are continuing in character so as to require you to promptly amend or supplement your response if you discover or obtain further material information in accordance with Fed. R. Civ. P. 26(e).

## INTERROGATORIES

**INTERROGATORY NO. 1:** Detail—with reference to the relevant date(s) and/or time(s)—any and all actions Defendants took to conceive of, create, or operate the Fund.

**OBJECTION**: The Defendants' objections to this Interrogatory are based on information known to the United States Department of Justice at this time. The Defendants will supplement in accordance with the Court's orders and Rule 26(e). Consistent with the Federal Rules, the

Defendants reserve the option to assert additional objections as new information arises. The Defendants base their objections on their best understanding of what the Interrogatory is seeking. The Defendants reserve the option to make additional objections and amend responses if their understanding conflicts with Plaintiffs' interpretation. These objections and this response is given in accordance with the requirements of the Federal Rules and Court orders, and not in accordance with Plaintiffs' instructions that conflict with and expand the requirements of those Rules and orders. In responding to this Interrogatory, the United States does not concede the relevancy, materiality, competency, or admissibility of any evidence or information requested by Plaintiffs. The Defendants reserve the option to object, on any grounds, to the use of this response in any trial or proceeding. Defendants object to this Interrogatory as disproportionate (and to the extent it could be proportionate at any point, it is premature) because Plaintiffs have brought this action under the Administrative Procedure Act and an Administrative Record will be forthcoming. *See* ECF No. 113 at ¶ 4. The United States further objects that this Interrogatory expressly seeks only privileged information in violation of Fed. R. Civ. P. 26(b)(1) and the Joint Discovery Plan. The Interrogatory is overbroad and disproportionate to the needs of the case. By asking for a description of how defendants conceived of the Fund, it is asking solely for the mental impressions and deliberative process that went into a decision. The Interrogatory appears to expressly seek only privileged information in violation of Fed. R. Civ. P. 26(b)(1), including, but not limited to, deliberative process privilege, attorney-client privilege, attorney work product, law enforcement sensitive, and law enforcement privilege. To the extent that the Interrogatory seeks predecisional information, mental impressions, legal opinions or advice, or work product precipitating a final document that Plaintiffs have already introduced to the record, *see* Settlement Agreement (ECF No. 1-2), the Interrogatory is not propounded in a way that seeks nonprivileged information

relevant to a claim or defense in this case. The Interrogatory further appears to seek information relating to an entirely different civil matter in a different court in a different district. To that point, this Court has already stated "that issue … it's before another judge in another district … and that's beyond the scope of what this Court, I think, has before it." Hearing Transcript at 19. The Interrogatory also appears to call for confidential attorney communications and correspondence protected by Fed. R. Evid. 408.

**RESPONSE**: Subject to, and without waving any of the objections stated above, to the extent that this Interrogatory calls for any non-deliberative or otherwise privileged information, Defendants answer that the Fund has not been created or operated. As Acting Attorney General Blanche testified under oath "there is no weaponization fund. … It never started. No money went from the Treasury to any other account. There's no commissioners." Senate Judiciary Committee, Nomination Hearing of the Honorable Todd Blanche to be Attorney General of the United States at 1:26:42–1:27:22. Additionally the Acting Attorney General's August 2, 2026 Order further states "No Members were appointed; no funds were transferred; no process for receiving claims was established; no claims were paid."

**[First] Addendum**: Based on the representations of counsel—during a meet-and-confer held August 17, 2026—that additional clarity was needed, Defendants further state, consistent with and in addition to the prior response: The Blanche Order was signed on May 18, *see* Dkt. 123-3, and was not implemented before it was revoked, *see* Dkt. 62 at 12; 93-1 at 17–18, and was then rescinded in writing, Dkt. 123-5.

**INTERROGATORY NO. 2:** Detail—with reference to the relevant date(s) and/or time(s) of day—any and all actions taken by Defendants to withdraw, rescind, or modify the Fund.

**OBJECTION**: The Defendants' objections to this Interrogatory are based on information known to the United States Department of Justice at this time. The Defendants will supplement in accordance with the Court's orders and Rule 26(e). Consistent with the Federal Rules, the Defendants reserve the option to assert additional objections as new information arises. The Defendants base their objections on their best understanding of what the Interrogatory is seeking. The Defendants reserve the option to make additional objections and amend responses if their understanding conflicts with Plaintiffs' interpretation. These objections and this response is given in accordance with the requirements of the Federal Rules and Court orders, and not in accordance with Plaintiffs' instructions that conflict with and expand the requirements of those Rules and orders. In responding to this Interrogatory, the United States does not concede the relevancy, materiality, competency, or admissibility of any evidence or information requested by Plaintiffs. The Defendants reserve the option to object, on any grounds, to the use of this response in any trial or proceeding. Defendants object to this Interrogatory as disproportionate (and to the extent it could be proportionate at any point, it is premature) because Plaintiffs have brought this action under the Administrative Procedure Act and an Administrative Record will be forthcoming. *See* ECF No. 113 at ¶ 4. The United States further objects that this Interrogatory expressly seeks only internal, deliberative descriptions, attorney work product, and attorney-client privileged information in violation of Fed. R. Civ. P. 26(b)(1) and the Joint Discovery Plan. The Interrogatory is overbroad and disproportionate to the needs of the case. The Interrogatory appears to expressly seek only privileged information in violation of Fed. R. Civ. P. 26(b)(1), including, but not limited to, deliberative process privilege, attorney-client privilege, attorney work product, law enforcement sensitive, and law enforcement privilege.

**RESPONSE**: Subject to, and without waving any of the objections stated above, to the extent that this Interrogatory calls for any non-deliberative or otherwise privileged information, Defendants answer that the Fund never existed and the Order directing the establishment of the Fund, Dkt. 123-3, was rescinded by a subsequent Order on August 2, 2026, Dkt. 123-5. As Acting Attorney General Blanche testified under oath "there is no weaponization fund. … It never started. No money went from the Treasury to any other account. There's no commissioners." Senate Judiciary Committee, Nomination Hearing of the Honorable Todd Blanche to be Attorney General of the United States at 1:26:42–1:27:22. Additionally, as the Acting Attorney General's August 2, 2026 Order further states, "No Members were appointed; no funds were transferred; no process for receiving claims was established; no claims were paid."

**INTERROGATORY NO. 3:** Identify any and all individuals involved in the conception, creation, or operation of the Fund, including individuals involved in the Blanche Order, and their respective roles.

**OBJECTION**: The Defendants' objections to this Interrogatory are based on information known to the United States Department of Justice at this time. The Defendants will supplement in accordance with the Court's orders and Rule 26(e). Consistent with the Federal Rules, the Defendants reserve the option to assert additional objections as new information arises. The Defendants base their objections on their best understanding of what the Interrogatory is seeking. The Defendants reserve the option to make additional objections and amend responses if their understanding conflicts with Plaintiffs' interpretation. These objections and this response is given in accordance with the requirements of the Federal Rules and Court orders, and not in accordance with Plaintiffs' instructions that conflict with and expand the requirements of those Rules and orders. In responding to this Interrogatory, the United States does not concede the relevancy,

materiality, competency, or admissibility of any evidence or information requested by Plaintiffs. The Defendants reserve the option to object, on any grounds, to the use of this response in any trial or proceeding. Defendants object to this Interrogatory as disproportionate (and to the extent it could be proportionate at any point, it is premature) because Plaintiffs have brought this action under the Administrative Procedure Act and an Administrative Record will be forthcoming. *See* ECF No. 113 at ¶ 4. The United States further objects that this Interrogatory expressly seeks only privileged information in violation of Fed. R. Civ. P. 26(b)(1) and the Joint Discovery Plan. The Interrogatory is vague, overbroad, and disproportionate to the needs of the case. By asking for a description of how defendants conceived of or created the Fund, it is asking solely for the mental impressions and deliberative process that went into a decision. It also appears to directly ask for the mental impressions, ideas, legal advice, and opinions of attorneys at the Department of Justice. In so doing the Interrogatory violates Fed. R. Civ. P. 26(b)(1), by asking for privileged information including, but not limited to, deliberative process privilege, attorney-client privilege, attorney work product, law enforcement sensitive, and law enforcement privilege.

**RESPONSE**: Subject to, and without waving any of the objections stated above, to the extent that this Interrogatory calls for any non-deliberative or otherwise privileged information, Defendants answer that the Fund has not been created or operated. The Order, signed by then-Acting Attorney General Blanche on May 18, was not implemented, *see* Dkt. Nos. 62 at 12; 93-1 at 17–18; 94, and was later rescinded, Dkt. 123-5. As Acting Attorney General Blanche testified under oath "there is no weaponization fund. … It never started. No money went from the Treasury to any other account. There's no commissioners." Senate Judiciary Committee, Nomination Hearing of the Honorable Todd Blanche to be Attorney General of the United States at 1:26:42–1:27:22. Additionally the Acting Attorney General's August 2, 2026 Order further states "No Members

were appointed; no funds were transferred; no process for receiving claims was established; no claims were paid."

**INTERROGATORY NO. 4:** Identify any and all individuals involved in the conception, creation, consummation, or modification of the Agreement, and their respective roles.

**OBJECTION**: The Defendants' objections to this Interrogatory are based on information known to the United States Department of Justice at this time. The Defendants will supplement in accordance with the Court's orders and Rule 26(e). Consistent with the Federal Rules, the Defendants reserve the option to assert additional objections as new information arises. The Defendants base their objections on their best understanding of what the Interrogatory is seeking. The Defendants reserve the option to make additional objections and amend responses if their understanding conflicts with Plaintiffs' interpretation. These objections and this response is given in accordance with the requirements of the Federal Rules and Court orders, and not in accordance with Plaintiffs' instructions that conflict with and expand the requirements of those Rules and orders. In responding to this Interrogatory, the United States does not concede the relevancy, materiality, competency, or admissibility of any evidence or information requested by Plaintiffs. The Defendants reserve the option to object, on any grounds, to the use of this response in any trial or proceeding. Defendants object to this Interrogatory as disproportionate—and to the extent it could be proportionate, as premature—because Plaintiffs have brought this action under the Administrative Procedure Act and an Administrative Record will be forthcoming. *See* ECF No. 113 at ¶ 4. The United States further objects that this Interrogatory expressly seeks only privileged information in violation of Fed. R. Civ. P. 26(b)(1) and the Joint Discovery Plan, including, but not limited to, deliberative process privilege, attorney-client privilege, attorney work product, law enforcement sensitive, and law enforcement privilege. Defendants object to the definition of

"Agreement" as overbroad and vague. The Interrogatory is overbroad and disproportionate to the needs of the case. By asking for a description of how defendants conceived of the Fund, it is asking solely for the mental impressions and deliberative process that went into a decision. By asking for a description of how Defendants conceived of or created an Agreement in a different civil action, the Interrogatory expressly seeks the mental impressions, ideas, legal advice, opinions, and litigation positions of counsel in a matter before another court. To the extent that the Interrogatory seeks predecisional information, mental impressions, legal opinions or advice, or work product precipitating a final document that Plaintiffs have already introduced to the record—Settlement Agreement (ECF No. 1-2)—the Interrogatory is not propounded in a way that seeks nonprivileged information relevant to a claim or defense in this case. The Interrogatory further appears to seek information relating to an entirely different civil matter in a different court in a different district. To that point, this Court has already stated "that issue … it's before another judge in another district … and that's beyond the scope of what this Court, I think, has before it." Hearing Transcript at 19. To the extent the Interrogatory seeks communications in another matter, it improperly seeks confidential attorney communications and correspondence protected by Fed. R. Evid. 408.

**RESPONSE**: Subject to, and without waving any of the objections stated above, to the extent that this Interrogatory calls for any non-deliberative or otherwise privileged information, Defendants answer that the Settlement Agreement (ECF No. 1-2) was signed by Associate Attorney General Stanley E. Woodward, Jr. on behalf of the United States and by the Chief Executive Officer Frank Bisignano on behalf of the Internal Revenue Service. As Acting Attorney General Blanche testified under oath "There's no modification. It never started … There's no commissioners. It's not moving forward." Senate Judiciary Committee, Nomination Hearing of the Honorable Todd Blanche to be Attorney General of the United States at 1:27:12–1:27:22.

**INTERROGATORY NO. 5:** Identify any and all communications between the government and the plaintiffs in the *Trump v. IRS* case that created, modified, or abandoned the Agreement.

**OBJECTION**: The Defendants' objections to this Interrogatory are based on information known to the United States Department of Justice at this time. The Defendants will supplement in accordance with the Court's orders and Rule 26(e). Consistent with the Federal Rules, the Defendants reserve the option to assert additional objections as new information arises. The Defendants base their objections on their best understanding of what the Interrogatory is seeking. The Defendants reserve the option to make additional objections and amend responses if their understanding conflicts with Plaintiffs' interpretation. These objections and this response is given in accordance with the requirements of the Federal Rules and Court orders, and not in accordance with Plaintiffs' instructions that conflict with and expand the requirements of those Rules and orders. In responding to this Interrogatory, the United States does not concede the relevancy, materiality, competency, or admissibility of any evidence or information requested by Plaintiffs. The Defendants reserve the option to object, on any grounds, to the use of this response in any trial or proceeding. Defendants object to this Interrogatory as disproportionate—and to the extent it could be proportionate, as premature—because Plaintiffs have brought this action under the Administrative Procedure Act and an Administrative Record will be forthcoming. *See* ECF No. 113 at ¶ 4. The United States further objects that this Interrogatory expressly seeks only privileged information in violation of Fed. R. Civ. P. 26(b)(1) and the Joint Discovery Plan, including, but not limited to, deliberative process privilege, attorney-client privilege, attorney work product, law enforcement sensitive, and law enforcement privilege. Defendants object to the definition of "Agreement" as overbroad and vague. The Interrogatory is overbroad and disproportionate to the needs of the case as the process by which an agreement was reached in an entirely different civil

matter has nothing to do with Plaintiffs' claims that they were injured by not applying to a non-existent Fund. By asking for a description of how Defendants conceived of or created an Agreement in a different civil action, the Interrogatory expressly seeks the mental impressions, ideas, legal advice, opinions, and litigation positions of counsel in a matter before another court. To the extent that the Interrogatory seeks predecisional information, mental impressions, legal opinions or advice, or work product precipitating a final document that Plaintiffs have already introduced to the record—Settlement Agreement (ECF No. 1-2)—the Interrogatory is not propounded in a way that seeks nonprivileged information relevant to a claim or defense in this case. The Interrogatory further expressly seeks information relating to an entirely different civil matter in a different court in a different district. To that point, this Court has already stated "that issue … it's before another judge in another district … and that's beyond the scope of what this Court, I think, has before it." Hearing Transcript at 19. To the extent the Interrogatory seeks communications in another matter, it improperly seeks confidential attorney communications and correspondence protected by Fed. R. Evid. 408. Defendants also refer and incorporate the objections to Requests for Production 2 and 7 here.

**RESPONSE**: Defendants decline to answer this question based on the objections identified above. This interrogatory abuses the civil discovery process to seek Rule 408 protected communications in an unrelated civil matter before a different court. Confidential settlement communications in another civil matter have nothing to do with the Plaintiffs' assertion that they would not have applied to the non-existent Ant-Weaponization Fund.

**INTERROGATORY NO. 6:** Identify any and all decisions or plans to provide redress to claimants to the Fund from sources other than the Fund.

**OBJECTION:** The Defendants' objections to this Interrogatory are based on information known to the United States Department of Justice at this time. The Defendants will supplement in accordance with the Court's orders and Rule 26(e). Consistent with the Federal Rules, the Defendants reserve the option to assert additional objections as new information arises. The Defendants base their objections on their best understanding of what the Interrogatory is seeking. The Defendants reserve the option to make additional objections and amend responses if their understanding conflicts with Plaintiffs' interpretation. These objections and this response is given in accordance with the requirements of the Federal Rules and Court orders, and not in accordance with Plaintiffs' instructions that conflict with and expand the requirements of those Rules and orders. In responding to this Interrogatory, the United States does not concede the relevancy, materiality, competency, or admissibility of any evidence or information requested by Plaintiffs. The Defendants reserve the option to object, on any grounds, to the use of this response in any trial or proceeding. Defendants object to this Interrogatory as disproportionate—and to the extent it could be proportionate, as premature—because Plaintiffs have brought this action under the Administrative Procedure Act and an Administrative Record will be forthcoming. *See* ECF No. 113 at ¶ 4. The United States further objects that this Interrogatory as vague and imprecise. To the extent that this calls for pre-decisional plans, the Interrogatory expressly seeks only privileged information in violation of Fed. R. Civ. P. 26(b)(1) and the Joint Discovery Plan.

**RESPONSE**: Subject to, and without waving any of the objections stated above, to the extent that this Interrogatory calls for any non-deliberative or otherwise privileged information, Defendants answer that the there are no "claimants to the Fund." As Acting Attorney General Blanche testified

under oath "there is no weaponization fund. … It never started. No money went from the Treasury to any other account. There's no commissioners." Senate Judiciary Committee, Nomination Hearing of the Honorable Todd Blanche to be Attorney General of the United States at 1:26:42–1:27:22. Additionally the Acting Attorney General's August 2, 2026 Order further states "No Members were appointed; no funds were transferred; no process for receiving claims was established; no claims were paid."

Dated: August 19, 2026

Respectfully submitted,

*/s/ Andrew J. Block*

ANDREW J. BLOCK
*Senior Counsel to the Associate Attorney General*
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530

*Counsel for Defendants*

Pursuant to Rule 33(b) and 28 U.S.C. § 1746, I hereby verify under the penalty of perjury that the foregoing interrogatory answers are true and accurate to the best of my knowledge and are made based upon information available to me, in my official capacity, at the time of such execution.

________________________
Stanley E. Woodward, Jr.
ASSOCIATE ATTORNEY GENERAL

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2026, I served the foregoing on Counsel for Plaintiff listed below via electronic mail.

Joel McElvain
Pooja A. Boisture
Jyoti Jasrasaria
Aman George
Ayesha Khan
Robin F. Thurston
Skye L. Perryman
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090

*Counsel for Plaintiffs*

/s/ *Andrew J. Block*
Andrew Block

# EXHIBIT

# 16

DEMOCRACY FORWARD

Jyoti Jasrasaria <jjasrasaria@democracyforward.org>

# Plaintiffs' First Set of Discovery Requests | Floyd v. DOJ, E.D. Va. Case No. 26-1399

**Jyoti Jasrasaria** <jjasrasaria@democracyforward.org> Fri, Aug 21, 2026 at 8:27 AM
To: "Block, Andrew (OASG)" <Andrew.Block@usdoj.gov>
Cc: Pooja Boisture <pboisture@democracyforward.org>, Aman George <ageorge@democracyforward.org>, Ayesha Khan <akhan@democracyforward.org>, Robin Thurston <rthurston@democracyforward.org>, Lisa Newman <lnewman@democracyforward.org>, Cynthia Liao <cliao@democracyforward.org>

Thank you for confirming.

On Fri, Aug 21, 2026 at 8:26 AM Block, Andrew (OASG) <Andrew.Block@usdoj.gov> wrote:

> Yes, we are not including any general objections. Any objection to a request is now stated specifically in response to that request.
>
> Best Regards,
>
> Andrew J. Block
>
> Senior Counsel
>
> Office of the Associate Attorney General
>
> Andrew.Block@usdoj.gov
>
> (c) (202) 372-7565
>
> ---
>
> **From:** Jyoti Jasrasaria <jjasrasaria@democracyforward.org>
> **Sent:** Thursday, August 20, 2026 6:58 PM
> **To:** Block, Andrew (OASG) <Andrew.Block@usdoj.gov>
> **Cc:** Pooja Boisture <pboisture@democracyforward.org>; Aman George <ageorge@democracyforward.org>; Ayesha Khan <akhan@democracyforward.org>; Robin Thurston <rthurston@democracyforward.org>; Lisa Newman <lnewman@democracyforward.org>; Cynthia Liao <cliao@democracyforward.org>
> **Subject:** Re: [EXTERNAL] Plaintiffs' First Set of Discovery Requests I Floyd v. DOJ, E.D. Va. Case No. 26-1399
>
> Thanks, Andrew. Quick follow-up question: During our meet and confer on Monday 8/17, you stated that Defendants did not intend to withdraw any general objections. However, I noticed that the section titled "general reservations" in your objections dated 7/24 (which was also included in your original responses dated 8/6, without a title) does not appear in your amended responses to Plaintiffs' RFPs dated 8/19. Could you please let us know by 3pm tomorrow if you have withdrawn those?
>
> On Thu, Aug 20, 2026 at 4:22 PM Block, Andrew (OASG) <Andrew.Block@usdoj.gov> wrote:
>
>> Thanks Jyoti –
>>
>> Looks like an accurate summary of the call.

Best Regards,

Andrew J. Block

Senior Counsel

Office of the Associate Attorney General

Andrew.Block@usdoj.gov

(c) (202) 372-7565

---

**From:** Jyoti Jasrasaria <jjasrasaria@democracyforward.org>
**Sent:** Thursday, August 20, 2026 4:14 PM
**To:** Block, Andrew (OASG) <Andrew.Block@usdoj.gov>
**Cc:** Pooja Boisture <pboisture@democracyforward.org>; Aman George <ageorge@democracyforward.org>; Ayesha Khan <akhan@democracyforward.org>; Robin Thurston <rthurston@democracyforward.org>; Lisa Newman <lnewman@democracyforward.org>; Cynthia Liao <cliao@democracyforward.org>
**Subject:** Re: [EXTERNAL] Plaintiffs' First Set of Discovery Requests I Floyd v. DOJ, E.D. Va. Case No. 26-1399

Andrew,

Thank you for meeting for a few minutes at 3 p.m. this afternoon. The following memorializes our discussion.

**RFP 4 (Claims Received/Processed by the Fund)**

- Plaintiffs asked for clarification on whether Defendants had done a search to confirm that no responsive documents exist.
- Defendants confirmed their position remains that no process was ever set up to receive claims, so--in their view--nothing exists that could be responsive. Defendants did not conduct any search or inquiry into what communications may have come in.

**ROG Verification**

- Defendants said AAG Woodward is traveling and will get the verification signed as soon as possible.
- Plaintiffs stated that they plan to move to compel the verification if it's not received by 3:00pm tomorrow.

**Administrative Record**

- Plaintiffs asked if Defendants are refusing to certify the AR and if they have they identified any EDVA cases where an AR was not certified.
- Defendants stated that they understand that certification is a norm and done routinely, but they are not aware of any requirement to do so and there are a lot of factors in this case.

**Scope of Plaintiffs' Motion to Compel**

Plaintiffs confirmed that they will move on initial disclosures and a subset of RFPs and Interrogatories.

On Thu, Aug 20, 2026 at 10:59 AM Jyoti Jasrasaria <jjasrasaria@democracyforward.org> wrote:

Thanks, Andrew. Confirming receipt. Let's plan to keep our meet and confer for 3 p.m. this afternoon -- hopefully it can be brief, but we just want to clarify a couple things.

On Wed, Aug 19, 2026 at 5:01 PM Block, Andrew (OASG) <Andrew.Block@usdoj.gov> wrote:

Good afternoon –

Please find attached amended answers to the ROGs and RFPs. I'm expecting the signature page shortly, but I promised COB today and so I did not want to hold up getting you these any longer.

Best Regards,

Andrew J. Block

Senior Counsel

Office of the Associate Attorney General

Andrew.Block@usdoj.gov

(c) (202) 372-7565

---

**From:** Jyoti Jasrasaria <jjasrasaria@democracyforward.org>
**Sent:** Monday, August 17, 2026 5:13 PM
**To:** Block, Andrew (OASG) <Andrew.Block@usdoj.gov>
**Cc:** Pooja Boisture <pboisture@democracyforward.org>; Aman George <ageorge@democracyforward.org>; Ayesha Khan <akhan@democracyforward.org>; Robin Thurston <rthurston@democracyforward.org>; Lisa Newman <lnewman@democracyforward.org>; Cynthia Liao <cliao@democracyforward.org>
**Subject:** Re: [EXTERNAL] Plaintiffs' First Set of Discovery Requests I Floyd v. DOJ, E.D. Va. Case No. 26-1399

Andrew,

Thank you for meeting and conferring this afternoon from 1:30-2:30pm. The following memorializes our discussion.

**Overall**

Defendants took issue with the framing of an "authority" requirement for today's conference, maintaining that, with respect to broad requests, it is not Defendants' responsibility to narrow them — it is Plaintiffs' responsibility to reasonably articulate what they are seeking.

While full resolution on was not reached, Defendants agreed to supplement several responses by Wednesday close of business, and the parties agreed to reconvene Thursday at 3:00pm to continue this discussion if needed.

**Threshold Issues**

**Timeliness/Waiver of Objections.**