**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **Andrew Floyd,** et al.,<br><br>Plaintiffs,<br><br>v.<br><br>**Department of Justice**, et al.,<br><br>Defendants. | **Case No. 26-cv-1399-LMB** |

**JOINT NOTICE**

Pursuant to this Court's August 28, 2026 Order, Dkt. No. 154, the Parties submit this joint notice informing the Court of the status of issues raised in Plaintiffs' pending Motion to Compel, Dkt. No. 143. While the Parties have substantially narrowed the scope of outstanding disputes concerning Plaintiffs' motion during multiple good faith meet-and-confer discussions over the past week, key areas of disagreement remain. As such, the Parties request that the hearing set for Friday, September 4 at 10:00 a.m. proceed to allow this Court to resolve remaining disputes.

## I. Background

Plaintiffs filed their motion to compel on August 21, 2026, Dkt. Nos. 143, 144, and the Court held a hearing on Friday, August 28, Dkt. No. 153. After the hearing and issuance of the Court's August 28, 2026 Order, Dkt. No. 154, several issues remained—namely, Defendants' obligation to search for, produce, and log documents responsive to Plaintiffs' Requests for Production (RFPs) 1, 2, 3, and 7, and Defendants' obligation to provide complete answers to Plaintiffs' Interrogatories 3, 4, 5, and 6. The Parties promptly agreed to meet and confer on Monday, August 31 to begin resolving and narrowing disputes.

On Saturday, August 29, Plaintiffs' counsel sent Defendants' counsel a letter setting forth their proposed clarification and narrowing of the outstanding discovery requests, in an effort to facilitate productive meet-and-confers during the following week. *See* Ex. A (Plaintiffs' letter regarding outstanding discovery requests). The Parties then met and conferred in good faith for about two hours over the course of three days. *See* Ex. B (correspondence regarding meet and confers).

With respect to RFPs, the Parties were able to resolve all disputes regarding the substance of the requests; the Parties believe they share an understanding of what records are considered substantively responsive, and what Defendants will search for and produce.

The only remaining issue concerning the scope of Defendants' obligation to search for and produce documents is a disagreement as to the timeframe Defendants should apply to their search for responsive records. Plaintiffs' position is that Defendants' searches should encompass materials from January 20, 2025 through and including the present day, because issues regarding both the Anti-Weaponization Fund and the Immunity Order continue to evolve. Defendants believe they need not search for responsive records that post-date the signing of the operative documents (May 19) but have offered to search through May 23, 2026 (the day after the original Complaint was filed).

With respect to interrogatories, the Parties have resolved their substantive disputes regarding Interrogatories 5 and 6 but have not yet resolved their dispute with respect to Defendant's obligations to respond to Interrogatories 3 and 4. Defendants have twice amended their answers to these two Interrogatories; Plaintiffs believe Defendants must further amend their answers to provide substantively complete responses.

The Parties also have not reached a resolution as to the deadline for Defendants to respond to RFPs and interrogatories. As more fully set forth below, Plaintiffs' position is that Defendants are already nearly one month late in providing responses and thus should produce all documents, interrogatory responses, and privilege logs within 11 days of this Court's Order, as set forth in the Local Civ. R. 37(C). Defendants, as explained below, have already begun a search for documents

based on the limitations provided and do not believe a court-ordered deadline is warranted at this stage.

Finally, Defendants served Plaintiffs with a document titled "Initial Disclosures" on September 3, 2026, *see* Ex. C (Defendants' Further Amended Discovery Responses), pursuant to this Court's order, Dkt. No. 154. However, the Parties disagree as to whether Defendants' initial disclosures are sufficient in light of the requirements of Federal Rule of Civil Procedure 26(a)(1).

## II. Issues Resolved During Meet and Confer Discussions

For each of the discovery requests remaining at issue, the Parties describe the status of resolution.

### A. Custodians and Substance of Search for RFPs 1, 2, and 3

Plaintiffs sought to compel Defendants to respond to RFPs 1-3, seeking (in summary) "all documents" concerning the creation of the Fund (RFP 1), the Settlement Agreement in *Trump v. IRS* (RFP 2), and the Blanche Funding Order (RFP 3). Dkt. No. 144-1 at 31-32. Defendants primarily took the position that these RFPs did not "describe[] with reasonable particularity the responsive materials sought." ECF 149 at 9.

During meet-and-confer discussions since the August 28 hearing, the Parties have resolved all outstanding disagreements concerning the custodians that Defendants will search to identify responsive documents and the categories of records that must be produced as responsive. Plaintiffs proposed that the list of custodians Defendants must search shall include the named individual defendants in this case (Attorney General Blanche, Associate Attorney General Woodward, Treasury Secretary Bessent, and IRS Chief Executive Officer Bisignano), and Acting Deputy Attorney General McCotter. *See* Ex. B at 5. Plaintiffs also proposed that, to the extent Defendants' review reveals additional individuals or offices likely to possess responsive documents, Defendants should search those custodians as well. Defendants agreed to Plaintiffs' suggestions concerning custodians. *Id.*

With respect to terms used in (in particular) RFPs 1, 2, and 3—such as conception, creation, operation, status, plans, consummation, and modification of the Fund—Plaintiffs provided Defendants with illustrative examples of records that Plaintiffs believed could exist, and would be responsive to their requests, even though Defendants take the position that the Fund never began to exist. *Id.* Defendants agreed that, with these clarifications, they understand the scope of materials Plaintiffs consider responsive to these RFPs and are able to craft a search for responsive documents. *Id.*

**B. Custodians and Substance of Interrogatory 5 and RFP 7**

Plaintiffs sought to compel Defendants to respond to Interrogatory 5 and RFP 7, which ask them to identify and produce communications between the government and the *Trump v. IRS* plaintiffs "that created, modified, or abandoned the Agreement." ECF 144-1 at 33, 40.

During meet-and-confer discussions since the August 28 hearing, Defendants have stated that they anticipate responding to these requests and producing any responsive records as part of their productions in response to RFPs 1-3. Ex. B at 2. The Parties believe they have resolved all outstanding disagreements concerning the scope and relevance of these requests, based on Defendants' pre-production expectation that all responsive materials are likely to be incorporated into their answers to RFPs 1-3. However, should Plaintiffs receive Defendants' productions in response to RFPs 1-3 and assess them to be deficient in responding to Interrogatory 5 and/or RFP 7, Plaintiffs reserve their right to revisit this issue in good faith meet-and-confer discussions with Defendants, and, if necessary, with this Court.

**C. Substance of Interrogatory 6**

Plaintiffs sought to compel Defendants to respond to an interrogatory asking Defendants to identify "decisions or plans to provide redress to claimants to the Fund from sources other than the Fund."

Plaintiffs provided clarifications regarding the information sought through these requests in their August 29 letter, *see* Ex. A at 4, and during the August 31 meet and confer, *see* Ex. B at 6.

Plaintiffs offered a narrowing construction of this Interrogatory that would only seek information about any final decisions or plans to provide compensation to individuals or entities who were eligible to apply for the Fund prior to its rescission. Defendants confirmed that they understand the narrowed scope proposed by Plaintiffs during the September 2 meet and confer and provided an amended response on September 3. Ex. B at 3, 6; Ex. C. at 4. The Parties have resolved all outstanding disagreements concerning the scope and relevance of this request.

## III. Remaining Areas of Dispute

### A. Time Limits for Search

As noted above, the Parties have resolved all outstanding disagreements concerning the custodians that Defendants will search to identify responsive documents, and the categories of records that must be produced as responsive. The Parties further have agreed that Defendants must search for documents produced on or after January 20, 2025. However, the Parties disagree as to whether the search should include documents produced after the Complaint in this action was filed.

Plaintiffs' Position: Defendants must search for responsive documents produced after the commencement of this action. The relevant time period for responsive documents and materials extends beyond the May 22 filing of the initial complaint in this case, Dkt. No. 1, and continues through the present day because Defendants have continued to take steps regarding the agency actions challenged in this litigation during the pendency of this lawsuit. For example, on August 2, 2026, Attorney General Blanche issued a new Order purporting to rescind the May 18 Order establishing the Anti-Weaponization Fund, Dkt. No. 123-5, which Defendants have since invoked in support of their argument that this lawsuit is moot. *See* Dkt. No. 147 at 6. But Plaintiffs have alleged that this purported rescission is non-binding, that Defendants retain the ability to resurrect the Fund "at any time," and that Defendants have refused to commit that the Fund will not proceed "in any manner or under any name." Dkt. No. 123 ¶¶ 68-71, 78. Discovery into Defendants' conduct since the Fund's purported rescission is therefore squarely relevant to testing Defendants' mootness argument. Similarly, as to the Immunity Order, Plaintiffs have alleged that one or more

of President Trump's tax returns, and of the other individuals and entities covered by the Order, are presently under audit, *id.* ¶¶ 173-174, and that the Immunity Order requires IRS employees to terminate those audits going forward, *id.* ¶¶ 135, 176. Whether and how Defendants have acted on that obligation since this suit was filed is directly at issue and cannot be tested without documents postdating the filing date. Plaintiffs must be able to take full discovery into these ongoing developments.

Moreover, the Federal Rules expressly contemplate ongoing discovery obligations because facts continue to develop during the pendency of a lawsuit. Fed. R. Civ. P. 26(e)(1) thus obligates a responding party in discovery to "supplement or correct" its disclosures and responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

On September 3, Plaintiffs sent an email to Defendants offering to compromise as to the end date for any searches regarding RFPs at issue here, stating that they would agree to a search for documents responsive to RFPs 1, 2, 3, and 7 up through the date of the Court's forthcoming order. Defendants refused this proposed limitation.

<u>Defendants' Position</u>:

Plaintiffs filed this lawsuit on May 22, 2026, and have consistently and repeatedly argued that their claims, as alleged on that date are ripe, that Plaintiffs have suffered harm, that they have standing and that they have standing; which is assessed at the time the complaint is filed. The Court entered its first order enjoining defendants "from taking any further action pursuant to the creation or operation of the Anti-Weaponization Fund" on May 29, 2026. Dkt. 31. A form of this injunction has remained ever since and Defendants have certified their compliance with the injunction. Dkt. 85, 94. There is no plausible basis to be conducting fact discovery after the date the complaint was filed. As a sign of good faith, and to ensure all communications occurring up through the date the complaint was filed are captured, Defendants have agreed to conduct a search through May 23, but object to the relevance and proportionality of searching communications occurring after that

date. Defendants further represented during meet and confer discussions that they believe that the search window should begin on January 29, 2026, the date the United States was sued in the case that led to the Settlement Agreement complained of, but they agreed to search from January 20, 2025.

Plaintiffs' reasons to extend the search beyond May 23, 2026 do not support a different outcome. The fact that they have "alleged" that the Attorney General's recission order and sworn statements to the Seante are non-binding does not give them license to conduct a broad fishing expedition on post-complaint discovery matters. And in any event, mootness is a question of law for the Court to decide.

**B. Deadline for Defendants' Responses to RFPs**

As of this filing, the Parties have not agreed on a deadline by which Defendants must serve their document production and privilege log.

Plaintiffs' Position: Defendants' discovery responses are already nearly a full month late. Despite Plaintiffs' diligent efforts to meet and confer on requests, Defendants have not produced a single document to Plaintiffs, have not committed to a date for production of documents or providing a privilege log, and have not even committed to a date by which they might be able to estimate a date for completion of production. Likewise, they have not committed to a date for amending their interrogatory answers, which this Court already noted were deficient. Defendants' delay has been unwarranted from the start and seriously prejudices Plaintiffs' ability to, among other things, notice and prepare for depositions in this matter and assess what, if any, additional discovery will be needed prior to the close of the discovery period.

Local Civil Rule 37(C) provides that parties "shall" complete all deficient discovery addressed in a motion to compel within eleven (11) days of the Court's order on a motion to compel, unless otherwise ordered by the Court. Given Defendants' extraordinary delay in this matter, the Court should afford them no additional time. Defendants must produce documents,

amended responses to Plaintiffs' requests, and any relevant privilege log, within eleven (11) days of this Court's Order on this motion.

Defendants' Position:

As discussed at last Friday's hearing (and in the objections and prior meet and confers), Defendants' position has been that the Plaintiffs' requests for documents were not meaningfully tailored. Now that the requests have been tailored in time, and by custodian, Defendants have begun the process of searching for responsive material. Defendants object, however, to being held to a timeline of ten or eleven days—which Plaintiffs seek based on the posture of the Court granting its motion to compel—when that limitation could have been provided over a month ago to avoid this condensed schedule in the first place. Defendants will proceed with all due pace, but respectfully request the Court not enter a deadline that is premised upon the granting of a motion to compel.

**C. Interrogatories 3 & 4**

As of this filing, the Parties disagree on whether Defendants' further Amended Interrogatory answers are sufficient.

Plaintiffs' Position: These interrogatories simply ask Defendants to identify individuals involved in the conception of the Fund and the relevant portions of the Agreement and describe their roles. Defendants have confirmed that they understand the limited nature of these requests, Ex. B at 2, but continue to refuse to provide complete responses beyond their prior invocations of potential privilege concerns in responding to these requests. But there is no valid basis to withhold this information. The mere name of an individual—even if an attorney—is never privileged, nor is identification of their role. Defendants have failed to provide any explanation of how the mere identity of personnel could ever be privileged. *Cf., e.g.*, *In re Grand Jury Subpoena*, 204 F.3d 516, 521 (4th Cir. 2000) ("a client's identity is privileged only if disclosure would in essence reveal a confidential communication."); *In re Allen*, 106 F.3d 582, 600 (4th Cir. 1997) (setting forth requirements for asserting attorney-client privilege, including proving that communication was

made by a lawyer who is a member of the bar of a court). Further, these interrogatories are clearly relevant to identifying potential custodians and deponents who possess information relevant to Plaintiffs' claims. This Court should order Defendants to respond to these interrogatories in full, including identification of whether any information was withheld on the basis of privilege and, if so, what privilege. And, as detailed in Section III.B, *supra*, the Court should require this updated response within eleven (11) days of its Order on this motion, as contemplated by Local Civil Rule 37(C).

Defendants' Position:

Defendants have further amended their Interrogatory answers. Names and descriptions are not provided for the reasons stated in the further amended interrogatory answers. *See, e.g., Pub. Citizen, Inc. v. U.S. Dep't of Educ.*, 388 F. Supp. 3d 29, 44 (D.D.C. 2019) (the identity of attorneys may be appropriately withheld under the deliberative process privilege (and attorney client privilege) because releasing name would reveal information about the decision-making process), *Brinton v. Dep't of State*, 636 F.2d 600, 604 (D.C. Cir. 1980) (finding that "if these agency records are indeed deliberative, it is appropriate to apply [redactions] to the documents themselves, as well as to the names of their authors.").

**D. Initial Disclosures**

This Court ordered Defendants to serve initial disclosures by September 4. Dkt. No. 154. On September 3, Defendants served Plaintiffs with a document titled "Initial Disclosures." The Parties disagree whether Defendants have met their obligations.

Plaintiffs' Position:

The document Defendants titled "Initial Disclosures" contains none of the information required under Federal Rule of Civil Procedure 26(a)(1). *See* Ex. C. Defendants thus should be ordered to serve the proper initial disclosures.

Defendants' Position:

Rule 26 Initial disclosures exist to put the opposing party on notice of what witnesses and evidence the disclosing party may use in support of their case. The Defendants are not aware of any witnesses, documents, or facts necessary—beyond those already produced in the Administrative Record and in response to the various discovery requests that it needs to support its position and the legal arguments it intends to make in this case.

Dated: September 3, 2026

Respectfully submitted,

*/s/ Catherine M.A. Carroll*
Catherine M.A. Carroll (Va. Bar No. 50939)
Joel McElvain (Va. Bar No. 95215)
Pooja A. Boisture*
Jyoti Jasrasaria*
Aman George*
Lisa Newman* ^
Cynthia Liao*
Ayesha Khan*
Robin F. Thurston*
Skye L. Perryman*
ccarroll@democracyforward.org
jmcelvain@democracyforward.org
pboisture@democracyforward.org
jjasrasaria@democracyforward.org
ageorge@democracyforward.org
lnewman@democracyforward.org
cliao@democracyforward.org
akhan@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090

*Counsel for Plaintiffs*

*/s/ Andrew J. Block*
Andrew J. Block (VSB No. 91537)
Senior Counsel
Office of the Associate Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530

*Counsel for Defendants*

Paras N. Shah*
General Counsel
National Treasury Employees Union
800 K Street N.W., Suite 1000
Washington, D.C. 20001
(202) 572-5500
paras.shah@nteu.org

*Counsel for NTEU*

** Admitted pro hac vice*
*^ Not admitted to practice law in the District of Columbia; practicing under the supervision of Democracy Forward lawyers who are members of the District of Columbia Bar.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of September, 2026, I will cause the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system, thereby serving all counsel who have appeared in this case.

*/s/ Catherine M.A. Carroll*
Catherine M.A. Carroll (Va. Bar No. 50939)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
ccarroll@democracyforward.org

*Counsel for Plaintiffs*