# Exhibit A

DEMOCRACY FORWARD

August 29, 2026

***Via Electronic Mail***

Andrew J. Block
Senior Counsel
U.S. Department of Justice
Office of the Associate Attorney General
950 Pennsylvania Avenue NW
Washington DC 20530-0001

*Re: Floyd v. DOJ*, No. 1:26-cv-1399-LMB (E.D. Va.)

Dear Mr. Block,

We write pursuant to yesterday's hearing before Magistrate Judge Davis on Plaintiffs' motion to compel. The Court ordered the parties to meet and confer by **Wednesday, September 2**, and to file a joint notice with the Court by **Thursday, September 3**, identifying any remaining issues the Court needs to resolve. The Court also ordered Defendants to serve initial disclosures by **Friday, September 4**. As Judge Davis made clear, Defendants are obligated to conduct discovery and to meet and confer in good faith. We expect Defendants to come to all conferrals with authority to negotiate, discuss, and agree to custodians, search parameters, and any other outstanding items that require clarification.

We request that you produce all non-privileged documents responsive to Plaintiffs' RFPs 1, 2, 3, and 7 and complete answers to Interrogatories 3, 4, 5, and 6 within ten days from today, **by Tuesday, September 8**. With respect to the RFPs, please provide a log of all documents withheld or partially withheld on the basis of privilege that adequately describes the privilege(s) claimed within the same ten days, **by Tuesday, September 8**. *See* Pls.' First Set of Requests for Production, Instructions ¶ 5. And with respect to the Interrogatories, to the extent you are standing on your existing privilege assertions, please adequately describe in your response the basis for the privilege(s) claimed in your answers to allow the parties to meaningfully confer. *See* Pls.' First Set of Interrogatories, Instructions ¶ 3. As Judge Davis explained, evasive answers are not responsive answers.

In order to make the most of our meet-and-confer sessions and to give Defendants a fair opportunity to evaluate and comply with their production obligations before we report to the Court on Thursday, Plaintiffs set forth proposed narrowing constructions below for each of the eight requests at issue in the motion to compel: RFPs 1, 2, 3, and 7, and Interrogatories 3, 4, 5, and 6. Plaintiffs offer these constructions in the interest of eliminating or narrowing the parties' disputes and making concrete progress before Wednesday, as the Court has required that we do. Nothing

in this letter waives, and Plaintiffs expressly preserve, their positions (i) that Defendants' objections to these requests were untimely and waived, and (ii) that the requests are proper as propounded. Plaintiffs offer these constructions solely to facilitate the parties' meet-and-confer process and eventual resolution of these disputes.

We also request Defendants be prepared to discuss any concerns with Plaintiffs' edits to the protective order at our conferral scheduled for **Monday, August 31**.

**Time Period:** For all eight requests addressed below, Plaintiffs agree to limit the relevant time period to January 20, 2025 through the present.

**Requests for Production**

**Request for Production No. 1:**

> *Any and all documents and/or communications—including between the government and the plaintiffs in the Trump v. IRS case—concerning the conception, creation, operation, status, or plans for the Anti-Weaponization Fund, including about the eligibility criteria for awards from the Fund.*

**Plaintiffs' Proposed Construction:** As Plaintiffs first explained during the July 29 meet and confer, this Request is limited to custodians at the Department of Justice and the Department of the Treasury who were involved in decisionmaking regarding the conception of, creation of, operation of, status of, or plans for the Anti-Weaponization Fund (the "Fund"). Plaintiffs request that Defendants conduct a search of such offices and individuals involved in the decisionmaking described above for responsive documents and communications from January 20, 2025 to the present.

Defendants' failure to serve initial disclosures continues to impede Plaintiffs' ability to identify custodians or otherwise narrow the scope of this request. Please identify Defendants' suggested custodians for discussion at the conference.

**Request for Production No. 2:**

> *Any and all documents and/or communications—including between the government and the plaintiffs in the Trump v. IRS case—concerning the Agreement or any of its provisions, including about the Agreement's conception, creation, consummation, modifications, and status.*

**Plaintiffs' Proposed Construction:** Similar to Request No. 1, Plaintiffs will limit this Request to custodians who are individuals at the Department of Justice and the Department of the Treasury who were involved in decisionmaking regarding the conception of, creation of, consummation of,

operation of, status of, plans for, and modifications to the Fund or the Immunity Order, from January 20, 2025 to the present.

Defendants' failure to serve initial disclosures continues to impede Plaintiffs' ability to identify custodians or otherwise narrow the scope of this request. Please identify Defendants' suggested custodians for discussion at the conference.

**Request for Production No. 3 (as amended):**

> *Any and all documents (excepting drafts of the Blanche order) and/or communications concerning the Blanche Order, including its current status.*

**Plaintiffs' Proposed Construction:** Plaintiffs will likewise limit this Request to custodians at the Department of Justice and the Department of the Treasury who were involved in decisionmaking regarding the conception of, creation of, operation of, status of, or plans for the Fund, from January 20, 2025 to the present.

Defendants' failure to serve initial disclosures continues to impede Plaintiffs' ability to identify custodians or otherwise narrow the scope of this request. Please identify Defendants' suggested custodians for discussion at the conference.

**Request for Production No. 7:**

> *Any and all documents identified in response to Interrogatory No. 5.*

**Plaintiffs' Proposed Construction:** Plaintiffs will limit this Request to documents concerning those aspects of the settlement agreement in *Trump v. IRS* that relate to the Fund and the Immunity Order or terms thereof, from January 20, 2025 to the present.

**<u>Interrogatories</u>**

**Interrogatory No. 3:**

> *Identify any and all individuals involved in the conception, creation, or operation of the Fund, including individuals involved in the Blanche Order, and their respective roles.*

**Plaintiffs' Proposed Construction:** As Judge Davis conveyed at yesterday's hearing, the language of this interrogatory does not require interpretation. To be clear, Plaintiffs are not seeking any individual's mental impressions or work product in response to this Interrogatory—only the names and roles of the individuals involved, from January 20, 2025 to the present. This information is not privileged, and there is no basis for withholding information responsive to this interrogatory on privilege grounds.

**Interrogatory No. 4:**

> *Identify any and all individuals involved in the conception, creation, consummation, or modification of the Agreement, and their respective roles.*

**Plaintiffs' Proposed Construction:** Again, as Judge Davis conveyed at yesterday's hearing, the language of this interrogatory does not require interpretation and cannot be reasonably interpreted as being limited to only those who signed the Agreement, because those who signed it may not be those who conceived of it. Plaintiffs will further limit this Interrogatory to individuals involved in those aspects of the settlement agreement that relate to the Fund and the Immunity Order or terms thereof, from January 20, 2025 to the present. And, as with Interrogatory No. 3, Plaintiffs confirm they are not seeking any individual's mental impressions or work product—only the names and roles of the individuals involved. This information is not privileged, and there is no basis for withholding information responsive to this interrogatory on privilege grounds.

**Interrogatory No. 5:**

> *Identify any and all communications between the government and the plaintiffs in the Trump v. IRS case that created, modified, or abandoned the Agreement.*

**Plaintiffs' Proposed Construction:** Plaintiffs will limit this Interrogatory to communications concerning those aspects of the settlement agreement that relate to the Fund and the Immunity Order, from January 20, 2025 to the present.

**Interrogatory No. 6:**

> *Identify any and all decisions or plans to provide redress to claimants to the Fund from sources other than the Fund.*

**Plaintiffs' Proposed Construction:** Plaintiffs will limit this Interrogatory to any final decisions or plans to provide compensation to individuals or entities who were eligible to apply for the Fund prior to its rescission.

* * *

We expect Defendants to act quickly to come into compliance with their discovery obligations, and we look forward to discussing these outstanding issues at our conferral on **Monday, August 31**.

Sincerely,

<u>/s Jyoti Jasrasaria</u>

Catherine M.A. Carroll
Joel McElvain
Pooja A. Boisture
Jyoti Jasrasaria
Aman George
Lisa Newman
Cynthia Liao
Ayesha Khan
Robin F. Thurston
Skye L. Perryman
Telephone: (202) 448-9090
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043

*Counsel for Plaintiffs*