# Exhibit B

DEMOCRACY FORWARD

**Jyoti Jasrasaria <jjasrasaria@democracyforward.org>**

---

# Floyd v. DOJ, E.D. Va. Case No. 26-1399

---

**Block, Andrew (OASG)** <Andrew.Block@usdoj.gov> Thu, Sep 3, 2026 at 1:51 PM
To: Jyoti Jasrasaria <jjasrasaria@democracyforward.org>
Cc: Pooja Boisture <pboisture@democracyforward.org>, Aman George <ageorge@democracyforward.org>, Lisa Newman <lnewman@democracyforward.org>, Cynthia Liao <cliao@democracyforward.org>, Ayesha Khan <akhan@democracyforward.org>, Robin Thurston <rthurston@democracyforward.org>, Catherine Carroll <ccarroll@democracyforward.org>, Joel McElvain <jmcelvain@democracyforward.org>

Good afternoon –

Attached please see the Defendants' Rule 26 Disclosures, further amended answers to Interrogatories 3, 4, and 6, and Defendants' position statement on the Joint Notice.

Best Regards,

Andrew J. Block

Senior Counsel

Office of the Associate Attorney General

Andrew.Block@usdoj.gov

(c) (202) 372-7565

---

**From:** Jyoti Jasrasaria <jjasrasaria@democracyforward.org>
**Sent:** Thursday, September 3, 2026 12:49 PM
**To:** Block, Andrew (OASG) <Andrew.Block@usdoj.gov>
**Cc:** Pooja Boisture <pboisture@democracyforward.org>; Aman George <ageorge@democracyforward.org>; Lisa Newman <lnewman@democracyforward.org>; Cynthia Liao <cliao@democracyforward.org>; Ayesha Khan <akhan@democracyforward.org>; Robin Thurston <rthurston@democracyforward.org>; Catherine Carroll <ccarroll@democracyforward.org>; Joel McElvain <jmcelvain@democracyforward.org>
**Subject:** Re: [EXTERNAL] Floyd v. DOJ, E.D. Va. Case No. 26-1399

Hi Andrew,

Could you please let us know when you're planning to send us your inserts?

As to the three outstanding issues, we are willing to further compromise as to the end date for a search for the First Set of RFPs. Would you be willing to search for documents responsive to RFPs 1, 2, 3, and 7 up through the date of the court's forthcoming order (likely September 4, 2026)?

And of course, please let us know if you have any updates on the other two outstanding issues.

Regards,
Jyoti

On Thu, Sep 3, 2026 at 9:04 AM Jyoti Jasrasaria <jjasrasaria@democracyforward.org> wrote:

> Andrew,
>
> Please find attached a draft joint notice with placeholders for Defendants' positions on several topics. We look forward to your input and will plan to handle the filing around 4pm on our end, as discussed.
>
> Regards,
>
> Jyoti
>
> On Wed, Sep 2, 2026 at 2:34 PM Jyoti Jasrasaria <jjasrasaria@democracyforward.org> wrote:
>
>> Hi Andrew,
>>
>> Thank you for meeting and conferring this afternoon from 1:00-1:35pm. The following memorializes our discussion.
>>
>> **RFPs 1-3, 7 & Interrogatory No. 5**
>>
>> Defendants noted that in reviewing RFP 7 and Interrogatory 5, they believe any responsive documents will likely be identified in their ongoing searches in responses to RFPs 1-3. While that's not their final position, Defendants suggested that seems to be the most likely outcome and it would not be productive at this time for the parties to assume outstanding disputes exist with respect to Defendants' intent to respond to Interrogatory 5 and RFP 7.
>>
>> **Production Timeline**
>>
>> Defendants are unable at this time to commit to a timeline for production of responsive documents. As of today, Defendants do not know the volume of documents that they will need to review for production from either DOJ or Treasury. Defendants do not know when they will know that volume, or when they will be able to identify a likely date for production of responsive documents. Plaintiffs have asked Defendants to provide more detail on their anticipated production timeline ahead of tomorrow's Joint Notice.
>>
>> **Interrogatory Nos. 3 & 4**
>>
>> Defendants continue to hold internal deliberations about whether and how to update their responses to these interrogatories. Defendants tentatively anticipate filing amended answers to these interrogatories, but as of today are not able to state when any such amended answers would be forthcoming, or share the scope of any remaining objections to these interrogatories. Plaintiffs have asked Defendants to clarify these questions: whether and how Defendants intend to maintain objections to these Interrogatories, and when they may amend their responses, ahead of tomorrow's Joint Notice.
>>
>> **Interrogatory No. 6**

Defendants plan to file an amended answer, alongside whatever they file in response to the other remaining interrogatories. Defendants anticipate that the interrogatory will state that no such policies exist.

**Initial Disclosures**

Defendants are aware that the court ordered initial disclosures to be made by Friday, September 4. Defendants are unable at this time to commit to making such disclosures, as they also continue to reserve the right to object to the magistrate's order and raise this issue with Judge Brinkema by Friday, September 4. One way or the other, Defendants anticipate taking action with respect to initial disclosures on Friday.

**Protective Order**

Defendants have not yet reviewed Plaintiffs' most recent specific recommendations for edits to the protective order sent yesterday afternoon. However the parties discussed some of the broader issues that appear to be outstanding. First, Plaintiffs noted that the Order should specify the permissible grounds for confidential designation. Second, Plaintiffs noted their position that the Order should not provide for automatic sealing of confidential documents, but rather should provide for a process for moving to seal documents. Third, Plaintiffs reiterated that the Order should constitute a court order authorizing disclosure of records under the Privacy Act and Internal Revenue Code. Defendants raised a concern that this could result in private records filed on the public docket; Plaintiffs take the position that the process for moving to seal documents should prevent such public filings.

**Joint Notice**

Plaintiffs agreed to draft the Joint Notice, due tomorrow, in the first instance. It will leave space for the parties to identify any outstanding areas of disagreement and state their respective positions. The parties will target a 4pm filing time for tomorrow.

On Tue, Sep 1, 2026 at 6:00 PM Jyoti Jasrasaria <jjasrasaria@democracyforward.org> wrote:

> Hi Andrew,
>
> Thank you for meeting and conferring this afternoon from 3:30-4:00pm. The below memorializes our discussion, and I've sent a calendar invitation for 1pm tomorrow.
>
> Separately, I'm attaching a redlined copy of the Protective Order (I turned off the anonymizing setting, but please let me know if you can't see my edits) and two E.D. Va. Protective Orders that we considered as samples.
>
> **RFPs 1, 2, 3**
>
> Defendants view these RFPs as now articulated with adequate specificity to allow them to search for responsive documents, and will begin doing so. The parties continue to have an unresolved dispute about whether documents post-dating May 23 are required to be searched and produced.

Defendants asked if Plaintiffs would narrow the start date of the search range to January 1, 2026, given that the *Trump v. IRS* suit was filed on January 29, 2026. Plaintiffs indicated that they would not agree to such a limitation, given various weaponization-related activities ongoing in 2025 (such as the weaponization executive order and Weaponization Working Group). However, Plaintiffs clarified that all documents related to those 2025 activities aren't necessarily responsive, unless they are specifically related to the creation of the Fund.

As to timing, Defendants were unable to commit today to a timeline for production of responsive records by DOJ or Treasury. Defendants hope to have more information concerning production timelines by tomorrow afternoon, but could not guarantee that they would.

**Interrogatories (including RFP 7, which is related to Interrogatory No. 5)**

Defendants are still discussing their position with respect to these requests internally, and do not have any more to offer at this time. They hope to provide a more concrete response tomorrow or, otherwise, be prepared to share their position concerning these requests with the court.

Plaintiffs offered to provide additional information or clarification if it would be helpful to Defendants' ability to narrow the dispute. Defendants confirmed that they understood what Plaintiffs are asking for and are not waiting for additional information from Plaintiffs about the Interrogatories as they continue internal discussions.

**Protective Order**

The parties discussed Defendants' proposed Attorneys Eyes Only designation. Plaintiffs accept this designation being added to the Order in principle, but had follow-up questions. Defendants agreed that select support staff involved in preparing or managing documents for the litigation would be included within the AEO designation. Defendants agreed to consider Plaintiffs' suggestion that in-house counsel for Plaintiff organizations also be included within AEO.

The parties discussed Defendants' concerns with the timelines for dispute resolution under the protective order, and Defendants suggested 7 to 10 days as the rough deadlines they would be amenable to for designation and oppositions. Plaintiffs indicated they believe shorter timelines are necessary given the discovery schedule, but that they would consider Defendants' position further.

Plaintiffs indicated that they believe the Order should be more explicit in laying out what categories of records would be subject to Confidential or AEO designations, so that the basis for designations is clear.

**Next Steps**

The parties agreed to discuss outstanding issues further tomorrow (September 2) at 1pm.

On Mon, Aug 31, 2026 at 2:23 PM Jyoti Jasrasaria <jjasrasaria@democracyforward.org> wrote:

> Hi Andrew,

Thank you for meeting and conferring this morning from 11:00-11:50am regarding the outstanding discovery disputes addressed in Plaintiffs' August 29, 2026 letter and at issue in Plaintiffs' motion to compel. The following memorializes our discussion.

**Time Period for Search**

Defendants asked whether Plaintiffs would agree to an end date for the relevant discovery period of May 22 or May 23, 2026 (the day after the complaint was filed). Plaintiffs indicated that, given Defendants' mootness arguments, the fact that a number of relevant events have transpired since the filing of the complaint, and Defendants' continuing discovery obligations, Plaintiffs could not agree to such a time limitation.

Defendants stated that they understood Plaintiffs' position but continue to believe there is a dispute about the relevant time period. Nonetheless, Defendants committed to beginning the process of searching for and reviewing documents from January 20, 2025 through May 23, 2026 immediately, while the parties' discussions concerning materials post-dating May 23 continue.

**Custodians**

Plaintiffs provided Defendants a list of custodians as a starting point for their search for responsive documents: the named individual defendants in this case (Attorney General Blanche, Associate Attorney General Woodward, Treasury Secretary Bessent, and IRS Chief Executive Officer Bisignano) plus Acting Deputy Attorney General McCotter, and the immediate offices of those individuals. Plaintiffs noted that, to the extent review revealed additional individuals or offices likely to hold responsive documents, Plaintiffs would expect the search to expand to include those sources.

Defendants agreed to use these individuals as a starting point for the custodians to be searched in connection with their discovery responses.

**Conception, Creation, Operation, Status, Plans, Consummation, Modification**

The parties discussed how to interpret various terms used in (in particular) RFPs 1, 2, and 3, given Defendants' position that the Fund never existed, such that, in Defendants' view, no responsive materials would exist concerning any step past "conception."

Plaintiffs provided examples of documents concerning operation, status, or plans that could conceivably exist and that Plaintiffs would consider responsive, including: records reflecting internal plans for how to operationalize the Fund; communications with third parties about how claimants might apply for or receive funds; communications concerning how decisions would be made about which claims to fund; communications with outside parties or Congress about the status of the Fund in the wake of DOJ's various representations concerning the Fund's termination; records showing what steps were contemplated (or later terminated or rescinded) to operate the Fund after the May 18 issuance of the Order; and communications with putative claimants explaining that the Fund was no longer operating and suggesting they follow a different claims process. Plaintiffs explained that these records would all be of the type "concerning" the conception, creation, operation, status, or plans for the Fund that could conceivably exist even given DOJ's representations about the Fund's termination, and would be responsive to Plaintiffs' requests.

Similarly, Plaintiffs explained that documents showing communications, internally or with plaintiffs' counsel in Trump v. IRS, for example, about whether to modify the Settlement Agreement to reflect DOJ's ostensible abandonment of the Fund, or whether the Settlement Agreement had in fact been modified, were examples of responsive documents "concerning" modification of the Agreement.

Defendants agreed that, given these clarifications along with the custodial clarifications above, they had enough information to craft a search for documents responsive to RFPs 1, 2, 3, and 7.

**Interrogatory Nos. 3 & 4**

Defendants stated that they are not in a position to provide further detail on their position on these Interrogatories at this time, but anticipate following up with further detail shortly, as soon as this afternoon.

**Interrogatory No. 5**

Plaintiffs explained that they are not seeking all negotiations between the Trump v. IRS parties generally—only

those records that bear on the Fund and the Immunity Order, and that would help Plaintiffs understand matters such as the intended beneficiaries, effect, scope, and authority of or for those provisions.

Defendants indicated they understood Plaintiffs' position, and that they could not yet commit to a timeframe for responding, but would seek to provide clarity on a timeframe for their response at the parties' next scheduled discussion on September 1.

**Interrogatory No. 6**

Defendants asked Plaintiffs to clarify the intent and scope of this Interrogatory in light of Defendants' position that the Fund was never operating and thus never had any claimants. Plaintiffs explained that, to the extent there were any final decisions within the government to compensate current or prospective Fund claimants through some other means—i.e., a policy by the government about how to handle such claims going forward—Interrogatory No. 6 is meant to address that.

Defendants indicated they understood Plaintiffs' position, and that they could not yet commit to a timeframe for responding, but would seek to provide clarity on a timeframe for their response at the parties' next scheduled discussion on September 1.

**Protective Order**

Defendants stated that they anticipate providing written suggestions regarding the protective order by the end of the day today, August 31, and that they anticipate suggesting longer timeframes than Plaintiffs proposed for matters such as designation and challenge of confidential information. Plaintiffs indicated that they are happy to consider Defendants' revisions, while noting that the compressed discovery timeframe in this case makes it difficult to accommodate extended timelines for designation and dispute.

**Next Steps**

The parties agreed to meet and confer again tomorrow, September 1, from 3:30 to 4:30 p.m. ET, and anticipate a further conferral on Wednesday, September 2, consistent with the Court's order that the parties meet and confer by that date and file a joint notice identifying any remaining issues by Thursday, September 3.

We look forward to continuing these discussions tomorrow.

On Sat, Aug 29, 2026 at 10:58 AM Jyoti Jasrasaria <jjasrasaria@democracyforward.org> wrote:

> Andrew,
>
> Please find attached a letter setting forth Plaintiffs' proposals regarding the requests at issue in the motion to compel, in advance of our meet-and-confer and the Court's deadlines this coming week.
>
> Regards,
> Jyoti
>
> On Fri, Aug 28, 2026 at 3:13 PM Jyoti Jasrasaria <jjasrasaria@democracyforward.org> wrote:
>
>> Great! I just sent a calendar invitation, and the Zoom link is also copied below.
>>
>> Join Zoom Meeting
>>
>> https://democracyforward-org.zoom.us/j/86294481183?pwd=Ws96BTZr69srixDF3LuFqsa9S5GdFl.1
>>
>> Meeting chat link
>>
>> https://democracyforward-org.zoom.us/launch/jc/86294481183
>>
>> Meeting ID: 862 9448 1183
>>
>> Passcode: 595024

---

One tap mobile

+13126266799,,86294481183#,,,,*595024# US (Chicago)

+16469313860,,86294481183#,,,,*595024# US

On Fri, Aug 28, 2026 at 3:10 PM Block, Andrew (OASG) <Andrew.Block@usdoj.gov> wrote:

> 11 works great, thanks.
>
> Best Regards,
>
> Andrew J. Block
>
> Senior Counsel
>
> Office of the Associate Attorney General
>
> Andrew.Block@usdoj.gov
>
> (c) (202) 372-7565
>
> ---
>
> **From:** Jyoti Jasrasaria <jjasrasaria@democracyforward.org>
> **Sent:** Friday, August 28, 2026 2:25 PM
> **To:** Block, Andrew (OASG) <Andrew.Block@usdoj.gov>
> **Cc:** Pooja Boisture <pboisture@democracyforward.org>; Aman George <ageorge@democracyforward.org>; Lisa Newman <lnewman@democracyforward.org>; Cynthia Liao <cliao@democracyforward.org>; Ayesha Khan <akhan@democracyforward.org>; Robin Thurston <rthurston@democracyforward.org>; Catherine Carroll <ccarroll@democracyforward.org>; Joel McElvain <jmcelvain@democracyforward.org>
> **Subject:** Re: [EXTERNAL] Floyd v. DOJ, E.D. Va. Case No. 26-1399
>
> Hi Andrew,
>
> We're available on Monday. Would 11 a.m. work? If not, please suggest some other times -- we can be flexible.
>
> Regards,
>
> Jyoti
>
> On Fri, Aug 28, 2026 at 2:01 PM Block, Andrew (OASG) <Andrew.Block@usdoj.gov> wrote:
>
> > I've got a filing due this afternoon that I need to finish up so can we look at Monday?

Best Regards,

Andrew J. Block

Senior Counsel

Office of the Associate Attorney General

Andrew.Block@usdoj.gov

(c) (202) 372-7565

---

**From:** Jyoti Jasrasaria <jjasrasaria@democracyforward.org>
**Sent:** Friday, August 28, 2026 12:48 PM
**To:** Block, Andrew (OASG) <Andrew.Block@usdoj.gov>
**Cc:** Pooja Boisture <pboisture@democracyforward.org>; Aman George <ageorge@democracyforward.org>; Lisa Newman <lnewman@democracyforward.org>; Cynthia Liao <cliao@democracyforward.org>; Ayesha Khan <akhan@democracyforward.org>; Robin Thurston <rthurston@democracyforward.org>; Catherine Carroll <ccarroll@democracyforward.org>; Joel McElvain <jmcelvain@democracyforward.org>
**Subject:** [EXTERNAL] Floyd v. DOJ, E.D. Va. Case No. 26-1399

Hi Andrew,

Are you available to meet and confer this afternoon, with authority to reach agreements? If not, could you please provide your availability for Monday?

Regards,

Jyoti

--

| | |
|---|---|
| **Jyoti Jasrasaria**<br>**Senior Counsel**<br>**Democracy Forward**<br>*she/hers* | **Cell:** (202) 304-3328<br>**Email:** jjasrasaria@democracyforward.org<br>**Website:** democracyforward.org |

**When we fight, democracy wins**.

*NOTICE: This communication and any attachments may contain privileged or other confidential information and is intended only for use by the individual or entity named above. If you have received this communication in error, please immediately advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents.*

**2 attachments**

**2026.09.03 Joint Notice re Pls' MTC_Pls' DRAFT + Def. Edits.docx**
36K

**Amended answers_Sept 3.pdf**
161K