# Exhibit C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
ALEXANDRIA DIVISION

| | |
|---|---|
| **Andrew Floyd, et al.**,<br><br>Plaintiffs,<br><br>v.<br><br>**Department of Justice, et al.**,<br><br>Defendants. | Case No. 1:26-cv-01399-LMB |

**DEFENDANT'S FURTHER AMENDED DISCOVERY RESPONSES**

Initial Disclosures

On August 28, 2026, the district court ordered that Defendants' Rule 26 initial disclosures be made by September 4, 2026. Accordingly, the Defendants disclose as follows:

i. The United States does not anticipate that there are any facts that it will as the "disclosing party" "use to support its claims or defenses, unless the use would solely be for impeachment" for which disclosure is required under Fed. R. Civ. P. 26(a)(1)(A)(i).

ii. The United States is not aware of any "documents, electronically stored information, and tangible things that" it as "the disclosing party has in its possession, custody, or control" that it anticipates using "to support its claims or defenses." Any such documents are already a part of the pleadings in this case. Rule 26(a)(1)(A)(ii).

iii. Not applicable

iv. Not applicable.

These initial disclosures are made as of September 3, 2026, and will be updated if any additional information becomes known to the Defendants.

Amended Discovery Responses

Plaintiffs further amend the First Amended Discovery Responses, dated August 19, 2026, and the subject of the pending motion to compel, to state as follows:

**Amended Answer ROG 3**:

To the extent that the previous answer is incomplete, Defendants further respond that:

Defendants cannot answer or identify a person who "conceived of" "the fund." Settlements are ubiquitous in litigation and the use of settlement funds to resolve classes of cases is a longstanding practice used by parties including by the government. As referenced in the Settlement Agreement itself, litigation surrounding the Deepwater Horizon oil spill was resolved through the creation of a settlement fund. As the Attorney General's May 18 Order references, the *Keepseagle* settlement fund provided further historical precedent. *See also* Dkt. 62 at 9 n.4. Thus, to ask who "conceived" of an idea that is ubiquitous in the legal profession makes no sense. And to the extent the interrogatory asks "who was the first person to suggest that application in this case"—the answer is irrelevant. Plaintiffs are in possession of the final documents that executed the Settlement Agreement.

To the extent that the Interrogatory seeks a narrative description of how attorneys at the Department of Justice handled a particular case (or any case for that matter)—the Defendants decline to answer on the basis that such information is privileged. How an attorney at the Department of Justice assess a case (any case)—including their assessment of the relative strengths and weaknesses of the arguments of each party in a case as well as the actions they take to litigate (or settle) such case—is the essence of opinion work product. An attorney's communication of

those impressions and advice to the client is Attorney-Client privileged. And any preparation of documents (including edits, comments, proposed changes, and the iterative process that shapes final documents) for signature by the Attorney General (or other senior official) is the essence of the deliberative process privilege.

**Amended Answer ROG 4**:

To the extent that the previous answer is deemed incomplete, Defendants understand the remainder of the question to be: "Identify any and all individuals involved in the conception of the Agreement and their respective roles."

Defendants respond: It does not make sense to ask who conceived of a settlement. Settlements are fundamental aspects of litigation that attorneys understand are in the background of every case. The settlement at issue—like any settlement agreed to in any litigation—was the product of the negotiation, conferral, and the give-and-take between opposing counsels that resolving claims through the adversarial process requires.

It is impossible to say any one person, or group of people, were "involved in the conception … of the Agreement." But to the extent that the Interrogatory asks this, the Defendants further respond that it is irrelevant and, in any event, privileged. It is irrelevant because the full settlement agreement is reduced to writing and public. The document speaks for itself.

To the extent that an attorney, or attorneys, at the Department of Justice suggest to any client (be it counsel at another agency, decision-makers or leadership at another agency, or DOJ leadership up to and including the Attorney General himself) a particular matter be settled or litigated, that is the very essence of attorney work product and attorney client privileged information. Such conversations can also be, and in this case are, further protected by the

deliberative process privilege which allows decision makers to receive a variety of viewpoints and to hear full, frank, and candid discussion without fear that those debates will be made public.

It does not make grammatical sense to ask “who conceived” of a document that was published. To the extent that the interrogatory asks “who had the idea to issue a memo” the question is irrelevant to any fact at issue—the document speaks for itself. Who had an idea to do something has no relevance to the thing that is actually done. If the Interrogatory asks who worked on the document before it was signed, the Defendants decline to answer that portion of the Interrogatory on the basis of Deliberative Process Privilege, Attorney Work Product, and Attorney Client Privilege.

**Amended Answer ROG 6**:

Plaintiffs have clarified that: Interrogatory 6 means “to the extent there were any final decisions within the government to compensate current or prospective Fund claimants through some other means—i.e., a policy by the government about how to handle such claims going forward—Interrogatory No. 6 is meant to address that.”

With that understanding Defendants answer that no such final decisions, policy, or plans exist.

Dated: August 19, 2026

Respectfully submitted,

*/s/ Andrew J. Block*
ANDREW J. BLOCK
Senior Counsel to the Associate Attorney General
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2026, I served the foregoing on Counsel for Plaintiff listed below via electronic mail.

/s/ *Andrew J. Block*
Andrew Block