**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| ANDREW FLOYD, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, *et al.*,<br><br>Defendants. | Case No. 26-cv-1399-LMB |

**MOTION OF CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON TO FILE BRIEF AS AMICUS CURIAE IN SUPPORT OF PLAINTIFFS**

Citizens for Responsibility and Ethics in Washington ("Proposed Amicus," "CREW") respectfully seeks the Court's leave to file the accompanying brief as amicus curiae in opposition to Defendants' Amended Motion to Dismiss, ECF No. 146 ("Motion"). The proposed brief and a proposed order are attached to this motion.

Counsel for Proposed Amicus has conferred with counsel for Plaintiffs and counsel for Defendants. Counsel for Plaintiffs consent to the filing of this brief. Counsel for Defendants indicated that they oppose the filing of this brief and intend to file a response. No party's counsel has authored this brief in whole or in part and no person or entity, other than Proposed Amicus or their counsel, has made a monetary contribution to the preparation or submission of this brief.

CREW is a nonpartisan, nonprofit, watchdog organization dedicated to ensuring ethics, accountability, and transparency in government. Monitoring and identifying potential conflicts of interest in the Executive Branch are among CREW's core functions.[1] CREW also brings lawsuits

[1] The court in *Trump v. IRS*, the case whose underlying "settlement" served as the legal predicate for the challenged Immunity Order, cited CREW's investigation into the purported "settlement agreement" to support its holding that "there was never adverseness between the Parties." *See*

to enforce ethics and transparency laws. For example, CREW has brought litigation in another district court challenging the so-called Anti-Weaponization Fund. *Citizens for Resp. & Ethics in Wash. v. Dep't of Justice*, No. 1:26-cv-01789 (D.D.C. filed May 22, 2026).

CREW has unique expertise in the U.S. Constitution's Emoluments Clauses, having served as counsel for plaintiffs challenging President Trump's alleged violations of the Clauses during his first term in office. *See In re Trump*, 958 F.3d 274 (4th Cir. 2020), *cert. granted, judgment vacated sub nom. Trump v. D.C.*, 141 S. Ct. 1262 (2021) (deeming case moot due to Trump leaving office); *CREW v. Trump*, 953 F.3d 178 (2d Cir. 2019), *cert. granted, judgment vacated*, 141 S. Ct. 1262 (2021) (same). Over the course of these cases, CREW and its co-counsel developed the record of historical and executive-branch precedent, which both district courts relied on to define "emolument" and interpret the meaning of the Emoluments Clauses.

District courts have "broad discretion in deciding whether to allow a non-party to participate as an amicus curiae." *Tafas v. Dudas*, 511 F. Supp. 2d 652, 659 (E.D. Va. 2007) (citations omitted). Non-parties have "been allowed at the trial level where they provide helpful analysis of the law" or "they have a special interest in the subject matter of the suit" *Id*. (internal quotations and citations omitted).

The Court should exercise its discretion to permit CREW to file the attached amicus brief.[2] The proposed brief is informed by CREW's conflict-of-interest expertise and direct experience litigating the meaning and application of the Constitution's Emoluments Clauses,

---

Order, *Trump v. IRS*, 1:26-cv-20609-KMW, 2026 WL 2015525, at *9 n.18, 56 (S.D. Fla. July 13, 2026).

[2] Before the purported "settlement agreement" was signed, the court in *Trump v. IRS* granted CREW and Public Citizen's motion for leave to file a brief as amici curiae in that proceeding. CREW's brief argued, in part, that a potential settlement would likely violate the Domestic Emoluments Clause. *See* Br. of Amici Curiae CREW and Public Citizen, *Trump v. IRS*, 1:26-cv-20609-KMW at *7-11 (S.D. FL. Mar. 3, 2026).

including extensive historical research which neither party has raised in their briefs to date. CREW's proposed brief will assist the Court in its consideration of the Motion by shedding additional light on the structure, history, and purpose of the Emoluments Clauses.

CREW's brief argues that the Emoluments Clauses text, structure, history, purpose, and past application all support a broad interpretation of "emolument" that encompasses almost any "profit," "gain," or "advantage." The brief cites historical sources, including Founding-era dictionaries and examples of the Framers themselves using the word "emolument" to connote its broader meaning. The brief proceeds to argue that Defendants' attempts to limit the Emoluments Clauses to apply only to quid pro quo exchanges for official acts has no basis in the text, structure, or history, and conflicts with decades of executive branch precedent interpreting the Clauses. The brief next provides an overview of the development of the Domestic Emoluments Clause (DEC) from the early colonial period through the Constitution's ratification, including the distinct drafting history of its separate compensation and emoluments provisions. The brief then argues that a "tax discharge" that releases claims, including for "tax payments" or "debt relief," Defs.' Br. at 4, 30, is an emolument within the meaning of the DEC, and that the Constitution (as well as implementing statutes and regulations) prohibit any federal official from taking actions that would enable a president's receipt of the prohibited emolument. The brief finally argues that, while Defendants wrongly contend that no cause of action exists in equity to restrain federal officers from violating the Domestic Emoluments Clause, the Court may resolve Plaintiffs' DEC claims without deciding whether the Clause is independently self-executing here, because the Administrative Procedure Act supplies a cause of action.

This motion is filed in a timely manner, because briefing on the above-mentioned motions is not yet complete and will therefore not delay the Court's ability to rule on the motions. Absent

a local rule governing the appearance of amici, CREW files this motion in accordance with FRAP 29.

For these reasons, CREW respectfully requests that the Court grant it leave to file the amicus brief attached as Exhibit A.

Dated: September 8, 2026

Respectfully submitted,

*/s/ Jonathan E. Maier*
Jonathan E. Maier (Va. Bar No. 84145)
Kayvan Farchadi*
Stuart C. McPhail*
Nikhel S. Sus*
CITIZENS FOR RESPONSIBILITY
AND ETHICS IN WASHINGTON
P.O. Box 14596
Washington, DC 20044
(202) 408-5565
jmaier@citizensforethics.org
kfarchadi@citizensforethics.org
smcphail@citizenaforerthics.org
nsus@citizensforethics.org

*Counsel for Plaintiff*

**pro hac vice* motion forthcoming

**FRAP 29(a)(4)(A) CERTIFICATE**

I, the undersigned, counsel of record for Citizens for Responsibility and Ethics in Washington, certify that to the best of my knowledge and belief, there are no parent companies, subsidiaries, affiliates, or companies which own at least 10% of the stock of Citizens for Responsibility and Ethics in Washington which have any outstanding securities in the hands of the public.

*/s/ Jonathan E. Maier*
Jonathan E. Maier

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2026, I electronically filed this Motion for Leave to File Amicus Brief with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all attorneys of record by operation of the Court's electronic filing system.

*/s/ Jonathan E. Maier*
Jonathan E. Maier