**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **Andrew Floyd**, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>**Department of Justice**, et al.,<br><br>Defendants. | **Case No. 26-cv-1399-LMB/IDD** |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR CLARIFICATION OF THE COURT'S ORDER REGARDING PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS AND RECONSIDERATION OF THE VACATUR OF THE RULE 16(B) ORDER

Pursuant to Federal Rule of Civil Procedure 7 and Local Civil Rule 7, Plaintiffs respectfully move this Court for clarification of the portion of the Court's September 18, 2026 Order, Dkt. 179, regarding the deadline for Defendants' production of documents in response to Plaintiffs' first set of discovery requests and for reconsideration of vacatur of the Rule 16(b) Order.

## INTRODUCTION

Pursuant to this Court's orders to begin discovery, Plaintiffs have been diligently working to obtain discovery not only from Defendants but also from third parties. This has involved issuance of two sets of discovery requests that include: requests for documents, requests for admission, and requests for interrogatories; issuance of Rule 30(b)(6) notices seeking to depose agency-selected representatives of the Department of Justice and the Department of Treasury; discussion with Defendants' counsel regarding potential depositions of the only two specific individuals referenced in any of Defendants' discovery responses to date; and issuance of third-party subpoenas to both alleged claimants to the Anti-Weaponization Fund and to certain named beneficiaries of the Immunity Order.

On September 18, 2026, in addition to hearing argument on Defendants' motion to dismiss, the Court heard argument on Defendants' objections to Magistrate Judge Davis's order compelling certain responses to Plaintiffs' first set of requests for production and first set of interrogatories. At argument, the Court largely affirmed Judge Davis's order, except for providing a longer time for Defendants to provide responses: until October 18, 2026, for Defendants production of documents, and 30 days after the Court's forthcoming order on the motion to dismiss for Defendants' responses to interrogatories. The Court's later written order, however, did not include the October 18, 2026, deadline for Defendants' response to the first set of requests for production. Plaintiffs accordingly seek clarification that this deadline remains operative.

Additionally, Plaintiffs seek reconsideration of the Court's vacatur of the Rule 16(b) discovery order. That order governs the manner in which ongoing discovery is conducted, including the electronic format requirements for document productions, the Friday-to-Friday non-dispositive motion calendar for the currently outstanding discovery requests not addressed in Defendants' motion for reconsideration, and the claw-back provisions for inadvertent disclosures. Because those provisions remain necessary for the parties' ongoing discovery, Plaintiffs respectfully request that the Court reconsider its vacatur of the entirety of the Rule 16(b) Order.

## BACKGROUND

On September 18, 2026, the Court simultaneously heard argument on Defendants' motion to dismiss and their objections to Magistrate Judge Davis's order granting Plaintiffs' motion to compel Defendants' insufficient discovery responses, Dkt. 146, 168. During the proceeding, the Court affirmed in part Judge Davis's order with respect to Plaintiffs' First Set of Requests for Production by requiring Defendants to produce within 30 days of the hearing date (i.e., by October 18, 2026) documents responsive to the First Set of Requests created on or before September 4, 2026. Dkt. 179; Ex. 1 at 31:23-24. The Court also affirmed Judge Davis's order compelling Defendants to respond in full to Interrogatories 3 and 4, but extended Defendants' time to provide those responses until 30 days after the Court issues a memorandum opinion on the motion to dismiss. Dkt. 179; Ex. 1 at 31:23-24. The Order issued by the Court, however, did not include

Defendants' October 18, 2026, deadline to respond to Plaintiffs' first set of document requests. Dkt. 179.

Additionally, the Court vacated Judge Davis's Rule 16(b) Scheduling Order, Dkt. 114, which governed the manner in which ongoing discovery is to be conducted, including approving the parties' Revised Joint Discovery Plan, ¶ 5, Dkt. 113. The Rule 16(b) Order, however, governs more discovery than just the handful of requests at issue in Defendants' objections. Specifically, it governs a number of other currently outstanding discovery requests, both to Defendants and through third-party document subpoenas, including:

- Plaintiffs' second set of discovery requests propounded on August 24, 2026. Defendants filed their objections to these requests on September 8, 2026, and their responses are due on September 23, 2026.
- Plaintiffs' 30(b)(6) deposition notices of the Department of Justice and the Department of Treasury for October. Pursuant to Rule 30(b)(6), Plaintiffs have issued deposition notices identifying the specific topics of information regarding both the Anti-Weaponization Fund and the Immunity Order on which they seek to depose a representative of the two Defendant Departments in October.
- On September 15, 2026, Plaintiffs issued seven (7) third-party document subpoenas to alleged claimants to the Anti-Weaponization Fund and certain named beneficiaries of the Immunity Order.

## ARGUMENT

### I. The Court Should Clarify That Defendants' Responses to Plaintiffs First Set of Requests for Production Are Due by October 18.

Plaintiffs respectfully request the Court clarify the portion of its September 18, 2026, written order regarding the deadline for Defendants' responses to Plaintiffs' requests for production to conform to the oral order given during the hearing. At the hearing, the Court clarified that for requests for production—unlike for interrogatories—Defendants would have 30 days from the date of the hearing, October 18, 2026, to produce responsive documents and any privilege log.

*See* Ex. 1 at 31:23-24. Because the written order did not include this deadline for requests for production, *see* Dkt. 179, Plaintiffs respectfully request that the Court clarify that the October 18, 2026, deadline that the Court imposed orally remains in effect.

## II. Rule 16(b) Order

Plaintiffs also respectfully request the Court reconsider its vacatur of the Rule 16(b) Order. As detailed in the Background section, *supra*, that Order governs the manner in which the parties are engaging over a number of outstanding discovery requests that were not at issue in Defendants' objections to Judge Davis's order compelling responses. These requests are subject to current imminent deadlines, including a September 23, 2026, deadline for Defendants' responses to Plaintiffs' second set of discovery requests and a 14-day deadline from the date of service for respondents to respond to the third-party document subpoenas. It remains critical that the parties have certainty as to these provisions as these deadlines approach.

Currently outstanding discovery requests include, among other things, discovery both from Defendants and third parties regarding audits subject to the Immunity Order that must be terminated by NTEU's members. As Plaintiffs explained at the hearing, NTEU's allegations are sufficient at the pleading stage to plausibly allege that its members are or will imminently be required to terminate audits in violation of the Constitution. This discovery is critically important to proving these well-pled allegations at subsequent stages of the proceedings.[1]

Because the Rule 16(b) Order's provisions regarding the manner of production and the process for resolving any disputes on the sufficiency of responses remain critical to these

[1] Defendants argued at the hearing that Plaintiffs have sought information in discovery that is protected from disclosure by Defendants under 26 U.S.C. § 6103, including whether or not the IRS was auditing President Trump or other Trump Parties and whether or not particular IRS employees have been asked to terminate audits. *See* Ex. 1 at 8:16-19 (DOJ counsel stating "to the extent that there are audits … that sort of information with respect to taxpayers is confidential and protected by statute"). However, if Defendants maintain this objection at the time of production, Plaintiffs intend to demonstrate that exceptions to that statute under 26 U.S.C. § 6103(h)(4) allow disclosure of this factual information. *See, e.g.*, Ex. 1 at 3:20-22 (referring to "an audit going on in one of the Trump businesses in Chicago"); Ex. 1 at 13:14-19 (discussing "Agent X" and "point[ing] to a particular member of the union who has been told stop the audit").

outstanding discovery requests, and because responses to these requests are due imminently, Plaintiffs' respectfully request the Court reconsider the order vacating the Rule 16(b) Order.[2]

## CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court clarify that Defendants' responses to Plaintiffs' First Set of Requests for Production remain due on or before October 18, 2026, and reconsider the Court's order vacating the Rule 16(b) Order.

[2] To the extent that the Court intended to extend the discovery period and vacate the November 13, 2026 close of discovery deadline, Plaintiffs request that the Court modify only Paragraph 1 of the Rule 16(b) Order, which references that deadline, and leave the remaining provisions intact.

September 21, 2026

Paras N. Shah*
General Counsel
NATIONAL TREASURY EMPLOYEES UNION
800 K Street N.W., Suite 1000
Washington, D.C. 20001
(202) 572-5500
paras.shah@nteu.org

*Counsel for NTEU*

Respectfully submitted,

*/s/ Catherine M.A. Carroll*
Catherine M.A. Carroll (Va. Bar No. 50939)
Joel McElvain (Va. Bar No. 95215)
Pooja A. Boisture*
Jyoti Jasrasaria*
Aman George*
Lisa Newman* ^
Cynthia Liao*
Ayesha Khan*
Robin F. Thurston*
Skye L. Perryman*
ccarroll@democracyforward.org
jmcelvain@democracyforward.org
pboisture@democracyforward.org
jjasrasaria@democracyforward.org
ageorge@democracyforward.org
lnewman@democracyforward.org
cliao@democracyforward.org
akhan@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090

*Counsel for Plaintiffs*

* Admitted *pro hac vice*

^ Not admitted to practice law in the District of Columbia; practicing under the supervision of Democracy Forward lawyers who are members of the District of Columbia Bar.

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of September, 2026, I will cause the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system, thereby serving all counsel who have appeared in this case.

*/s/ Catherine M.A. Carroll*
Catherine M.A. Carroll (Va. Bar No. 50939)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
ccarroll@democracyforward.org

*Counsel for Plaintiffs*