**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | |
|---|---|
| **Andrew Floyd** *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>**Department of Justice**, *et al.*,<br><br>*Defendants*. | Case No. 1:26-cv-1399-LMB |

**DEFENDANTS' RESPONSE TO PLAINTIFFS COMBINED MOTIONS FOR CLARIFICATION AND FOR RECONSIDERATION**

Defendants file this response opposing the relief sought by Plaintiffs to have the Court reconsider its order vacating the Rule 16(b) Order. Defendants agree that clarification of obligations with respect to document discovery would be useful, although they respectfully suggest a different interpretation of what any clarification order should say.

**1) The Court properly vacated the Rule 16(b) Order.**

Plaintiffs primarily object to vacatur of the Scheduling Order, under which they have propounded several extensive pending discovery requests. As they note, "Currently outstanding requests include, among other things, discovery from both Defendants and third parties." Memo at 4. Through this framing Plaintiffs downplay the shocking and sweeping breadth of the discovery they have requested, including: *the President's, and his family members' tax return information*, tax information for up to 418 other entities, depositions of *two* Senate-confirmed officials, unprecedented 30(b)(6) depositions on broad-ranging topics that implicate sensitive privilege questions at every turn, and the internal, pre-decisional, deliberative, and privileged working documents of attorneys (and clients) handling high profile litigation matters. While the government maintains that all such requests are improper, with the Scheduling Order vacated, the Court need

not decide those issues at this juncture. Plaintiffs' requested relief would bring all of these issues back to the fore and have the parties before the Court litigating privilege issues without the benefit of an operative pleading. To the extent that such issues need to be briefed and decided in this litigation, they should be done at the appropriate time with a concrete dispute presented to the Court—not litigated and decided in the abstract. *See Webster v. Mattis*, No. 1:17-cv-1384, Dkt. 56 (E.D. Va. Jan. 19, 2018) (staying discovery where federal defendants raised jurisdictional and attorney-client privilege arguments after plaintiffs sought discovery from agency attorneys).

First principles are instructive here. Discovery serves as the tool to 1) prevent trial by ambush and 2) allow parties to obtain information, that they are otherwise unable to obtain but have a good faith basis for believing exists, to support their case. *Banks v. City of Virginia Beach*, Case No. 2:24-cv-149, 2025 WL 3284448, at *5 (E.D. Va. Nov. 25, 2025) ("The purpose of discovery 'is to enable a party to obtain relevant information needed to prepare the party's case'"). Discovery is not a process for parties to use to harass or abuse other parties, conduct an "investigation,"[1] or seek information for the purposes of publicizing that information. *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 709 (4th Cir. 2015) (affirming the district court's dismissal of a complaint where plaintiffs' submissions "suggest[ed] only a desire to conduct a fishing expedition to determine if there is any factual basis for asserting claims against any defendants").

Plaintiffs here clearly seek discovery to do the latter, because if the former was their purpose, they would not have sought reconsideration. First, Defendants do not intend to call any witnesses or put on any evidence at any potential trial—Defendants' arguments are legal. So Plaintiffs have no need to conduct discovery into what a defense witness might say—they will say

[1] *DOJ Ordered to Turn Over 'Weaponization' Fund Discovery*, Jared Foretek, LAW360 (Sept. 4, 2026) available at https://www.law360.com/articles/2521979/.

nothing. As to information they need to support their own claims, 1) the requests that have been propounded do not meet that standard; and 2) Plaintiffs suffer no prejudice because the Court has signaled that it will modify the scheduling order as necessary to allow both parties to obtain what they need pending the resolution of the Motion to Dismiss. *See* Dkt. 180 at 28 ("And there's no time urgency for the plaintiffs, because with the amended complaint, we'll probably consider extending the discovery accordingly for both sides").

Ultimately, discovery must be relevant to support or oppose facts at issue in the case. *See Sherman v. Equifax Info. Servs. LLC*, 2026 WL 2445396, at *3 (D.S.C. Aug. 20, 2026) ("Discovery is meant to find evidence for an already-stated claim, not to search for a claim itself."). It is impossible for any party, at the time of this filing, to know what facts of what claims are (or are not) in dispute when there is a pending Motion to Dismiss, as well as yet-to-be-filed potential amended pleadings and responsive pleadings. Conducting discovery in the abstract serves nobody. Without an operative complaint or responsive pleading, it is impossible for the parties or the Court to judge relevance, proportionality, or need. This has long been recognized in this district. *See Elhady v. Piehota*, No. 1:16-cv-375, Dkt. 21 (E.D. Va. Sept. 21, 2016) (vacating initial scheduling order where amended pleadings were forthcoming and where federal defendants raised jurisdictional and privilege arguments).

Accordingly, the Court was correct to vacate the Schedule 16(b) Order and put a pause on any current discovery obligations.

**2) Motion for Clarification**

For the above reasons, in any clarification order, Defendants respectfully request that the Court make clear that any document discovery be keyed to its forthcoming Memorandum Opinion on Defendants' Motion to Dismiss, like the Court did with respect to Interrogatories. Defendants

believe that this position is consistent with the Court's bench rulings and aligns with the principles of judicial economy and process outlined above.

Defendants do not seek alteration of any part of the Court's September 18, 2026, Minute Order or ask the Court to revisit any date range or scope of discovery. Defendants merely seek clarification, in light of the Court's vacatur of the Scheduling Order, regarding the timing of when any document discovery obligations will be triggered. Defendants' position is that, because obligations are being held in abeyance pending resolution of the Motion to Dismiss, such that parties will then have 30 days from the date of the opinion to resolve any discovery issues that may exist once that opinion issues," Dkt. 180 at 31, it makes the most sense to treat document responses the same as the interrogatory responses and to not order responses due "until [the Court has] issued [its] opinion in this case so we know what's going on" Dkt. 180 at 31. Under this approach the same set of Interrogatories and Requests for Production would stay on the same timelines.

Dated: September 24, 2026

STANLEY E. WOODWARD, JR.
*Associate Attorney General*

*/s/ Andrew J. Block*
ANDREW J. BLOCK
*Senior Counsel to the Associate Attorney General*
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2026, I filed the foregoing document with the Clerk of Court using the Court's CM/ECF system, thereby serving all counsel who have appeared in this case.

/s/ *Andrew J. Block*
Andrew Block