**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **Andrew Floyd**, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>**Department of Justice**, et al.,<br><br>Defendants. | **Case No. 26-cv-1399-LMB/IDD** |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR CLARIFICATION OF THE COURT'S ORDER REGARDING PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS AND RECONSIDERATION OF THE VACATUR OF THE RULE 16(B) ORDER**

Plaintiffs respectfully submit this reply in support of their motion (Dkt. Nos. 181-82) for clarification and for reconsideration.

## ARGUMENT

### I. Plaintiffs Request the Court Reconsider Vacatur of the Rule 16(b) Order.

The parties have a very different understanding of what the Court has vacated. Although Defendants' opposition argues that the Court has stayed discovery in this matter, Opp'n (Dkt. No. 188) at 1-3, the Court has done no such thing. The Court vacated Magistrate Judge Davis's Rule 16(b) Order, Dkt. No. 114, entered on July 24, 2026, which governs how discovery proceeds (*i.e.*, applicable deadlines, format of document productions, etc.), not whether discovery may proceed at all. *See* Dkt. No. 179. Discovery was authorized in this matter by the entry of this Court's order on June 22, 2026, Dkt. No. 95. Moreover, the Federal Rules of Civil Procedure provide that parties may take discovery after their Rule 26(f) conference, Fed. R. Civ. P. 26(d)(1), which the parties held on June 30, 2026. *See* Dkt. No. 100 ¶ 1. Thus, absent an order from this Court staying discovery, discovery in this matter is ongoing. The Court expressly recognized as much by

requiring Defendants to respond to Plaintiffs' first set of document requests within 30 days of the September 18, 2026, hearing (*i.e.*, by October 18, 2026). Ex. 1, Dkt. No. 184, at 27:7-28:8, 31:8-32:2.

Moreover, the Court made clear at the hearing that the purpose of modifying the discovery order was to extend the deadline for completing discovery, Ex. 1 at 28:6-8, not to preclude the parties from continuing discovery. What was perhaps unknown to the Court at the hearing, however, was that the operative Rule 16(b) order applied not only to those discovery requests before the Court on Defendants' objections to Judge Davis's order compelling sufficient responses, but also to additional outstanding discovery requests not yet due at the time of the hearing that Plaintiffs had already propounded, including: (1) a second set of requests for production, interrogatories, and requests for admission directed primarily to Plaintiffs' claims on the Immunity Order; (2) third-party subpoenas issued to alleged claimants to the Anti-Weaponization Fund and to beneficiaries of the Immunity Order; and (3) Rule 30(b)(6) depositions that Plaintiffs noticed seeking the depositions of agency-identified deponents at each of the Department of Treasury and Department of Justice.

Although Defendants assert that Plaintiffs have also noticed the deposition of "*two* Senate-confirmed officials," Opp'n at 1 (emphasis in original), this is incorrect. Plaintiffs have not yet noticed any individual depositions. Instead, in early September, when Defendants sought to drag out the Rule 30(b)(6) depositions for an additional month, Plaintiffs asked about dates for individual depositions of the only two decisionmakers Defendants have identified in three months of discovery—Defendant Frank Bisignano (who has been sued in his official capacity as "Chief Executive Officer" of the Internal Revenue Service, a non-Senate-confirmed position created for the first time by this Administration; he has not been sued in his Senate-confirmed role as the Commissioner of Social Security) and Defendant Stanley Woodward, Jr. (the Associate Attorney General whom Defendants expressly offered as a fact witness by having him sign and swear to the interrogatory responses). Notably, Plaintiffs have actively sought the identities of lower-level individual deponents, including through Interrogatories 3 and 4 addressed in the Court's

September 18 Order. Defendants have steadfastly refused to identify anyone other than these two individuals. So, faced with a quickly approaching close of discovery and extraordinary recalcitrance from Defendants in both responding to written and document discovery and identifying Rule 30(b)(6) deponents, Plaintiffs took initial steps for the only discovery tool remaining available: individual depositions.

Defendants argue against reinstating the Rule 16(b) Order by asserting that Plaintiffs are somehow not entitled to any discovery because Defendants do not intend to mount any factual defense. But Plaintiffs are entitled to seek discovery into not only Defendants' defenses but also Plaintiffs' own claims. And here, Defendants have relevant information. Defendants are the only ones who know how the Anti-Weaponization Fund (or its functional equivalent) is operating now, and, as the Court noted, it is plain that it is still operating. Ex. 1 at 25:12-26:13. Defendants are also the primary source of information regarding what audits are subject to the Immunity Order. All of the discovery Plaintiffs have sought is thus directly relevant to Plaintiffs' claims in this action. Defendants' mere assertion that their current legal strategy is not based on any evidence does not allow them to preclude Plaintiffs from pursuing their own evidence-based litigation strategy.

Because the July 24, 2026, Rule 16(b) Order remains necessary for the orderly completion of outstanding discovery, Plaintiffs respectfully request the Court reconsider vacating the entire Order and instead modify it only to extend the date by which discovery must be completed.

## II. Plaintiffs Request That the Court Clarify Its Order Regarding Defendants' Responses to Plaintiffs' First Set of Requests for Production.

Plaintiffs further request that the Court clarify that the deadline set forth for Defendants' responses to Plaintiffs' first set of document requests—October 18, 2026—remains the operative deadline for that production. The Court made clear at the September 18 hearing that Defendants must continue to search for and produce these documents. And critically, Defendants have not produced even a single document in response to these requests in the now nearly three months

since they were propounded. *See* Dkt. No. 144-1, Ex. 5, at 26-34. Rather than accept the additional month the Court repeatedly stated would be Defendants' deadline, *see* Ex. 1 at 27:7-28:8, 31:8-32:2, Defendants now attempt to take even more time. *See* Opp'n at 3-4. But the document requests at issue are directly relevant to the Anti-Weaponization Fund claims that the Court confirmed at argument are not moot, Ex. 1 at 26:10-13, and three and a half months is ample time for Defendants to complete the very limited discovery Plaintiffs have sought in these requests. Thus, Defendants should be held to the October 18, 2026, deadline to produce documents responsive to these requests.

**CONCLUSION**

For the foregoing reasons and those set forth in Plaintiffs' opening memorandum, Plaintiffs request that the Court clarify that Defendants' responses to Plaintiffs' First Set of Requests for Production remain due on or before October 18, 2026, and reconsider the Court's order vacating the Rule 16(b) Order.

September 25, 2026

Respectfully submitted,

Paras N. Shah*
General Counsel
NATIONAL TREASURY EMPLOYEES UNION
800 K Street N.W., Suite 1000
Washington, D.C. 20001
(202) 572-5500
paras.shah@nteu.org

*Counsel for NTEU*

/s/ Joel McElvain
Joel McElvain (Va. Bar No. 95215)
Catherine M.A. Carroll (Va. Bar No. 50939)
Pooja A. Boisture*
Jyoti Jasrasaria*
Aman George*
Lisa Newman* ^
Cynthia Liao*
Ayesha Khan*
Robin F. Thurston*
Skye L. Perryman*
ccarroll@democracyforward.org
jmcelvain@democracyforward.org
pboisture@democracyforward.org
jjasrasaria@democracyforward.org
ageorge@democracyforward.org
lnewman@democracyforward.org
cliao@democracyforward.org
akhan@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090

*Counsel for Plaintiffs*

* Admitted *pro hac vice*

^ Not admitted to practice law in the District of Columbia; practicing under the supervision of Democracy Forward lawyers who are members of the District of Columbia Bar.

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of September, 2026, I will cause the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system, thereby serving all counsel who have appeared in this case.

*/s/ Joel McElvain*
Joel McElvain (Va. Bar No. 95215)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
jmcelvain@democracyforward.org

*Counsel for Plaintiffs*